168.  As a result of the defamation alleged in paragraph 166, above, Tiesinga suffered severe emotional injuries, which he continues to suffer today, and, upon information and belief, will continue to suffer in the future.

169.  The defamation alleged in paragraph 166, above, is so egregious that Janega is subject to punitive damages under applicable law, and is hereby put on notice that Tiesinga requests such damages in this case, as echoed by the Wherefore Clause herein.

**WHEREFORE**, Tiesinga demands judgment as follows:

(A)  on the First Cause of Action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(B)  on the second cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(C)  on the third cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

31

(D) on the fourth cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(E) on the fifth cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(F) on the sixth cause of action, judgment against Defendant DIANON in an amount no less than the maximum relief available under the False Claims Act;

(G) on the seventh cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(H) on the eighth cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(I) on the ninth cause of action, judgment against Defendant DIANON in an amount no less than one million dollars ($1,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(J)   on the tenth cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(K)   on the eleventh cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(L)   on the twelfth cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(M)   on the thirteenth cause of action, judgment against Defendant DIANON in an amount no less than five million dollars ($5,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(N)   on the fourteenth cause of action, judgment against Defendant DIANON in an amount no less than the maximum of applicable relief available under § 3730(h) of the False Claims Act;

(O)   on the fifteenth cause of action, judgment against Defendant Janega in an amount no less than one million dollars ($1,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

33

(P)     on the sixteenth cause of action, judgment against Defendant Janega in an amount no less than one million dollars ($1,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(Q)     on the seventeenth cause of action, judgment against Defendant Janega in an amount no less than two million dollars ($2,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(R)     on the eighteenth cause of action, judgment against Defendant Janega in an amount no less than one million dollars ($1,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest;

(S)     on the nineteenth cause of action, judgment against Defendant Janega in an amount no less than one million dollars ($1,000,000.00), representing compensatory and punitive damages, in addition to attorneys' fees, costs, expenses and interest; and



COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

FORM 500(5)

RELEASE OF JURISDICTION

COMMISSION ON HUMAN RIGHTS AND
OPPORTUNITIES, <u>ex rel.</u>

<u>James Tiesinga</u>
Complainant

Date: August 30, 2002

vs.

DIANON Systems, Inc.
Respondent

CCHRO CASE NO.: 0320034
EEOC CASE NO.: 16aa201589

<u>RELEASE OF JURISDICTION</u>

Pursuant to Complainant's and/or Complainant's attorney(s) request dated August 19, 2002 Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above numbered and captioned complaint in accordance with Section 46a-101 of the Connecticut General Statutes. Also, in accordance with Section 46a-100, C.G.S. Complainant is hereby authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the Hartford-New Britain judicial district.

Please be advised that, pursuant to CONN. GEN. STAT. §46a-103, the Complainant or Complainant's attorney <u>must</u> serve on the Commission, at the same time all other parties are served, a copy of any civil action filed pursuant to this release. The Commission must be so served because it has a right to intervene in any action filed based on a release of jurisdiction.

In granting this release, the Commission expressly finds, in accordance with Sections 46a-100 and 46a-101(b) of the C.G.S., as amended by PA 98-245, that all conditions precedent to the issuance of the release of jurisdiction have been complied with inasmuch as the complaint was timely filed in accordance with 46a-82 of the C.G.S. and the complaint has been pending for a period of less than 210 days, inasmuch as it was filed on July 10, 2002 and is still pending on **August 30, 2002**, and the parties have jointly requested a release.

Rev.2/6/02

- 2 -

Moreover, there is no reason to believe that the complaint will be resolved within a period of thirty (30) days from August 20, 2002, the date the Commission received Complainant's request for the Release of Jurisdiction, nor is the complaint currently scheduled for public hearing. [see Section 46a-101(c) of the Connecticut General Statutes].

<u>The complainant must bring an action in Superior Court within ninety (90) days of receipt of this release and within two (2) years of the date of filing the complaint with the Commission.</u> The Superior Court shall have such authority as is conferred upon it by Section 46a-104 of the C.G.S. and other laws of the State of Connecticut.

Concurrently, with the issuance of this Release of Jurisdiction, the Commission hereby administratively dismisses this complaint in accordance with Section 46a-101(d) the Connecticut General Statutes. Furthermore, said dismissal is not subject to administrative judicial review.

                                        Cynthia Watts Elder
                                        Executive Director

                                        By: *[signature]*
                                        Donald E. Newton
                                        Chief of Field Operations

Dated and entered of record in the Commission's Administrative Office in Hartford, Connecticut on this <u>30th</u> day of <u>August, 2002</u>.

cc: Complainant: James Tiesinga
    Complainant's Attorney: Attorney Bryan T. Carmody
    Receipt for Certified Mail 7099 3400 0008 5559 7472
    Respondent(s): Kevin Johnson, President, DIANON Systems, Inc.
    Respondent's Attorney: N/A
    Regional Manager: Tanya A. Hughes, Regional Manager,
    Southwest Regional Office

Rev. 2/6/02

Service: Get by LEXSTAT®
TOC: United States Code Service; Code, Const, Rules, Conventions & Public Laws > / ... / >
SUBCHAPTER III. CLAIMS AGAINST THE UNITED STATES GOVERNMENT > § 3730. Civil actions for false claims
Citation: 31 usc 3730

31 USCS § 3730

UNITED STATES CODE SERVICE
Copyright © 2002 Matthew Bender & Company, Inc.,
one of the LEXIS Publishing (TM) companies
All rights reserved

\*\*\* CURRENT THROUGH P.L. 209, APPROVED 8/6/02 \*\*\*

TITLE 31. MONEY AND FINANCE
SUBTITLE III. FINANCIAL MANAGEMENT
CHAPTER 37. CLAIMS
SUBCHAPTER III. CLAIMS AGAINST THE UNITED STATES GOVERNMENT

◆ GO TO CODE ARCHIVE DIRECTORY FOR THIS JURISDICTION

31 USCS § 3730 (2002)

◆ Review expert commentary from The National Institute for Trial Advocacy

§ 3730. Civil actions for false claims

(a) Responsibilities of the Attorney General. The Attorney General diligently shall investigate a violation under section 3729. If the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person.

(b) Actions by private persons.
   (1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.
   (2) A copy of the complaint and written disclosure of substantially all material evidence and information the person possesses shall be served on the Government pursuant to Rule 4(d) (4) of the Federal Rules of Civil Procedure. The complaint shall be filed in camera, shall remain under seal for at least 60 days, and shall not be served on the defendant until the court so orders. The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information.
   (3) The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal under paragraph (2). Any such motions may be supported by affidavits or other submissions in camera. The defendant shall not be required to respond to any complaint filed under this section until 20 days after the complaint is unsealed and served upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure.
   (4) Before the expiration of the 60-day period or any extensions obtained under paragraph (3), the Government shall--
      (A) proceed with the action, in which case the action shall be conducted by the Government; or
      (B) notify the court that it declines to take over the action, in which case the person bringing the action shall have the right to conduct the action.