UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA | : : : | No. 3:02 CV 1573 (DJS) |
| Plaintiffs, | : : | |
| -against- | : | |
| DIANON SYSTEMS, INC. and ETHEL JANEGA | : : : | May 18, 2004 |
| Defendants. | : : | **[FILED UNDER SEAL]** |

**PLAINTIFF'S *EX PARTE* MEMORANDUM IN SUPPORT OF HIS *EX PARTE* MOTION FOR A PARTIAL LIFTING OF THE SEAL**

As the Plaintiff in the above-captioned case, Dr. James J. Tiesinga ("Dr.

Tiesinga") respectfully submits this *ex parte* Memorandum in Support of his *ex parte*

Motion for a Partial Lifting of the Seal.[1]

**BACKGROUND**

Dr. Tiesinga brought the above-captioned case roughly a year and a half ago,

when, in September of 2002, he filed his Complaint with the Bridgeport seat of this

Honorable Court.  Because the Complaint alleges violations of the False Claims Act, the

Complaint was filed under seal, and the United States was afforded an opportunity to

consider intervening as to the False Claims Act violations, or, stated differently, the *qui*

*tam* component of the case. *See* 31 U.S.C. § 3730(b)(2).

**ORAL ARGUMENT IS NOT REQUESTED**

---

[1] Insofar as the Complaint in the above-captioned case was filed under seal in accordance with 31 U.S.C. § 3730(b), Dr. Tiesinga also requests the Court issue an Order placing the instant *ex parte* Memorandum in Support under seal.

1

Presently, the Complaint remains under seal, as a result of a series of enlargements of time allotted to the United States, *via* succeeding Orders of the Court, during the last twenty (20) months.  As the Court is aware, the United States recently moved the Court for a fourth enlargement of six (6) months to contemplate further the question of intervention.  In a separate submission, Dr. Tiesinga has contested that application, urging the Court to afford the United States with no more than thirty (30) additional days.

Whatever the decision of the Court on the application for additional time, Dr. Tiesinga respectfully urges the Court to lift the seal for the narrow purpose of enabling him to serve the Complaint on the Defendants so that the case can proceed as to those Counts that do not allege a violation of the False Claims Act.[2]

## ARGUMENT

Though the United States has not reached a decision on whether to intervene as to the qui tam action, the Court has the power, nonetheless, to lift the seal for a specific purpose.  Indeed, Your Honor has already acted upon that power in the present case.  On September 25, 2002, the Court lifted the seal for the purpose of enabling the United States to notify Defendant DIANON Systems, Inc. of the Complaint so as to explore the possibility of settlement.  *See* margin Order of the Court attached hereto and made a part hereof as "Exhibit A."

Dr. Tiesinga respectfully requests that the seal be lifted for a second time, for an equally deserving purpose.  As alleged by the Complaint, Dr. Tiesinga is, unfortunately, infected with the HIV virus.  *See* Complaint ¶ 1.  Dr. Tiesinga presumes the Court is

---

[2] Specifically, Dr. Tiesinga requests that the case proceed as to each Count aside from Counts six (6) and fourteen (14), insofar as those are the only two Counts alleging a violation of the False Claims Act.

2

generally aware of how the HIV virus effects his health, as well as life expectancy.[3] Insofar as science is yet to discover a cure for the HIV virus, Dr. Tiesinga has a patent need to begin diligent prosecution of his case.

Therefore, Dr. Tiesinga urges the Court to lift the seal and issue an Order authorizing him to serve the Complaint on the Defendants for the purpose of enabling the case to proceed as to those Counts that do not allege a violation of the False Claims Act. Such an Order would afford Dr. Tiesinga (and the Defendants) the opportunity to begin conducting discovery. Surely, the Court would agree that, given the health status of Dr. Tiesinga, time is of the essence. Furthermore, insofar as the events alleged by the Complaint occurred *two* (2) *years* ago, *see* Complaint, ¶¶ 10-25, Dr. Tiesinga has, as the party carrying the burden of proof, a vital need to preserve the evidence.

## CONCLUSION

Based upon the foregoing, Dr. Tiesinga respectfully urges the Court to lift the seal and issue an Order enabling him to serve the Complaint on the Defendants for purposes of enabling the case to proceed as to those Counts that do not allege a violation of the False Claims Act.

Respectfully submitted,

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
183 Sherman Street
Fairfield, CT 06430
(203) 255-5600

---

[3] Upon request, Dr. Tiesinga would gladly supply the Court with medical literature illustrating the effects of the HIV virus, and its effect upon him in particular.

3

## CERTIFICATE OF SERVICE

This is to certify that on this 18th day of May 2004, I caused a true and correct

copy of the foregoing to be served upon the following counsel of record for the United

States of America by Federal Express:

Richard M. Molot, Esq.
Assistant U.S. Attorney
157 Church Street
New Haven, Connecticut 06510
(203) 821-3792

No service was made on the Defendants, as the case remains under seal.

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
183 Sherman Street
Fairfield, CT 06430
(203) 255-5600

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:02CV1573(DJS) |
| ex rel. DR. JAMES J. TIESINGA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| DIANON SYSTEMS, INC., and | ) | |
| ETHEL JANEGA, | ) | September 19, 2002 |
| | ) | |
| Defendants. | ) | **[FILED UNDER SEAL]** |

**UNITED STATES' UNOPPOSED EX PARTE APPLICATION
FOR PARTIAL LIFTING OF THE SEAL**

The United States of America respectfully applies to this Court for a partial lifting of the seal in this qui tam action. Partial lifting of the seal is requested so that the United States may notify the defendant Dianon Systems, Inc., of this action, to the extent and at such times and in such a manner as the United States deems appropriate. The purpose of this request is to explore the possibility of settlement with Dianon.

The relator, through counsel, has informed the government that he has no objection to a partial lifting of the seal.

The United States requests that all of the other contents of the Court's file in this matter, including any motions or applications for extensions of the seal period, and any supporting memoranda, remain under seal and not be made public or served on the defendants until further order of this Court.

A memorandum in support of this application and a proposed order are submitted together