UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA<br><br>Plaintiffs,<br><br>-against-<br><br>DIANON SYSTEMS, INC. and ETHEL JANEGA<br><br>Defendants. | No. 3:02 CV 1573 (DJS)<br><br>May 18, 2004<br><br>[FILED UNDER SEAL] |

**RELATOR'S *EX PARTE* MEMORANDUM IN OPPOSITION TO THE UNITED STATES' MOTION FOR AN ENLARGEMENT OF TIME TO MAKE AN ELECTION UNDER THE FALSE CLAIMS ACT**

As the Relator in the above-captioned case, Dr. James J. Tiesinga ("Dr. Tiesinga" or the "Relator") respectfully submits this *ex parte* Memorandum in Opposition to the *ex parte* Motion of the United States for an enlargement of time to decide whether to intervene as to the False Claims Act component of the above-captioned case.[1]  Dr. Tiesinga respectfully requests that no more than thirty (30) additional days be allotted to the United States for purposes of it reaching a decision on the question of whether to intervene.[2]

**ORAL ARGUMENT IS NOT REQUESTED**

---

[1] The other component consists of employment discrimination and tort claims Dr. Tiesinga brought against both Defendants.

## BACKGROUND

The above-captioned case began more than a year and half ago, when, in September of 2002, Dr. Tiesinga filed his Complaint with the Bridgeport seat of this Honorable Court. The Complaint alleges, *inter alia*, violations of the False Claims Act, 31 U.S.C. § 3729 *et seq.* Under that statute, a private citizen can bring a *qui tam* action (such as this) against an entity that has defrauded the United States government. *See* United States *ex rel.* Dick v. Long Island Lighting Co., 912 F.2d 13 (2nd Cir. 1990)(describing the general purpose of the False Claims Act).

However, before proceeding with the action, the private citizen, or the "relator," must provide the United States government with a copy of the complaint. Upon receipt of the pleading, the government has sixty (60) days to decide whether to "intervene" in the action. 31 U.S.C. § 3730(b)(2). The Court can extend the sixty-day period, but only upon a showing of "good cause." 31 U.S.C. § 3730(b)(3). In the event the United States elects against intervention, the relator can proceed with the *qui tam* action himself, though the government retains particular rights, *e.g.*, the right to a copy of all pleadings. 31 U.S.C. § 3730(c)(3).

In this case, shortly before the expiration of the sixty-day period, the government requested an additional six (6) months to consider whether to intervene as to the *qui tam* allegations. The Relator promptly concurred with that request, which was granted by Your Honor, such that the deadline for the intervention decision was extended until May of the following year, *i.e.*, 2003. During that time, the United States conducted an

---

[2] Insofar as the Complaint in the above-captioned case was filed under seal in accordance with 31 U.S.C. § 3730(b), Dr. Tiesinga also requests the Court issue an Order placing the instant *ex parte* Memorandum in Opposition under seal.

2

investigation of the allegations relating to the False Claims Act.[3] As the month of May approached in 2003, the government informed the Relator that it was not ready to reach a decision on the question of intervention and therefore intended to request another six (6) months to consider the question. As before, the Relator promptly concurred in the request, so that, pursuant to the Court's subsequent Order, November of last year served as the (ostensible) deadline for the United States to reach a decision on whether to intervene.

In late October of last year, however, the Relator was informed that the United States would submit a third request for an additional six (6) months to consider the question of intervention. This time, the Relator concurred only as to three (3) additional months, while adopting no position as to the remaining three (3) months. The Court graciously provided the United States with another six (6) months, re-setting the intervention deadline to, precisely, May 6, 2004.

Recently, the United States advised the Relator that, for a variety of reasons, the government intended to request - for the *fourth* time - an additional six (6) months to contemplate intervening as to the *qui tam* allegations of the Complaint. Though the Relator indicated that, as a general matter, he was perfectly willing to continue cooperating with the United States, he also advised that he was unable to concur in the request for an additional six (6) months.

As stated above, the Relator has no objection to the United States being allotted an additional thirty (30) days for purposes of reaching a decision on the question of intervention. However, the Relator does oppose any enlargement in excess of thirty (30)

---

[3] Stated in abridged fashion, the Complaint alleges Defendant DIANON Systems, Inc. routinely used - and was publicly compensated for - a medically unnecessary number of antibodies in conducting a particular
3

days, given his health condition, as well as the fact that the United States cannot ponder the question of intervention in perpetuity.

