UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA<br><br>Plaintiffs,<br><br>-against-<br><br>DIANON SYSTEMS, INC. and ETHEL JANEGA<br><br>Defendants. | Case No. 302 CV 1573 (DJS)<br><br><br><br><br><br>November 4, 2004 |

# DEFENDANTS' RULE 26(F) REPORT
# OF PARTIES' PLANNING MEETING

Date Complaint Filed:    September 6, 2002.

Date Complaint Served:   The Complaint was served on Defendant DIANON Systems, Inc. on September 16, 2004, and on Defendant Ethel Janega on September 17, 2004.[1]

Date of Defendants Appearances:    Mary A. Gambardella, Esq., of Epstein Becker & Green, P.C., entered an appearance for each Defendant on or about October 5, 2004.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the Plaintiff initiated a telephonic conference with the Defendants on October 25, 2004. The participants were:

---

[1] The Complaint served upon the Defendants was redacted in accordance with the Order of the Court dated July 30, 2004.

| For the Plaintiff | For the Defendants |
|---|---|
| Bryan T. Carmody, Esq. | Kerry M. Parker, Esq.[2] |
| Maya & Associates, P.C. | Epstein Becker & Green, P.C. |
| 183 Sherman Street | Two Gateway Center, 12th Floor |
| Fairfield, CT 06824 | Newark, NJ 07102 |

**I.     Certification.**

Defendants' counsel certifies that, after consultation with their clients, Defendants' counsel has discussed with Plaintiff's counsel the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case.

Defendants' counsel has conferred in good faith regarding the scheduling of this matter. However, the parties have been largely unable to reach agreement regarding the deadlines in this case. Indeed, Plaintiff's counsel is unwilling to agree to a discovery end-date significantly after March 15, 2004. Plaintiff's counsel has informed Defendants' counsel that, rather than submitting a joint report setting forth the parties differences, he intends to submit his own report. Accordingly, Defendants submit this proposed case management plan.

Defendants request a modified discovery schedule in light of the fact that the Complaint in this case was filed in September 2002, but was kept under seal (based on an unrelated claim that Plaintiff chose to include in the Complaint) and not served upon the Defendants until September 2004. Accordingly, numerous witnesses have left DIANON and some of the relevant documents may be difficult to locate.

Defendants further note that Plaintiff's counsel apparently contends that discovery was commenced in this case on September 20, 2004 by virtue of Plaintiff serving his first

2

Request for Production of Documents upon DIANON. Plaintiff's counsel further contends that the end of the discovery period should be determined in reference to this alleged commencement of discovery in September 2004. However, given that they were served with the Complaint only a few days earlier, it is clear that Defendants were in no position to engage in discovery at that time. Thus, it would be unfairly prejudicial to Defendants if the discovery deadline were to be determined by reference to the date on which Plaintiff served his document requests.

Finally, it must be noted that Plaintiff's unrelated claims may further complicate this case. Indeed, there is the possibility that the government will intervene in this matter and seek to take discovery relating to those claims.

Defendants' counsel certifies that a copy of this report has been forwarded to the Defendants themselves.

## II.   Jurisdiction.

   A.   *Subject Matter Jurisdiction*:

   This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 and 29 U.S.C. sec. 701, et seq.

   B.   *Personal Jurisdiction*:

   The Court has personal jurisdiction over each Defendant.

## III.   Brief Description of Case:

   A.   *Claims of Plaintiff*

   Plaintiff alleges, due to his positive HIV status and sexual orientation, he was subject to a hostile environment during his employment with Defendant DIANON Systems, Inc ("DIANON" or the "Company"). Plaintiff alleges further

---

[2] An unopposed Motion for Admission *Pro Hac Vice* is currently pending with regard to Kerry Parker.

that, by virtue of his opposition to the harassment, the Company and Defendant Ethel Janega ("Janega"), another DIANON employee, retaliated against him in a variety of ways. Plaintiff alleges a variety of torts against DIANON, most being in the nature of negligence, *e.g.*, negligent supervision, negligent infliction of emotional distress, *etc*. Equally, Plaintiff alleges several tort claims against Janega, such as invasion of privacy and defamation.

    B.    *Defenses and Claims of Defendants*

Defendants deny any discriminatory, retaliatory, negligent or otherwise wrongful conduct.

    C.    *Defenses and Claims of Third Party Defendant(s)*

Not applicable.

