IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

---------------------------------------------x
DR. JAMES J. TIESINGA, ex rel. UNITED
STATES GOVERNMENT, and DR. JAMES
J. TIESINGA,

                Plaintiffs,

vs.

DIANON SYSTEMS, INC. and ETHEL
JANEGA,

                Defendants.
---------------------------------------------x

Civil Action No. 302 CV 1573 (DJS)

**ANSWER AND
AFFIRMATIVE DEFENSES**

      Defendants, Dianon Systems, Inc. ("Dianon"), with offices located at 200 Watson Boulevard, Stratford, Connecticut 06615, and Ethel Janega ("Janega"), residing at 22 Partridge Drive, Seymour, Connecticut 06483, (also collectively referred to as "Defendants"), by their counsel, Epstein Becker & Green, P.C., by way of Answer to the Complaint, state:

### PARTIES

      1.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

      2.     Defendants admit the allegations set forth in Paragraph 2.

      3.     Defendants admit the allegations set forth in Paragraph 3.

### JURISDICTION

      4.     In response to the allegations in Paragraph 4 of the Complaint, Defendants admit only that the Court has subject matter jurisdiction over this matter. To the extent that the allegations in Paragraph 4 of the Complaint are redacted, thereby precluding a response from Defendants, Defendants leave Plaintiff to his proofs with respect thereto.

5. In response to the allegations in Paragraph 5 of the Complaint, Defendants admit only that a document that purports to constitute a release of jurisdiction from the Commission on Human Rights and Opportunities is attached to the Complaint as Exhibit A. Except as so stated, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

## VENUE

6. Defendants deny the allegations set forth in Paragraph 6.

## FACTS

7. In response to the allegations in Paragraph 7 of the Complaint, Defendants deny that Plaintiff reported directly to Jay Amberson and further deny that Amberson "managed all parts of the Company's pathology operation." Defendants admit the remaining allegations in Paragraph 7 of the Complaint.

8. In response to the allegations of Paragraph 8 of the Complaint, Defendants admit that Plaintiff worked long hours, was under consideration for the position of Director in Oklahoma City, and began recruiting personnel for the facility that was being contemplated in Oklahoma City. Except as so stated, Defendants deny the allegations in Paragraph 8 of the Complaint.

9. In response to the allegations in Paragraph 9 of the Complaint, Defendants admit that Plaintiff continued to work at his job, that said job involved interpreting test results and that Plaintiff's reports would be transcribed by Dianon transcriptionists. Defendants further admit that Plaintiff's was acquainted with Ethel Janega, and that Janega was aware that Plaintiff apparently suffered an allergic reaction in late April or early May 2002 and accordingly went to the hospital. Except as so stated, Defendants deny the allegations in Paragraph 9 of the Complaint.

10. Defendants deny the allegations in Paragraph 10 of the Complaint.

11. Defendants deny the allegations in Paragraph 11 of the Complaint.

12. Defendants deny the allegations in Paragraph 12 of the Complaint.

13. [REDACTED]

14. [REDACTED]

15. In response to the allegations in Paragraph 15 of the Complaint, Defendants admit that Plaintiff met with Amberson and complained about Janega. Except as so stated, Defendants deny the allegations on Paragraph 15.

16. In response to the allegations in Paragraph 16 of the Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff was "advised" by unidentified parties and, accordingly, leave Plaintiff to his proofs with respect thereto. Defendants admit that, at or about this time, Janega began putting away her divvy sheets at the end of the workday. Except as so stated, Defendants deny the allegations in Paragraph 16 of the Complaint.

17. In response to the allegations in Paragraph 17 of the Complaint, Defendants admit only that Plaintiff complained to Amberson regarding Janega. Except as so stated, Defendants deny the allegations in Paragraph 17 of the Complaint.

18. In response to the allegations in Paragraph 18 of the Complaint, Defendants admit that Palmieri discussed with Janega her interactions with Plaintiff at or around this time, and that Plaintiff was subsequently given an in-box that was mounted on the cubicle in which the transcriptionists sat. Except as so stated, Defendants deny the allegations in Paragraph 18 of the Complaint.

