UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2004 NOV -8  P 12: 47
U.S. DISTRICT COURT
HARTFORD, CT.

DR. JAMES J. TIESINGA *ex rel.*
UNITED STATES GOVERNMENT,
and DR. JAMES J. TIESINGA

    Plaintiffs,

-against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA

    Defendants.

Case No. 302 CV 1573 (MRK)

November 4, 2004

### FORM 26(f)
### PLAINTIFF'S REPORT OF PARTIES' PLANNING MEETING[1]

Unfortunately, the parties were not able to agree upon all sections of the Report, particularly with regard to deadlines for various aspects of discovery. The Plaintiff respectfully submits this Report for consideration by the Court, and understands the Defendants intend to submit a competing Report of their own.

| | |
|---|---|
| Date Complaint Filed: | September 6, 2002. |
| Date Complaint Served: | The Complaint was served on Defendant DIANON Systems, Inc. on September 16, 2004, and on Defendant Ethel Janega on September 17, 2004.[2] |
| Date of Defendants Appearances: | Mary A. Gambardella, Esq., of Epstein Becker & Green, P.C., entered an appearance for each Defendant on or about October 5, 2004. |

---

[1] Plaintiff participated in the 26(f) conference, and submits this Report, without prejudice to his Motion for Entry of Default currently pending before the Court.
[2] The Complaint served upon the Defendants was redacted in accordance with the Order of the Court dated July 30, 2004.

1

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the Plaintiff initiated a telephonic conference with the Defendants on June 2, 2004. The participants were:

| For the Plaintiff | For the Defendants |
|---|---|
| Bryan T. Carmody, Esq.<br>Maya & Associates, P.C.<br>183 Sherman Street<br>Fairfield, CT 06824 | Kerry M. Parker, Esq.[3]<br>Epstein Becker & Green, P.C.<br>Two Gateway Center, 12th Floor<br>Newark, NJ 07102 |

**I.    Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction.**

    A.    *Subject Matter Jurisdiction*:

The parties agree the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 701, et seq. The Plaintiff also submits the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

    B.    *Personal Jurisdiction*:

The parties agree the Court has personal jurisdiction over each Defendant.

**III.    Brief Description of Case:**

    A.    *Claims of Plaintiff*

Plaintiff alleges, due to his positive HIV status and sexual orientation, he

was subject to a hostile environment during his employment with Defendant DIANON Systems, Inc ("DIANON" or the "Company"). Plaintiff alleges further that, by virtue of his opposition to the harassment, the Company and Defendant Ethel Janega ("Janega"), another DIANON employee, retaliated against him in a variety of ways. Plaintiff alleges a variety of torts against DIANON, most being in the nature of negligence, *e.g.*, negligent supervision, negligent infliction of emotional distress, *etc.* Equally, Plaintiff alleges several tort claims against Janega, such as invasion of privacy and defamation.

    B.    *Defenses and Claims of Defendants*

The Plaintiff understands the "Defendants denies [sic] any discriminatory, retaliatory, negligent or otherwise wrongful conduct."[4]

    C.    *Defenses and Claims of Third Party Defendant(s)*

Not applicable.

## IV. Statement of Undisputed Facts

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

    1)    DIANON employed the Plaintiff as a Pathologist.

    2)    Plaintiff resigned from DIANON on June 5, 2002.

## V. Case Management Plan

    A.    *Standing Order on Scheduling in Civil Cases.* The parties request

---

[3] An unopposed Motion for Admission *Pro Hac Vice* is currently pending with regard to Kerry Parker.
[4] The quoted language appears in a draft Report proposed to the Undersigned by Defendants' counsel on Wednesday, November 3, 2004. The positions the Plaintiff hereafter attributes to the Defendants derive

modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

1. The parties agree the Plaintiff should be allowed until December 31, 2004 to file a motion to amend the Complaint. *See* V.D.1, *infra*.

2. The Plaintiff submits the parties should be allowed until March 15, 2005 to complete discovery. *See* V.E.2, *infra*.

3. The Defendants should be allowed until April 15, 2005 to file a Motion for Summary Judgment. *See* V.F, *infra*.

B. *Scheduling Conference With the Court.* The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. *Early Settlement Conference.*

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 36.

D. *Joinder of Parties and Amendment of Pleadings.*

1. The parties agree the Plaintiff should be allowed until

---

from this same November 3rd proposal. The Plaintiff presumes the Defendants' competing Report submitted to Your Honor includes the same positions.

December 31, 2004 to amend the Complaint. Recently, the Plaintiff requested a "Right to Sue Letter" from the Equal Employment Opportunity Commission regarding a claim he filed under the Americans With Disabilities Act of 1990 ("ADA"). The Plaintiff is hopeful counsel for the Defendants will consent, pursuant to Fed. R. Civ. P. 15(a), to the Plaintiff amending the Complaint for the purpose of including his claim under the ADA. However, in the event counsel for the Defendants declines such consent, the Plaintiff respectfully requests the Court permit him to move for the amendment by no later than December 31, 2004.

