UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DR. JAMES J. TIESINGA *ex rel.*
UNITED STATES GOVERNMENT,
and DR. JAMES J. TIESINGA

Plaintiffs,

-against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA

Defendants.

Case No. 302 CV 1573 (MRK)

December 7, 2004

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL

As the Plaintiff in the above-captioned case, Dr. James J. Tiesinga (the "Plaintiff" or "Dr. Tiesinga"), by and through his attorneys, respectfully submits this Memorandum of Law in support of his Motion to Compel (the "Motion"), in which he requests an Order compelling Defendant DIANON Systems, Inc. (the "Defendant" or "DIANON" or the "Company") to produce documents in response to Document Request Nos. 7 and 8, as set forth in his "First Request for the Production of Documents & Things to Defendant ..." (generally, the "Request").

### BACKGROUND

The Complaint in the above-referenced case (the "Complaint") alleges, *inter alia*, that DIANON discriminated against Dr. Tiesinga, a former employee of the Company, on the basis of his sexual orientation, together with his disability, to wit, his positive HIV status. *See* Complaint, *e.g.*, ¶¶ 44-54 (alleging violation of the Connecticut Fair

1

Employment Practices Act on account of sexual orientation); ¶¶ 62-71 (alleging violation of the Rehabilitation Act).

On September 20, 2004, the Plaintiff served the Request on DIANON. The Request is attached hereto and made a part hereof as "Exhibit A." Request No. 7 demanded:

> "For the time period January 1, 1996 to the present, any and all documents that evidence and / or relate to any complaint made to the Company regarding the (alleged) occurrence of employment discrimination."

Similarly, Document Request No. 8 called for:

> "Any and all documents that evidence and / or relate to any investigation conducted by, or on behalf of, DIANON in response to any complaint of employment discrimination made to the Company during the period January 1, 1996 to the present."

On November 5, 2004, DIANON (untimely) served its "Objections and Responses ..." (generally, the "Response"), in which the Company objected on the basis Request Nos. 7 and 8 were "vague [and] ambiguous, overbroad [and] not reasonably calculated to lead to the discovery of admissible evidence ..."[1] The Response is attached hereto and made a part hereof as "Exhibit B". The Response then states, as to both Requests:

> "[the] [Company] is not aware of the existence of any responsive documents pertaining to complaints of discrimination based on sexual orientation or HIV positive status arising out of the [C]ompany's facility on [sic] Stratford, CT in the past five (5) years."

On November 18, 2004, pursuant to Local Rule 9(d), counsel for the Plaintiff duly

---

[1] The Defendant also objected on the grounds the Requests sought production of documents protected by the attorney / client privilege and / or the work product doctrine. Because the Defendant has not yet produced a privilege log, Dr. Tiesinga is largely unable to respond to the substance of those objections. However, Dr. Tiesinga argues below such objections were waived by virtue of untimely service of the Response. *See* page 4, *infra*.

2

conferred with counsel for the Defendant with regard to the objections lodged against Request Nos. 7 and 8. *See* Affidavit of Bryan T. Carmody, Esq., attached hereto and made a part hereof as "Exhibit C." Counsel for the Plaintiff was immediately informed that DIANON would not offer any supplemental production. Accordingly, pursuant to the Individual Rules for Your Honor, counsel for the Plaintiff requested a telephonic conference with Your Honor, which was held on November 23, 2004 (the "Conference"). At the conclusion of the Conference, Your Honor gave counsel for the Plaintiff authority to file, effectively, the Motion.

