UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA,<br><br>                Plaintiffs,<br><br>*Vs.*<br><br>DIANON SYSTEMS, INC. and ETHEL JANEGA,<br><br>                Defendants. | CIVIL ACTION NO. 3:02 CV 1573 (DJS)<br><br>**OBJECTIONS AND RESPONSES TO PLAINTIFF DR. JAMES J. TIESINGA'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANT DIANON SYSTEMS, INC.** |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant DIANON Systems, Inc., hereby objects and responds to Plaintiff's First Request for the Production of Documents and Things as follows.

## **GENERAL OBJECTIONS**

1.  Defendant objects to any document request insofar as it attempts to impose upon defendant any obligations beyond those established by the Federal Rules of Civil Procedure. Defendant will respond to plaintiff's document request in accordance with those Rules and will not provide answers to the extent such production exceeds the requirements of those Rules.

2.  Defendant objects to any document request which calls for a legal conclusion or which seeks documents or information which are protected from disclosure by the attorney-client privilege or any other privilege recognized by statute, at common law or by the Federal Rules of Civil Procedure, or which constitute or reflect attorney work product. Defendants also retain the right to retrieve documents inadvertently produced including copies made of said documents, if any, which are deemed to be subject to any such privilege.

NE:123417v2

3. Defendant objects to any document request that is not relevant to the subject matter of this action or is not reasonably calculated to lead to the discovery of admissible evidence.

4. Defendant objects to any document request that is overly broad, unduly burdensome or vague.

5. The above objections are applicable to each and every request and failure to reference these objections in any response shall not operate as a waiver of these objections.

6. Defendant reserves the right to amend and supplement these responses as additional information or documents may warrant.

## SPECIFIC RESPONSES AND OBJECTIONS

1. Any and all documents, including, but not limited to, tape and/or video recordings, that refer to and/or relate to the allegations set forth in the Complaint.

**RESPONSE:**

Defendant object to Request No. 1 on the grounds that it is vague, ambiguous and overbroad. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to Request No. 1.

NE:123417v2                                                       - 2 -

2. Any and all documents that refer to and/or relate to Dr. Tiesinga as a prior employee of DIANON.

**RESPONSE:**

Defendant object to Request No. 2 on the grounds that it is vague, ambiguous, overbroad and seeks information subject to the attorney-client and/or attorney work product doctrine. Defendant state that it will produce a privilege log pertaining to those privileged documents created prior to the date of Plaintiff's resignation.

3. The personnel file for Dr. Tiesinga.

**RESPONSE:**

Defendant has produced the documents responsive to Request No. 3.

4. Any and all documents that evidence and / or relate to any allegation that Dr. Tiesinga violated any policy of DIANON during his employment with the Company.

**RESPONSE:**

Defendant object to Request No. 4 on the grounds that it is vague, ambiguous, overbroad and seeks information subject to the attorney-client and/or attorney work product doctrine. Defendant states that it will produce a privilege log pertaining to those privileged documents created prior to the date of Plaintiff's resignation. Defendant further states that, subject to and without waiver of the foregoing objections, it will produce documents responsive to Request No. 4.

NE:123417v2

- 3 -

5. Any and all documents that relate to the "Director of Hematopathology" position identified in paragraph 8 of the Complaint.

**RESPONSE:**

Defendant object to Request No. 5 on the grounds that it is vague, ambiguous, overbroad and not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiver of the foregoing objections, Defendant states that it will produce responsive documents.

6. For the time period January 1, 1996 to the present, any and all documents that evidence and/or relate to any policy DIANON used regarding the subject of employment discrimination.

**RESPONSE:**

Defendant objects to Request No. 6 on the grounds that it is vague, ambiguous and overbroad. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to Request No. 6.

7. For the time period January 1, 1996 to the present, any and all documents that evidence and/or relate to any complaint made to the Company regarding the (alleged) occurrence of employment discrimination.

**RESPONSE:**

Defendant object to Request No. 7 on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and seeks information subject to the attorney-client and/or attorney work product doctrine. Subject to and without waiver of the foregoing objections, Defendant state that it is not aware of the existence of any

NE:123417v2                    - 4 -

responsive documents pertaining to complaints of discrimination based on sexual orientation or HIV positive status arising out of the company's facility on Stratford, CT in the past five (5) years.

8. Any and all documents that evidence and / or relate to any investigation conducted by, or on behalf of, DIANON in response to any complaint of employment discrimination made to the Company during the period January 1, 1996 to the present.

**RESPONSE:**

Defendant object to Request No. 8 on the grounds that it is vague, ambiguous, overbroad, not reasonably calculated to lead to the discovery of admissible evidence and seeks information subject to the attorney-client and/or attorney work product doctrine. Subject to and without waiver of the foregoing objections, Defendant will produce documents, if any, pertaining to complaints of discrimination based on sexual orientation or HIV positive status arising out of the company's facility on Stratford, CT in the past five (5) years.

9. Any and all documents that evidence and/or relate to any investigation conducted by, or on behalf of, DIANON with respect to the allegations set forth in the Complaint.

**RESPONSE:**

Defendant objects to Request No. 9 on the grounds that it is vague, ambiguous, overbroad and seeks information subject to the attorney-client and/or attorney work product doctrine. Defendant states that it will produce a privilege log pertaining to those privileged documents created prior to the date of Plaintiff's resignation. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to Request No. 9.

NE:123417v2 - 5 -

10. Any and all documents that evidence and/or relate to any complaint made to DIANON regarding Defendant Ethel Janega.

**RESPONSE:**

Defendant objects to Request No. 10 on the grounds that it is vague, ambiguous, overbroad and seeks information subject to the attorney-client and/or attorney work product doctrine. Defendant states that it will produce a privilege log pertaining to those privileged documents created prior to the date of Plaintiff's resignation. Subject to and without waiver of the foregoing objections, Defendant will produce documents responsive to Request No. 10.

        EPSTEIN BECKER & GREEN, P.C.
Attorneys for Defendants Dianon Systems, Inc.
And Ethel Janega

By: *Michael D. Thompson*
Mary A. Gambardella(ct #05386)
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

Kerry M. Parker(ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900

Dated: November 5, 2004

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of November 2004, I caused a true and correct copy of the foregoing to be served upon the following counsel of record via Federal Express:

>Bryan T. Carmody
>Maya & Associates, P.C.
>*Attorneys for Plaintiff*
>183 Sherman Street
>Fairfield, CT 06430
>203-255-5600

*[signature]*
_____
Michael D. Thompson

Dated: November 5, 2004

NE:123417v2                              - 7 -