UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.*<br>UNITED STATES GOVERNMENT,<br>and DR. JAMES J. TIESINGA<br><br>Plaintiffs,<br><br>-against-<br><br>DIANON SYSTEMS, INC. and<br>ETHEL JANEGA<br><br>Defendants. | :<br>:<br>: Case No. 302 CV 1573 (MRK)<br>:<br>:<br>:<br>:<br>:<br>: December 7, 2004<br>:<br>:<br>: |

## AFFIDAVIT OF BRYAN T. CARMODY, ESQ.

I am an attorney duly admitted to the bar of the United States District Court for the District of Connecticut and represent the Plaintiff, Dr. James J. Tiesinga, in the above-captioned case. Pursuant to Local Rule 9(d), I submit this Affidavit based on my personal knowledge and in support of the Motion to Compel to which it is attached.

1. On September 20, 2004, I served Plaintiff's First Document Request (generally, the "Request") on Defendant DIANON Systems, Inc. (the "Defendant" or the "Company") by certified mail, return receipt requested. By my calculations, the deadline for the Defendant to serve its response (inclusive of the three-day extension under Fed. R. Civ. P. 6[e]) was Monday, October 25, 2004.

2. By Friday October 29, 2004, I had received no response to the Request and therefore contacted, that same day, Michael D. Thompson, one of the attorneys who represents the Company in this case. Attorney Thompson informed me of this belief that Kerry M. Parker, the lead attorney for the Defendant, intended to serve the requested

1

"documents" by the Friday to follow, *i.e.*, November 5, 2004. On or about Monday, November 8, 2004, I did receive a response to the Request, which included objections to Document Request Nos. 7 and 8 (generally, the "Response").

3.  On November 18, 2004, I initiated a telephonic conference with Attorney Thompson with regard to objections interposed by the Response. While Attorney Thompson and I were able to resolve several of the objections, he indicated his client would not supplement its production to Request Nos. 7 and 8.

4.  On November 23, 2004, I contacted Attorney Thompson to confirm that his client would offer no supplemental production to Request Nos. 7 and 8, and he did so confirm. Accordingly, I contacted Chambers for Your Honor immediately thereafter, and a telephonic conference was held later that same day among myself, Attorney Parker and Your Honor (the "Conference"). At the conclusion of the Conference, Your Honor provided me with authority to file a motion to compel.

5.  In light of concerns raised by Your Honor during the Conference regarding the breadth of Request Nos. 7 and 8, I contacted Attorney Parker on November 29, 2004, *via* e-mail, and offered to reduce the scope of the Requests substantially. Specifically, I offered to accept other complaints of disability or sexual orientation discrimination made to DIANON during the period January 1, 1996 to the present. *See* Exhibit D, attached to the Motion.

6.  On December 3, 2004, Attorney Parker informed me during a telephone conversation that the Defendant would not supplement the Response in line with the modification I requested and we reached agreement, in effect, that motion practice before the Court was necessary. *Id.*

Subscribed and sworn to before me this

____ day of December 2004.

_____

Notary Public

Evan D. Gamm
Notary Public
State of Connecticut
My Commission Expires
July 31, 2009

_____
Bryan T. Carmody

3