UNITED STATES DISTRICT COURT      FILED
DISTRICT OF CONNECTICUT

2005 JAN -3  A 9: 22

DR. JAMES J. TIESINGA *ex rel.*
UNITED STATES GOVERNMENT  U.S. DISTRICT COURT
and DR. JAMES J. TIESINGA        NEW HAVEN CT   Case No. 302 CV 1573 (MRK)

       Plaintiffs,

-against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA                                                December 30, 2004

       Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE AN AMENDED COMPLAINT

As the Plaintiff in the above-captioned case, Dr. James J. Tiesinga (the "Plaintiff" or "Dr. Tiesinga"), by and through his attorneys, respectfully submits this Memorandum of Law in support of his Motion for Leave to file and serve an Amended Complaint (the "Motion").

## BACKGROUND

On or about July 10, 2002, the Plaintiff initiated an administrative action with the Connecticut Commission on Human Rights and Opportunities (the "CCHRO") on account of employment discrimination he suffered at his prior employer, Defendant DIANON Systems, Inc. (the "Defendant" or "DIANON" or the "Company"). Because the Plaintiff had also alleged violations of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.* (the "ADA claims"), the CCHRO "dual filed" the administrative action with the Equal Employment Opportunity Commission, consistent with the "work-sharing agreement" between the agencies. The administrative action was

commenced through the undersigned counsel. *See* Letter from Carmody to CCHRO Intake Officer of 7/9/02 (identifying the undersigned as "*Attorney for Complainant James Tiesinga*" [italics in original]), attached hereto and made a part here of as "Exhibit A."

On or about August 19, 2002, pursuant to Conn. Gen. Stat. § 46a-101(b), the Plaintiff and the Defendants submitted a joint request to the CCHRO for the issuance of an early "Release of Jurisdiction," which was granted on or about August 30, 2002. *See* Letter from Carmody to Hughes of 8/19/02, and CCHRO Release of Jurisdiction, attached hereto and made a part hereof as "Exhibit B" and "Exhibit C," respectively. The Release of Jurisdiction was effective for only the state violations alleged in the administrative action; the ADA claims were (necessarily) left with the EEOC. *See* page 3, *infra*.

On or about September 6, 2002, the Plaintiff commenced the above-captioned action, but was forced to do so under seal, because of the procedural requirements underlying the False Claims Act allegations he was pursuing in the same action. On February 12, 2003, in the absence of any knowledge on the part of Dr. Tiesinga or his counsel, the EEOC issued a "Dismissal and Notice of Rights" (generally, the "Notice of Dismissal") with regard to the ADA claims. A copy of the Notice of Dismissal is attached hereto and made a part hereof as "Exhibit D."

In late September of 2004, the Plaintiff was able, due to an Order issued by the Court, to serve on the Defendants a copy of the Complaint, which was redacted to include only the employment aspects of the case. On or about October 25, 2004, in order to include the ADA claims in the court action, the Plaintiff submitted a request to the EEOC for a "Right to Sue Letter." A copy of that request is attached hereto and made a part

2

hereof as "Exhibit E." On November 5, 2004, the EEOC sent counsel for the Plaintiff a copy of the Notice of Dismissal.

Although counsel for the Plaintiff requested consent from the Defendants counsel to amend the Complaint so as to include the ADA claims, he was informed the Defendants refused such consent based upon the issuance date of the Notice of Dismissal. Thus, Dr. Tiesinga was left with no choice but to file the Motion.

## STANDARD

Under Fed. R. Civ. P. 15(a), a party may amend his pleading " ... by leave of court ...; and leave shall be freely given when justice so requires." The U.S. Supreme Court has indicated "this mandate is to be heeded." Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222, 226 (1962).

## ARGUMENT

**1.    Justice Requires That Dr. Tiesinga Be Allowed to Amend the Complaint**

Initially, the Plaintiff had the obligation, of course, to file his state discrimination claims with the CCHRO and the ADA claims with the EEOC. *See* Conn. Gen. Stat. § 46a-100; Conn. Gen. Stat. § 46a-101; 42 U.S.C. § 2000e-5(e). The Plaintiff was able to obtain, through the consent of the Defendants, an early Release of Jurisdiction from the CCHRO with regard to the state discrimination claims. *See* Conn. Gen. Stat. § 46a-101(b)(allowing for the issuance of an early Release of Jurisdiction). By contrast, the Plaintiff was not able to get an early Right to Sue Letter from the EEOC, insofar as a claim under the ADA must remain with the agency for at least 180 days. *See* 29 C.F.R. § 1601.28(a)(1). That is, there is no provision for the issuance of an early Right to Sue Letter. *See* Martini v. Federal National Mortgage Association, 178 F.3d 1336, 1348

3

(D.C. Cir. 1999)(holding the EEOC cannot issue an early Right to Sue Letter). Thus, when the Plaintiff commenced the above-captioned case in the Fall of 2002, he was able to include the state discrimination claims, but not the ADA claims.

In January of 2003, the mandatory 180-day holding pattern had passed and the Plaintiff could request that the EEOC issue a Right to Sue Letter with regard to the ADA claims. However, in an effort to spare the Court of unnecessary motion practice, Dr. Tiesinga elected not to request the Right to Sue Letter. Dr. Tiesinga was aware that, under Fed. R. Civ. P. 15(b), he could spare the Court of a motion to amend if the Defendants offered their written consent to the rather reasonable amendment he sought.[1] Because the case was under seal at that time, though, Dr. Tiesinga could not even apprise the Defendants of the existence of the lawsuit, much less request their consent to amend the Complaint.

