UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>*ex rel.* DR. JAMES J. TIESINGA, | : | No. 3:02CV1573(MRK) |
| Plaintiffs, | : | |
| v. | : | January 6, 2005 |
| DIANON SYSTEMS, INC., | : | |
| Defendant. | : | |

# THE UNITED STATES' REDACTED STATEMENT REGARDING UNSEALING OF THE COURT FILE

## Background

When this action was initially filed, the Court placed the relator's complaint and all subsequent filings under seal. *See* 31 U.S.C. §§ 3730(b)(2), (3). Between September 6, 2002 and November 5, 2004, the United States sought and received four extensions of the seal, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3). For each such extension request, the United States filed under seal both a motion and a memorandum in support of the motion for extension of the seal period.

On November 5, 2004, the United States intervened in this case against Dianon Systems, Inc. In its Notice of Election to Intervene, the United States requested that the Complaint and Notice be unsealed but that "all other contents of the Court's file in this matter, including applications filed by the United States for extensions of the sixty-day seal period, as well as any supporting memoranda and declarations, remain under seal and not be served on the defendants

**ORAL ARGUMENT IS <u>NOT</u> REQUESTED**

or otherwise made public." The Court granted that request as an initial matter, but ordered the United States to file a statement with the Court indicating what, if any, filings should remain under seal and why.[1]

For the reasons set forth below, the United States respectfully requests that the memoranda in support of the United States' motions for extensions of the seal period remain sealed (Docket Nos. 11, 14, 18, and 23). The United States does not object to unsealing the United States' motions for extensions of time (Docket Nos. 10, 13, 17, and 22), or the orders issued by the Court granting the motions (Docket Nos. 12, 16, and 20), or the other miscellaneous filings in the case (Docket Nos. 2-9, 15, 19, 21, 24-27). The United States is unsure what documents are listed as numbers 28-30 on the docket because they are described only as "sealed document."[2]

The United States' request to retain the seal on certain documents is narrowly crafted to seal only those documents containing a substantive discussion of the United States' investigation and work product. Thus, out of the thirty documents remaining under seal, the United States only requests that the court maintain the seal on five documents (Docket Nos. 11, 14, 18, 23 and 30).

---

[1] Counsel for the relator has informed counsel for the United States that he does not intend to take a position with regard to what, if any, documents should remain under seal.

[2] We believe that one of the documents (Docket No. 30) is the Ex Parte Reply Memorandum in Further Support of the United States' Motion for Enlargement of Time to Make an Election Pursuant to 31 U.S.C. § 3730(b). If so, we respectfully request that the seal be retained on that document as well. We would ask the Court to allow the United States to review these three documents before being required to take a position on whether they should be unsealed.

**Argument**

**THE COURT SHOULD MAINTAIN THE SEAL ON THE UNITED STATES' MEMORANDA IN SUPPORT OF ITS MOTIONS FOR EXTENSION OF THE SEAL.**

    **A.    The Court Should Balance the Right of Access to Court Records with the Harm That Would Result to the United States From Disclosure.**

The general common law "right to inspect and copy judicial records is not absolute" and is limited by a court's supervisory authority over its own files. *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978). Moreover, not every document submitted to a judge for review is a "judicial record" to which a common law presumption of public access attaches. *See In re Boston Herald, Inc.*, 321 F.3d 174, 189-90 (1st Cir. 2003). Nor is an aversion to secret judicial proceedings relevant here where we are concerned with documents that would never have been filed with the Court but for the unique nature of *qui tam* proceedings and where the actual judicial proceedings on the merits do not commence until the United States announces its decision on intervention.

