UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JAN -6  A 10: 59

DR. JAMES J. TIESINGA *ex rel.*
UNITED STATES GOVERNMENT,
and DR. JAMES J. TIESINGA

U.S. DISTRICT COURT

Case No. 302 CV 1573 (MRK)

Plaintiffs,

-against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA

January 5, 2005

Defendants.

## PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

As the Plaintiff in the above-captioned case, Dr. James J. Tiesinga (the "Plaintiff" or "Dr. Tiesinga"), by and through his attorneys, and pursuant to D. Conn. L. Civ. R. 7(d), respectfully submits this Reply to the Response filed by the Defendants (the "Response") relative to his Motion to Compel dated December 7, 2004 (the "Motion").[1]

### ARGUMENT

**1. The Defendants Did Not Contest Personal Jurisdiction or Subject Matter Jurisdiction, and Therefore Had No Excuse for Untimely Service of Their Objections**

---

[1] Briefly, Dr. Tiesinga must address the assertion that, despite his health condition, he "waited" six (6) weeks to serve the Complaint. Response, page 3. Apparently, the Defendants are unaware that, while the Honorable Dominic J. Squatrito authorized Dr. Tiesinga to serve the Complaint in an Order dated July 30, 2004, the Undersigned did not get a copy of the Order until September 15, 2004. The Undersigned contacted Chambers upon (delayed) receipt of the Order and was advised Chambers had recently discovered that an initial e-mail distribution of the Order was unsuccessful due to the seal posture of the case. Thus, in fact, Dr. Tiesinga "waited" only two (2) days to begin service of the Complaint.

1

The Defendants argue they had no obligation to respond to discovery until they had "answered the Complaint." Response, page 4. While the Defendants did not share any rationale for that position, it should be noted the Defendants have not argued there is an absence of personal jurisdiction and / or subject matter jurisdiction.

Even before the discovery due date matured on October 25, 2005, the Defendants conceded the Court held personal jurisdiction. For example, Mary A. Gambardella, Esq., a member of Epstein Becker & Green, P.C., appeared on behalf of the Defendants by a "Notice of Appearance" dated October 5, 2004. A copy of the Notice of Appearance is attached hereto and made a part hereof as "Exhibit A." More significantly, Kerry M. Parker, Esq., the lead counsel for the Defendants, admitted at the 26(f) discovery conference held on October 25, 2004 that the Court had personal jurisdiction over the Defendants. *See* Affidavit of Bryan T. Carmody, Esq., attached hereto and made a part hereof as "Exhibit B." Similarly, in a 26(f) report the Defendants proposed to the Undersigned on November 4, 2004, the Defendants conceded the Court had "subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 and 29 U.S.C. sec. 701, et seq." A copy of the relevant page of that proposal is attached hereto and made a part hereof as "Exhibit C." Thus, the Defendants have not, at any time, contended there is an absence of personal jurisdiction and / or subject matter jurisdiction.

In addition, the Defendants fail to establish that, while Judge Squatrito instructed the parties to "commence normal discovery," he intended that the normal discovery deadlines not apply. *See* Certification of Michael D. Thompson, Esq., Exhibit B ([undated] Order by the Honorable Dominic J. Squatrito relative to early discovery).

In the last analysis, the Defendants are unable to identify any legitimate reason for their failure to serve a timely discovery response. Accordingly, the Court should grant the Motion on the basis the Defendants waived any right to object.

2.  **The Fact Courts Might Prefer Not to Certify a Class in Disability Discrimination Cases Does Not Address What Is Discoverable in an Individual Disability Discrimination Case**

In support of the Motion, Dr. Tiesinga argued that disability discrimination is a "type" of unlawful discrimination just as gender discrimination is a "type" of unlawful discrimination, or age discrimination is a "type" of unlawful discrimination. *See* Memorandum of Law in Support of the Motion, pages 6-7. Contrary to the assertions of the Defendants, Dr. Tiesinga did not argue that there is only one "type" of disability discrimination. Response, page 5.[2] Indeed, Dr. Tiesinga recognizes that a multitude of medical conditions can constitute a "disability" under federal statutes, state statutes, or both. Id. The Plaintiff also agrees, of course, that many actions by an employer can equate to disability "discrimination." Id., pages 5-6.

