UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA<br><br>    Plaintiffs,<br><br> -against-<br><br>DIANON SYSTEMS, INC. and ETHEL JANEGA<br><br>    Defendants. | Case No. 302 CV 1573 (MRK)<br><br><br><br><br><br>January 24, 2005 |

**DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE AND SERVE AN AMENDED COMPLAINT**

Defendants DIANON Systems, Inc. and Ethel Janega ("Defendants") hereby respond to the Motion to for Leave to File and Serve an Amended Complaint ("Plaintiff's Motion") filed by Plaintiff Dr. James J. Tiesinga on or about January 3, 2004. In his Motion, Plaintiff contends that he should now be allowed to bring a claim under the Americans with Disabilities Act almost two years after the EEOC issued him a Right-to-Sue letter. Moreover, it is Plaintiff's position that, so long as he provides an affidavit stating he has never seen a copy of a Right-to-Sue letter, he is not only exempt from the 90-day filing requirement but indeed has <u>an infinite amount of time</u> to file suit.

Plaintiff's Motion fails because Plaintiff can offer no explanation for his delay in pursuing his ADA claims with the EEOC and thus this Court now no longer has subject matter jurisdiction over Plaintiff's ADA claims. Accordingly, the amendment sought by Plaintiff would be futile and therefore Plaintiff's Motion should be denied.

ST:31710v1

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AND SERVE AN AMENDED COMPLAINT SHOULD BE DENIED**

Once the answer has been served, a complaint may be amended, pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, "only by leave of the Court or by written consent of the adverse party. . . ."  Although Rule 15(a) provides that leave to amend a complaint shall be "given when justice so requires," the decision whether to grant or deny leave to amend is within the sound discretion of the Court.  See Foman v. Davis, 371 U.S. 178, 182 (1962); Krumme v. Westpoint Stevens Inc., 143 F.3d 71, 88 (2d Cir. 1998); Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

In deciding a motion to amend the complaint, the Court should exercise its discretion to deny the motion where such factors exist as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  See Foman, 371 U.S. at 182; Evans v. Syracuse City Sch. Dist., 704 F.2d 44 (2d Cir. 1983); Moffitt v. Town of Brookfield, 759 F. Supp. 94, 95 (D. Conn. 1991) (Eginton, J.); Browning Debenture Holders' Committee v. Dasa Corp., 560 F.2d 1078, 1086 (2d Cir. 1977). Indeed, leave to amend a pleading is routinely denied where the facts show untimeliness, undue delay, dilatory tactics, unsatisfactory explanations and prejudice, among other factors.  See Grace v. Rosenstock, 228 F.3d 40, 53-54 (2d Cir. 2000); Krumme, 143 F.3d at 88.  Furthermore, where it appears that granting leave to amend would be unproductive or futile, it is not an abuse of discretion to deny leave to amend.  See Covino v. Reopel, 108 F.3d 1369 (2d Cir. 1997); Ruffolo, 987 F.2d at 131; Foman, 371 U.S. at 182.

Moreover, the burden to provide a satisfactory explanation for a delay is on the party that seeks leave to amend.  See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990);

Champlain Enterprises, Inc. v. United States, 945 F. Supp. 468, 475 (N.D.N.Y. 1996). Where a long period of time has elapsed between the original complaint and the proposed amendment, courts place the burden squarely on the party seeking the amendment "to show some valid reasons for his or her neglect and delay." Champlain Enterprises, 945 F. Supp. at 475 (internal punctuation omitted).

A.  **The Evidence Proffered by Plaintiff is Insufficient to Overcome the Presumption that His Right-to-Sue Notice was Received Three Days After it was Issued by the EEOC.**

In his Motion, Plaintiff admits that his charge was filed with the EEOC in July 2002, and the EEOC issued him a Right to Sue letter on February 12, 2003 (but contends that he did not see a copy of the EEOC's letter until November 5, 2004). Thus, this Court no longer has subject matter jurisdiction over Plaintiff's proposed ADA claims. His attempt to amend file and serve and Amended Complaint containing such claims, therefore, is futile and should be denied.

