UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
DR. JAMES J. TIESINGA ex rel.        :
UNITED STATES GOVERNMENT,            :     Case No. 302 CV1573 (MRK)
and DR. JAMES J. TIESINGA            :
                                     :
              Plaintiffs,            :
                                     :
     -against-                       :
                                     :
DIANON SYSTEMS, INC. and             :
ETHEL JANEGA                         :     January 25, 2005
                                     :
              Defendants.            :
```

FILED

2005 JAN 28 A 11: 42

U.S. DISTRICT COURT
NEW HAVEN CT

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY ORDERED THAT:

1. (a) This Order shall govern all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively, "Material") produced, given or filed during discovery and other proceedings in this action.

(b) Any Party may designate as "Confidential" any Material that it produces when such Party in good faith believes such material contains (1) medical, economic or other personal information that relates to the Parties; and (2) medical or other personal information concerning individuals not parties to the litigation who have a privacy interest in the materials protected by law. Notwithstanding the foregoing, any information publicly disclosed by the producing Party and any individual's name, business address, dates of employment, and job title shall not be considered

"Confidential." The Material so designated will also render "Confidential" any copies, excerpts, summaries or other disclosure of the substance or contents of such Material. In the event of a dispute between the parties whether information has been "publicly disclosed," the burden shall be on the non-producing Party to establish that such information has been publicly disclosed.

(c)     The provisions of this Order shall apply to (i) the Parties to this action, and (ii) any other Person producing, disclosing or receiving Material in this action who agrees to be bound by the terms of this Order. As used herein, "Person" includes the named Parties and others who have agreed, or who agree with the consent of the Parties, to be bound by this Order. "Parties" is limited to the named parties in this action.

2.      Such Confidential Material shall be subject to the following restrictions:

(a)     Confidential Material shall be used by the non-producing Party only for the purpose of preparing for and conducting this action (including appeals), and not for any business or other purpose whatsoever, and shall not be given, shown, made available or communicated in any way to anyone except those specified in sub-paragraph (b) below to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph. No Person to whom Confidential Material is disclosed in this action shall disclose or directly use such Material for purposes other than this action.

(b)     Confidential Material shall be disclosed by the non-producing Party, for the purposes set forth in subparagraph (a) above, only to:

(i)     the named Parties to this action, counsel of record and other designated counsel for the Parties in this action, and attorneys, clerical, paralegal

and other staff employed by such counsel who are assisting in the conduct of this action and for no other purposes;

(ii)     the Court (in the manner provided by paragraph 2(d)) and court personnel;

(iii)    designated consultants or experts retained by a Party solely for this action, provided that each such consultant or expert signs the acknowledgment form described in Paragraph 3 and attached hereto;

(iv)    any other Person as to whom the producing Person consents in writing;

(v)     witnesses at depositions and at trial; and

(vi)    court reporters employed in connection with this action.

(c)     Before a Party discloses the Confidential Material to any Person listed in this paragraph, the provisions of paragraph 3 shall be complied with.

(d)     Subject to the Federal Rules of Evidence, stamped "CONFIDENTIAL" documents may be offered in evidence at trial or any court hearing, provided that the proponent of the evidence gives fourteen days' advance notice to counsel for any party or other person that designated the information as Confidential. Any party may move the court for an order that the evidence be received *in camera* or under other conditions to prevent unnecessary disclosure. The court will then determine whether the proffered evidence should continue to be treated as Confidential Material

(b)  In the case of interrogatory answers, designation shall be made by placing the following legend immediately before each such answer: "CONFIDENTIAL."

(c)  In the case of depositions, designation of the portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or by a statement in writing sent to all counsel within five (5) business days after the receipt of the transcript.

5.  No Party concedes that any Material designated by any other Person as Confidential Material does in fact contain or reflect confidential information, or has been properly designated as Confidential Material. A Party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a Party challenges such designation, it shall send or give notice to the designating Person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating Person or the challenging Party may, on reasonable notice, apply for appropriate ruling(s) from the Court. The Material in issue shall continue to be treated as Confidential Material until the Court orders otherwise.

6.  This Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this action, including any appeals. At the conclusion of this action, all documents, material or other information designated as Confidential, all copies thereof and all documents reflecting same, whether or not in the possession of the non-producing Party,

shall be promptly returned by the non-producing Party at the request of and at the expense of the producing Party. Such Confidential Material shall be retained and safeguarded by the producing Party for six years.

7. If another court or an administrative agency subpoenas, requests, or orders production of stamped Confidential documents which a Party has obtained under the terms of this Order, such Party shall promptly notify the Party who designated the document as Confidential of the pendency of such subpoena, request or order.

8. Subject to approval by the court, the parties may agree in writing to modifications to this Protective Order or may agree to relief from provisions of this Order with respect to certain Material. A Party seeking a modification or relief shall notify the other Party, and the parties shall confer in good faith in an attempt to come to an agreement as to the sought-after modification or relief. In the event that the parties cannot agree on the sought-after modification or relief, the Party seeking the modification

or relief may apply for such relief to the Court on notice to the other Parties hereto and on a showing of good cause.

THE PLAINTIFF,

_____
Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880
(203) 221-3100


THE DEFENDANTS,

_____
Michael D. Thompson
Epstein, Becker & Green, P.C.
Two Gateway Center
Newark, NJ 07102
(973) 642-1900

128154_1.DOC
January 24, 2005 11:31 AM

- 9 -

CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

Kerry M. Parker, Esq.
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-639-8259

Richard Molot, Esq.
U.S. Attorney General's Office
*Attorneys for United States*
District of Connecticut
157 Church Street
New Haven, CT 06510

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
*Attorneys for Plaintiff*
266 Post Road East
Westport, CT 06880
(203) 221-3100