UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA,<br><br>   Plaintiff,<br><br>v.<br><br>DIANON SYSTEMS, INC.,<br><br>   Defendant. | :<br>:<br>:   No. 3:02CV1573 (MRK)<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## ORDER

Having conferred with the parties during an on-the-record telephonic conference on January 28, 2005, regarding outstanding discovery disputes and Plaintiff's Motion for Leave to File and Serve an Amended Complaint [**doc. # 61**], the Court enters the following orders:

1. No later than **February 4, 2005**, Plaintiff will provide Defendants with the requested Authorizations for Medical Records (except for dental records) and Employment Records (1991 to present). Defendants will promptly provide Plaintiff with copies of any medical or employment records Defendants obtain through use of the foregoing Authorizations.

2. No later than **February 4, 2005**, Plaintiff will provide Defendants with copies of all documents responsive to Defendants' document requests as well as all documents identified in Plaintiff's Rule 26 Initial Disclosures.

3. No later than **March 15, 2005**, Plaintiff will provide Defendants with his damages analysis.

4. No later than **February 9, 2005**, the parties will submit simultaneous written briefs of no more than 10 pages directed to the discovery of signed written statements or affidavits by non-party witnesses.

5. Presently pending before the Court is Plaintiff's Motion for Leave to File an Amended Complaint [**doc. # 61**]. While Defendant claims that Plaintiff's amendment is untimely, Defendant acknowledged during the January 28 conference call that Defendants have suffered no prejudice as a result of Plaintiff's alleged delay in amending his complaint to add a claim under the American With Disabilities Act ("ADA"). Since, under Rule 15(a) of the *Federal Rules of Civil Procedure*, leave to amend "should be freely granted," *Foman v. United States*, 371 U.S. 178, 182 (1962), the Court ordinarily would grant Plaintiff's request to amend his complaint.

   Here, however, Defendant also argues that any such amendment would be futile because the ADA claim was not asserted within 90 days of the date on which the Equal Employment Opportunity Commission ("EEOC") issued a right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1). The EEOC mailed its right-to-sue letter to Plaintiff on February 12, 2003, and in the Second Circuit there is a presumption that such a letter is received three days after it is mailed. *See Sherlock v. Montefiore Med. Cntr.*, 84 F.3d 522, 525 (2d Cir. 1996); *Peltier v. Apple Health Care, Inc.*, 130 F. Supp.2d 285, 190-91 (D. Conn. 2000); *Brown v. Pratt & Whitney Div.*, 1997 WL 573462, at * 2 (D. Conn. Aug. 28, 1997). However, that presumption may be rebutted "[i]f a claimant presents sworn

testimony or other admissible evidence form which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail." *Sherlock*, 84 F.3d at 526.

That is precisely what Plaintiff has done. Plaintiff has submitted sworn affidavits from himself and his counsel, that neither of them received the right-to-sue letter, apparently because Plaintiff had moved and the EEOC neglected to send a copy to Plaintiff's lawyer. Defendant has not provided any contrary evidence. Accordingly, the presumption has been rebutted, and since the proposed amendment was submitted within 90 days of the discovery of the EEOC's issuance of the right-to-sue letter, the proposed amendment is not futile and should be allowed.

Plaintiff's Motion for Leave to File an Amended Complaint [**doc. # 61**] is, therefore, GRANTED. Plaintiff shall sign and file the Amended Complaint, which the Clerk's Office shall docket, no later than **February 7, 2005**.

IT IS SO ORDERED.

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: <u>January 31, 2005</u>.