UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel*.<br>UNITED STATES GOVERNMENT,<br>and DR. JAMES J. TIESINGA<br><br>    Plaintiffs,<br><br>    -against-<br><br>DIANON SYSTEMS, INC. and<br>ETHEL JANEGA<br><br>    Defendants. | Case No. 302 CV 1573 (MRK)<br><br><br><br><br><br><br><br>February 9, 2005 |

**DEFENDANTS' BRIEF REGARDING THE DISCOVERY OF
<u>SIGNED, WRITTEN STATEMENTS BY NON-PARTY WITNESSES</u>**

Defendants DIANON Systems, Inc. and Ethel Janega (hereafter "Defendants") hereby submit this memorandum of law pursuant to the Court's Order of January 31, 2005.

As part of their discovery requests in this case, Defendants sought the identities of third-party witnesses from whom Plaintiff has obtained signed statements. Defendants also sought the production of the statements themselves. Plaintiff has refused to produce any such information or documents on the grounds that it is attorney work-product. However, the statements at issue have been presented to third parties for their signatures, and copies of said documents have been left with those third parties. Accordingly, any confidential privilege that might have existed in these documents has been waived. Thus, the witness statements and associated information should be provided.

Furthermore, if the Court should find that Plaintiff may avoid production of the documents at issue, Defendants respectfully request that the Court order that said documents are inadmissible in any future proceedings in this case, including (but not limited to) any trial of this

matter. The Federal Rules of Civil Procedure clearly contemplate the production of admissible evidence at the earliest stages of litigation to avoid "ambush" style litigation. Thus, Plaintiff should not be allowed to shield otherwise-admissible evidence from discovery, only to later unveil said evidence in an effort to profit through unfair surprise.

## FACTUAL SUMMARY

Plaintiff commenced the instant employment-discrimination case by filing a 19-Count Complaint on or about September 6, 2002. Plaintiff's Complaint was served on Dianon on or about September 16, 2004, and served on Ms. Janega on or about September 17, 2004. On November 5, 2004, Defendants served Plaintiff with Defendant's Interrogatories to Plaintiff and Defendant's First Request for Production of Documents to Plaintiff on or about November 5, 2004. (Parker Cert., para. 3.)

Defendant's Interrogatories sought, among other things, information pertaining to written statements obtained from third-party witnesses:

> **Interrogatory No. 15**
>
> **Identify each person who has provided to you and/or your attorneys a written and/or signed statement, affidavit or declaration of any kind relating in any way to the allegations set forth in the Complaint and, with respect to each, state the date of the statement and whether it is signed and/or was given under oath.**

Similarly, Request for Production No. 28 seeks production of those written statements:

> **Request No. 28**
>
> **Any statements obtained from any current or former employees of Dianon.[1]**

---

[1] As stated in the January 28, 2005 conference with the Court, Defendants seek only <u>signed</u> statements, and are not seeking any statements provided by Plaintiff himself.

Plaintiff has refused to provide any responsive information, asserting that the documents and information sought are attorney work-product.

Defendants' counsel raised this issue in a telephonic conference with the Court on January 28, 2005. Defendants' counsel asserted that (as discussed below) any work-product immunity attaching to the witness statements at issue had been waived. Plaintiff's counsel contended that he was familiar with authority to the contrary. Accordingly, the Court ordered that the parties submit briefs regarding this issue.

## ARGUMENT

**I.    Any Work-Product Immunity Attaching to the Written Statements has been Waived Because the Documents Have Not Been Kept Confidential.**

As an initial matter, Defendants note that it is clear that the identities of witnesses who have provided written statements are not immune from discovery under the work product doctrine. In re Initial Public Offering Securities Litigation, 220 F.R.D. 30, 34 (S.D.N.Y. 2003) (citations omitted). ("[t]he work product doctrine might protect notes made by an attorney when interviewing witnesses. It does not, however, ordinarily protect the identities of those witnesses.") Indeed, even if the statements themselves are work product (which they are not), Plaintiff would be required to provide this information in his privilege log. Accordingly, Plaintiff cannot provide any justification for his refusal to identify the person who provided written statements and thus should be compelled to respond to Interrogatory No. 15.

As to the statements themselves, Defendants do not deny that counsel's interview notes or unsigned statements prepared by counsel (and not distributed to third parties) would ordinarily be protected from disclosure by the attorney work product doctrine. However, the statements at issue here were then presented to several non-party witnesses for their signatures. Moreover,

Plaintiff's counsel has allowed these third-party witnesses to retain copies of said statements. (See Certification of Kerry M. Parker, Esq. (hereafter "Parker Cert."), para. 3.) Accordingly, Plaintiff has waived the protections of the work product doctrine.

