UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____

DR. JAMES J. TIESINGA *ex rel.*
UNITED STATES GOVERNMENT,   :   Case No. 302 CV 1573 (MRK)
and DR. JAMES J. TIESINGA

      Plaintiffs,

   -against-

DIANON SYSTEMS, INC. and
ETHEL JANEGA   :   February 11, 2005

      Defendants.
_____

**MEMORANDUM REGARDING THE PRODUCTION OF WRITTEN, SIGNED
STATEMENTS OF A THIRD PARTY WITNESS**

As directed by Your Honor on Friday, January 28, 2005, the Plaintiff hereby submits this Memorandum with regard to the issue of whether a statement signed by a third party witness is immune from discovery by virtue of the work product doctrine.

**BACKGROUND**

In November of last year, the Defendants served a Request for the Production of Documents (the "Request") on the Plaintiff. A copy of the Request is attached hereto as "Exhibit A." In the Request, the Defendants sought production of "[a]ny statements obtained from any current or former employees of Dianon." *See* Request, No. 28.

In December of last year, the Plaintiff served his Responses and Objections (the "Response") on the Defendants. A copy of the Response is attached hereto as "Exhibit B." In the Response, the Plaintiff objected to Request No. 28 insofar as the Defendants sought "… documents that were prepared in anticipation of litigation, or which are otherwise immune from discovery by virtue of the work product doctrine." *See*

1

Response, page 10. The work product doctrine was interposed to preclude discovery of Affidavits the Undersigned procured at various times last year from former employees of Defendant DIANON Systems, Inc ("DIANON" or the "Company").

## **ARGUMENT**

1. *The Standard*

In the celebrated case of Hickman v. Taylor, 329 U.S. 495 (1947), the U.S. Supreme Court formulated the work product doctrine, which immunizes particular documents from discovery. Shortly after the Hickman decision, the work product doctrine was codified in Fed. R. Civ. P. 26(b)(3), which remains its present-day repository.

In order for the work product doctrine to apply, the Plaintiff must establish the Affidavits were (1) prepared in anticipation for litigation or for trial, and (2) were prepared by or for him [or his counsel]. *See* Mount Vernon Fire Ins. Co. v. Try 3 Building Services, Inc., *et al.*, 1998 U.S. Dist. LEXIS 16183, * 11 (S.D.N.Y. 1998), quoting In Re Grand Jury Subpoenas dated December 18, 1981 & January 4, 1982, 561 F. Supp. 1247, 1257 (E.D.N.Y. 1982). If the doctrine applies, "the burden then shifts" to the Defendants to establish (1) a substantial need for the Affidavits, and (2) the inability to obtain the "substantial equivalent" of the Affidavits without undue hardship. *Id*.

2. *The Affidavits Qualify as Work Product*

Here, the Affidavits were not prepared in anticipation of litigation, but in the midst of litigation. Furthermore, the Affidavits could play several roles at trial. For instance, an Affiant may need her Affidavit to refresh her recollection, since the events at

2

issue occurred many years ago, 2002 to be precise. Alternatively, the content of the Affidavits might be offered as substantive evidence. *See* Fed. R. Evid. 803(5).

Additionally, the Affidavits were prepared for the Plaintiff. Each Affiant was contacted by the Undersigned (after the cessation of her employment with the Company) and questioned as to what personal knowledge she possessed of the allegations. The Undersigned then obtained Affidavits that encased that personal knowledge. *See* Affidavit of Bryan T. Carmody, Esq. dated 2-11-05, attached hereto as "Exhibit C."

Put simply, the Affidavits were procured for the benefit of the Plaintiff and for purposes of trial. For these reasons, the Affidavits qualify as work product.

3. ***The Defendants Cannot Establish a Substantial Need for the Affidavits or an Inability to Obtain Equivalent Information Elsewhere***

The Defendants have no need, let alone the requisite "substantial need," for production of the Affidavits. Clearly, DIANON had ample opportunity to question the Affiants as <u>each</u> was previously employed by the Company. Furthermore, even though the Affiants are no longer employed by DIANON, the Company can interview the Affiants, or if need be, issue a subpoena for their depositions.

In the recent case of <u>Gargano v. Metro-North</u>, the Court addressed the question of substantial need with regard to witness statements. 222 F.R.D. 38, 2004 U.S. LEXIS 11265 (D.Conn. 2003); a copy of the <u>Gargano</u> case is attached hereto as "Exhibit D." In that case, the day after the incident at issue, Metro-North had obtained statements from employees who witnessed the incident. Gargano sought to compel production of the statements, as Metro-North asserted they were protected from disclosure *via* the work product doctrine. *Id*.

The Court held that Gargano did not establish a substantial need for the statements, since his counsel had already deposed two (2) of the witnesses and the other witnesses were available for a deposition. 222 F.R.D. at 40, 2004 U.S. LEXIS 11265 at *6-7. Similarly, in the case at bar, the Company certainly had ample opportunity (and may have already) questioned the Affiants or can subpoena the Affiants for a deposition, which hardly equates to an undue hardship.

Accordingly, in light of precedent and the basic facts, the Defendants are not able to establish a substantial need for the Affidavits, and therefore fail to satisfy the necessary burden for production.

4.  ***The Defendants Should Not Be Able to Take Advantage of Efforts by the Plaintiff to Prepare for Trial***

The Court has noted that the purpose of the work product doctrine is to "prevent a party from taking advantage of his adversary's efforts to gather material for litigation, …" Hildebrand, *et al*. v. Wal-Mart Stores, Inc., *et al*., 194 F.R.D. 432, 434, 2000 U.S. Dist. LEXIS 6624, *5 (D.Conn. 2000), quoting U.S. v. Weissman, 1995 U.S. Dist. LEXIS 5476 (S.D.N.Y. 1995).

In this case, a great deal of time was necessary to locate the Affiants and obtain the Affidavits. In fact, the collection process began in March of last year and did not conclude until October of last year. *See* Exhibit C. Moreover, the Plaintiff incurred significant legal fees by virtue of this process.

The Defendants now request, without having worked for the Affidavits, or (effectively) paid for them, to enjoy all of the benefits of the Affidavits. The unfairness

4

of such a request is self-evident, particularly in light of the fact the Defendants were, and remain, in a position to obtain the same information by use of their own resources.

## **CONCLUSION**

Based on the foregoing, the Plaintiff respectfully urges the Court to rule the Affidavits are protected from disclosure by virtue of the work product doctrine, and afford any additional relief Your Honor deems just and proper.

        Respectfully submitted,

        Plaintiff

        _____

        Bryan T. Carmody (ct 22514)
        Maya & Associates, P.C.
        266 Post Road East
        Westport, CT 06880
        (203) 221-3100
        (203) 221-3199 (facsimile)
        bcarmody@mayalaw.com

CERTIFICATE OF SERVICE

      I hereby certify that on this _____ day of February 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

Kerry M. Parker
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-639-8259


Richard Molot, Esq.
U.S. Attorney General's Office
*Attorneys for United States*
District of Connecticut
157 Church Street
New Haven, CT 06510


_____

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880
(203) 221-3100
(203) 221-3199 (facsimile)
bcarmody@mayalaw.com