UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
                                                          :
DR. JAMES J. TIESINGA *ex rel.*           :
UNITED STATES GOVERNMENT,       :        Case No. 302 CV 1573 (MRK)
and DR. JAMES J. TIESINGA                 :
                                                          :
      Plaintiffs,                              :
                                                          :
   -against-                                       :
                                                          :
DIANON SYSTEMS, INC. and                  :
ETHEL JANEGA                                     :        February 25, 2005
                                                          :
      Defendants.                           :
_____ :

**PLAINTIFF'S RESPONSE TO DEFENDANTS' BRIEF REGARDING THE DISCOVERY OF SIGNED, WRITTEN STATEMENTS BY NON-PARTY WITNESSES**

      As the Plaintiff in the above-captioned case, Dr. James J. Tiesinga (the "Plaintiff" or "Dr. Tiesinga"), by and through his attorneys, respectfully submits this Response to the "Defendants Brief Regarding the Discovery of Signed, Written Statements by Non-Party Witnesses" dated February 9, 2005.

      In the Response, the Defendants argue (1) that any work product immunity for the witness statements obtained by the Plaintiff was waived because the witnesses retained a copy of their statement, and (2) in the event the statements are not disclosed, the Plaintiff should not be able to use such statements, or the witnesses, at trial.

      The Undersigned does not recall that either issue was raised by Counsel for the Defendants during the telephonic conference with the Court on January 28, 2005, nor that the Court's Order dated January 31, 2005 necessarily desired briefing on these issues.

1

However, insofar as the Defendants have raised such issues in their Brief, the Plaintiff submits, respectfully, this Response.

## ARGUMENT

1. **The Plaintiff Did Not Waive any Work Product Protection, Because the Witnesses Are Entitled to a Copy of Their Statements Under the Federal Rules of Civil Procedure**

The Defendants contend the Plaintiff waived any immunity afforded by the work product doctrine, since each third party witness was able to retain a copy of his / her statement. The Defendants, however, neglect to note that the witnesses had a right to retain their statements.

In relevant part, Fed. R. Civ. P. 26(b)(3) states:

"[u]pon request, a person not a party may obtain without the required showing [of substantial need and undue hardship] a statement concerning the action or its subject matter previously made by that person."

The Plaintiff should not be deprived of his right to interpose the work product doctrine simply because the witnesses chose to elect their rights under the Federal Rules of Civil Procedure.[1]

Additionally, it should be noted that, not only were the witnesses familiar (of course) with the content of their statements, but they possessed the statements (if just for a moment) at the time it was executed. For the Defendants to argue that subsequent retention of a copy of that document equates to a waiver of the work product doctrine, is to offer a wafer-thin distinction that should be persuasive to no one.

Accordingly, the "waiver" argument offered by the Defendants borders on the frivolous, and the Plaintiff urges Your Honor to conclude the Plaintiff is able to assert the

work product doctrine, regardless of whether a witnesses retained a copy of their statements in the exercise of their rights.

2. **The Defendants Should Present Requests to Exclude Evidence By Use of a Motion *In Limine***

The Defendants argue that, insofar as the Court agrees the work product doctrine immunizes the witness statements from discovery, the Plaintiff should not be able to call these individuals as witnesses at trial and / or not be able to use the statements at trial.

The Plaintiff respectfully submits that any request by the Defendants to exclude the individuals who signed the statements, or the statements themselves, from trial must be made by the proper procedural mechanism, to wit, a motion *in limine*.

Notably, as reflect by the Individual Rules for Your Honor, such motions are encouraged prior to trial. Also, its is possible that the (completed) discovery process may inform the decision of Your Honor on any motion *in limine*.

Thus, the Plaintiff requests that the Court direct the Defendants to present requests to exclude evidence *via* a motion *in limine*.

## CONCLUSION

For these reasons, the Plaintiff respectfully urges the Court to conclude the work product doctrine protects the witness statements from discovery, and there has been no waiver of that protection. In additiona, the Plaintiff respectfully requests Your Honor instruct the Defendants to file a motion *in limine* as to requests to exclude evidence at trial.

---

[1] Fed. R. Civ. P. 26(b)(3) further provides that if a party refuses to provide a witness with a copy of his / her statement, the witness may move for an appropriate order with a request for sanctions.

Respectfully submitted,

Plaintiff

_____

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880
(203) 221-3100
(203) 221-3199 (facsimile)
bcarmody@mayalaw.com

4

CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of February 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

Kerry M. Parker
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102
973-639-8259

Richard Molot, Esq.
U.S. Attorney General's Office
*Attorneys for United States*
District of Connecticut
157 Church Street
New Haven, CT 06510

_____

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880
(203) 221-3100
(203) 221-3199 (facsimile)
bcarmody@mayalaw.com