## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

———————————————————————x
DR. JAMES J. TIESINGA, ex rel. UNITED
STATES GOVERNMENT, and DR. JAMES
J. TIESINGA,

                    Plaintiffs,

*vs.*

DIANON SYSTEMS, INC. and ETHEL
JANEGA,

                    Defendants.
———————————————————————x

Civil Action No. 302 CV 1573 (MRK)

**ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S
AMENDED COMPLAINT**

Defendants, Dianon Systems, Inc. ("Dianon"), with offices located at 200 Watson Boulevard, Stratford, Connecticut 06615, and Ethel Janega ("Janega"), residing at 22 Partridge Drive, Seymour, Connecticut 06483, (also collectively referred to as "Defendants"), by their counsel, Epstein Becker & Green, P.C., by way of Answer to the Amended Complaint, state:

### PARTIES

1.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Defendants admit the allegations set forth in Paragraph 2.

3.      Defendants admit the allegations set forth in Paragraph 3.

### JURISDICTION

4.      In response to the allegations in Paragraph 4 of the Amended Complaint, Defendants deny that the Court has subject matter jurisdiction over Plaintiff's allegations that Dianon breached the substantive provisions of the False Claims Act, 31 U.S.C. § 3729, and, as to the remainder of the allegations, admit only that the Court has subject matter jurisdiction over Plaintiff's other claims..

5.      In response to the allegations in Paragraph 5 of the Amended Complaint, Defendants admit only that a document that purports to constitute a release of jurisdiction from the Commission on Human Rights and Opportunities is attached to the Amended Complaint as Exhibit A.  Except as so stated, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      In response to the last sentence in Paragraph 6 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth therein and, accordingly, leave Plaintiff to his proofs with respect thereto.  On information and belief, Defendants admit the allegations in Paragraph 6 of the Amended Complaint.

## VENUE

7.      Defendants deny the allegations set forth in Paragraph 7.

## FACTS

8.      In response to the allegations in Paragraph 8 of the Amended Complaint, Defendants deny that Plaintiff reported directly to Jay Amberson and further deny that Amberson "managed all parts of the Company's pathology operation."   Defendants admit the remaining allegations in Paragraph 8 of the Amended Complaint.

9.      In response to the allegations of Paragraph 9 of the Amended Complaint, Defendants admit that Plaintiff worked long hours, was under consideration for the position of Director in Oklahoma City, and began recruiting personnel for the facility that was being contemplated in Oklahoma City.   Except as so stated, Defendants deny the allegations in Paragraph 9 of the Amended Complaint.

10.      In response to the allegations in Paragraph 10 of the Amended Complaint, Defendants admit that Plaintiff continued to work at his job, that said job involved interpreting test

results and that Plaintiff's reports would be transcribed by Dianon transcriptionists.  Defendants further admit that Plaintiff's was acquainted with Ethel Janega, and that Janega was aware that Plaintiff apparently suffered an allergic reaction in late April or early May 2002 and accordingly went to the hospital.    Except as so stated, Defendants deny the allegations in Paragraph 10 of the Amended Complaint.

11.    Defendants deny the allegations in Paragraph 11 of the Amended Complaint.

12.    Defendants deny the allegations in Paragraph 12 of the Amended Complaint.

13.    Defendants deny the allegations in Paragraph 13 of the Amended Complaint.

14.    Defendants deny the allegations in Paragraph 14 of the Amended Complaint.

15.    In response to the allegations in Paragraph 15 of the Amended Complaint, Defendants admit that Plaintiff attended a meeting with Palmeri and Amberson on or about this time.  Except as so stated, Defendants deny the allegations in Paragraph 15 of the Amended Complaint.

16.    In response to the allegations in Paragraph 16 of the Amended Complaint, Defendants admit that Plaintiff met with Amberson and complained about Janega.  Except as so stated, Defendants deny the allegations on Paragraph 16.

17.    In response to the allegations in Paragraph 17 of the Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff was "advised" by unidentified parties and, accordingly, leave Plaintiff to his proofs with respect thereto.  Defendants admit that, at or about this time, Janega began putting away her divvy sheets at the end of the workday.  Except as so stated, Defendants deny the allegations in Paragraph 17 of the Amended Complaint.

