UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA<br><br>Plaintiffs,<br><br>-against-<br><br>DIANON SYSTEMS, INC. and ETHEL JANEGA<br><br>Defendants. | Case No. 302 CV 1573 (MRK)<br><br><br><br><br>April 15, 2005 |

## REPORT OF PARTIES' SECOND PLANNING MEETING

Pursuant to direction received from this Court, counsel for the Defendants, counsel for Plaintiff James Tiesinga and counsel for the United States (hereafter "the Government") participated in telephone conferences on March 22, March 25, April 7 and April 11, 2005 for the purposes of discussing scheduling in this matter. DIANON and the Government have reached agreement regarding the deadlines applicable to the False Claims Act claims.[1] However, notwithstanding DIANON's efforts to compromise with *qui tam* plaintiff Tiesinga ("Plaintiff") regarding adjustment to the schedule governing his employment claims, he has been unwilling to compromise on any aspect of discovery in this case. Thus, the deadlines to be applied to the employment aspects of this case are the sole issue in dispute.

---

[1] More specifically, in reaching agreement with the Government, DIANON compromised by assenting to the Government's proposed schedule rather than the one it initially proposed to the Government, and acceded to the Government's and *qui tam* plaintiff's requests that the actions be severed for purposes of discovery and trial.

1

I.  **Procedural History**

As the Court is already aware, Plaintiff commenced the instant case on or about September 6, 2002. Because Plaintiff chose to file a False Claims Act claim as part of the same lawsuit as his employment claims (thus requiring that the entire Complaint be maintained under seal for a two years), DIANON was precluded from taking any discovery. At the same time, the Government took voluminous discovery from DIANON and Plaintiff's counsel took written statements from a variety of witnesses.

Discovery in this matter has been proceeding in regards to seventeen (17) of the nineteen (19) separate employment-related causes of action asserted by Plaintiff against DIANON Systems, Inc. and a former co-worker. The remaining two counts of the Complaint were, until recently, maintained under seal. On or about February 3, 2005, an Amended Complaint was first served upon Defendants. The Amended Complaint contained two additional claims under the Americans with Disabilities Act. Furthermore, that Amended Complaint set forth the False Claims Act claim asserted by the United States against DIANON and the False Claims Act retaliation claim asserted by Plaintiff against DIANON (both of which had previously been under seal). DIANON timely answered this Amended Complaint on March 21, 2005. The Government then filed its own Complaint, which was received by DIANON on or about that same date.

II.  Given the Recently-Added Claims and the Interdependency of Expert Witness Discovery in this Case, Coordinated Discovery is Appropriate in this Matter.

In sum, Plaintiff chose to join his False Claims Act claims and his employment claims in this single lawsuit, and was more than willing to maintain this case as a single

2

lawsuit under seal for two years. Accordingly, the Government was allowed to take unilateral discovery, while Plaintiff pursued and obtained statements from several witnesses. Conversely, DIANON was unable to do anything other than watch the vast majority of its witnesses leave the Company.

Despite establishing and maintaining this case in a form that benefited them and prejudiced the Defendants, Plaintiff has now decided that this form is no longer convenient for them. Accordingly, Plaintiff contends that the False Claims Act claims and the employment claims should be treated as two entirely separate cases going forward. Moreover, Plaintiff contends that the discovery deadline for the employment claims should remain May 31, 2005.

Clearly, this position is without merit. Indeed, given the fact that several new claims have been added to this case recently, it is clear that additional time is required for the completion of discovery. The addition of the False Claims Act retaliation claim has already given rise to a new discovery dispute for which the parties require the Court's intervention. Specifically, Plaintiff contends that certain documents that he has provided to the Government are privileged, while Defendants contend that said documents must be produced.

Furthermore, in defense of the Government's False Claims Act claim and Plaintiff's False Claims Act retaliation claim, DIANON may be required to retain an expert witness to explain why its allegedly unlawful practices were, in fact, both lawful and necessary.[2] Clearly, DIANON should not be required to produce more than one expert on this issue, nor should it be required to produce the same expert twice.

---

[2] DIANON may also retain an expert for the purpose of conducting and independent medical and/or psychological examination of Plaintiff.

