# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA | : : : : | Case No. 302 CV 1573 (MRK) |
| Plaintiffs, | : : | |
| -against- | : : : | |
| DIANON SYSTEMS, INC. and ETHEL JANEGA | : : : | May 6, 2005 |
| Defendants. | : : | |

## DEFENDANTS' CROSS-MOTION TO COMPEL PLAINTIFF'S APPEARANCE FOR DEPOSITION, FOR A PROTECTIVE ORDER, AND FOR AN AWARD OF FEES

Defendants Dianon Systems, Inc. and Ethel Janega (hereafter "defendants"), by their counsel, Epstein Becker & Green, P.C., respectfully cross-move, pursuant to Federal Rules of Civil Procedure 26(c), 37(a)(4) and 37(d), for (i) an Order compelling plaintiff to appear for his deposition pursuant to Fed.R.Civ.P. 37(d); (ii) a Protective Order pursuant to Fed.R.Civ.P. 26(c) precluding plaintiff from taking depositions prior to appearing for his own deposition; and (iii) an Order pursuant to Fed.R.Civ.P. 37(a)(4) and (d)awarding defendants the costs and fees incurred in responding to plaintiff's Motion and preparing of defendants' cross-motion.

Defendants have complied with the meet and confer obligations pursuant to FRCP 26 and the Local Rule 37 of this Court, but were unable to resolve these discovery issues.

NE:134642v1

For the reasons set forth in Defendants' Brief, Defendants' Motion For a Protective Order should be granted.  A Memorandum of Law and certification in accordance with Local Rule 37(a)(2) accompany this motion.

**DEFENDANTS, DIANON SYSTEMS, INC.
& ETHEL JANEGA**

By: _____

Mary Gambardella
Federal Bar # ct 05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, Connecticut  06901
(203) 348-3737
     and

Kerry M. Parker (ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey  07102
(973) 642-1900

Attorneys for Defendants

Dated:  May 5, 2005

- 2 -

## <u>CERTIFICATION</u>

The undersigned hereby certifies that a copy of the foregoing was sent via Federal Express, postage prepaid, this _6th_ day of May, 2005 to:

>
> Bryan T. Carmody, Esq.
> Maya & Associates, P. C.
> 183 Sherman Street
> Fairfield, CT 06430
>
>
> Richard Molot, Esq.
> U.S. Attorney General's Office
> District of Connecticut
> 157 Church Street
> New Haven, CT  06510

_____
Mary Gambardella

## UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | |
|---|---|
| ———————————————— : | |
| DR. JAMES J. TIESINGA *ex rel.*  : | |
| UNITED STATES GOVERNMENT,  : | Case No. 302 CV 1573 (MRK) |
| and DR. JAMES J. TIESINGA  : | |
|   : | |
| Plaintiffs,  : | |
|   : | |
| -against-  : | |
|   : | |
| DIANON SYSTEMS, INC. and  : | |
| ETHEL JANEGA  : | May 5, 2005 |
|   : | |
| Defendants.  : | |
| ———————————————— : | |

### CERTIFICATION OF KERRY M. PARKER IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO COMPEL PLAINTIFF'S APPEARANCE FOR DEPOSITION, FOR A PROTECTIVE ORDER, AND FOR AN AWARD OF FEES

Kerry M. Parker, Esq. certifies as follows:

1.     I am an attorney admitted pro hac vice to represent the defendants in this matter, and an associate with the law firm of Epstein Becker & Green, P.C., attorneys for defendants this matter.

2.     I am fully familiar with the facts stated in this Certification, which I submit in support of Defendants' Cross-Motion to Compel Plaintiff's Appearance for Deposition, for a Protective Order, and for an Award of Fees.

3.     On April 14, 2005, I sent an e-mail to plaintiff's counsel regarding proposed deposition dates, after counsel had orally indicated that he would need three to four weeks to make arrangements for plaintiff to appear in Connecticut for his deposition. (See

Exhibit A hereto.)   Plaintiff's counsel has never responded to the e-mail regarding proposed deposition dates.

     4.    That same day (April 14, 2005), plaintiff's counsel prepared his own deposition notices for several defense witnesses and mailed them that day, without responding to dates for plaintiff's deposition.

