UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DR. JAMES J. TIESINGA : | |
| : | Case No. 3:02 CV 1573 (MRK) |
| Plaintiff : | |
| : | |
| *versus* : | |
| : | May 26, 2005 |
| DIANON SYSTEMS, INC. and : | |
| ETHEL JANEGA : | |
| : | |
| Defendants : | |
| : | |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO MODIFY DISCOVERY SCHEDULUING ORDER**

As the Plaintiff in the above-captioned case, Dr. James J. Tiesinga (the "Plaintiff" or "Dr. Tiesinga"), by and through his attorneys, respectfully submits this Memorandum of Law in support of his Motion to Modify the Discovery Scheduling Order.

**BACKGROUND**

On December 7, 2004, Your Honor entered the current Discovery Scheduling Order in which the Court set May 31, 2005 as the close of discovery. Today, whereas paper discovery is largely complete, the deposition phase of the action is just underway.

In April of this year, the parties agreed the claims of the employment case should be severed from the claims of the *qui tam* case. However, the parties were not able to agree on the scheduling of discovery matters. Despite the fact the Defendants agreed to severance of the claims, the Defendants were not open to severance of discovery. Instead, on or about April 15, 2005, the Defendants filed a document entitled "Report of

1

Parties' Second Planning Meeting" in which the Defendants argued "[c]oordinated discovery is appropriate in this matter." *See* page 2.

On May 2, 2005, Your Honor issued an Order in which the Court effected the official severance of the employment claims from the *qui tam* claims. In that same Order, the Court also ruled the two cases "will proceed … with separate discovery schedules …"

Just a few days later, in a Cross-Motion dated May 6, 2005, the Defendants urged Your Honor, yet again, to consolidate discovery, albeit (ostensibly) of only one, particular matter.[1] Specifically, the Defendants requested discovery of the employment case be consolidated with discovery of the *qui tam* case for purposes of expert witnesses. *See* Brief in Support of the Cross-Motion, page 8.

Last Monday, May 23, 2005, Your Honor held a conference by telephone with counsel for the Plaintiff and counsel for the Defendants. The Court discussed a variety of matters, including the question of consolidated discovery of the expert witnesses. Your Honor directed the Plaintiff to supply his position to that question (and other, attendant scheduling matters) by Friday, May 27, 2005.

## ARGUMENT

1.  ***To Enable Each Side to Complete Discovery, the Plaintiff Has No Objection to a Reasonable Extension to the Discovery Schedule, But the Court Should Not Revisit Its Determination to Separate Discovery***

As noted above, the majority of depositions are yet to occur in the employment case. The Plaintiff estimates up to ten (10) depositions may be required (many of short duration). For their part, the Defendants advise they must still depose the Plaintiff,

2

together with his psychiatrists. Accordingly, so that each party can complete discovery, the Plaintiff requests the Court extend the close of discovery up to and including July 29, 2005, but, respectfully, no farther.

Whereas each party should enjoy a fair opportunity to conclude discovery, the Court should not "coordinate" discovery of expert witnesses in the employment case with discovery of expert witnesses in the *qui tam* case, as requested by the Defendants. *See* Report of Parties' Second Planning Meeting, page 2; Brief in Support of Cross-Motion, page 8. Just recently, Your Honor decided the employment case and the *qui tam* case will be governed by "separate discovery schedules." *See* Order dated May 2, 2005[2]. Therefore, if the Defendants intend to use an expert witness, he / she should be disclosed in the relatively near future, say no later than June 17, 2005.

Contrary to the position of the Defendants, the expert should be able to perform his / her role before completion of discovery in the *qui tam* case. *See* Brief Support of Cross-Motion, page 8. By now, the Defendants are fully aware of the *qui tam* allegations, captured with particularity in the Complaint filed by the United States last March, not to mention the Amended Complaint filed by the Plaintiff early last February. At the very latest, the Defendants will be able to designate an expert shortly after the deposition of the Plaintiff, who can elaborate on the allegations upon the strength of his

---

[1] The Cross-Motion was filed in response to a Motion filed by the Plaintiff to affirm the current Scheduling Order and compel certain appearances for deposition. The Court never ruled upon that Motion, which, by this time, would appear to be moot in any event.
[2] Notably, although the Cross-Motion requests, effectively, the Court reconsider its ruling of May 2, 2005 to separate discovery, the Motion is not brought pursuant to Local Rule 7(c). For this reason alone, the Court should reject the request.

3

medical education.  Simply put, the Defendants are on notice of the allegations, and therefore able to hire an expert to contest the allegations.

