UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DR. JAMES J. TIESINGA | : | Case No. 302 CV 1573 (MRK) |
| Plaintiffs, | : | |
| -v- | : | |
| DIANON SYSTEMS, INC. and ETHEL JANEGA | : | June 3, 2005 |
| Defendants. | : | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## MOTION TO MODIFY SCHEDULING ORDER

Defendants Dianon Systems, Inc. and Ethel Janega (hereafter "Defendants"), by their counsel, Epstein Becker & Green, P.C., hereby respond to Plaintiff James J. Tiesinga's Motion to Modify Scheduling Order ("Plaintiff's Motion"). In his Motion, Plaintiff proposes a discovery schedule that is predicated on flawed premises.

With respect to fact discovery, Plaintiff contends that Defendants will take only the depositions of Plaintiff and his psychiatrists. In fact, Defendants expect to take approximately ten (10) depositions. Furthermore, Plaintiff's proposed schedule ignores the fact any discovery schedule must provide time for an independent medical examination of Plaintiff.

As to expert witness discovery, Plaintiff contends that Defendants can proffer an expert witness whose opinion will be based solely on the allegations in the Complaint filed by the United States. In fact, Defendants' expert will need to review the evidence (which has not yet been produced) that allegedly supports those allegations.

NE:142481v1

Notably, Plaintiff's Motion to <u>Modify</u> Scheduling Order was filed only six weeks after Plaintiff filed his Motion to <u>Affirm</u> Scheduling Order seeking a very different discovery schedule. In these motions, Plaintiff argues that the employment aspects of this case must be pursued quickly and in complete isolation from the substantive False Claims Act claim – despite the fact that Plaintiff chose to file these causes of action in one lawsuit, thereby delaying the commencement of discovery for two years. Defendants respectfully suggest that it is this plaintiff's own approach that has resulted in the employment case having been essentially dormant until November, 2004, when issue was joined.[1]

In the interests of allowing for complete discovery and avoiding the need to burden this Court with probable motion(s) to extend discovery to allows its completion, Defendants request that the Court adopt the discovery schedule set forth in Defendants' Report of the Parties Second Planning Meeting.

---

[1] Defendants note that Plaintiff contends he has "litigated this case, already, for two and half years [sic]." (Plaintiff's Motion, p. 4.) This assertion is flatly incorrect. Plaintiff filed this suit two-and-one-half years ago but, by joining his employment claims with his False Claims Act claims, precluded the case from being litigated until late last year. Thus, Plaintiff cannot now complain about that he is somehow harmed by an additional two months of discovery.

## PROCEDURAL HISTORY

The instant lawsuit was commenced the on or about September 6, 2002. Because Plaintiff chose to file a False Claims Act ("FCA") claim as part of the same lawsuit as his employment claims, the entire Complaint was maintained under full seal for two years and Defendants were precluded from taking any discovery. During that period, however, the Government took voluminous discovery from DIANON and Plaintiff's counsel took written statements from a variety of witnesses. The "employment" claims (with the exception of the FCA retaliation claim) were unsealed in 2004, and defendant filed their answer to those claims on November 8, 2004.

On or about January 3, 2005, Plaintiff moved to file an Amended Complaint. That Amended Complaint set forth the False Claims Act claim asserted on behalf of the United States against DIANON, and the False Claims Act retaliation claim asserted by Plaintiff against DIANON (both of which had previously been under seal). Indeed, the Amended Complaint was the first pleading served upon DIANON that set forth the claims arising from the False Claims Act.

In a telephone conference on January 28, 2005, the Court granted Plaintiff's motion to file an Amended Complaint. On that very same conference call, Defendants raised their concerns regarding the manner in which discovery in the employment aspects of this case would intersect with discovery on the False Claims Act claims. Accordingly, the Court ordered the parties to confer on this issue and submit their positions to the Court. Defendants filed their answer to the Amended Complaint on March 21, 2005.

- 4 -

After the parties had conferred, Defendants submitted their Report of the Parties' Second Planning Meeting (attached as Exhibit A), which simply set forth the discovery schedule that Defendants believed to be appropriate. Plaintiff chose to engage in a more lengthy and burdensome motion practice, bringing his Motion to Affirm Scheduling Order and, six weeks later, bringing his Motion to Modify Scheduling Order (to which Defendants now reply). It is important to note that, because of the nature of the claims brought and the manner of pleading, which led to several conferences among counsel, discovery (or at least deposition discovery) was unable to proceed, as there were questions as to whether several key witnesses would be deposed once or twice in the action.

