UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| *ex rel.* DR. JAMES J. TIESINGA, | : | No. 3:02CV1573(MRK) |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | June 20, 2005 |
| | : | |
| DIANON SYSTEMS, INC., | : | |
| | : | |
| | : | |
| Defendant. | : | |

**THE UNITED STATES' SUPPLEMENTARY
REPORT REGARDING THE CONTINUED SEALING OF
CERTAIN PRE-INTERVENTION PLEADINGS**

The United States respectfully submits this supplementary report pursuant to the Court's

December 21, 2004 Order.  In that Order, the Court granted the Government's request that a

discrete number of pre-intervention pleadings remain under seal to protect the confidentiality of

the Government's pre-intervention investigation.  The Court ordered the Government to file a

supplementary report by June 20, 2005 stating whether and why in the Government's view it

remains necessary to continue the seal on these particular documents.

As more fully set forth below, the documents in question should remain under seal

because this matter is being actively litigated by the United States and defendant Dianon

Systems, Inc. ("Dianon"), and because the documents in question contain a substantive

discussion of the United States' pre-intervention investigation and work-product.

**ORAL ARGUMENT IS NOT REQUESTED**

**Background**

When this *qui tam* action was initially filed, the Court placed the relator's complaint and all subsequent filings under seal. *See* 31 U.S.C. §§ 3730(b)(2), (3). On November 5, 2004, the United States intervened in this action. In its Notice of Election to Intervene, the United States requested that the Complaint and Notice of Election be unsealed, but that all other contents of the Court's file remain under seal. The Court granted that request as an initial matter, but ordered the United States to file a statement with the Court indicating what, if any, filings should remain under seal and why.

On December 15, 2004, the United States filed a Statement Regarding Unsealing of the Court File, which requested that the Court only maintain the seal on the memoranda in support of the United States' motions for extensions of the seal period (Document Numbers 11, 14, 18, and 23). The United States also requested an opportunity to review the documents listed as numbers 28-30 on the docket because they were described only as "sealed document[s]." The United States indicated that it did not object to the unsealing of all other documents filed in this matter.

On December 21, 2004, the Court entered an order granting the United States' request to continue holding Document Numbers 11, 14, 18, and 23 under seal, subject to the United States submitting a supplementary report on or before June 20, 2005. The Court unsealed all other documents, with the exception of Document Numbers 28, 29 and 30. The Court directed the Government to inspect Document Numbers 28, 29, and 30, and to file a supplemental statement regarding those documents.

The December 21 Order also directed the Government to file a redacted statement eliminating the few portions of its December 15 Statement that revealed confidential information

regarding the documents in question.  On January 6, 2005, the Government filed its Redacted

Statement Regarding Unsealing of the Court File.

On January 19, 2005, the Government filed its supplemental statement related to

Document Numbers 28-30.  The Government indicated that it had no objection to unsealing

Document Numbers 28 and 29.  However, because Document Number 30 contained a discussion

of the Government's investigative strategy and its counsel's assessment of the importance of

particular evidence, the Government requested that the Court retain the seal on Document

Number 30, as it did for Document Numbers 11, 14, 18, and 23 .

On January 27, 2005, after reviewing the Government's supplemental statement, the

Court ordered that Document Number 30 remain sealed pursuant to the same terms as Document

Numbers 11, 14, 18, and 23.  All other documents in this matter have been unsealed by the

Court.

## Argument

### THE COURT SHOULD MAINTAIN THE
### SEAL ON THE DOCUMENTS IN QUESTION

In the interests of brevity, the Government will not repeat the arguments and case law set

forth in its prior briefs on this issue, but instead respectfully refers the Court to the United States'

Redacted Statement Regarding Unsealing of the Court File, dated January 6, 2005, and the

United States' Supplemental Statement Regarding Unsealing of the Court File, dated January 19,

2005.

It is clear that the balancing test that the Court applied in its December 21 Order still

favors keeping the few documents in question under seal.  *See* December 21, 2004 Order, at 2

("For the moment, the Court is satisfied that the foregoing pre-intervention pleadings contain information that, on balance, should remain under seal at this time so as to protect and preserve the confidentiality of the Government's investigations.") (*citing O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995)) (applying balancing test to determine whether to unseal pleadings in False Claims Act proceeding).  In fact, there are even stronger reasons to keep the documents under seal then there were six months ago.  First, the Government has since filed its complaint in this action and defendant has filed a motion to dismiss.  Thus, the parties are now in active litigation.  It would be harmful to the Government to have to disclose its work-product and investigative strategy to defendant while the case is being actively litigated.[1]

Second, as the Court pointed out in its December 21 Order, "the public's interest in the contents of these particular documents would appear to this Court to be low."  December 21, 2004 Order, at 2.  Since the December 21 Order, the United States' complaint and all other related pleadings have been publicly filed.  Moreover, all pre-intervention documents, with the exception of the five documents in question, are now also part of the public file and docket sheet.  Accordingly, information about this case is available to the public.

Finally, there appears to be no substantial need for the defendant to have access to the documents in question.  It has been six months since the Court issued its December 21 Order, and defendant has filed its motion to dismiss without ever requesting that the Court unseal the documents.  *See O'Keefe,* 902 F. Supp. at 192 (balancing harm to government with purported need of defendant and concluding that documents which provided some details regarding the

---

[1] Most of the cases in which a court has unsealed the Government's pre-intervention memoranda were cases in which the United States had decided not to intervene or where the case had already been settled.  *See* United States Redacted Statement at 7 and cases cited therein.

-4-

Government's pre-intervention investigation should remain under seal).

## CONCLUSION

For the reasons set forth above and in the Government's prior submissions, the

Government respectfully requests that Document Numbers 11, 14, 18, 23, and 30, remain under

seal until the conclusion of this litigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

By:         /s/
        RICHARD M. MOLOT
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT21676
        157 Church Street
        New Haven, Connecticut 06510
        (203) 821-3792 (phone)
        (203) 773-5373 (fax)
        Richard.Molot2@usdoj.gov

MICHAEL F. HERTZ
JOYCE R. BRANDA
PATRICIA R. DAVIS
RYAN FAYHEE
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261
Ben Franklin Station
Washington, DC  20044
Telephone: 202-307-0238

Attorneys for the United States

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the United States' Supplementary Report Regarding The Continued Sealing Of Certain Pre-Intervention Pleadings, was served by first-class mail, this 20th day of June 2005 on:


Bryan T. Carmody, Esq.
Maya & Associates, P.C.
183 Sherman Street
Fairfield, CT 06430

Kerry M. Parker, Esq.
Michael D. Thompson, Esq.
Epstein, Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, NJ 07102

Mary A. Gambardella, Esq.
Epstein, Becker & Green, P.C.
One Landmark Square, Ste. 1800
Stamford, CT 06901

Robert Salcido, Esq.
Akin Gump Strauss Hauer & Field, LLP
Robert Strauss Building
1333 New Hampshire Ave, NW
Washington, D.C. 20036

Pat Davis, Esq.
Civil Division
U.S. Department of Justice
Patrick Henry Building, Room 9022
601 D. Street, N.W.
Washington, D.C. 20004


_____
              /s/
RICHARD MOLOT
ASSISTANT U.S. ATTORNEY