UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| ex rel. DR. JAMES J. TIESINGA, : | |
| : | No. 3:02CV1573 (MRK) |
| Plaintiff, : | |
| : | |
| v. : | |
| : | |
| DIANON SYSTEMS, INC., : | |
| : | |
| Defendant. : | |

**RULING AND ORDER**

  Presently before the Court is Defendant Dianon System, Inc.'s ("Dianon") Motion to Dismiss the Government's Complaint under Fed. R. Civ. P. 9(b) [**doc. # 98**].

  Rule 9(b) of the *Federal Rules of Civil Procedure* requires that all averments of fraud and the circumstances of fraud be pleaded with particularity.  The purpose of Rule 9(b)'s specificity requirement is to provide the defendant with fair notice of a plaintiff's claim and adequate information to frame a response.  *See* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure Civil 3d* § 1298, at 192 (3d ed. 2004).  The Second Circuit "has read Rule 9(b) to require that a complaint '(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004) (quoting *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1175 (2d Cir. 1993)).  However, courts have relaxed Rule 9(b)'s heightened pleading requirements in cases involving complex

fraudulent schemes or those occurring over a lengthy period of time and involving thousands of billing documents.  As Judge Gerard L. Goettel explained in *In re Cardiac Devices* Qui Tam *Litigation*, 221 F.R.D. 318  (D. Conn. 2004), "It is only common sense that the sufficiency of pleadings under Rule 9(b) may depend upon the nature of the case, the complexity or simplicity of the transaction or occurrence, the relationship of the parties and the determination of how much circumstantial detail is necessary to give notice to the adverse party and enable him to prepare a responsive pleading." *Id.* at 333 (internal quotations and citations omitted); *see also United States ex rel. Taylor v. Gabelli*, 345 F. Supp.2d 313, 326 (S.D.N.Y. 2004).  "To approach the issue otherwise would allow the more sophisticated to escape liability under a False Claims case due to the complexity of their scheme and their deviousness in escaping detection." *In Re Cardiac Devices*, 221 F.R.D. at 333.

In this case, the Government alleges that between 1996 and the present, Dianon engaged in a fraudulent scheme to bill federal healthcare programs for hematopathology flow cytometry tests that included antibodies that were not medically necessary and, therefore, not reimbursable. *See* United States' Complaint [doc. #83].  In excess of 10,000 reimbursement claims are implicated in the scheme.  *Id*. at ¶ 44.  The Government's complaint provides a general description of the working of the alleged scheme over the 1996-2004 period.  However, as Dianon points out that the Government "never specifies the date or content of any particular false or fraudulent claim, identifies the specific patients that received the services, lists the antibodies that were allegedly unnecessary, or identifies the amounts wrongfully charged on individual claims." Def.'s Mot. to Dismiss the Govt.'s Compl. Under Rule 9(b) [doc. #98] at 2.  The Government prefers to defer providing such details to the discovery phase.

This is a case where both sides make valid points, and there should be a sensible way to accommodate the legitimate interests on both sides. As noted above, the practical reality that this alleged scheme involves perhaps tens of thousands of billings over many years makes it unrealistic and inappropriate to expect the Government to detail in its complaint every billing that is alleged to be false. Rule 9(b) must be read in harmony with Rule 8's injunction that pleadings set forth a "short and plain statement of the claim." *See* Fed. R. Civ. P. 8. Moreover, any such listing in a complaint or attachment to the complaint would raise serious privacy concerns for patients. Therefore, the Government need not specify in its complaint or even in an attachment to the complaint each specific bill that it claims is false. *See United States ex rel. Pogue v. American Healthcorp, Inc.*, 977 F. Supp. 1329, 1333 (M.D. Tenn. 1997).

Nevertheless, the Government could easily illustrate the very general allegations of its complaint regarding the operation of the alleged scheme with a number of specific exemplars (without providing personal identifying information) from various time periods and involving various alleged fraudulent practices (for example, repeat versus non-repeat claims, and claims involving 18 antibodies rather than 26) that would give Dianon and the Court details of the specific manner in which the Government alleges the scheme worked, what made it fraudulent in the specific examples provided, which antibodies were unnecessary in those instances and why and specifically how the scheme fraudulently inflated billings in those examples. *See United States ex rel. Harris v. Bernad*, 275 F. Supp. 2d 1, 18 (D.C.C. 2003). Thereafter, further details regarding individual billings could, if necessary and appropriate, be provided during the course of discovery.

In its motion, Dianon states that it would not object to the Government amending its

complaint to provide further information regarding its allegations of fraud.  See Def.'s Mot. to Dismiss the Govt.'s Compl. Under Rule 9(b) [doc. #98] at 5 n.5.  In its objection to Dianon's motion, the Government also indicates a willingness to amend the complaint to provide further information regarding the alleged fraudulent scheme.  See United States' Mem. in Opp'n to Def.'s Mot. to Dismiss the Compl. Under Fed. R. Civ. P. 9(b) [doc. # 107], at 15-16.  Given these circumstances, the Court believes it best to give the Government an opportunity to amend its complaint to provide further specifics regarding the operation of the alleged scheme, along with exemplars showing the manner in which the scheme worked in individual instances (though personal identifying information should not be provided in any amended complaint).

Accordingly, the Court will DENY WITHOUT PREJUDICE Dianon's Motion to Dismiss [**doc. # 98**] pending further amendment of the Government's Complaint.


IT IS SO ORDERED.


/s/     Mark R. Kravitz
United States District Judge


**Dated at New Haven, Connecticut: July 1, 2005**