## ARGUMENT

### 1. *The United States Should Reach a Prompt Decision on Intervention Because Dr. Tiesinga is HIV Positive*

As alleged by the Complaint, the Relator is, unfortunately, infected with the HIV virus. *See* Complaint ¶ 1. Dr. Tiesinga presumes the Court is generally aware of how the HIV virus effects his health, as well as life expectancy.[4] Insofar as science is yet to discover a cure for the HIV virus, Dr. Tiesinga has a clear and equally compelling need for a prompt adjudication of his case.

However, for so long as the United States contemplates intervention, Dr. Tiesinga is resigned to a "holding pattern" of sorts. *See* 31 U.S.C. § 3730(b)(2)(postponing the service of the Complaint until the United States decides whether to intervene). Due to his health condition alone, the Relator requests that the Court issue an Order directing the United States to reach a decision on the question of intervention within thirty (30) days, so that the Defendants can be served with the Complaint, and the case can begin in earnest.

### 2. *The Health Status of Dr. Tiesinga Aside, the United States Should Reach a Prompt Decision on Intervention Because the Government Has Enjoyed Ample Time to Consider the Question*

The United States has been contemplating the question of intervention since September of 2002, or stated another way, for *twenty* (20) *months*. Notably, the False Claims Act sets forth an initial consideration period of *sixty* (60) *days*. 31 U.S.C. §

---

laboratory test. *See* Complaint, ¶¶ 72-79.
[4] Upon request, the Relator would gladly supply the Court with medical literature illustrating the effects of the HIV virus, and its effect upon him in particular.

3730(b)(2). To be sure, the sixty-day period can be enlarged, but only upon a showing of "good cause." 31 U.S.C. § 3730(b)(3).

The United States does not have "good cause" for requesting an additional six (6) months to ponder the question of intervention. In its third request for an additional six (6) months, the United States represented that the investigation had made "substantial progress" as of that date, *i.e.*, October 27, 2003. *See Ex Parte* Memorandum in Support of United States' Motion for an Enlargement of Time dated 10-27-03, at page 2. In the request presently before the Court, *i.e.*, the fourth request for an additional six (6) months, the United States represents that, since October of 2003, further "substantial progress" has been achieved relative to the investigation. *See Ex Parte* Memorandum in Support of United States' Motion for an Enlargement of Time dated 5-4-04, at page 2.

The Relator submits that, in light of the United States concluding - for itself - that "substantial progress" has been made, the time is ripe for the United States to decide whether to intervene. Though the United States represents that additional time is needed to complete its "investigation," it appears that, in actuality, the United States would use the additional time to conduct discovery, *e.g.*, serve a subpoena on Lab Corp., the corporate parent of Defendant DIANON Systems, Inc. *Id.*, at page 4. Of course, at the appropriate time, the United States shall have the right, as with any party, to conduct discovery. The "substantial progress" already achieved by the United States should be sufficient for a decision to be reached on the question of intervention - a question, incidentally, that Congress believed could generally be made within sixty (60) days. *See* 31 U.S.C. § 3730(b)(2).

5

Briefly, the Relator should also note that the present settlement dialog with the Defendants would not be interrupted by virtue of the United States being prompted to reach a decision on whether to intervene. If anything, the dialog would probably be assisted by the Defendants appreciating that the case is moving ahead.

Based upon the foregoing, Dr. Tiesinga respectfully urges the Court to compel the United States to reach a decision on the question of intervention within thirty (30) days.

## CONCLUSION

Due to the health status of the Relator, and the generous, twenty-month period already afforded to the United States, the Court should issue an Order directing the United States to inform the Court as to whether the United States elects to intervene as to the *qui tam* component of the above-captioned case.

Respectfully submitted,

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Relator / Plaintiff*
183 Sherman Street
Fairfield, CT 06430
(203) 255-5600

6

CERTIFICATE OF SERVICE

This is to certify that on this 18TH day of May 2004, I caused a true and correct copy of the foregoing to be served upon the following counsel of record for the United States of America by Federal Express:

>Richard M. Molot, Esq.
>Assistant U.S. Attorney
>157 Church Street
>New Haven, Connecticut 06510
>(203) 821-3792

No service was made on the Defendants, as the case remains under seal.

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Relator / Plaintiff*
183 Sherman Street
Fairfield, CT 06430
(203) 255-5600