IV.    **Statement of Undisputed Facts**

While the majority of the facts are set forth in Plaintiff's Complaint, and Defendants' responses thereto will be set forth in their Answer, Defendants note their understanding that the following material facts are undisputed:

1)    Plaintiff was employed by Dianon Systems, Inc. as a Pathologist.

2)    Plaintiff's last day of work at Dianon was May 24, 2002.

3)    Plaintiff resigned his employment with Dianon on June 5, 2002.

V.    **Case Management Plan**

    A.    *Standing Order on Scheduling in Civil Cases*. For the reasons set forth above, Defendants request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

4

    1. The parties agree that plaintiff should be allowed until December 31, 2004 to file a motion to amend the Complaint. *See* V.D.1, *infra*.

    2. Defendants' counsel requests that the parties be allowed until May 31, 2005 to complete discovery. *See* V.E.2, *infra*.

    3. Defendants' counsel requests that the Defendants be allowed until June 30, 2005 to file a Motion for Summary Judgment. *See* V.F, *infra*.

B. *Scheduling Conference with the Court*. The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. *Early Settlement Conference*.

    1. Defendants' counsel certifies that the parties have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

    2. Defendants' counsel does not request an early settlement conference.

    3. Defendants' counsel does not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

    D.    *Joinder of Parties and Amendment of Pleadings*.

        1.    The parties agree that plaintiff should be allowed until December 31, 2004 to file motions to join additional parties and to amend the Complaint.

        2.    Neither Defendant intends to join an additional party.

    E.    *Discovery*.

        1.    Defendants anticipate that discovery will be needed on the following subjects:

<u>Plaintiff</u>

Plaintiff has contended that discovery is needed relating to the position of the Defendants regarding the factual allegations of the Complaint, the identity and knowledge of relevant witnesses, and the factual foundation of any and all defenses raised by the Defendants.

<u>Defendant DIANON Systems, Inc. and Ethel Janega</u>

Defendants require discovery pertaining to the basis for Plaintiff's factual allegations and the factual foundation for Plaintiff's claims, including Plaintiff's medical and/or emotional condition, the identity and knowledge of relevant witnesses and Plaintiff's alleged damages.

2. Defendants' request that all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), be completed by May 31, 2005.

3. Discovery will not be conducted in phases.

4. It is anticipated that Plaintiff will require a total of six (6) depositions of fact witnesses and that Defendants will require a total of six (6) depositions of fact witnesses. The depositions will commence by December 20, 2004 and be completed by May 31, 2005.

5. The parties will not request permission to serve more than twenty-five (25) interrogatories.

6. Plaintiff's counsel states that he intends to call expert witnesses at trial. He will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by March 31, 2005. Depositions of any such expert shall be completed by May 31, 2005.

7. Defendants reserve the right to call expert witnesses at trial. Defendants will designate all non-medical trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 30, 2005. Depositions of any such expert will be completed by May 31, 2005.

8. Defendants may seek a medical examination of Plaintiff. If so, any examination will be completed by March 15, 2005, and provide opposing

counsel with any medical expert reports by April 15, 2005. Depositions of any defense medical expert will be completed by May 31, 2005.

    9.    A damages analysis will be provided by any party who has a claim or counterclaims for damages by April 15, 2005.

  F.    *Dispositive Motions*.

Defendants request that they be allowed to file a Motion for Summary Judgment on or before June 30, 2005.

  G.    *Joint Trial Memorandum*

In the event Defendants do not file a Motion for Summary Judgment, the Joint Trial Memorandum required by the Standing Order on Trial Memorandum in Civil Cases will be filed on July 15, 2005. In the event Defendants file a Motion for Summary Judgment, the parties shall file the Joint Trial Memorandum no later than twenty-one (21) days after the Court issues a decision on the Motion.

**VI.**    **Trial Readiness**

The case will be ready for trial one (1) month after the parties file the Joint Trial Memorandum.

As officers of the Court, undersigned counsel agrees to cooperate with opposing counsel and the Court to promote the just, speedy and inexpensive determination of this action.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants
Dianon Systems, Inc. and Ethel Janega

By:_____
Mary A. Gambardella (ct #05386)
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

Kerry M. Parker (ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of November 2004, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by First Class Mail:

> Bryan T. Carmody
> Maya & Associates, P.C.
> *Attorneys for Plaintiff*
> 183 Sherman Street
> Fairfield, CT 06430
> 203-255-5600

_____
Mary A. Gambardella