19. In response to the allegations in Paragraph 19 of the Complaint, Defendants admit only that Plaintiff expressed concerns to Irene, but deny that he asked Irene to pass these complaints

on to Palmieri. Except as so stated, Defendants deny the allegations in Paragraph 19 of the Complaint.

20. In response to the allegations in Paragraph 20 of the Complaint, Defendants admit only that Plaintiff met with Amberson and complained about Janega. Except as so stated, Defendants deny the allegations on Paragraph 20.

21. In response to the allegations in Paragraph 21 of the Complaint, Defendant admits only that Janega knocked on Plaintiff's door, Plaintiff opened that door and then slammed the door in Janega's face. Defendants further admit that this event was discussed between Amberson and Plaintiff, that Plaintiff denied Janega's characterization of his conduct and that Plaintiff complained about Janega. Except as so stated, Defendants deny the allegations in Paragraph 21 of the Complaint.

22. To the extent that the allegations in Paragraph 22 of the Complaint refer to Plaintiff's conduct while alone in his office or to Plaintiff's telephone conversations with "anonymous callers," Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, accordingly, leave Plaintiff to his proofs with respect thereto. Defendants admit that Amberson and Bailey met with Plaintiff, advised Plaintiff that Janega had complained that he slammed a door in her face, advised Plaintiff that these matters would have to be considered in determining whether he would be named Director of the proposed facility on Oklahoma City and told him that they would meet with him the following day. Defendants further admit that Plaintiff complained that the box in which he left documents for the transcriptionists had been moved. Except as so stated, Defendants deny the allegations in Paragraph 22 of the Complaint.

23. In response to the allegations in Paragraph 23 of the Complaint, Defendants admit

only that Bailey and Amberson met with Plaintiff, that Plaintiff accused Bailey of being "homophobic," that Plaintiff again complained about Janega, and that Plaintiff was directed to take paid time off. Defendants further admit Plaintiff stated that being required to take time off would impact him emotionally and requested materials relating to Dianon's employee assistance program. Except as so stated, Defendants deny the allegations in Paragraph 24 of the Complaint.

24.  In response to the allegations in Paragraph 24 of the Complaint, Defendants admit only that Plaintiff was directed to take paid time off. Except as so stated, Defendants deny the allegations in Paragraph 24 of the Complaint.

25.  Defendants deny that on May 25, 2002 Plaintiff began a suspension. Except as so stated, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, accordingly, leave Plaintiff to his proofs with respect thereto.

26.  In response to the allegations in Paragraph 26 of the Complaint, Defendants admit only that Plaintiff resigned his position by letter dated June 5, 2002. Except as so stated, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, accordingly, leave Plaintiff to his proofs with respect thereto.

## COUNT 1

### HOSTILE WORK ENVIRONMENT UNDER THE CEPA

27.  Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 26 of the Complaint as if fully set forth at length herein.

28.  Inasmuch as Paragraph 28 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

29. Defendants deny the allegations set forth in Paragraph 29.

30. Defendants deny the allegations set forth in Paragraph 30.

31. Defendants deny the allegations set forth in Paragraph 31.

32. Defendants deny the allegations set forth in Paragraph 32.

33. Defendants deny the allegations set forth in Paragraph 33.

34. Defendants deny the allegations set forth in Paragraph 34.

35. Defendants deny the allegations set forth in Paragraph 35.

36. Defendants deny the allegations set forth in Paragraph 36.

## COUNT 2

### RETALIATION UNDER THE CEPA

37. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 36 of the Complaint as if fully set forth at length herein.

38. Defendants deny the allegations set forth in Paragraph 38.

39. In response to the allegations in Paragraph 39 of the Complaint, Defendants admit only that Plaintiff was told that Dianon was re-evaluating his candidacy for the Directorship of the facility being contemplated in Oklahoma City, and that Plaintiff was required to take paid time off. Except as so stated, Defendants deny the allegations in Paragraph 39.