2.      Neither Defendant intends to join an additional party. In prior Motions, each party set forth its position regarding the deadline for the Defendants to respond to the Complaint. *See* "Defendants' Motion for Extension of Time to File Responsive Pleading" dated October 5, 2004 (in which the Defendants argue such deadline should be November 5, 2004), as well as "Plaintiff's Opposition to Defendants' Motion for Extension of Time to File a Responsive Pleading" dated October 7, 2004 (in which Plaintiff argues, in effect, such deadline was October 6, 2004 for DIANON and October 7, 2004 for Janega).

E.   *Discovery*.

    1.   The parties anticipate that discovery will be needed on the following subjects:

Plaintiff

The position of the Defendants regarding the factual allegations of the Complaint, the identity and knowledge of relevant witnesses, and the factual foundation of any and all defenses raised by the Defendants.

<u>Defendants DIANON Systems, Inc. and Ethel Janega</u>

The Plaintiff understands the Defendants anticipate discovery on the basis for his factual allegations and the factual foundation for his claims, including his medical and / or emotional condition, the identity and knowledge of relevant witnesses and his alleged damages.

2.  Discovery was commenced on September 20, 2004, by virtue of Plaintiff serving his first Request for Production upon DIANON. The Plaintiff submits all discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), should be concluded by March 15, 2005. Because the above-captioned case has been under seal for the last two (2) years roughly, discovery could not, needless to say, be completed within six (6) months of the filing of the Complaint, as contemplated by the Standing Order on Pretrial Deadlines. However, as noted above, the Defendants were served with the Complaint in mid-September of this year, and the Plaintiff therefore believes discovery should be completed by March 15, 2005, *i.e.*, roughly six (6) months after the Defendants were served. The Plaintiff submits the May 31, 2005 cutoff suggested by the Defendants is not necessary, particular in light of the Standing Order of Your Honor directing the parties "to commence discovery immediately

6

and not await the Court's approval of the Report of Parties Planning Meeting ..."

3.  The parties agree discovery will not be conducted in phases.

4.  The parties anticipate that Plaintiff will require a total of six (6) depositions of fact witnesses and that Defendants will require a total of six (6) depositions of fact witnesses. Whereas the Defendants suggest depositions be postponed until January 15, 2005 (a Saturday, incidentally), the Plaintiff respectfully requests depositions commence no later than December 3, 2004 and be completed no later than his requested discovery cutoff date of March 15, 2005.

5.  Neither party will request permission to serve more than twenty-five (25) interrogatories.

6.  The Plaintiff intends to call expert witnesses at trial, and proposes the designation of all such experts, and the submission of reports by all such experts pursuant to Fed. R. Civ. P. 26(a)(2), by no later than January 3, 2005. In addition, the Plaintiff proposes the Defendants depose such experts by January 31, 2005.

7.  The Plaintiff understands the Defendants reserve the right to call expert witnesses at trial and suggest the designation of all "non-medical" experts by April 30, 2005, with the reports called for under Fed. R. Civ. P. 26(a)(2) being provided to the Plaintiff by that same date. The Plaintiff respectfully requests the Defendants designate such experts and supply reports from such experts by February 15, 2005. In addition, the Plaintiff

7

requests the Court permit him until March 15, 2005 to depose such experts.

8.    The Plaintiff understands the Defendants also might request that he undergo a medical examination. Initially, the Plaintiff notes he reserves any and all rights to object to such an examination. However, assuming the Defendants are permitted to conduct such an examination, the Plaintiff requests the examination occur no later than February 1, 2005 and the related medical reports by produced by February 15, 2005. Finally, the Plaintiff requests he be allowed until March 15, 2005 to depose any such expert.

9.    The Plaintiff suggests he submit a damages analysis to the Defendants by no later than February 15, 2005, and represents he does not require the two (2) additional months leading to the April 15, 2005 date suggested by the Defendants.

F.   *Dispositive Motions.*

The Plaintiff respectfully submits that, insofar as the discovery cutoff date should be March 15, 2005, the Defendants should file a Motion for Summary Judgment by April 15, 2005, which is consistent with the Standing Order on Pretrial Deadlines.

G.   *Joint Trial Memorandum*

In the event the Defendants do not file a Motion for Summary Judgment, the Plaintiff proposes the Joint Trial Memorandum required by the Standing Order on Trial Memorandum in Civil Cases be filed no later

than May 9, 2005. In the event the Defendants do file a Motion for Summary Judgment, the parties agree the Joint Trial Memorandum will be filed no later than twenty-one (21) days after the Court issues a decision on the Motion.

**VI.   Trial Readiness**

The parties agree the case will be ready for trial one (1) month after the parties file the Joint Trial Memorandum.

As an officer of the Court, undersigned counsel agrees to cooperate with Defendants' counsel to promote the just, speedy and inexpensive determination of this action.


Plaintiff

*[signature]*

Bryan T. Carmody (ct22514)
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06430
203-255-5600
203-255-5699 (fax)
bcarmody@mayalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 4TH day of November 2004, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by First Class Mail:

Kerry M. Parker
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-639-8259

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
183 Sherman Street
Fairfield, CT 06430
203-255-5600