Subsequent to the Conference, and in light of concerns raised by Your Honor during the Conference, counsel for the Plaintiff contacted counsel for the Defendants, *via* e-mail and offered, in effort to obviate the Motion, a substantial reduction to the scope of the Requests. *See* "Exhibit D." Specifically, counsel for the Plaintiff requested but a two-fold supplemental production: (1) production of documents that related to other complaints of "disability" discrimination, as opposed to disability complaints based on a positive HIV status, and (2) use of the timeline originally requested, *i.e.*, 1996 to the present, as opposed to 1999 to the present. *Id.*

Ultimately, after some delay, counsel for the Defendants advised the Company would not accept the compromise, which left Dr. Tiesinga with no choice but to file the Motion. *Id.*

3

## **ARGUMENT**

1. **The Defendant Waived any Right to Object by Untimely Service of the Response**

Under Fed. R. Civ. P. 34(b), the Company had the obligation to serve the Response "within 30 days after the service" of the Request. However, because the Request was served by mail, the Company could serve the Response as late as thirty-three (33) days from service of the Request. *See* Fed. R. Civ. P. 6(e).

In this case, Dr. Tiesinga served the Request on September 20, 2004, such that service of the Response was due Monday, October 25, 2004, inclusive of the three-day addition. Because DIANON had not responded, in any way, to the Request by that Friday, *i.e.*, October 29, 2004, counsel for the Plaintiff contacted counsel for the Defendant that same day and was advised the requested "documents" would be served by the Friday to follow, *i.e.*, November 5, 2004. Since counsel for the Plaintiff was under the impression the Defendant had agreed to produce all responsive documents, he made no issue of the tardiness of the Response. *See* Exhibit C.

Upon receipt of the Response it was obvious, of course, the Defendant had not confined itself to the production of the requested documents, but interposed objections as well. Dr. Tiesinga respectfully submits the Court should overrule all objections lodged against Request Nos. 7 and 8 (inclusive of the privilege objections) as untimely and / or having been waived. Not only was service of the Response eleven (11) days late, counsel for the Defendant did not even attempt to procure additional time to accomplish a timely service of the Response. *See* Fed. R. Civ. P. 34(b)(setting forth the mechanisms by which a responding party can procure additional time for service). The Undersigned was never contacted by any attorney or other agent for the Defendant prior to the expiration of the

4

service deadline. In fact, as noted above, the Undersigned was forced to contact counsel for the Defendant on October 29, 2004 to learn the whereabouts, or as matters turned out, the non-existence, of the Response. *See* Exhibit C.

Because the Defendant acted in utter disregard of basic discovery rules, displaying an almost cavalier attitude in the process, Dr. Tiesinga respectfully urges Your Honor to compel the Defendant to respond to Document Request Nos. 7 and 8, as modified.

**2.     The Objections Raised by the Defendant are Baseless**

Even as substantially reduced in scope, the Defendant objects to Request Nos. 7 and 8 on the basis each is (1) vague and ambiguous, (2) overly broad and (3) not reasonably calculated to lead to the discovery of admissible evidence.

To begin with, it is difficult to understand how a discovery request can be vague and ambiguous at the same time. By application of common meanings, if a request is "vague," it is not capable of being understood - at all. On the other hand, if a request is "ambiguous," it is capable of being understood, but in two (2) or more meanings. In any event, it is plain the Defendant was able to comprehend the Requests as the Company later objects on the basis the Requests are overly broad and not reasonably calculated to lead to the discovery of admissible evidence. Surely, if the Company was able to interpose such objections, the Company was also able to comprehend, initially, the essence of the Requests.

It appears, therefore, the only "genuine" objection the Company has raised is that the Requests are overly broad or, put a bit differently, not reasonably calculated to lead to the discovery of admissible evidence. This boilerplate objection aside, courts agree that:

5

"other complaints of discrimination against a defendant are discoverable if [1] limited to the same form of discrimination claimed by the plaintiff, [2] if limited to the same department or agency where plaintiff worked, and [3] if limited to a reasonable time before and after the discrimination complained of." Mitchell v. AMTRAK, et al., 208 F.R.D. 455, 460, 2002 U.S. Dist. LEXIS 12827, *13 (D.D.C. 2002); see also Pleasants v. Allbaugh, 208 F.R.D. 7, 14, 2002 U.S. Dist. LEXIS 8941, * 25 (D.D.C. 2002).