Still, Dr. Tiesinga was confident that, once he could notify the Defendants of the Complaint, they would probably consent to an amendment for the purpose of including the ADA claims. In addition, Dr. Tiesinga recognized that, even if he obtained leave from the Court to file an amended Complaint, he could not act on the ADA claims, *e.g.*, conduct discovery, as they (and all other claims for that matter) would languish for so long as the seal remained in effect. For these reasons, Dr. Tiesinga did not, during the time the Complaint was under seal, request that the EEOC issue the Right to Sue Letter.

In September of 2004, Dr. Tiesinga was able, due to a prior Order of the Court, to serve the (redacted) Complaint on the Defendants. Accordingly, Dr. Tiesinga promptly requested a Right to Sue Letter from the EEOC. *See* Exhibit E. As noted above, the

---

[1] Dr. Tiesinga also believed the seal posture of the case made the avoidance of motion practice particularly desirable.

4

EEOC did not issue a Right to Sue Letter, insofar as the agency had previously issued the Notice of Dismissal. Though Dr. Tiesinga still sought consent for the amendment from the Defendants, as such was his original plan, they declined to offer consent due to the issuance of the Notice of Dismissal.

In sum, Dr. Tiesinga postponed his request for the Right to Sue Letter until the seal was lifted, since at that point there was at least an opportunity for the ADA claims to be brought into the case by agreement of the parties. Because his motive was to spare the resources of this Court, Dr. Tiesinga respectfully submits that justice now requires that he be given leave to amend his Complaint so as to include the ADA claims.

## 2. The Amendment Sought by Dr. Tiesinga Would Not be Futile

Although the general rule is that leave to amend shall, "... as the rules require, be freely given," the courts may decline, naturally, a futile amendment. Foman v. Davis, *supra*, 371 U.S. at 182, 83 S. Ct. at 230, 9 L. Ed. 2d at 226 (1962). Dr. Tiesinga predicts the Defendants will contest the Motion on the basis of futility. In particular, the Defendants are apt to contend the Court has no subject matter jurisdiction over the ADA claim, insofar as the EEOC issued the Notice of Dismissal over ninety (90) days ago. *See* Exhibit C ("[y]our lawsuit must be started within 90 days of your receipt of this Notice"). That position, though, would be plainly untenable.

According to the Second Circuit, with regard to a Right to Sue letter, "when the date of receipt is challenged, there is a presumption that the letter is received three days after it is mailed." Peltier v. Apple Health Care, Inc., 130 F. Supp. 2d 285, 290-291, 2000 U.S. Dist. LEXIS 19909, * 15-*16, (D. Conn. 2000), citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525 (2d Cir. 1996). However, "the presumption may be rebutted

... 'by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt (or lack thereof).'" *Id.*, quoting <u>Brown v. Pratt & Whitney Div.</u>, 1997 U.S. Dist. LEXIS 14185, *4 (D. Conn. 1997).

At the time the EEOC issued the Notice of Dismissal, *i.e.*, February 12, 2003, Dr. Tiesinga did not reside in the State of Connecticut, let alone at 9312 Avalon Gates in Trumbull, *i.e.*, the address to which the Notice was apparently sent. In fact, since September of the prior year, Dr. Tiesinga had been a resident of Texas. While Dr. Tiesinga gave the postal authority his new address in Texas, he never received the Notice of Dismissal. *See* Affidavit of James J. Tiesinga, M.D., attached hereto and made a part hereof as "Exhibit F."

Similarly, the undersigned did not receive the Notice of Dismissal at or around the time it was issued by the EEOC. In fact, the undersigned did not learn of the Notice of Dismissal until November 5, 2004, when the EEOC sent him a copy of the Notice in response to his request for the Right to Sue Letter. *See* Affidavit of Bryan T. Carmody, Esq., attached hereto and made a part hereof as "Exhibit G." Notably, both the EEOC and the CCHRO were well aware that the undersigned represented Dr. Tiesinga. For example, the Release of Jurisdiction, issued by the CCHRO and sent to, among others, the EEOC, clearly identifies the undersigned as counsel for the Plaintiff.[2] *See* Exhibit C.

For these reasons, the leave requested by Dr. Tiesinga would not be futile, as he did not get a copy of the Notice of Dismissal until November 5, 2004 and the Motion has been filed within ninety (90) days of that date.

---

[2] Incidentally, with all due respect to the agency, it was presumptuous for the EEOC to issue the Notice of Dismissal on the basis Dr. Tiesinga was "pursuing [the ADA] claim in another forum." Because the case was filed under seal, the EEOC had no way to discover that Dr. Tiesinga had, in fact, brought a court case.

## **CONCLUSION**

Based on the foregoing, Dr. Tiesinga respectfully urges the Court to grant the Motion and afford any additional relief Your Honor deems just and proper.

Respectfully submitted,

Plaintiff

*[signature]*

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06430
203-255-5600
203-255-5699 (fax)
bcarmody@mayalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of December 2004, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

Kerry M. Parker
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-639-8259

Richard Molot, Esq.
U.S. Attorney General's Office
*Attorneys for United States*
District of Connecticut
157 Church Street
New Haven, CT 06510

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
183 Sherman Street
Fairfield, CT 06430
203-255-5600