The case law does not support a presumption in favor of disclosure when the disputed documents have been properly submitted to the court under seal. *See United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) (barring public disclosure of a presentence report without substantial, specific showing of need); *see also In re Boston Herald*, 321 F.3d at 184 ("the First Amendment does not grant the press or the public an automatic constitutional right of access to every document connected to judicial activity"); *Hartford Courant Co. v. Pelligrino*, 380 F.3d 83, 96 (2d Cir. 2004) (presumption of openness for court docket sheets rebuttable by showing that sealing is necessary to preserve higher value and narrowly tailored to preserve that interest). As the Seventh Circuit held in *Corbitt*:

> While this court has recognized that the common law right of access creates a 'strong presumption' in favor of public access to materials submitted as evidence in open court, this presumption should not apply to materials properly submitted to the court under seal. Where judicial records are confidential, the party seeking disclosure may not rely on presumptions, but must instead make a specific showing of need for access to the document.

*Id.* 879 F.2d at 228 (citation and footnote omitted); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995) (court has discretion to maintain seal on pre-intervention documents after "balancing [the defendant's] need for the sealed documents and the harm to the government risked by disclosure").

The False Claims Act specifically provides that applications for extensions of time during which the relator's complaint remains under seal shall be filed *in camera*. *See* 31 U.S.C. § 3730(b)(3). Moreover, the statute does not authorize unsealing the United States' applications even though it specifically provides for unsealing the relator's complaint. *See id.* § 3730(b)(2); *see also United States ex rel. Stephens v. Prabhu*, No. CV-S-92-653-LDG (LRL), 1994 WL 761236, at *1 (D. Nev. Dec. 9, 1994) ("Neither [section 3730(b)(3)] nor any other provision of the FCA, however, directs the court to unseal the motions for enlargement of time filed in camera."); *U.S. ex rel Coughlin v. International Bus. Machs. Corp.*, 992 F. Supp. 137, 140 (N.D.N.Y. 1998) ("However, section 3730 only provides for the unsealing of the complaint and no other section of the False Claims Act references the unsealing of any other documents filed with the court."). If Congress had intended that other pre-intervention documents should ultimately be disclosed, it could have so provided in the statute. It did not. Thus, the statute itself creates the inference that the government's pre-intervention applications for extension of time, filed *in camera*, should remain under seal.

Even if this Court finds that the presumption of public accessibility applies to the government's pre-intervention filings, the United States has, as set forth below, identified sufficient particular harm that it will suffer from the disclosure to overcome that presumption. The documents the United States seeks to keep sealed set forth the Government's investigation strategy and work-product. But for the filing of the *qui tam* complaint, the United States would not have had to disclose its investigative strategy or its opinions on, and assessment of, factual and legal issues to the court, to the defendants in this case or to the general public.

> **B.     The United States Would Be Harmed By Disclosure Of Information About Its Investigation.**

The United States has a strong interest in protecting the confidentiality of details regarding its investigation. Routine disclosure of information about the Government's investigation would lead to a reluctance on the part of the United States to reveal details about its investigation in pre-intervention filings, which would in turn impede the ability of district courts to evaluate the need for extensions of time. When making its requests for extensions of the seal period, the United States usually supplies the Court with information about the investigatory steps it has taken, which in many cases includes its analysis of the matter under investigation, as well as the specific steps the Government's investigative team contemplates taking in the future. If the United States knew that Courts would routinely unseal its memoranda filed in support of these requests, it would be difficult for the United States to supply the Court with particularized information about its investigation. *See Corbitt*, 879 F.2d at 228 ("the discretionary decision whether to release judicial records should be informed by a 'sensitive appreciation of the circumstances that led to . . . [the] production [of the particular document in question]'") (*quoting*

*Nixon*, 435 U.S. at 598, 602-03).

The memoranda in support of the United States' motions for extension submitted to this Court under seal contain descriptions of the United States' efforts to investigate Dianon with respect to the allegations in the relator's complaint. The memoranda discuss various steps taken by the Government during the investigation, the types of activities the Government intended to take in the future, and speculation about what the investigation might uncover. In some of the memoranda, there is a discussion of what counsel for the United States believes the significance of certain information or documents might mean for the case. Examples include the following excerpts from some of the memoranda:

> **REDACTED**
>
> **REDACTED**
>
> **REDACTED**.[3]

The United States provided this information *in camera* to the Court so that the Court could determine that the United States was diligently investigating the relator's allegations and had demonstrated a need for additional time to continue its investigation. But for the unique requirements of the False Claims Act, which mandates that the Government show good cause for the continuation of the seal, the United States would not have had to disclose its investigative

---

[3] **REDACTED**

strategy or its counsel's assessment of the importance of particular evidence to anyone.