Furthermore, the Plaintiff is not surprised to learn that courts do not consider disability discrimination cases to be ideal candidates for class action litigation. Id., page 7. The Defendants quote generously from Lintemuth v. Saturn Corp., where the judge declined to certify the proposed class. 1994 WL 760811 (M.D. Tenn. 1994). However, as the court noted, the issue in Lintemuth was whether the claims of the proposed representatives were "typical" of the claims of the proposed class, as required by Fed. R. Civ. P. 23(a). 1994 WL 760811, *3.

---

[2] Notably, when attributing this position to Dr. Tiesinga, the Defendants failed to cite to any page of his Memorandum of Law in Support of the Motion.

Here, by contrast, the Court must decide whether the requests at dispute are reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b). As before, Dr. Tiesinga urges the Court to conclude the Defendants must disclose documents that relate to other complaints of disability discrimination, regardless of the precise disability at issue. Though the disability Dr. Tiesinga suffers from happens to be a positive HIV status, his claim is not for positive HIV status discrimination, but for disability discrimination. Thus, evidence that the Company has discriminated against another employee based upon his / her disability could be admissible to establish the Company discriminates against employees with a disability, whatever the nature of the disability. Even in Lintemuth, the court recognized that in "discrimination cases based on a disability," there is a "shared characteristic," to wit, "being disabled." 1994 WL 760811, *5.

For these reasons, the requests at dispute are reasonably calculated to lead to the discovery of admissible evidence. The variety of disability discrimination claims, and the subsequent effect on their suitability for class action litigation, simply does not address what documents ought to be disclosed in an individual case of disability discrimination. *See* Lineen v. Metcalf & Eddy, Inc., 1997 U.S. Dist. LEXIS 1767, * 3 (S.D.N.Y. 1997)("[r]elevance, for purposes of discovery, is to be broadly construed under Fed. R. Civ. P. 26(b)(1) and is thus not congruent with the standard for relevance under Fed. R. Evid. 401 [citations omitted]...[m]oreover, discovery in cases involving civil rights claims ... is to be given particularly liberal parameters").

3. **According to Contrary Case Law, The Requests Are Not Overly Broad in Time**

Numerous courts have concluded that an employee is entitled to conduct

4

discovery for at least a five-year period prior to the adverse employment action at issue. *See* Henderson v. National Rail Passenger Corp., 113 F.R.D. 502, 507 (N.D. Il. 1986); McClain v. Mack Truck, Inc., 85 F.R.D. 53, 63 (E.D. Pa. 1979); Cormier v. PPG Industries, Inc., 452 F. Supp. 594, 596 (W.D. La. 1978); Georgia Power Co. v. EEOC, 412 F.2d 462, 465 (5th Cir. 1969).

In this case, Dr. Tiesinga alleges the creation of a hostile environment by May of 2002. *See* Complaint, ¶ 10. Thus, under the cases cited above, Dr. Tiesinga should be able to conduct discovery until at least 1997, *i.e.*, a five-year period. Dr. Tiesinga requests an additional year, *i.e.*, 1996, due to the longer development of disability and sexual orientation discrimination. *See* Memorandum of Law in Support of Motion, page 8.[3]

Furthermore, case law indicates that a four-year period of discovery is appropriate after the occurrence of the adverse employment action. *See* Willis v. Golden Rule Ins. Co., 1991 U.S. Dist. LEXIS 18520, *9-11 (E.D. Tenn. 1991)(the employee, demoted in 1987 and terminated in 1988, was allowed to conduct discovery of other complaints of age discrimination up to 1991). Here, Dr. Tiesinga was constructively discharged on June 5, 2002, such that, under Willis, he should be able to conduct discovery to the present day. *See* Complaint, ¶ 26.

## **CONCLUSION**

Based on the foregoing, Dr. Tiesinga respectfully requests that the Court grant the Motion and afford any additional relief Your Honor deems just and proper.

                                        Respectfully submitted,

                                        Plaintiff

                                        Bryan T. Carmody (ct 22514)
                                        Maya & Associates, P.C.
                                        266 Post Road East
                                        Westport, CT 06880
                                        203-221-3100
                                        203-221-3199 (facsimile)
                                        bcarmody@mayalaw.com

---

[3] While the cases cited above dealt with allegations of employment discrimination, neither disability nor sexual orientation was the protected characteristic at issue. Indeed, each case involved an allegation of race discrimination.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5TH day of January 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

Michael D. Thompson, Esq.
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-639-8259

Richard Molot, Esq.
U.S. Attorney General's Office
*Attorneys for United States*
District of Connecticut
157 Church Street
New Haven, CT 06510

*[signature]*

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
266 Post Road East
Westport, CT 06880
203-221-3100
203-221-3199 (facsimile)
bcarmody@mayalaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