Plaintiff acknowledges that, when the EEOC issues a Right to Sue letter and the date of receipt is challenged, there is a presumption that the letter was received three days after the date it was sent and that it was mailed on the date shown on the notice. Plaintiff further states that said presumption may be overcome by the mere submission of an affidavit in which the charging party states that he or she did not receive the Right-to-Sue letter on that date. However, the caselaw upon which Plaintiff relies involves primarily *pro se* parties who experienced brief delays in the filing of their claims but nevertheless acted with appropriate diligence. Such facts are in stark contrast with the instant case, in which the plaintiff was at all times represented by counsel and (at the very least) was placed on inquiry notice as to the status of his EEOC charge by the fact that said charge was filed two and a half years ago.

For example, in support of his Motion, Plaintiff cites to <u>Sherlock v. Montefiore Med. Ctr.</u>, 84 F.3d 522, 525 (2d Cir. 1996).  In <u>Sherlock</u>, the plaintiff brought suit 99 days after the issuance of her Right-to-Sue letter.  The plaintiff claimed that she did not receive the Right-to-Sue letter until almost two weeks after it was purportedly mailed by the EEOC.  On appeal from the trial court's dismissal of her claim as untimely, the plaintiff relied on her affidavit stating that she had no recollection of when she received the letter, but asserting that her husband believed that the document was received on twelve or thirteen days after the date it was mailed by the EEOC.

After reviewing the evidence, the Court of Appeals for the Second Circuit specifically stated that the plaintiff's affidavit alone was <u>insufficient</u> to rebut the presumption that the Right-to-Sue letter was received within three days of its issuance.  However, the Court of Appeals took notice of the fact that the EEOC had also sent a copy of that letter to the defendant, and the defendant admitted that it had not received the letter until twelve days after it was purportedly issued.  The Court of Appeals stated that this admission, and not the plaintiff's affidavit, created a question as to whether the plaintiff also did not receive the letter until at least 12 days after it was allegedly issued.  Accordingly, the Court of Appeals held that this fact was sufficient to overcome the presumption of receipt within three days.

A similarly short delay was at issue in <u>Brown v. Pratt & Whitney Div.</u>, 1997 U.S. Dist. LEXIS 14185 (D. Conn. 1997).  In <u>Brown</u>, with respect to the presumption of receipt of a Right to Sue letter, the Court stated, "*under appropriate circumstances*, this presumption may be rebutted by admissible evidence, such as an affidavit by the claimant stating the actual date of receipt (or in this case, lack thereof)."  <u>Id.</u> at *4 (emphasis added).  The Court found that such "appropriate circumstances" existed because the plaintiff was *pro se*, had diligently contacted the

EEOC by phone to determine the status of his claim, and had then filed his complaint only one month beyond the 90-day limitation period.

The only case involving a somewhat lengthy delay in the filing of a lawsuit (although much briefer that the delay at issue in this case) is <u>Peltier v. Apple Health Care, Inc.</u>, 130 F. Supp. 2d 285 (D. Conn. 2000). The plaintiff in <u>Peltier</u> alleged that that she never received a Right to Sue letter supposedly sent by the EEOC on May 12, 1998, and that her complaint (filed 247 days later) was therefore timely. The plaintiff submitted an affidavit stating the same. However, the plaintiff had previously received a letter from the EEOC which stated, "[a] lawsuit under the ADEA may be filed at any time 60 days after the charge was filed. A-Right-to-Sue Upon Request is not a prerequisite to filing suit under the ADEA." <u>Id.</u> at 287. The plaintiff, who was not represented by counsel at the time, asserted that she had interpreted this to mean that no Right to Sue letter would be issued. The Court found that this was a reasonable interpretation of the EEOC's correspondence and thus concluded that the plaintiff had rebutted the presumption the Right-to-Sue letter was received within three days of its issuance. <u>Id.</u> at 292.

Clearly, the cases set forth above are distinguishable from the present facts. Most notably, although Plaintiff (and his attorney) claim that they did not actually receive the EEOC's Right-to-Sue letter that was sent out almost two years ago, they offer no admissible evidence (beyond their own self-serving affidavits) to overcome the presumption that they received the letter three days after its typewritten date. Moreover, Plaintiff was represented from the moment he submitted his agency claims, and thus had ample reason to know it was unlikely that the EEOC was investigating his case for two-and-a-half years. Given the time that has elapsed since the filing of his EEOC charge, Plaintiff should have at least inquired as to the status of his EEOC charge. Thus, the allegations upon which Plaintiff relies do not meet the standard articulated by

this Court and the Court of Appeals for overcoming the presumption regarding receipt of a Right to Sue letter. Plaintiff's Motion, therefore, should be denied.