Indeed, it is clear that the protections of the work-product doctrine are waived when the alleged work product is disclosed in a manner that "materially increases the likelihood of disclosure to an adversary." Coastline Terminals of Connecticut v. U.S. Steel, 221 F.R.D. 14, 16 (D. Conn. 2003); see also Fullerton v. Prudential Ins. Co., 194 F.R.D. 100, 103 (S.D.N.Y. 2000) (work-product immunity is waived materials are disclosed in a manner that is inconsistent with maintaining secrecy or increases the opportunities for adversary to obtain such materials) (citations omitted); see also Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 641 (E.D.N.Y. 1997) (work-product immunity is waived by disclosure of work product in manner that substantially increases potential for adversary to obtain information); Niagara Mohawk Power Corp. v. Stone & Webster Engineering Corp., 125 F.R.D. 578, 590 (N.D.N.Y. 1989) (work product protection is waived when secrecy is not maintained); U.S. v. Philip Morris Inc., 212 F.R.D. 421, 424 (D.D.C. 2002) (disclosing work product to anyone without common interests serves as a waiver of the protection of said doctrine); Koch Materials Co. v. Shore Slurry Seal, Inc., 208 F.R.D. 109, 121 (D.N.J. 2002) (a party may waive the attorney work product protection by selective disclosure of protected materials). Moreover, leaving allegedly privileged documents in the hands of third parties (who are under no obligation to maintain confidentiality) is obviously inconsistent with maintaining secrecy and increases the likelihood that said documents will fall into the hands of an adversary. See Robbins & Myers, Inc. v. J.M. Huber Corp., 2003 WL 21384304 at *3 (W.D.N.Y. May 9, 2003) (defendants waived any attorney-client privilege or work-product protection that otherwise might have attached to any documents

that were left in the possession of subsidiary after its sale to a third party) citing In re Grand Jury Subpoenas, 734 F.Supp. 1207, 1213 (E.D.Va.) (holding that parent waived attorney-client privilege with respect to documents left in subsidiary's possession after sale of the subsidiary), rev'd on other grounds, 902 F.2d 244 (4th Cir. 1990).

In the instant case, Plaintiff has (for example) taken a signed, written statement from a Dianon employee named Michelle Tartaglia. Moreover, Plaintiff allowed Ms. Tartaglia to retain a copy of said statement, and Ms. Tartaglia has promised to search for her copy of the statement and provide it to Defendants' counsel. Thus, it is clear that the written statements obtained by Plaintiff's counsel have not been maintained in a confidential manner. Accordingly, Plaintiff has waived any work-product immunity that these documents might have possessed.

In sum, Plaintiff, having prepared and distributed the statements to non-parties, has failed to maintain the contents of the witness statements as confidential work product. Thus, the protections of the work-product doctrine have been waived and Plaintiff should be compelled to produce the witness statements (and associated information).

**II.    If Plaintiff is Allowed to Avoid the Production of Signed Witness Statements under the Work Product Doctrine, the Court Should Rule that Said Statements are Inadmissible at all Subsequent Stages of this Litigation.**

If the Court should allow Plaintiff to shield the documents at issue from production under the work-product doctrine, Defendants respectfully submit that the Court should rule that Plaintiff be precluded from calling as witnesses at trial, or from using at trial any signed statements obtained by Plaintiff.

It is clear that the work-product doctrine was established to protect the strategies and mental impressions of attorneys, and not to allow otherwise-admissible evidence to be hidden

until the eve of trial. Indeed, to avoid such "trial by ambush," the Federal Rules of Civil Procedure establish a framework whereby admissible evidence is to be produced at the earliest stages of litigation or not at all. See Gary Plastic Packaging Corp. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 756 F.2d 230 (2d Cir. 1985) (rules governing discovery are designed to avoid surprise and allow parties to obtain information needed for trial). Thus, Plaintiff should not be allowed to shield witness statements from discovery under the work product doctrine and, in an effort to profit through unfair surprise, wield such statements as a sword at some later juncture. Similarly, Plaintiff should not be allowed to call witnesses when only Plaintiff, and not Defendants, is in possession of information that may impair the credibility of such witnesses. Cf. Granite Partners v. Bear, Stearns & Co., Inc., 184 F.R.D. 49 (S.D.N.Y. 1999) (a party cannot "selectively present [alleged work product] materials to prove a point, but then … invoke the privilege to prevent an opponent from challenging the assertions; rather, the privilege is waived).

Accordingly, if the Court should find that Plaintiff may avoid production of the documents at issue, Defendants respectfully request that the Court order that said documents are inadmissible in any future proceedings in this case, including (but not limited to) any trial of this matter.

## CONCLUSION

In light of the foregoing, Defendants respectfully submit that the Court should order Plaintiff to name the witnesses from whom he has received signed statements, and produce copies of said statements. Alternatively, Defendants request that the Court issue an Order providing that, should Plaintiff invoke the work-product doctrine to preclude discovery of the signed witness statements, Plaintiff is precluded from introducing such statements, or calling the witnesses who proffered said statements, in any future proceedings in this case.

        **EPSTEIN BECKER & GREEN, P.C.**
        Attorneys for Defendants Dianon Systems, Inc.
        And Ethel Janega

        By:_____
          Mary A. Gambardella (ct #05386)
          One Landmark Square, Suite 1800
          Stamford, CT  06901-2601
          (203) 348-3737

                and

        Kerry M. Parker (ct # 26388)
        Michael D. Thompson (ct # 26389)
        Epstein Becker & Green, P.C.
        Two Gateway Center, 12th Floor
        Newark, New Jersey  07102
        (973) 642-1900

DATED:  February 9, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this day I caused the original of the foregoing was served, via U.S. mail, on February 9, 2005.

>Bryan T. Carmody, Esq.
>Maya & Associates, P. C.
>183 Sherman Street
>Fairfield, CT 06430

>Richard M. Molot
>U.S. Attorney's Office-NH
>157 Church St., 23rd floor
>PO Box 1824
>New Haven, CT 06510

>_____
>Mary A. Gambardella

Dated: February 9, 2005