18.    In response to the allegations in Paragraph 18 of the Amended Complaint, Defendants admit only that Plaintiff complained to Amberson regarding Janega.  Except as so stated, Defendants deny the allegations in Paragraph 18 of the Amended Complaint.

19.    In response to the allegations in Paragraph 19 of the Amended Complaint, Defendants admit that Palmieri discussed with Janega her interactions with Plaintiff at or around this time, and that Plaintiff was subsequently given an in-box that was mounted on the cubicle in which the transcriptionists sat.  Except as so stated, Defendants deny the allegations in Paragraph 19 of the Amended Complaint.

20.    In response to the allegations in Paragraph 20 of the Amended Complaint, Defendants admit only that Plaintiff expressed concerns to Irene, but deny that he asked Irene to pass these complaints on to Palmieri.  Except as so stated, Defendants deny the allegations in Paragraph 20 of the Amended Complaint.

21.    In response to the allegations in Paragraph 21 of the Amended Complaint, Defendants admit only that Plaintiff met with Amberson and complained about Janega.  Except as so stated, Defendants deny the allegations on Paragraph 21.

22.    In response to the allegations in Paragraph 22 of the Amended Complaint, Defendant admits only that Janega knocked on Plaintiff's door, Plaintiff opened that door and then slammed the door in Janega's face.  Defendants further admit that this event was discussed between Amberson and Plaintiff, that Plaintiff denied Janega's characterization of his conduct and that Plaintiff complained about Janega.  Except as so stated, Defendants deny the allegations in Paragraph 22 of the Amended Complaint.

23.    To the extent that the allegations in Paragraph 23 of the Amended Complaint refer to Plaintiff's conduct while alone in his office or to Plaintiff's telephone conversations with

"anonymous callers," Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 and, accordingly, leave Plaintiff to his proofs with respect thereto.  Defendants admit that Amberson and Bailey met with Plaintiff, advised Plaintiff that Janega had complained that he slammed a door in her face, advised Plaintiff that these matters would have to be considered in determining whether he would be named Director of the proposed facility on Oklahoma City and told him that they would meet with him the following day.  Defendants further admit that Plaintiff complained that the box in which he left documents for the transcriptionists had been moved.  Except as so stated, Defendants deny the allegations in Paragraph 23 of the Amended Complaint.

24.    In response to the allegations in Paragraph 24 of the Amended Complaint, Defendants admit only that Bailey and Amberson met with Plaintiff, that Plaintiff accused Bailey of being "homophobic," that Plaintiff again complained about Janega, and that Plaintiff was directed to take paid time off.  Defendants further admit Plaintiff stated that being required to take time off would impact him emotionally and requested materials relating to Dianon's employee assistance program.  Except as so stated, Defendants deny the allegations in Paragraph 24 of the Amended Complaint.

25.    In response to the allegations in Paragraph 25 of the Amended Complaint, Defendants admit only that Plaintiff was directed to take paid time off.  Except as so stated, Defendants deny the allegations in Paragraph 25 of the Amended Complaint.

26.    Defendants deny that on May 25, 2002 Plaintiff began a suspension.  Except as so stated, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, accordingly, leave Plaintiff to his proofs with respect thereto.

27.    In response to the allegations in Paragraph 27 of the Amended Complaint, Defendants admit only that Plaintiff resigned his position by letter dated June 5, 2002.  Except as so stated, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 and, accordingly, leave Plaintiff to his proofs with respect thereto.

## COUNT 1

## HOSTILE WORK ENVIRONMENT UNDER THE CFEPA

28.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 27 of the Amended Complaint as if fully set forth at length herein.