3

Moreover, this expert will be unable to provide such an opinion until (i) fact discovery is complete in regards to the False Claims Act claim, and (ii) the Government produces its expert report in support of its opinion that DIANON's conduct was illegal. The Government states that it cannot complete the necessary fact discovery and produce its expert report prior to October 1, 2005. Accordingly, Defendants submit that the deadlines set forth below will enable the parties to fully and fairly litigate this matter.[3]

**III.   Case Management**

<u>The Employment-Related Claims</u>   (Counts I through VII and Counts IX through XXI of the Amended Complaint)

1. Amendments, if any, to the Rule 26 disclosures of Plaintiff and DIANON shall be exchanged on or before June 1, 2005.

2. The joinder of any additional parties and any amendments to the pleadings shall be completed by July 1, 2005.

3. Any independent medical examinations of Plaintiff will take place on or before September 30, 2005.

4. Fact discovery will close on September 30, 2005.

---

[3] Plaintiff's insistence on expedited discovery, of course, stands in stark contrast to his willingness to satisfy his own discovery obligations. As this Court is well-aware, discovery requests were served on Plaintiff on November 5, 2004. Plaintiff waited the full thirty-three days, then <u>refused to respond to any of Defendant's interrogatories</u> based on the assertion that said interrogatories were overly numerous and burdensome.

After Defendants obtained Court intervention, Plaintiff responded (in late January) by producing interrogatory responses that contained his address, date of birth, current employer and the name of one company with which he previously sought employment. Other than those four basic facts, <u>Plaintiff provided no information in response to Defendants' interrogatories.</u>

Defendant again brought this matter before the Court, and the Court ordered that the documents sought by Defendant (including medical authorizations and tax returns) be provided by February 4, 2004. <u>Defendants received nothing until February 14,</u> at which time they received a production that contained only some of the required documents (and indeed included <u>no tax returns whatsoever</u>). Only after further correspondence and phone calls from Defendants' counsel did Plaintiff produce the missing documents in late February 2005.

Thus, despite his assertions that this case must be resolved almost immediately, it took Plaintiff almost four months to provide even the most basic information necessary to allow this case to proceed.

5.  Defendants' disclosure of experts and expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) will be accomplished on or before November 1, 2005.

6.  All discovery will be completed by November 30, 2005.

7.  Dispositive motions shall be filed by January 15, 2006.

<u>The False Claims Act Claims</u>       (Count VIII of the Amended Complaint, as well as the Complaint filed by the United States Government)

1.  The parties request that DIANON be given until May 18, 2005 to answer, move or otherwise respond to the Complaint filed by the United States.

2.  Rule 26(f) reports shall be filed, and the Rule 26 disclosures between DIANON and the Government shall be exchanged, on or before June 1, 2005.

3.  The joinder of any additional parties and any amendments to the pleadings shall be completed by July 1, 2005.

4.  The Government's disclosure of affirmative experts and expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) will be accomplished on or before October 1, 2005.

5.  DIANON's disclosure of affirmative and rebuttal experts and expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) will be accomplished on or before November 1, 2005.

6.  The Government's disclosure of rebuttal experts and expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) will be accomplished on or before December 1, 2005.

7.  All discovery will be completed by January 31, 2006.

8.   The parties request that they be allowed until February 28, 2006 to file dispositive motions, including *Daubert* motions.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter an Order setting forth the discovery schedule outlined herein.

                                **EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants
Dianon Systems, Inc. and Ethel Janega

By: _____
Mary A. Gambardella (ct #05386)
One Landmark Square, Suite 1800
Stamford, CT 06901-2601
(203) 348-3737

Kerry M. Parker
Michael D. Thompson
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900
kparker@ebglaw.com

DATED: Friday, April 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by via facsimile and Federal Express:

Bryan T. Carmody, Esq.  
Maya & Associates, P.C.  
266 Post Road East  
Westport, CT 06880

Richard Molot, Esq.  
U.S. Attorney's Office-NH  
157 Church St., 23rd floor  
PO Box 1824  
New Haven, CT 06510

_____

Dated: April 15, 2005