     5.    As noted in the pleadings filed by all parties in this case, Defendants have conferred with opposing counsel in accordance with their obligations pursuant to FRCP 26 and the Local Rule 37 of this Court, but were unable to resolve these discovery issues.


     I certify that the above statements made by me are true.  I acknowledge that if any of the above statements made by me are willfully false, I am subject to punishment.


KERRY M. PARKER


Dated: May 5, 2005

# **EXHIBIT A**

# Michael D. Thompson

**From:**     Kerry Parker [KParker@ebglaw.com]
**Sent:**     Thursday, April 14, 2005 12:08 PM
**To:**       Carmody, Bryan T.
**Subject:**  Tiesinga

Bryan:

As you have indicated, plaintiff needs about 3-4 weeks advance notice of his deposition
due to his employment and travel situation.  Also, as discussed, we intend to bring before
the court the issue of your refusal to produce the statement of material evidence and
possibly other documents as to which you have asserted a privilege.  On the assumption
that the privilege issue can be resolved by the court within the next 3-4 weeks, I would
like to take plaintiff's deposition on the employment claims only (including the FCA
retaliation claim) on either May 10, 11, 12 or 17.  Please confirm one of those dates.

Kerry M. Parker, Esq.
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, NJ 07102
E-mail:   kparker@ebglaw.com
Direct Dial:  973-639-8259
Facsimile:    973-642-0099

1

# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA | : : : | Case No. 302 CV 1573 (MRK) |
| Plaintiffs, | : : | |
| -against- | : : | |
| DIANON SYSTEMS, INC. and ETHEL JANEGA | : : | May 6, 2005 |
| Defendants. | : : | |

## DEFENDANTS' BRIEF IN RESPONSE TO PLAINTIFF'S MOTION TO AFFIRM SCHEDULING ORDER AND COMPEL APPEARANCES FOR DEPOSITION AND IN SUPPORT OF DEFENDANTS' CROSS-MOTION TO COMPEL PLAINTIFF'S APPEARANCE FOR DEPOSITION, FOR A PROTECTIVE ORDER, AND FOR AN AWARD OF FEES

EPSTEIN BECKER & GREEN, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900
Attorneys for Defendants, Dianon Systems,
Inc. and Ethel Janega

NE:132390v2

## PRELIMINARY STATEMENT

Defendants Dianon Systems, Inc. and Ethel Janega (hereafter "defendants"), by their counsel, Epstein Becker & Green, P.C., hereby oppose plaintiff James Tiesinga's Motion to Affirm Scheduling Order and Compel Appearances for Deposition ("plaintiff's Motion"), and request that the Court enter a discovery schedule in accordance with Defendants' Report of the Parties' Second Planning Meeting. Defendants further cross-move for (i) an Order compelling plaintiff to appear for his deposition pursuant to Fed.R.Civ.P. 37(d); (ii) a Protective Order pursuant to Fed.R.Civ.P. 26(c) precluding plaintiff from taking depositions prior to appearing for his own deposition; and (iii) an order awarding defendants the costs and fees incurred in responding to plaintiff's Motion and preparing of defendants' cross-motion.

Defendants note their reluctance to pursue the affirmative relief sought by their cross-motion, but further note that they are compelled to do so because of plaintiff's improper and unreasonable discovery tactics and conduct thus far. In short, defendants have been trying to obtain complete discovery responses and take plaintiff's deposition since December, 2004, but have been thwarted at every turn by plaintiff's dilatory and obstructionist tactics and maneuvering. Most recently, plaintiff's counsel has ignored our efforts to schedule plaintiff's deposition, while simultaneously insisting on closure of the discovery period and scheduling depositions of defense witnesses.

Furthermore, as discussed more fully below, plaintiff violated this Court's prior Order compelling him to provide discovery by February 4, 2005. Rather than seeking sanctions for plaintiff's prior violations (as was their right), defendants contacted plaintiff's counsel and were eventually able to obtain the outstanding documents more than one month

<u>after</u> the Court-ordered deadline (after having to postpone plaintiff's deposition). Despite these facts, plaintiff now has the temerity to contend that defendants are not moving quickly to take plaintiff's deposition, and that the Court should therefore refuse to extend the discovery period and compel defendants' witnesses to appear for deposition prior to the deposition of plaintiff himself.