Furthermore, if the Court adopts the delay-oriented approach of the Defendants, discovery of the employment case will not be completed until nearly the end of the year, insofar as the Defendants submit they will not be able to designate their expert until the United States supplies a report from its expert.  *See* Brief in Support of Cross-Motion, page 8.  Under the Discovery Scheduling Order recently entered by the Court for the *qui tam* case, October 1, 2005 is the deadline for the United States to designate its experts, with November 1, 2005 as the deadline for the Defendants to designate their experts.  If the Court used November 1, 2005 as a consolidated point for expert witness discovery, the Plaintiff would, of course, require additional time, *e.g.*, another month, to conduct discovery relative to that expert, *e.g.*, conduct his / her deposition.  Thus, under the theory presented by the Defendants, discovery in the employment case would not close until December of this year, roughly seven *(7)* months down the road.  Not only would this greatly undercut the prior decision of Your Honor to sever the cases, extreme prejudice would be foisted upon the Plaintiff, who has litigated this case, already, for over two and half years with a serious health condition.

Aside from these logistical matters, a genuine question can be raised as to whether the Defendants correctly divine the role of their expert medical witness in the employment case.  In their Cross-Motion, the Defendants indicate the expert will be used to "explain why its [sic] allegedly unlawful practices were, in fact, both lawful and necessary."  *See* Brief in Support of Cross-Motion, page 8.  But that question, while at the heart of the *qui tam* case, has no materiality in the employment case.  True, the Plaintiff

4

alleges he was punished after he complained to DIANON about the performance of unnecessary, and therefore unlawful, medical tests. *See* Amended Complaint, Count 16. However, the Plaintiff carries no obligation to establish the factual question of whether the Company performed unnecessary tests; rather, he must prove only that he complained about such tests, or in the legal parlance, engaged in "protected activity." *See e.g.*, Faldetta v. Lockheed Martin Corp., 2000 U.S. Dist. LEXIS 16216, at * 38-39 (S.D.N.Y.). Thus, the expert witness for which the Defendants so carefully reserve a role, may be of reduced relevance, or even no relevance, ultimately, and the Plaintiff reserves, respectfully, the right to request preclusion of such an expert (in whole or in part) under the *Daubert* line of cases.[3]

In sum, the Plaintiff recognizes the need to extend the discovery schedule, but the decision to separate discovery should be left undisturbed and the Defendants instructed to designate their expert in the relatively near future.

2. ***All Other Items of Discovery Should be Reset Consistent With the Time Frames Used by the Court in the Current Scheduling Order***

The current Scheduling Order requires discovery of expert witnesses to be completed by the close of discovery, *i.e.*, May 31, 2005. If the Defendants designate any expert they retain by the date requested above, *i.e.*, June 17, 2005, (and even supply the expert report shortly thereafter), the Plaintiff shall complete discovery with regard to that expert, *e.g.*, deposition, by the requested close to discovery, *i.e.*, July 29, 2005.[4]

As for dispositive motions, inclusive of *Daubert* motions, the Plaintiff requests the Court apply the approach of the current Scheduling Order, which called for such

---

[3] Of course, at the request of Your Honor, the Plaintiff would by happy to brief the question earlier.

motions to be filed one month after the conclusion of discovery. Thus, if the Court is to close discovery by July 29, 2005, the Plaintiff requests any dispositive motion be filed by August 31, 2005.

If no dispositive motion is brought by either party, the Plaintiff requests September 15, 2005 serve as the deadline for the Trial Memorandum. In the event a dispositive motion is filed, the Plaintiff requests the Trial Memorandum be due within thirty (30) days of Your Honor ruling on the motion.

Lastly, if neither party files a dispositive motion, the Plaintiff requests the case be considered trial ready by September 15, 2005. If, on the other hand, either party files a dispositive motion, the Plaintiff requests the case be considered trial ready at the time the Trial Memorandum is filed by the parties.[5]

---

[4] The Plaintiff has not designated an expert witness, and based upon information uncovered thus far in discovery, does not intend to designate an expert witness.
[5] The Plaintiff naturally defers to Your Honor as to the dates of any status conferences desired by the Court.

## **CONCLUSION**

For all the reasons set forth above, the Plaintiff respectfully urges the Court to modify the present Discovery Scheduling Order as requested above, and as set forth in the Motion.

Respectfully submitted,

Plaintiff

_____

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880
(203) 221-3100
(203) 221-3199 (facsimile)
bcarmody@mayalaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this _____ day of May 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by Federal Express:

Kerry M. Parker, Esq.
Epstein Becker & Green, P.C.
*Attorneys for Defendants*
Two Gateway Center, 12th Floor
Newark, NJ 07102

Richard Molot, Esq.
U.S. Attorney General's Office
*Attorneys for United States*
District of Connecticut
157 Church Street
New Haven, CT 06510

Robert Salcido, Esq.
Akin Gump Strauss Hauer & Field, LLP
*Attorneys for Defendants*
Robert Strauss Building
1333 New Hampshire Ave, NW
Washington, D.C. 20036

_____

Bryan T. Carmody (ct 22514)
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880
(203) 221-3100
(203) 221-3199 (facsimile)
bcarmody@mayalaw.com