## THE COURT SHOULD ADOPT THE DISCOVERY SCHEDULE PROPOSED BY DEFENDANTS.

### A. The Fact Discovery Period Should Provide Sufficient Time to Take At Least Twenty Depositions and Conduct an Independent Medical Examination of Plaintiff.

Plaintiff attempts to support his assertion that fact discovery can be completed by July 29, 2005 by stating that Defendants have "advised" that they only plan to take the depositions of Plaintiff and his psychiatrists. However, Defendants have never purported to provide Plaintiff with a comprehensive list of deponents, nor have they been called upon to do so. In fact, Defendants expect to take approximately ten (10) depositions (several of which will require travel to other states). Given that these depositions will not begin until June 14, 2005, it will be virtually impossible to complete nearly twenty depositions July 29, 2005. This is particularly so given that the parties will attempt to schedule depositions, many of which involve third party witnesses, during the height of the summer vacation season, when scheduling is routinely more difficult even with full cooperation of the parties and witnesses.

Furthermore, Plaintiff's proposed discovery schedule overlooks the fact that Defendant has repeatedly asserted that it seeks an independent medical examination of the plaintiff by a qualified psychiatrist. In counsel's experience, qualified psychiatrists typically require that plaintiff's deposition testimony be provided in advance of an examination to allow the examiner to understand the matter and to aid in the examination. Defendants expect that an examination and report, if one is prepared, can be completed by September 30, 2005. Given that Plaintiff has repeatedly stated he has limited availability and needs several weeks' advance notice to travel from Texas, the time

required for this process must be considered in establishing a discovery schedule. Accordingly, defendants submit that fact discovery in this case should conclude on September 30, 2005.

### B. Expert Witness Discovery Must Allow for Some Discovery Regarding the Substantive False Claims Act Claim.

Plaintiff contends that Defendants' should, by June 17, 2005, be able to identify an expert witness to respond to the allegations that their flow cytometry practices were unlawful despite the fact that no discovery has taken place on that issue. Plaintiff contends that Defendants have "notice" of the allegations regarding the allegedly unlawful practices, and such notice is all that is required to form an expert opinion.

By proposing a deadline of June 17, 2005, plaintiff seeks to effectively prevent defendants from introducing expert testimony. Clearly, no qualified expert could legitimately render an opinion based upon the bare allegations of a complaint. Rather, an expert witness must examine the evidence supporting (or refuting) the allegations in the Complaint in order to arrive at a proper expert opinion. No such evidence has been produced,[2] and thus it would be impossible for an expert to render a proper opinion.

In light of the foregoing, and for the reasons set forth in defendants' Report of Parties Second Planning Meeting dated May 2, 2005, Defendants respectfully request that expert witness discovery close on November 30, 2005.

---

[2] As this Court is aware, Plaintiff agreed to produce several documents identified in his Privilege Log that relate to the False Claims Act claims. However, defendants have not yet received these documents.

## **CONCLUSION**

For the reasons set forth above, Defendants respectfully request that the Court enter an Order setting forth the discovery schedule outlined herein.

        **EPSTEIN BECKER & GREEN, P.C.**
        Attorneys for Defendants
        Dianon Systems, Inc. and Ethel Janega


        By:_____
        Mary A. Gambardella (ct #05386)
        One Landmark Square, Suite 1800
        Stamford, CT  06901-2601
        (203) 348-3737

        Kerry M. Parker
        Michael D. Thompson
        Epstein Becker & Green, P.C.
        Two Gateway Center, 12th Floor
        Newark, New Jersey  07102
        (973) 642-1900
        kparker@ebglaw.com


DATED:  Friday, June 03, 2005

- 8 -

CERTIFICATE OF SERVICE

  I hereby certify that on this 3rd day of June 2005, I caused a true and correct copy of the foregoing to be served upon the following counsel of record by via facsimile and Federal Express:

| | |
|---|---|
| Bryan T. Carmody, Esq. | Richard Molot, Esq. |
| Maya & Associates, P.C. | U.S. Attorney's Office-NH |
| 266 Post Road East | 157 Church St., 23rd floor |
| Westport, CT 06880 | PO Box 1824 |
| | New Haven, CT 06510 |

                    _____

Dated: June 3, 2005