40. Defendants deny the allegations set forth in Paragraph 40.

41. Defendants deny the allegations set forth in Paragraph 41.

42. Defendants deny the allegations set forth in Paragraph 42.

43. Defendants deny the allegations set forth in Paragraph 43.

## COUNT 3

## HOSTILE WORK ENVIRONMENT UNDER CEPA

44.   Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 43 of the Complaint as if fully set forth at length herein.

45.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 and, accordingly, leave Plaintiff to his proofs with respect thereto.

46.   In response to the allegations in Paragraph 46 of the Complaint, Defendants admit only that Bailey was involved in the decision to require Plaintiff to take paid time off, informed Plaintiff that he had conducted himself inappropriately in certain circumstances and stated that inappropriate conduct in the future could lead to disciplinary action up to and including termination. Except as so stated, Defendants deny the allegations set forth in Paragraph 46.

47.   Defendants deny the allegations set forth in Paragraph 47.

48.   Defendants deny the allegations set forth in Paragraph 48.

49.   Defendants deny the allegations set forth in Paragraph 49.

50.   Defendant is without sufficient information to admit or deny the truth of allegations pertaining to Plaintiff's state of mind and, accordingly, leave Plaintiff to his proofs with respect thereto. Except as so stated, Defendants deny the allegations set forth in Paragraph 50.

51.   Defendants deny the allegations set forth in Paragraph 51.

52.   Defendants deny the allegations set forth in Paragraph 52.

53.   Defendants deny the allegations set forth in Paragraph 53.

54.   Defendants deny the allegations set forth in Paragraph 54.

## COUNT 4

## RETALIATION UNDER CEPA

55. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 54 of the Complaint as if fully set forth at length herein.

56. To the extent that the allegations in Paragraph 56 of the Complaint refer to Plaintiff's state of mind, Defendants are without sufficient information to admit or deny said allegations and, accordingly, leave Plaintiff to his proofs with respect thereto. Except as so stated, Defendants deny the allegations set forth in Paragraph 56.

57. Defendants deny the allegations set forth in Paragraph 57.

58. Defendants deny the allegations set forth in Paragraph 58.

59. Defendants deny the allegations set forth in Paragraph 59.

60. Defendants deny the allegations set forth in Paragraph 60.

61. Defendants deny the allegations set forth in Paragraph 61.

## COUNT 5

## VIOLATION OF THE REHABILITATION ACT

62. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 61 of the Complaint as if fully set forth at length herein.

63. Inasmuch as Paragraph 63 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

64. Inasmuch as Paragraph 64 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

65. Defendants deny the allegations set forth in Paragraph 65.

66. Defendants deny the allegations set forth in Paragraph 66.

67. Defendants deny the allegations set forth in Paragraph 67.

68. Defendants deny the allegations set forth in Paragraph 68.

69. Defendants deny the allegations set forth in Paragraph 69.

70. Defendants deny the allegations set forth in Paragraph 70.

71. Defendants deny the allegations set forth in Paragraph 71.

COUNT 6

[REDACTED]

COUNT 7

NEGLIGENT SUPERVISION

80. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 79 of the Complaint as if fully set forth at length herein.

81. Inasmuch as Paragraph 81 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

82. Defendants deny the allegations set forth in Paragraph 82.

83. Defendants deny the allegations set forth in Paragraph 83.

84. Defendants deny the allegations set forth in Paragraph 84.

85. Defendants deny the allegations set forth in Paragraph 85.

## COUNT 8

### NEGLIGENT RETENTION

86. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 85 of the Complaint as if fully set forth at length herein.

87. Defendants deny the allegations set forth in Paragraph 87.

88. Defendants deny the allegations set forth in Paragraph 88.

89. Defendants deny the allegations set forth in Paragraph 89.

90. Defendants deny the allegations set forth in Paragraph 90.

91. Defendants deny the allegations set forth in Paragraph 91.

92. Defendants deny the allegations set forth in Paragraph 92.

## COUNT 9

### FALSE IMPRISONMENT

93. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 92 of the Complaint as if fully set forth at length herein.