The approach articulated in Mitchell has since been adopted by the federal courts of the neighboring jurisdictions, such as New York. See Boila v. Mercury Print Productions, Inc., 2004 U.S. Dist. LEXIS 22730, *3-4 (W.D.N.Y. 2004), citing Mitchell, Pleasants and Flanagan v. Travelers Ins. Co., 111 F.R.D. 42, 48 (W.D.N.Y. 1986).

Dr. Tiesinga has requested only that the Defendant produce other complaints of disability or sexual orientation discrimination for the time period 1996 to the present, along with any additional documents that reflect any investigation made by the Company into such complaints. Because Dr. Tiesinga has alleged these types of discrimination, i.e., sexual orientation and disability discrimination, his (modified) request is in accord with the Mitchell line of cases and consistent with the observation that:

> "[c]ourts generally hold that evidence of the defendant's conduct toward other employees in plaintiff's protected class is relevant, admissible, and enable the jury to evaluate the work environment." Julie A. Springer, Phyllis Pollard & R. Paige Arnette, *Survey of Selected Evidentiary Issues in Employment Law Litigation*, 50 Baylor L. Rev. 415 (1998).

In effect, DIANON argues the Company has an incredibly narrow discovery obligation, namely the duty to produce other complaints of disability discrimination only to the extent the disability at issue is a positive HIV status. Thus, DIANON refuses to produce any complaints that an employee was subjected to discrimination on account of another infectious disease, or a health condition that is borne of a HIV positive status.

6

Unfortunately for the Company, as indicated above, neither the courts nor the scholarly authority support the idea that, for purposes of discovery, an employer can delve into a protected category and select, in the dubious event they even exist, only those complaints that mirror the precise health condition that underlies the particular disability at issue. In fact, the cases suggest quite the opposition is true. In Boila, for instance, the Court indicated the employee alleged "disability" discrimination, but did not identify the particular medical condition at issue. 2004 U.S. Dist. LEXIS, at *2. Nonetheless, the Court held the employee was entitled to "general discovery" of other complaints of "disability" discrimination, as that was the "type" of discrimination at issue. *Id.*, at *4.

The position adopted by the Company would lead to absurd results in cases in which another protected characteristic is at issue, such as national origin. It would seem self-evident that an employee from Japan who is subject to differential treatment on account of his national origin has a right, at least at the discovery stage, to inspect a complaint that his employer has subjected his colleague to differential treatment because he hails from the South Pacific. The approach espoused by the Defendant would be especially difficult to apply in cases of religious discrimination, where there are often subtle, nebulous differences among the sects of a particular religion.

Simply put, the issue is whether the Company discriminates against employees who suffer from a disability. While the Plaintiff is HIV positive, he should be entitled to discover whether, to the Company, the precise nature of his disability was less important than the fact that he suffered from a disability.

Finally, Dr. Tiesinga also requests, respectfully, that the Court direct DIANON to produce other complaints of sexual orientation and / or disability discrimination (and related documents) since 1996, not 1999. Notably, DIANON did not object to the production of policies the Company has used since 1996 regarding employment discrimination. *See* the Response, page 4 (responding to Document Request No. 6). Furthermore, Dr. Tiesinga submits a larger timeframe for the production of other complaints should be afforded in cases of sexual orientation and disability discrimination. In these cases, the protected characteristic usually does not appear on the surface of the person as would be the case in a race or gender discrimination suit. Therefore, the development of the employment discrimination in these cases is assuredly longer and the timeline should be adjusted accordingly.

## CONCLUSION

Based on the foregoing, Dr. Tiesinga respectfully urges the Court to grant the Motion and afford any additional relief Your Honor deems just and proper.

Respectfully submitted,

Plaintiff

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06430
203-255-5600
203-255-5699 (fax)
bcarmody@mayalaw.com

8

## CERTIFICATE OF SERVICE

I hereby certify that on this 7TH day of December 2004, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

> Kerry M. Parker
> Epstein Becker & Green, P.C.
> *Attorneys for Defendants*
> Two Gateway Center, 12th Floor
> Newark, NJ 07102
> 973-639-8259

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
183 Sherman Street
Fairfield, CT 06430
203-255-5600