Courts which have considered whether to retain the seal on pre-intervention filings in circumstances similar to those in this case (*i.e.* where the United States has intervened and intends to litigate the case) have considered whether disclosure would harm the Government and have decided in favor of keeping the pre-intervention memoranda under seal where they conclude it would. Most of the cases in which the court has unsealed the Government's pre-intervention memoranda were cases in which the United States had decided <u>not</u> to intervene in the case or the case had already been settled. *See e.g.,United States ex rel. Fender v. Tenet Healthcare Corp.*, 105 F. Supp.2d 1228 (N.D. Ala. 2000); *United States v. CACI Int'l Inc.*, 885 F. Supp. 80 (S.D.N.Y. 1995); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21 (S.D.N.Y. 1994); and *United States ex rel. Erickson v. University of Washington Physicians*, 339 F.Supp.2d. 1124 (W.D. Wash. 2004). However, in cases similar to this case, courts have agreed to retain the seal on the Government's pre-intervention memoranda. For example, in the *O'Keefe* case, the court denied a motion to unseal the record where it found that "the sealed materials before this Court do provide some substantive details regarding the government's methods of investigation" and that "[t]here would be some harm associated with the disclosure of such details." *O'Keefe*, 902 F. Supp. at 192. Similarly, in two unpublished decisions, the courts retained the seal after finding that the memoranda either contained attorney work product or disclosed the Government's investigative strategy. *United States ex rel. Denomme v. Powell*, Civil No. 00-0768-CB-C (S.D. Ala.) October 31, 2001 (Attached hereto as Exhibit 1) ; *United States ex rel. Tibbetts v. Gambro Healthcare, Inc.*, Civil Action No. 1:96-CV-2126-CC (N.D. Ga.) August 6, 1999 (refusing to unseal Government's requests for extension of time, as those pleadings were

protected work product) (Attached hereto as Exhibit 2).  In *Denomme*, the Court stated:

> Although the information contained in the briefs at issue did not discuss specifics of the Government's investigation, the information did, at least to some extent, reveal the Government's strategy and thought processes concerning the investigation of the claim.  In light of the fact that the Court can discern no harm to the defendants if the briefs remain under seal, the balancing test in this case weighs in favor of nondisclosure of the Government's briefs, as well as the orders relating to those motions because the orders summarize the investigative information provided by the Government.

*Denomme*, Slip Opinion at p. 3.  *See also Stephens,* 1994 WL 761236 at * 1 (refusing to unseal pleadings which, among other things, concerned the Government's "investigative strategy").[4]

The type of information contained in the Government's applications for extension of time falls squarely within the scope of the attorney work product doctrine and the Government's law enforcement/investigatory files privilege.  *See generally Hickman v. Taylor*, 329 U.S. 495, 511 (1947) (describing the work product doctrine); *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 541-47 (D.C. Cir. 1977) (describing and applying investigatory files privilege).  Yet the United States is required to reveal this otherwise privileged information to the Court because of the False Claims Act's statutory scheme.  To force the Government to divulge privileged information *in camera* and then allow the opposing party and the public access to that information would frustrate the objectives of the False Claims Act and place the Government in an untenable

---

[4] Counsel for the United States found three unpublished opinions in which the courts unsealed the Government's pre-intervention memoranda after the United States intervened in the case. (Attached hereto as Exhibits 3-5).  These decisions are distinguishable from this case because the courts reviewed the sealed documents and concluded that the memoranda did not include specifics of the Government's investigation, strategy or any analysis of facts or evidence.  *United States ex rel. Swensen v. McDonnell Douglas Helicopter Systems*, Civ. No. 98-1476 PHX SMM (D. Ariz.), August 1, 2000 (Exhibit 3); *United States ex rel. Kacmarczyk v. SCCI Health Services Corp.*, Civil Action No. H-99-1031(S.D. Tex.) May 5, 2003 (Exhibit 4); *United States ex rel. Taxpayers Against Fraud v. Hughes Aircraft Company, Inc.*, No. CV 90-2716-JGD (C.D. Cal. 1993) May 27, 1993 (Exhibit 5). In fact, in the *Swensen* case, counsel for the Government conceded that there was "nothing of moment" in the memoranda.  In this case, however, the memoranda include more than just "an outline of the government's general investigative approach" and a statement that the Government needs more time.