DR. JAMES J. TIESIGNA, *ex rel*,  :
UNITED STATES GOVERNMENT,         :
and DR. JAMES J. TIESIGNA         :
                                  :
            Plaintiffs,           :   Civil Action No.
                                  :   302 CV1573 (DIS)
v.                                :
                                  :
DIANON SYSTEMS, INC. and          :
ETHEL JANEGA                      :
                                  :
            Defendants.           :   October 5, 2004

## NOTICE OF APPEARANCE

PLEASE TAKE NOTICE that Mary A. Gambardella, Esq. of Epstein Becker & Green, P.C., hereby appears as an attorney of record for the Defendants, Dianon Systems, Inc. and Ethel Janega. Copies of all papers and communications in this matter should be directed to the firm's office at One Landmark Square, Suite 1800, Stamford, CT 06901-2601.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants,
DIANON SYSTEMS, INC. and ETHEL JANEGA

By: _____
Mary A. Gambardella, Esq.
Federal Bar No. ct05386
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

ST:30895v1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

DR. JAMES J. TIESIGNA *ex rel.*
UNITED STATES GOVERNMENT,
and DR. JAMES J. TIESINGA

   Plaintiffs,

-against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA

   Defendants.

Case No. 302 CV 1573 (MRK)

January 5, 2005

---

## AFFIDAVIT OF BRYAN T. CARMODY, ESQ.

I am an attorney duly admitted to the bar of the United States District Court for the District of Connecticut and represent the Plaintiff, Dr. James J. Tiesinga, in the above-captioned case. I submit this Affidavit based on my personal knowledge and in support of the Plaintiff's Reply to the Defendants' Response to Plaintiff's Motion to Compel dated December 7, 2004.

1. On October 25, 2004, pursuant to Fed. R. Civ. P. 26(f) and D. Conn. L. Civ. R. 38, I initiated a telephonic conference with Kerry M. Parker, Esq., lead counsel for the Defendants in the above-captioned case. During that conference, Attorney Parker informed me he agreed the Court had personal jurisdiction over the Defendants.

5th day of January 2005

_____
Notary Public

Russell J. Sweeting
Notary Public
State of Connecticut
My Commission Expires
July 31, 2009

_____
Bryan T. Carmody, Esq.

1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

DR. JAMES J. TIESINGA *ex rel.*
UNITED STATES GOVERNMENT,
and DR. JAMES J. TIESINGA

    Plaintiffs,

-against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA

    Defendants.

Case No. 302 CV 1573 (DJS)

November 4, 2004

---

### FORM 26(f)
### REPORT OF PARTIES' PLANNING MEETING[1]

Date Complaint Filed:    September 6, 2002.

Date Complaint Served:    The Complaint was served on Defendant DIANON Systems, Inc. on September 16, 2004, and on Defendant Ethel Janega on September 17, 2004.[2]

Date of Defendants Appearances:    Mary A. Gambardella, Esq., of Epstein Becker & Green, P.C., entered an appearance for each Defendant on or about October 5, 2004.

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 38, the Plaintiff initiated a telephonic conference with the Defendants on June 2, 2004. The participants were:

---

[1] Plaintiff participated in the 26(f) conference, and submits this Report, without prejudice to his Motion for Entry of Default currently pending before the Court.
[2] The Complaint served upon the Defendants was redacted in accordance with the Order of the Court dated July 30, 2004.

1

| For the Plaintiff | For the Defendants |
|---|---|
| Bryan T. Carmody, Esq. | Kerry M. Parker, Esq.[3] |
| Maya & Associates, P.C. | Epstein Becker & Green, P.C. |
| 183 Sherman Street | Two Gateway Center, 12th Floor |
| Fairfield, CT 06824 | Newark, NJ 07102 |

## I. Certification.

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. Jurisdiction.

A.  *Subject Matter Jurisdiction*:

This Court has subject matter jurisdiction pursuant to 28 U.S.C. sec. 1331 and 29 U.S.C. sec. 701, et seq.

B.  *Personal Jurisdiction*:

The Court has personal jurisdiction over each Defendant.

## III. Brief Description of Case:

A.  *Claims of Plaintiff*

Plaintiff alleges, due to his positive HIV status and sexual orientation, he was subject to a hostile environment during his employment with Defendant DIANON Systems, Inc ("DIANON" or the "Company"). Plaintiff alleges further that, by virtue of his opposition to the harassment, the Company and Defendant Ethel Janega ("Janega"), another DIANON employee, retaliated against him in a