**B.   Plaintiff Does Not Offer a Satisfactory Explanation for the Extreme Delay In Pursuing His ADA Claims, and Thus His ADA Claim is Barred by the Doctrine of Laches.**

Even if Plaintiff can overcome the presumption that he received the Right to Sue letter in February 2003 (and he cannot), he offers no convincing explanation for his undue delay in requesting said letter. Rather, Plaintiff simply asserts the position that, so long as he proffers an affidavit stating that he did not receive the Right-to-Sue letter sent to him two years ago, he may wait for an infinite amount of time before pursuing his ADA claim. Such a position is clearly untenable. Indeed, it is clear that even if Plaintiff's claim was somehow timely, it would nevertheless be barred by the doctrine of laches.

Laches is "an equitable defense based on the ... maxim vigilantibus non dormientibus aequitas subvenit (equity aids the vigilant, not those who sleep on their rights)." <u>Ivani Contracting Corp. v. City of New York</u>, 103 F.3d 257 (2nd Cir. 1997) quoting <u>Stone v. Williams</u>, 873 F.2d 620, 623 (2d Cir.), cert. denied, 493 U.S. 959, 110 S.Ct. 377, 107 L.Ed.2d 362 (1989), vacated on other grounds, 891 F.2d 401 (2d Cir.1989), cert. denied, 496 U.S. 937, 110 S.Ct. 3215, 110 L.Ed.2d 662 (1990). Laches bars a plaintiff's claim where he is guilty of "unreasonable and inexcusable." <u>Id.</u> (citations omitted).

Plaintiff filed his EEOC charge in July of 2002, received a Right-to-Sue notice for his state claims in August 2002 and plainly admits that he could have requested a Right to Sue letter as early as January 2003. Yet, he chose to wait until October 25, 2004 – more than two years after he first filed an administrative action and his initial complaint – to contact the EEOC to

request a Right to Sue Letter. The only explanation Plaintiff offers for failing to request the a Right-to-Sue letter in January 2003 is his assertion that he could not seek the Defendants consent to an amendment at that time (because the Complaint was under seal), and thus would have been forced to make a motion to amend. Plaintiff further states that he assumed Defendants would later consent to an amendment, and thus he would be able to spare the Court "unnecessary motion practice."

Even putting aside the dubious nature of Plaintiff's alleged assumption, Plaintiff's contention is without merit. The Federal Rules of Civil Procedure specifically state that, "as a matter of course", a pleading may be amended once if no responsive pleading has been served. F.R.Civ.P. 15(a). Thus, in the instant case, Plaintiff could have amended his Complaint as a matter of right at any time from September 2002 until September 2004. Thus, Plaintiff's delay in pursuing his ADA claim is simply inexcusable and Plaintiff's Motion should therefore be denied.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request the Plaintiff's Motion for Leave to File and Serve an Amended Complaint be denied.

          **EPSTEIN BECKER & GREEN, P.C.**
          Attorneys for Defendants Dianon Systems, Inc.
          and Ethel Janega

By:_____
   Kerry M. Parker (ct #26388)
   kparker@ebglaw.com
   Michael D. Thompson (ct #26389)
   Epstein Becker & Green, P.C.
   Two Gateway Center, 12th Floor
   Newark, New Jersey  07102
   (973) 642-1900

   Mary A. Gambardella (ct #05386)
   One Landmark Square, Suite 1800
   Stamford, CT  06901-2601
   (203) 348-3737

DATED:  January 24, 2005

## **CERTIFICATION**

The undersigned hereby certifies that a copy of Defendants' Response to Plaintiff's Motion to for Leave to File and Serve an Amended Complaint was sent via U.S. Mail, postage prepaid, this 24th day January, 2005 to:

>Bryan T. Carmody
>Maya & Associates, P.C.
>266 Post Road East
>Westport, CT 06880

>_____
>Mary Gambardella