29.    Inasmuch as Paragraph 29 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

30.    Defendants deny the allegations set forth in Paragraph 30.

31.    Defendants deny the allegations set forth in Paragraph 31.

32.    Defendants deny the allegations set forth in Paragraph 32.

33.    Defendants deny the allegations set forth in Paragraph 33.

34.    Defendants deny the allegations set forth in Paragraph 34.

35.    Defendants deny the allegations set forth in Paragraph 35.

36.    Defendants deny the allegations set forth in Paragraph 36.

37.    Defendants deny the allegations set forth in Paragraph 37.

## COUNT 2

## RETALIATION UNDER THE CFEPA

38.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 38 of the Amended Complaint as if fully set forth at length herein.

39.    Defendants deny the allegations set forth in Paragraph 39.

40.    In response to the allegations in Paragraph 40 of the Amended Complaint, Defendants admit only that Plaintiff was told that Dianon was re-evaluating his candidacy for the Directorship of the facility being contemplated in Oklahoma City, and that Plaintiff was required to take paid time off.  Except as so stated, Defendants deny the allegations in Paragraph 40.

41.    Defendants deny the allegations set forth in Paragraph 41.

42.    Defendants deny the allegations set forth in Paragraph 42.

43.    Defendants deny the allegations set forth in Paragraph 43.

44.    Defendants deny the allegations set forth in Paragraph 44.

## COUNT 3

## HOSTILE WORK ENVIRONMENT UNDER ADA

45.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 44 of the Amended Complaint as if fully set forth at length herein.

46.    Inasmuch as Paragraph 46 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

47.    Defendants deny the allegations in Paragraph 47 of the Amended Complaint.

48.    Defendants deny the allegations in Paragraph 48 of the Amended Complaint.

49.    Defendants deny the allegations in Paragraph 49 of the Amended Complaint.

50.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's state of mind contained in Paragraph 50 and, accordingly, leave Plaintiff to his proofs with respect thereto.  Except as so stated, Defendants deny the allegations in Paragraph 50 of the Amended Complaint.

51.     Defendants deny the allegations in Paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations in Paragraph 52 of the Amended Complaint.

53.     Defendants deny the allegations in Paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in Paragraph 54 of the Amended Complaint.

## COUNT 4

## RETALIATION UNDER THE ADA

55.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 54 of the Amended Complaint as if fully set forth at length herein.

56.     Defendants deny the allegations in Paragraph 56 of the Amended Complaint.

57.     Defendants deny the allegations in Paragraph 57 of the Amended Complaint.

58.     Defendants deny the allegations in Paragraph 58 of the Amended Complaint.

59.     Defendants deny the allegations in Paragraph 59 of the Amended Complaint.

60.     Defendants deny the allegations in Paragraph 60 of the Amended Complaint.

61.     Defendants deny the allegations in Paragraph 61 of the Amended Complaint.

## COUNT 5

## HOSTILE WORK ENVIRONMENT UNDER CFEPA

62.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 62 of the Amended Complaint as if fully set forth at length herein.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 and, accordingly, leave Plaintiff to his proofs with respect thereto.

64.    In response to the allegations in Paragraph 64 of the Amended Complaint, Defendants admit only that Bailey was involved in the decision to require Plaintiff to take paid time off, informed Plaintiff that he had conducted himself inappropriately in certain circumstances and stated that inappropriate conduct in the future could lead to disciplinary action up to and including termination.  Except as so stated, Defendants deny the allegations set forth in Paragraph 64.

65.    Defendants deny the allegations set forth in Paragraph 65.

66.    Defendants deny the allegations set forth in Paragraph 66.

67.    Defendants deny the allegations set forth in Paragraph 67.

68.    Defendant is without sufficient information to admit or deny the truth of allegations pertaining to Plaintiff's state of mind and, accordingly, leave Plaintiff to his proofs with respect thereto.  Except as so stated, Defendants deny the allegations set forth in Paragraph 68.

69.    Defendants deny the allegations set forth in Paragraph 69.

70.    Defendants deny the allegations set forth in Paragraph 70.

71.    Defendants deny the allegations set forth in Paragraph 71.

72.    Defendants deny the allegations set forth in Paragraph 72.

## COUNT 6

## RETALIATION UNDER CFEPA

73.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 72 of the Amended Complaint as if fully set forth at length herein.