Clearly, plaintiff's Motion is without merit and should be denied. Moreover, the discovery schedule in this case should be extended and the new discovery schedule should provide that expert witness discovery in the employment aspect of the case to be coordinated with the expert witness discovery on the False Claims Act claims (as described more fully in Defendants' Report of the Parties Second Planning Meeting). Finally, the Court should compel plaintiff to appear for his own deposition and should enter a protective order to prevent plaintiff from commencing depositions of other witnesses until plaintiff has been deposed.

I.    **PLAINTIFF AND HIS COUNSEL HAVE REPEATEDLY EVADED THEIR DISCOVERY OBLIGATIONS AND HAVE VIOLATED THIS COURT'S ORDER OF JANUARY 31, 2005.**

    A.    **Plaintiff Deliberately Obstructs Discovery, Forcing Defendants to Obtain a Court Order Compelling Discovery.**

Plaintiff omits several key facts in misrepresenting to the Court that the postponement of plaintiff's February 10, 2005 deposition was due to anything other than plaintiff's deliberate obstruction of discovery.

Defendants served interrogatories, document requests and authorizations for the release of various medical and personnel records on November 5, 2004. In December 2004, defendants noticed plaintiff's deposition to take place on January 6, 2005. Defendants thus expected to have full discovery responses well in advance of plaintiff's deposition (so that defendants' counsel could adequately prepare for the deposition). Plaintiff then represented himself to be unavailable on January 6, 2005, as a result of which the parties agreed to the date of February 10, 2005 for the deposition.

Plaintiff, however, failed to timely respond to the discovery. Indeed, plaintiff waited the full thirty-three days, then refused to respond to any of defendant's interrogatories (based on the assertion that said interrogatories were overly numerous and burdensome). As the Court is aware, defendants were compelled to bring the issue to the Court's attention in order to obtain discovery responses.

After Defendants obtained Court intervention, Plaintiff responded (in late January) by producing interrogatory responses that contained only his address, date of birth, current employer and the name of one company with which he previously sought

employment. Other than those four basic facts, by the end of January, 2005, plaintiff had provided no information and no documents.

Defendants conferred with plaintiff's counsel in an effort to obtain responses so that the deposition of plaintiff could proceed on February 10, but plaintiff was unwilling to produce the responsive information. Moreover (and notwithstanding counsel's use of plaintiff's medical condition as a basis for expediting discovery when it suits his purposes), plaintiff stated that, because he had not yet received a privilege log from defendants, he would not produce any documents whatsoever. Accordingly, Defendants were again forced to seek the intervention of the Court. After hearing argument on the issues, the Court compelled the plaintiff to provide authorizations for the release of medical and personnel records, as well as all other documents responsive to defendants' document requests, by February 4, 2005 (nearly sixty days after their original due date).

At the request of plaintiff's counsel, the Court reserved ruling (and ordered briefing) on one issue: the discovery of third-party witness statements. The briefs on this issue were to be submitted on February 9, 2005.

**B.    Plaintiff Ignores the Court's Order, but now Attempts to Congratulate Himself for Falsely Promising to do More than Required by that Order.**

In light of the fact that Defendants would not have all of the necessary discovery by February 7 due to plaintiff's failure to comply with his discovery obligations, defendants informed plaintiff's counsel that they would have to adjourn plaintiff's deposition from February 10, 2005.

On or about February 1, 2005, plaintiff's counsel called defense counsel and promised to produce all the necessary documents (including the medical records and personnel file themselves, rather than simply authorizations to obtain those documents) in advance of the Court's deadline, and before the plaintiff's scheduled deposition.  In a phone call two hours later (which plaintiff now refers to as "belated"), defendants' counsel inquired as to whether plaintiff's counsel intended to produce the third-party witness statements.  Plaintiff's counsel would not do so, and thus the deposition did not go forward.

Subsequently (and despite his assertions that he was prepared to produce the responsive documents in advance of the Court-ordered deadline), **plaintiff did not provide any documents by the Court-ordered deadline of February 4, 2005.**  Indeed, defendants received <u>nothing</u> until February 14, 2005 (at which time they received documents in an envelope postmarked February 7, 2005).