94. Defendants deny the allegations in Paragraph 94.

95. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 relating to Plaintiff's state of mind. Except as so stated, Defendants deny the allegations in Paragraph 95.

96. In response to the allegations in Paragraph 96, Defendants deny that Plaintiff was ever "confined" and, accordingly, deny the allegations in Paragraph 96.

97. Defendants deny the allegations set forth in Paragraph 97.

98. Defendants deny the allegations set forth in Paragraph 98.

## COUNT 10

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

99. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 98 of the Complaint as if fully set forth at length herein.

100. Defendants deny the allegations set forth in Paragraph 100.

101. Defendants deny the allegations set forth in Paragraph 101.

102. Defendants deny the allegations set forth in Paragraph 102.

103. In response to the allegations in Paragraph 103 of the Complaint, Defendants admit that Plaintiff was required to take paid time off. Except as so stated, Defendants deny the allegations set forth in Paragraph 103.

104. Defendants deny the allegations set forth in Paragraph 104.

105. Defendants deny the allegations set forth in Paragraph 105.

106. Defendants deny the allegations set forth in Paragraph 106.

107. Defendants deny the allegations set forth in Paragraph 107.

108. Defendants deny the allegations set forth in Paragraph 108.

109. Defendants deny the allegations set forth in Paragraph 109.

## COUNT 11

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

110. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 109 of the Complaint as if fully set forth at length herein.

111. Defendants deny that Janega harassed Tiesinga and, accordingly, deny the allegations in Paragraph 111.

112. Defendants deny that Janega harassed Tiesinga and, accordingly, deny the allegations in Paragraph 112.

113. Defendants deny the allegations set forth in Paragraph 113.

114. Defendants deny the allegations set forth in Paragraph 114.

115. Defendants deny the allegations set forth in Paragraph 115.

## COUNT 12

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

116. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 115 of the Complaint as if fully set forth at length herein.

117. In response to the allegations in Paragraph 117 of the Complaint, Defendants admit that Plaintiff claimed being required to take time off would impact him emotionally and requested materials relating to Dianon's employee assistance program. Except as so stated, Defendants deny the allegations in Paragraph 117 of the Complaint.

118. Defendants deny the allegations set forth in Paragraph 118.

119. Defendants deny the allegations on which Paragraph 119 of the Complaint is predicated and, accordingly, deny the allegations in Paragraph 119.

120. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 relating to Plaintiff's state of mind. Except as so stated, Defendants deny the allegations set forth in Paragraph 120.

121. Defendants deny the allegations set forth in Paragraph 121.

122. Defendants deny the allegations set forth in Paragraph 122.

## COUNT 13

### CONSTRUCTIVE DISCHARGE.

123.   Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 122 of the Complaint as if fully set forth at length herein.

124.   Defendants deny the allegations set forth in Paragraph 124.

125.   Defendants deny the allegations set forth in Paragraph 125.

126.   Defendants deny the allegations set forth in Paragraph 126.

127.   Defendants deny the allegations set forth in Paragraph 127.

128.   Defendants deny the allegations set forth in Paragraph 128.

## COUNT 14

[REDACTED]

## COUNT 15

### INVASION OF PRIVACY

136.   Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 135 of the Complaint as if fully set forth at length herein.

137.   Defendants deny the allegations set forth in Paragraph 137.

138.   Defendants deny the allegations set forth in Paragraph 138.

139.   Defendants deny the allegations set forth in Paragraph 139.

140.   Defendants deny the allegations set forth in Paragraph 140.

141.   Defendants deny the allegations set forth in Paragraph 141.

## COUNT 16

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

142.   Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 141 of the Complaint as if fully set forth at length herein.

143.   Defendants deny the allegations set forth in Paragraph 143.

144. Defendants deny the allegations set forth in Paragraph 144.

145. Defendants deny the allegations set forth in Paragraph 145.

146. Defendants deny the allegations set forth in Paragraph 146.

147. Defendants deny the allegations set forth in Paragraph 147.

COUNT 17

RETALIATION UNDER CEPA

148. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 147 of the Complaint as if fully set forth at length herein.