position - reluctant to disclose specifics of its investigation and analysis that might be unsealed in the future, yet required to make a sufficient showing of good cause to keep the seal intact.[5]

The United States is not asking that all pre-intervention documents remain under seal. Rather, the United States' request is narrowly tailored to protect only the Government's privileged work product and investigative strategy from the defendant against which it must now litigate this case.

---

[5] Under the False Claims Act, Congress charged the Attorney General with responsibility to "diligently [] investigate" suspected violations. 31 U.S.C. § 3730(a). In order to meet this task, and in light of the increased number of *qui tam* filings, Department of Justice attorneys must request extension of the sixty-day investigatory period in most new cases. It is the practice of the Department of Justice to request, routinely and consistently when the case becomes unsealed, that documents other than the relator's complaint and the United States' notice of intervention or declination remain under seal. This practice arises from Congress' expressed intent that the statutory seal promote the government's ability to conduct effective investigations. The Department of Justice's considered view of the best means for promoting the purposes of the False Claims Act is entitled to some deference. *See, e.g., Massachusetts v. Federal Deposit Ins. Corp.*, 102 F.3d 615, 621 (1st Cir. 1996) ("An established administrative practice interpreting a statute may be entitled to deference even if not yet reduced to specific regulation."); *Pennington v. Didrickson*, 22 F.3d 1376, 1383 (7th Cir.), *cert. denied*, 513 U.S. 1032 (1994) ("We are mindful of our obligation to defer to the interpretation of the agency whenever that interpretation can be said to embody a deliberate and considered interpretation of the legislative intent.").

**Conclusion**

For the foregoing reasons, the United States respectfully requests that the Court retain the seal as it applies to the Government's memoranda in support of its motions for extension of time (Docket Nos. 11, 14, 18, 23 and, we believe, 30). The United States does not object to the unsealing of the remaining sealed documents, with the exception of Docket entries 28-30, which the United States is unable to specifically identify from the description contained in the docket sheet. As to those documents, the United States would like an opportunity to review them before making a statement about whether they should remain under seal.

        Respectfully submitted,

        PETER D. KEISLER
        Assistant Attorney General

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

By:     /s/
        RICHARD M. MOLOT
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT21676
        157 Church Street
        New Haven, Connecticut 06510
        (203) 821-3792

        /s/
        MICHAEL F. HERTZ
        JOYCE R. BRANDA
        PATRICIA DAVIS
        Attorneys, Civil Division
        Commercial Litigation Branch
        Post Office Box 261
        Ben Franklin Station
        Washington, DC 20044
        Telephone: 202-307-0238

CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the United States' Redacted Statement Regarding Unsealing the Court File, was served by first-class mail, this 6th day of January 2005 on:

    Bryan T. Carmody, Esq.
    Maya & Associates, P.C.
    183 Sherman Street
    Fairfield, CT 06430

    Kerry M. Parker, Esq.
    Michael D. Thompson, Esq.
    Epstein, Becker & Green, P.C.
    Two Gateway Center, 12th Floor
    Newark, NJ 07102

    Mary A. Gambardella, Esq.
    Epstein, Becker & Green, P.C.
    One Landmark Square, Ste. 1800
    Stamford, CT 06901

    Robert Salcido, Esq.
    Akin Gump Strauss Hauer & Field, LLP
    Robert Strauss Building
    1333 New Hampshire Ave, NW
    Washington, D.C. 20036

                                              /s/
                                    RICHARD MOLOT
                                    ASSISTANT U.S. ATTORNEY