74.     To the extent that the allegations in Paragraph 74 of the Amended Complaint refer to Plaintiff's state of mind, Defendants are without sufficient information to admit or deny said allegations and, accordingly, leave Plaintiff to his proofs with respect thereto.  Except as so stated, Defendants deny the allegations set forth in Paragraph 74.

75.     Defendants deny the allegations set forth in Paragraph 75.

76.     Defendants deny the allegations set forth in Paragraph 76.

77.     Defendants deny the allegations set forth in Paragraph 77.

78.     Defendants deny the allegations set forth in Paragraph 78.

79.     Defendants deny the allegations set forth in Paragraph 79.

## COUNT 7

## VIOLATION OF THE REHABILITATION ACT

80.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 79 of the Amended Complaint as if fully set forth at length herein.

81.     Inasmuch as Paragraph 81 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

82.     Inasmuch as Paragraph 82 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

83.     Defendants deny the allegations set forth in Paragraph 83.

84.     Defendants deny the allegations set forth in Paragraph 84.

85.     Defendants deny the allegations set forth in Paragraph 85.

86.     Defendants deny the allegations set forth in Paragraph 86.

87.    Defendants deny the allegations set forth in Paragraph 87.

88.    Defendants deny the allegations set forth in Paragraph 88.

89.    Defendants deny the allegations set forth in Paragraph 89.

## COUNT 8

## VIOLATIONS OF THE FALSE CLAIMS ACT

90.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 89 of the Amended Complaint as if fully set forth at length herein.

91.    Defendants admit the allegations in paragraph 91 of the Amended Complaint.

92.    In response to the allegations in paragraph 92 of the Amended Complaint, Defendants admit that Dianon certified that its analyses were reasonable and necessary.  Except as so stated, Defendants deny the allegations in paragraph 92 of the Amended Complaint.

93.    The allegations in the first sentence of paragraph 93 of the Amended Complaint constitute legal conclusions to which no response is required and, accordingly, Defendants leave Plaintiff to his proofs with respect thereto.  Except as otherwise stated, Defendants deny the allegations in paragraph 93 of the Complaint.

94.    Defendants deny the allegations set forth in Paragraph 94.

95.    Defendants deny the allegations set forth in Paragraph 95.

96.    Defendants deny the allegations set forth in Paragraph 96.

97.    Defendants deny the allegations set forth in Paragraph 97.

## COUNT 9

## NEGLIGENT SUPERVISION

98.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 98 of the Amended Complaint as if fully set forth at length herein.

99.     Inasmuch as Paragraph 99 sets forth legal conclusions and not factual allegations, defendants make no response thereto except to deny that defendants have violated any of the applicable statutes.

100.     Defendants deny the allegations set forth in Paragraph 100.

101.     Defendants deny the allegations set forth in Paragraph 101.

102.     Defendants deny the allegations set forth in Paragraph 102.

103.     Defendants deny the allegations set forth in Paragraph 103.

## COUNT 10

## NEGLIGENT RETENTION

104.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 103 of the Amended Complaint as if fully set forth at length herein.

105.     Defendants deny the allegations set forth in Paragraph 105.

106.     Defendants deny the allegations set forth in Paragraph 106.

107.     Defendants deny the allegations set forth in Paragraph 107.

108.     Defendants deny the allegations set forth in Paragraph 108.

109.     Defendants deny the allegations set forth in Paragraph 109.

110.     Defendants deny the allegations set forth in Paragraph 110.

## COUNT 11

## FALSE IMPRISONMENT

111.     Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 110 of the Amended Complaint as if fully set forth at length herein.

112.     Defendants deny the allegations in Paragraph 112.

113.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 113 relating to Plaintiff's state of mind.  Except as so stated, Defendants deny the allegations in Paragraph 113.

114.    In response to the allegations in Paragraph 114, Defendants deny that Plaintiff was ever "confined" and, accordingly, deny the allegations in Paragraph 114.

115.    Defendants deny the allegations set forth in Paragraph 115.

116.    Defendants deny the allegations set forth in Paragraph 116.

## COUNT 12

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

117.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 117 of the Amended Complaint as if fully set forth at length herein.