Moreover, plaintiff's production on February 14 not only violated the Court-ordered deadline, but indeed was far from the complete production required by the Court's Order.  **Indeed, plaintiff produced no tax returns whatsoever.  Furthermore, even though he well knew that defendants sought authorizations from <u>all</u> of plaintiff's treating physicians, plaintiff did not provide authorizations for several medical providers, and did not otherwise identify those providers.**[1]  Only through defendants' careful analysis of the documents in their possession did they even become aware of the identities of the medical providers that plaintiff did not disclose.

---

1 The unidentified providers include Dr. Sidney Phillips and Bridgeport Hospital.

Rather than seeking sanctions (as was their right given plaintiff's violation of the Court's Order), defendants' counsel again contacted plaintiff's counsel in an attempt to resolve these issues. Plaintiff eventually complied with the Court's Order by providing the outstanding documents – but did not do so until March 9, 2005.

In the interim, plaintiff served the unsealed complaint and filed an amended complaint on February 2, 2005. Shortly thereafter, the parties began to engage in discussions regarding the discovery process and the manner in which the case would be tried. Defendants, of course, needed discovery with respect to the False Claims Act retaliation claim (the previously-sealed Count 16 of the Amended Complaint) before proceeding with plaintiff's one-day deposition on all employment claims.[2]

Plaintiff agreed to expedite his responses to the discovery requests relating to the retaliation claim, and did so. The responses, however, included attorney-client and other privilege objections and the production, months late and after several requests, of a privilege log. As defendants indicated to plaintiff, they would need to resolve issues relating to the privilege log before proceeding with the plaintiff's deposition.

Defendants have attempted to cooperate with plaintiff (and accommodate his schedule in Texas) in the scheduling of plaintiff's deposition. On April 14, 2005, defendants' counsel wrote by e-mail to plaintiff's counsel regarding proposed deposition dates (after counsel had orally indicated that he would need three to four weeks to make arrangements for plaintiff to appear in Connecticut for his deposition). (See Certification of Kerry M. Parker, Esq., Exhibit A.) Plaintiff's counsel has never responded to this e-

---

[2] Defendants timely answered plaintiff's Amended Complaint on March 21, 2005, and served discovery requests on March 29, 2005 directed to Count 16. Nevertheless, plaintiff now makes the preposterous assertion that defendants' counsel should have served their discovery requests earlier.

mail regarding proposed deposition dates. However, later that same day on April 14, 2005, plaintiff's counsel prepared his own deposition notices for several defense witnesses and mailed them that day, without responding to dates for plaintiff's deposition. (See plaintiff's Motion, Exhibits A-D). Notably, the date contained in plaintiff's notice of deposition of Dr. James Amberson (May 11) was earlier communicated to plaintiff's counsel as a proposed date for plaintiff's deposition. (See plaintiff's Motion, Exhibit C.) Moreover, plaintiff has now subpoenaed a former employee of Dianon for deposition.

## II.    IN LIGHT OF HISTORY OF THIS CASE, THE DISCOVERY SCHEDULE SHOULD BE EXTENDED AND PLAINTIFF SHOULD BE COMPELLED TO APPEAR FOR HIS DEPOSITION.

In sum, Plaintiff and his counsel have obstructed discovery in this case and, indeed, have gone to great lengths to force defendants either to proceed without the necessary discovery, or to allow plaintiff to conduct his own depositions while defendants are paralyzed by the need to seek repeated Court intervention.

Plaintiff has taken unsupportable discovery positions and has refused to produce discovery, all the while knowing that those actions would necessitate further adjournments of plaintiff's deposition. Simultaneously, he now seeks to depose defendants' witnesses. This clear gamesmanship by plaintiff and his counsel – trying to portray themselves to the Court as wishing to move the case along rapidly, while flouting plaintiff's discovery obligations and withholding information from defendants - should not be countenanced. See Outley v. City of New York, 837 F.2d 587, 590 (2nd Cir. 1988) ("The rules of discovery were not designed to encourage procedural gamesmanship...."); Roch v. Mormac Marine Transport, Inc., 1995 WL 479426 (S.D.N.Y., Aug 11, 1995)

(same).  Accordingly, the discovery period should be extended and plaintiff should be compelled to appear for his deposition.