149. Defendants deny the allegations set forth in Paragraph 149.

150. Defendants deny the allegations set forth in Paragraph 150.

151. Defendants deny the allegations set forth in Paragraph 151.

152. Defendants deny the allegations set forth in Paragraph 152.

153. Defendants deny the allegations set forth in Paragraph 153.

154. Defendants deny the allegations set forth in Paragraph 154

## COUNT 18

### COERCION OF DISCRIMINATORY PRACTICE UNDER CEPA

155. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 154 of the Complaint as if fully set forth at length herein.

156. Defendants deny the allegations set forth in Paragraph 156.

157. Defendants deny the allegations set forth in Paragraph 157.

158. Defendants deny the allegations set forth in Paragraph 158.

159. Defendants deny the allegations set forth in Paragraph 159.

160. Defendants deny the allegations set forth in Paragraph 160.

## COUNT 19

### DEFAMATION

161. Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 160 of the Complaint as if fully set forth at length herein.

162. Defendants admit the allegations in Paragraph 162.

163. Defendants deny the allegations set forth in Paragraph 163.

164. Defendants deny the allegations set forth in Paragraph 164.

165. Defendants deny the allegations set forth in Paragraph 165.

166. Defendants deny the allegations set forth in Paragraph 166.

167. Defendants deny the allegations set forth in Paragraph 167.

168. Defendants deny the allegations set forth in Paragraph 168.

169. Defendants deny the allegations set forth in Paragraph 169.

WHEREFORE, defendants, Dianon Systems, Inc. and Ethel Janega, demand that judgment be entered in their favor and against the plaintiff, dismissing the Complaint with prejudice and awarding to defendants attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has waived any claim he may have (each of which is denied), to seek relief against defendant.

### THIRD SEPARATE DEFENSE

To the extent plaintiff purports to allege any claim for negligence or for physical or mental injuries and emotional distress, including claims for recovery of any related medical expenses, those claims are barred by the exclusive remedy provisions of the Connecticut Workers' Compensation Act.

### FOURTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the entire controversy doctrine, and the doctrines of waiver, estoppel and laches.

### FIFTH SEPARATE DEFENSE

Any losses suffered by plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of defendants.

### SIXTH SEPARATE DEFENSE

The Complaint is barred by the applicable Statute of Limitations.

## SEVENTH SEPARATE DEFENSE

Any alleged misdeeds of defendants were not willful.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are frivolous and brought in bad faith entitling defendants to attorney's fees and costs.

## NINTH SEPARATE DEFENSE

Plaintiff is barred from relief for failure to mitigate his damages.

## TENTH SEPARATE DEFENSE

Plaintiff's claims must be dismissed in whole or in part because defendants exercised reasonable care to prevent and promptly correct alleged discriminatory conduct in the workplace.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims for defamation must be dismissed because the alleged defamatory statements are privileged.

Defendants reserve the right pending completion of discovery to assert such other relief as the Court may deem just and proper.

                                            **DEFENDANTS,**
                                            **DIANON SYSTEMS, INC. AND**
                                            **ETHEL JANEGA**

By: _____
                                            Mary Gambardella
                                            Federal Bar # ct 05886
                                            EPSTEIN BECKER & GREEN, P.C.
                                            One Landmark Square, Suite 1800
                                            Stamford, Connecticut  06901
                                            (203) 348-3737
                                                         and

                                            Kerry M. Parker (ct # 26388)
                                            Michael D. Thompson (ct # 26389)
                                            Epstein Becker & Green, P.C.
                                            Two Gateway Center, 12th Floor
                                            Newark, New Jersey  07102
                                            (973) 642-1900

                                            Attorneys for Defendants

Dated:  November 5, 2004

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing Answer and Affirmative Defenses was sent via U.S. Mail, postage prepaid, this 5th day of November, 2004 to:

Bryan T. Carmody, Esq.
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06430

_____
Mary Gambardella