118.    Defendants deny the allegations set forth in Paragraph 118.

119.    Defendants deny the allegations set forth in Paragraph 119.

120.    Defendants deny the allegations set forth in Paragraph 120.

121.    In response to the allegations in Paragraph 121 of the Amended Complaint, Defendants admit that Plaintiff was required to take paid time off.  Except as so stated, Defendants deny the allegations set forth in Paragraph 121.

122.    Defendants deny the allegations set forth in Paragraph 122.

123.    Defendants deny the allegations set forth in Paragraph 123.

124.    Defendants deny the allegations set forth in Paragraph 124.

125.    Defendants deny the allegations set forth in Paragraph 125.

126.    Defendants deny the allegations set forth in Paragraph 126.

127.    Defendants deny the allegations set forth in Paragraph 127.

## COUNT 13

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

128.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 128 of the Amended Complaint as if fully set forth at length herein.

129.    Defendants deny that Janega harassed Tiesinga and, accordingly, deny the allegations in Paragraph 129.

130.    Defendants deny that Janega harassed Tiesinga and, accordingly, deny the allegations in Paragraph 130.

131.    Defendants deny the allegations set forth in Paragraph 131.

132.    Defendants deny the allegations set forth in Paragraph 132.

133.    Defendants deny the allegations set forth in Paragraph 133.

## COUNT 14

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

134.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 133 of the Amended Complaint as if fully set forth at length herein.

135.    In response to the allegations in Paragraph 135 of the Amended Complaint, Defendants admit that Plaintiff claimed being required to take time off would impact him emotionally and requested materials relating to Dianon's employee assistance program.  Except as so stated, Defendants deny the allegations in Paragraph 135 of the Amended Complaint.

136.    Defendants deny the allegations set forth in Paragraph 136.

137.    Defendants deny the allegations on which Paragraph 137 of the Amended Complaint is predicated and, accordingly, deny the allegations in Paragraph 137.

138.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 138 relating to Plaintiff's state of mind.  Except as so stated, Defendants deny the allegations set forth in Paragraph 138.

139.    Defendants deny the allegations set forth in Paragraph 139.

140.    Defendants deny the allegations set forth in Paragraph 140.

## COUNT 15

## CONSTRUCTIVE DISCHARGE.

141.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 140 of the Amended Complaint as if fully set forth at length herein.

142.    Defendants deny the allegations set forth in Paragraph 142.

143.    Defendants deny the allegations set forth in Paragraph 143.

144.    Defendants deny the allegations set forth in Paragraph 144.

145.    Defendants deny the allegations set forth in Paragraph 145.

146.    Defendants deny the allegations set forth in Paragraph 146.

## COUNT 16

## VIOLATION OF FALSE CLAIMS ACT

147.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 146 of the Amended Complaint as if fully set forth at length herein.

148.    Defendants deny the allegations set forth in Paragraph 148.

149.    Defendants deny the allegations set forth in Paragraph 149.

150.    Defendants deny the allegations set forth in Paragraph 150.

151.    Defendants deny the allegations set forth in Paragraph 151.

152.    Defendants deny the allegations set forth in Paragraph 152.

153.    Defendants deny the allegations set forth in Paragraph 153.

## COUNT 17

## INVASION OF PRIVACY

154.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 153 of the Amended Complaint as if fully set forth at length herein.

155.    Defendants deny the allegations set forth in Paragraph 155.

156.    Defendants deny the allegations set forth in Paragraph 156.

157.    Defendants deny the allegations set forth in Paragraph 157.

158.    Defendants deny the allegations set forth in Paragraph 158.

159.    Defendants deny the allegations set forth in Paragraph 159.

## COUNT 18

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

160.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 159 of the Amended Complaint as if fully set forth at length herein.

161.    Defendants deny the allegations set forth in Paragraph 161.

162.    Defendants deny the allegations set forth in Paragraph 162.

163.    Defendants deny the allegations set forth in Paragraph 163.

164.    Defendants deny the allegations set forth in Paragraph 164.

165.    Defendants deny the allegations set forth in Paragraph 165.

## COUNT 19

## RETALIATION UNDER CEPA

166.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 166 of the Amended Complaint as if fully set forth at length herein.