Moreover, the new discovery schedule should provide that expert witness discovery on the employment claims be coordinated with expert witness discovery on the False Claims Act claims.  As noted in defendants' Report of Parties' Second Planning Meeting, defendants may be required to retain an expert witness to explain why its allegedly unlawful practices were, in fact, both lawful and necessary.  Defendants should not be required to produce more than one expert on this issue, nor should they be required to produce the same expert twice.  See S.E.C. v. Treadway, 2005 WL 713826 (S.D.N.Y. Mar 30, 2005) (criminal and civil cases) quoting Securities and Exchange Commission v. Downe, 1993 WL 22126 at *12 (S.D.N.Y. January 26, 1993) ("[A] stay of discovery is often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, [an action] which parallels the subject matter of the civil action."). Furthermore, this expert will be unable to provide such an opinion until (i) fact discovery is complete as to the False Claims Act claim, and (ii) the Government produces its expert report in support of its opinion that DIANON's conduct was illegal.[3]   Given that "[j]udicial discretion and procedural flexibility should be utilized to prevent the rules and policies applicable to one suit from doing violence to those pertaining to another", it is clear that the discovery schedule in this matter should provide for coordinated expert witness discovery. Id. quoting Board of Governors of the Federal Reserve System v. Pharaon, 140 F.R.D. 634, 639 (S.D.N.Y.1991).

---

[3] The Scheduling Order of May 3, 2005 provides that the Government must serve its expert reports by October 1, 2005.

### III.   THE COURT SHOULD ISSUE A PROTECTIVE ORDER PRECLUDING PLAINTIFF FROM TAKING DEPOSITIONS BEFORE APPEARING FOR HIS OWN DEPOSITION.

As noted above, several weeks ago counsel for the parties had discussions regarding discovery, including the scheduling and order of depositions. During that time (specifically, on April 14, 2005), defendants proposed specific dates in May for plaintiff's deposition.  (See Parker Certification, Exhibit A.)  Despite the fact that defendants have been seeking plaintiff's deposition since December, 2004, plaintiff's counsel has never responded to this request.  Nevertheless, plaintiff's counsel thereafter issued several deposition notices for Dianon employees, and has subpoenaed a former Dianon employee for deposition.  Thus, plaintiff, by failing to timely and properly respond to document requests, and then deliberately not responding to good faith efforts to schedule his deposition, while simultaneously purporting to schedule other depositions, has made his discovery strategy quite clear.  Having attempted to create the circumstances that would allow him to depose defense witnesses before submitting himself to deposition, plaintiff now claims there is no such thing as discovery "priority" under the federal rules.  Plaintiff's brief at 5.  The rules and the courts, however, do not allow for such manipulative discovery tactics.    Accordingly, defendants seek a protective order compelling plaintiff to appear for his own deposition prior to taking the depositions of other witnesses.

The Federal Rules of Civil Procedure specifically provide that a District Court may issue a protective order relating to the timing and terms under which discovery may be conducted:

> Upon motion by a party or by the person from whom discovery is sought, ... and for good cause shown, the court

> in which the action is pending ... may make any order
> which justice requires to protect a party or person from
> annoyance, embarrassment, oppression, or undue burden or
> expense, including ... that the disclosure or discovery not be
> had ... [or] that the disclosure or discovery may be had only
> on specified terms and conditions, including a designation
> of the time or place ....

Fed.R.Civ.P. 26(c).[4]   Moreover, a "protective order appropriately issues to

prevent 'injury, harassment or abuse of the court's processes.'"   H. Lewis

Packaging, LLC v. Spectrum Plastics, Inc., 2003 WL 22305148 (D.Conn. August

10, 2003) quoting Bridge C.A.T. Scan Assocs. v. Technicare Corp., 710 F.2d 940,

944-45 (2d Cir. 1983).   Accordingly, a trial court is given broad discretion

regarding whether to issue a protective order. Dove v. Atl. Capital Corp., 963

F.2d 15, 19 (2d Cir. 1992) (grant and nature of protection is singularly within the

district court's discretion).

As set forth above, plaintiff has abused the discovery process in an effort

to force defendants either to take plaintiff's deposition without the necessary

information, or to allow plaintiff to conduct his own depositions while defendants

are repeatedly seek Court intervention.  Moreover, absent the entry of a protective

order making it clear that plaintiff will be unable to achieve this goal, there is

simply no reason to believe that plaintiff will change his tactics and conduct

discovery in good faith.  Accordingly, defendants respectfully request that this

Court issue a protective order precluding plaintiff from taking depositions before

appearing for his own deposition.