167.    Defendants deny the allegations set forth in Paragraph 167.

168.    Defendants deny the allegations set forth in Paragraph 168.

169.    Defendants deny the allegations set forth in Paragraph 169.

170.    Defendants deny the allegations set forth in Paragraph 170.

171.    Defendants deny the allegations set forth in Paragraph 171.

172.    Defendants deny the allegations set forth in Paragraph 172.

## COUNT 20

## COERCION OF DISCRIMINATORY PRACTICE UNDER CEPA

173.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 172 of the Amended Complaint as if fully set forth at length herein.

174.    Defendants deny the allegations set forth in Paragraph 174.

175.    Defendants deny the allegations set forth in Paragraph 175.

176.    Defendants deny the allegations set forth in Paragraph 176.

177.    Defendants deny the allegations set forth in Paragraph 177.

178.    Defendants deny the allegations set forth in Paragraph 178.

## COUNT 21

## DEFAMATION

179.    Defendants repeat and reallege their responses to the allegations contained in Paragraphs 1 through 178 of the Amended Complaint as if fully set forth at length herein.

180.    Defendants admit the allegations in Paragraph 180.

181.    Defendants deny the allegations set forth in Paragraph 181.

182.    Defendants deny the allegations set forth in Paragraph 182.

183.    Defendants deny the allegations set forth in Paragraph 183.

184.     Defendants deny the allegations set forth in Paragraph 184.

185.     Defendants deny the allegations set forth in Paragraph 185.

186.     Defendants deny the allegations set forth in Paragraph 186.

187.     Defendants deny the allegations set forth in Paragraph 187.

WHEREFORE, defendants, Dianon Systems, Inc. and Ethel Janega, demand that judgment be entered in their favor and against the plaintiff, dismissing the Amended Complaint with prejudice and awarding to defendants attorneys' fees and costs of suit.

## AFFIRMATIVE DEFENSES

Defendants allege the following affirmative defenses to the Amended Complaint without assuming the burden of proof where such burden is otherwise on the Plaintiff pursuant to applicable substantive and/or procedural law.  Defendants reserve the right to amend and/or supplement its affirmative defenses and assert counterclaims as more information becomes known during the course of discovery.

### FIRST SEPARATE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Plaintiff has waived any claim he may have (each of which is denied), to seek relief against defendants.

### THIRD SEPARATE DEFENSE

To the extent plaintiff purports to allege any claim for negligence or for physical or mental injuries and emotional distress, including claims for recovery of any related medical expenses, those claims are barred by the exclusive remedy provisions of the Connecticut Workers' Compensation Act.

## FOURTH SEPARATE DEFENSE

The Amended Complaint is barred, in whole or in part, by the entire controversy doctrine, and the doctrines of waiver, estoppel and laches.

## FIFTH SEPARATE DEFENSE

Any losses suffered by plaintiff were not as a consequence of, or in reliance upon, any acts or omissions of defendants.

## SIXTH SEPARATE DEFENSE

The Amended Complaint is barred by the applicable Statute of Limitations.

## SEVENTH SEPARATE DEFENSE

Any alleged misdeeds of defendants were not willful.

## EIGHTH SEPARATE DEFENSE

Plaintiff's claims are frivolous and brought in bad faith entitling defendants to attorney's fees and costs.

## NINTH SEPARATE DEFENSE

Plaintiff is barred from relief for failure to mitigate his damages.

## TENTH SEPARATE DEFENSE

Plaintiff's claims must be dismissed in whole or in part because defendants exercised reasonable care to prevent and promptly correct alleged discriminatory conduct in the workplace.

## ELEVENTH SEPARATE DEFENSE

Plaintiff's claims for defamation must be dismissed because the alleged defamatory statements are privileged.

## TWELFTH SEPARATE DEFENSE

Plaintiff's claims under the Americans with Disabilities Act are barred because Plaintiff did not assert said claims within 90 days of receipt of his Notice –of-Right-to-Sue.