---

[4] Defendants note that, as stated in the pleadings filed by all of the parties in this case, defendants have conferred with plaintiff's counsel in a good faith attempt to resolve this dispute.  Indeed, the parties conducted several conference calls and, while defendants were able to reach substantial agreement with the United States Government, defendants' counsel and plaintiff's counsel were unable to resolve this dispute.

## IV.    IN LIGHT OF PLAINTIFF'S CONDUCT, DEFENDANTS ARE ENTITLED TO RECOVER THE ATTORNEYS' FEES INCURRED IN RESPONDING TO PLAINTIFF'S MOTION AND PREPARING THEIR CROSS-MOTION.

In an effort to conduct this litigation in a cooperative fashion, defendants have, among other things, attempted to seek agreement on plaintiff's deposition date, and have previously refrained from seeking to recover the fees and costs incurred as a result of plaintiff's continued obstruction of discovery. Indeed, defendants have consistently attempted to work out solutions to plaintiff's prior refusals to provide discovery. Most recently, defendants postponed plaintiff's deposition while entreating plaintiff's counsel to comply with this Court's Order (rather than moving for sanctions based on his breach). Plaintiff has again responded disingenuously, pointing to the postponement of plaintiff's deposition as evidence of delay on the part of defendants while omitting the critical facts relating to his own conduct. Thus, it has become clear that plaintiff will not conduct this litigation in good faith unless he is forced to do so.

Local Rule 16(g) provides that "[i]It shall be the duty of counsel to promote the just, speedy and inexpensive determination of every action. The Court may impose sanctions directly against counsel who disobey an order of the Court or intentionally obstruct the effective and efficient administration of justice."[5]   Ct. L.Civ.R. 16(g). Furthermore, in <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46, the United States Supreme Court explained that a federal court may exercise its inherent power to award

---

[5] Similarly, Local Rule 16(f) states that, for failure to comply any of the Court's discovery orders, "the Court in its discretion may impose such sanctions as are authorized by law, including … an order with respect to the imposition on the party or, where appropriate, on counsel personally, of costs and counsel fees, or such other order with respect to the continued prosecution or defense of the action as is just and proper."

attorney's fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." (internal citations omitted).  Awarding attorney's fees as a sanction for bad faith conduct "reaches a court's inherent power to police itself, thus serving the dual purpose of vindicating judicial authority without resort to the more drastic sanctions available for contempt of court and making the prevailing party whole for expenses caused by his opponent's obstinacy." Id. at 46 (internal quotation marks omitted).  Thus, this Court has ample authority to issue an award of attorneys' fees against plaintiff.

As set forth above, plaintiff's conduct throughout the discovery period satisfies the standards of Local Rule 16(g) and Chambers.  While defendants desire nothing more than to move forward with this litigation, it has become apparent that it will be impossible to do so unless some penalty is imposed on plaintiff's continued discovery rule breaches.  Thus, to prevent the conduct of plaintiff and his counsel from repeating itself in the future, defendants request that this Court order plaintiff to pay the costs and fees incurred in responding to plaintiff's Motion.

## CONCLUSION

In light of the foregoing, Defendants respectfully request that (i) the discovery period be extended as set forth in Defendants' Report of the Parties Second Planning Meeting, (ii) that plaintiff be compelled to appear for his deposition, (iii) that the Court issue a Protective Order precluding plaintiff from taking depositions before appearing for his own deposition and (iv) that plaintiff be ordered to pay the costs and fees incurred by defendants in responding to plaintiff's Motion.

**DEFENDANTS, DIANON SYSTEMS, INC.**
**& ETHEL JANEGA**

By: _____
Mary Gambardella
Federal Bar # ct 05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, Connecticut 06901
(203) 348-3737
                and

Kerry M. Parker (ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102
(973) 642-1900

Attorneys for Defendants

Dated: May 5, 2005

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via Federal

Express, postage prepaid, this 6th day of May, 2005 to:

> Bryan T. Carmody, Esq.
> Maya & Associates, P. C.
> 183 Sherman Street
> Fairfield, CT 06430

> Richard Molot, Esq.
> U.S. Attorney General's Office
> District of Connecticut
> 157 Church Street
> New Haven, CT  06510

Mary Gambardella