## THIRTEENTH SEPARATE DEFENSE

Defendant alerted the Government to the conduct at issue and did not act with the requisite intent necessary to establish a violation of the False Claims Act.

## FOURTEENTH SEPARATE DEFENSE

Plaintiff's False Claims Act claims for damages and penalties are barred by waiver, consent, ratification and estopped because the United States, *inter alia*, contemporaneously shared, and manifested to Dianon that it shared, Dianon's interpretation of the applicable laws and regulations on which allegedly false claims referenced in the Amended Complaint were prepared.

## FIFTEENTH SEPARATE DEFENSE

Plaintiff's False Claims Act claims are barred because each representation Dianon made on each of its claim forms is literally true.

## SIXTEENTH SEPARATE DEFENSE

Plaintiff's False Claims Act claims, in whole or part, are barred by the doctrines of course of performance, course of dealing, and/or usage of trade.

## SEVENTEENTH SEPARATE DEFENSE

Plaintiff's False Claims Act claims for damages and penalties are barred because cognizant Government officials directed, concurred in, consented to, ratified, and/or accepted Dianon's practices.

## EIGHTEENTH SEPARATE DEFENSE

Plaintiff's False Claims Act claims, in whole or in part, are barred by the fact that the United States has suffered no injury.

## NINETEENTH SEPARATE DEFENSE

Plaintiff's False Claims Act claims, in whole or in part, are barred by the doctrine of contributory negligence because the Government, by its words and conduct, contemporaneously interpreted the applicable laws, regulations and/or rules in the same manner as Dianon, thereby contributing to the practices now challenged in the Amended Complaint.

## TWENTIETH SEPARATE DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's False Claims Act substantive claims.

## TWENTY-FIRST SEPARATE DEFENSE

Dianon is entitled to recoup and set-off for amounts the Government underpaid under the principles of unjust enrichment, set-off and quasi contract.

## TWENTY-SECOND SEPARATE DEFENSE

To the extent that the Plaintiff seeks damages and/or penalties above and beyond actual damages, the Complaint is unconstitutional as it is in violation of the Fifth, Sixth and Eighth Amendments of the United States Constitution.

## TWENTY-THIRD SEPARATE DEFENSE

Defendant had a reasonable basis upon which to believe that it was entitled to payment for any services it billed to the government.

### TWENTY-FOURTH SEPARATE DEFENSE

Defendant is without fault as actions taken by Defendant in connection with the conduct at issue were taken in good faith and with reasonable care.

### TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff's claims fail because they fail to comply with the requirement of Fed.R.Civ.P. 9(b) that averments of fraud or mistake be stated with particularity.

### TWENTY-SIXTH SEPARATE DEFENSE

Plaintiff's claim for punitive damages under 31 U.S.C. § 3730(h) should be dismissed as a matter of law because punitive damages are not available.

### TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's state law employment claims that permit punitive damages must be dismissed because they conflict with and are preempted by federal law which does not provide for such damages.

WHEREFORE, Defendants deny each and every allegation in the Complaint except as may be specifically admitted and qualified above and Defendants demand strict proof of same. Defendants pray that the Complaint be dismissed with prejudice and that the Court find that the Plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor or Defendants and against the Plaintiff, that the Court award Defendants its costs and expenses. Defendants reserve the right pending completion of discovery to assert such other relief as the Court may deem just and proper.

**DEFENDANTS,
DIANON SYSTEMS, INC. AND
ETHEL JANEGA**

By:    _____

Mary Gambardella
Federal Bar # ct 05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, Connecticut  06901
(203) 348-3737
                    and

Kerry M. Parker (ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey  07102
(973) 642-1900

Attorneys for Defendants

Dated:  March 21, 2005

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing Answer and Affirmative Defenses was sent via U.S. Mail, postage prepaid, this 21st day of March, 2005 to:

Bryan T. Carmody, Esq.
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06430

Richard Molot, Esq.
U.S. Attorney General's Office
District of Connecticut
157 Church Street
New Haven, CT  06510


_____
Mary Gambardella