IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ex rel. Dr. James J. Tiesinga, ) | |
| ) | No. 3:02CV1573(MRK) |
| Plaintiffs, ) | |
| v. ) | |
| ) | |
| DIANON SYSTEMS, INC., ) | August 8, 2005 |
| ) | |
| Defendant. ) | |

**DEFENDANT DIANON SYSTEMS' ANSWER AND DEFENSES TO UNITED STATES' AMENDED COMPLAINT**

Defendant, Dianon Systems, Inc., ("Dianon") files this answer to the government's amended complaint and, in support, respectfully shows the following:

**NATURE OF ACTION**

1. Paragraph 1 consists of the government's characterization of this action, to which no response is required. Furthermore, to the extent the characterization implies that Dianon has violated the federal False Claims Act or engaged in any wrongful conduct, the allegations are denied.

2. Paragraph 2 consists of the government's characterization of this action, to which no response is required.

3. Paragraph 3 consists of the government's characterization of the False Claims Act to which no response is required. To the extent any response is required, Dianon admits that under the False Claims Act private persons may, under certain circumstances, file an action on behalf of the United States and that these actions are known as *qui tam* actions and plaintiffs' filing such actions are known as relators.

4. Paragraph 4 consists of the government's characterization of the history of this lawsuit, to which no response is required. To the extent any response is required, Dianon admits that the relator did file a *qui tam* lawsuit and also asserted personal, employment claims and various common law and statutory claims.

5. Paragraph 5 consists of the government's characterization of the history of this lawsuit, to which no response is required. To the extent any response is required, Dianon admits that the United States did intervene in this action, which Notice of Intervention speaks for itself.

## JURISDICTION

6. Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Dianon denies the allegation.

7. Dianon denies that it engaged in any acts proscribed by 31 U.S.C. § 3729 that would give rise to personal jurisdiction under 31 U.S.C. § 3732(a).

8. Though venue may exist in this District pursuant to 28 U.S.C. § 1391(b), as alleged in paragraph 8, Dianon denies that it engaged in any acts proscribed by 31 U.S.C. § 3729 that would give rise to venue under 31 U.S.C. § 3732(a).

## PARTIES

9. Admitted.

10. Dianon admits that its principal place of business is Stratford, CT, and that it is a wholly owned subsidiary of Laboratory Corporation of America, Inc., but denies that it is a clinical laboratory because it is, instead, an anatomic pathology laboratory.

11. Defendant admits that relator was employed by Dianon from July 2001 until he resigned his position on June 5, 2002 and lacks sufficient knowledge or information to form a belief as to the truth of the remainder of paragraph 11.

12. Paragraph 12 characterizes the False Claims Act, which speaks for itself and is the best evidence of its content.

13. Paragraph 13 contains legal conclusions to which no response is required. Dianon admits that the Secretary of HHS administers the Medicare program through CMS, a component of HHS.

14. Paragraph 14 contains plaintiff's general characterizations of the Medicare program. In response to these generalizations, Dianon admits that the Medicare program is comprised of four parts and admits that Medicare Part B provides federal government funds to help pay for, among other things, laboratory procedures performed for Medicare beneficiaries. However, to the extent that paragraph 14 implies that laboratory procedures, as opposed to physician services, are at issue in this action, the allegation is denied.

15. The first two sentences of paragraph 15 contain plaintiff's general characterization of the Medicare program. To the extent those characterizations are based upon statutes or regulations, those statutes or regulations speak for themselves and are the best evidence of their contents. Dianon denies the remaining sentences in the paragraph which erroneously characterize laboratories as providers under the Medicare program. "Provider," under Medicare law, is a defined term that applies to institutions such as hospitals, skilled nursing facilities, and home health agencies which generally receive most of their Medicare reimbursement from Part A. *See* 42 C.F.R. § 400.202.

16. The first three sentences of paragraph 15 contain plaintiff's general characterization of the Medicare program. To the extent those characterizations are based upon statutes or regulations, those statutes or regulations speak for themselves and are the best evidence of their contents. Dianon admits the fourth sentence in paragraph 16.

17. Dianon denies the allegation in the first sentence that Medicare pays a significant portion of every claim and notes that in fact Medicare frequently denies payment, including payments to Dianon. Dianon denies the second sentence because the beneficiary's obligation to pay will depend upon a number of circumstances underlying the claim. Dianon admits that a beneficiary's payment is sometimes referred to as a "co-pay" and that beneficiaries also, under some circumstances, pay deductibles.

18. Dianon denies the allegations in paragraph 18. Under the Medicare program, providers generally do not submit a claim form called CMS 1500.

19. To the extent paragraph 19 is premised upon the erroneous assumption that providers generally submit a CMS 1500, Dianon denies the allegation. To the extent paragraph 19 characterizes CMS 1500, that form speaks for itself and is the best evidence of its content.

20. Dianon denies that providers are generally reimbursed under Medicare Part B. The remainder of Paragraph 20 contains legal conclusions to which no response is required. Further, to the extent Paragraph 20 characterizes federal statutes and regulations, those statutes and regulations speak for themselves and are the best evidence of their contents.

21. Paragraph 21 contains legal conclusions to which no response is required. Further, to the extent Paragraph 21 characterizes federal regulations, those regulations speak for themselves and are the best evidence of their contents.

22. Paragraph 22 contains legal conclusions to which no response is required. Further, to the extent Paragraph 22 characterizes federal regulations, those regulations speak for themselves and are the best evidence of their contents.

23.  Paragraph 23 contains legal conclusions to which no response is required. Further, to the extent Paragraph 23 characterizes federal regulations, those regulations speak for themselves and are the best evidence of their contents.

## THE FRAUDULENT CONDUCT

24.  Dianon denies the allegation contained in paragraph 24.

25.  Dianon denies the allegations contained in the first two sentences of paragraph 25 and further notes that the allegations that Dianon significantly *increased* the number of antibodies it used after 1996 and billed Medicare for each antibody are inconsistent with other allegations in the amended complaint that beginning in 1998 Dianon *decreased* the amount of antibodies it billed and hence was not in fact paid for each antibody it performed. *See, e.g.,* Amended Complaint, ¶¶ 28, 32. Dianon denies the third sentence of paragraph 25.

26.  Paragraph 26 contains plaintiff's general characterization regarding flow cytometry. With respect to these generalizations, Dianon admits that flow cytometry is performed on cells in liquid suspension that have been incubated with fluorescently tagged antibodies directed against specific cell surface proteins. Dianon also admits that the information obtained from flow cytometry tests can be used to evaluate particular types of cancer. The remaining allegations are undefined and vague, and thus Dianon is unable to admit or deny the allegations.

27.  Dianon denies the allegation contained in paragraph 27.

28.  Dianon denies the allegations contained in paragraph 28. As to the second sentence in paragraph 28, Dianon admits that the government's information is solely based upon information and belief and notes that the government's contention that Dianon used a standard panel of 26 antibodies is inconsistent with other allegations in the complaint where the government admits that Dianon used a larger number. *See, e.g.,* Amended Complaint, ¶¶ 54, 56, 68.

29. Dianon is without sufficient knowledge or information to form a belief as to the truth of the first sentence of paragraph 29. Dianon denies the second sentence of paragraph 29.

30. Dianon denies the characterization of the memorandum referred to in paragraph 30 and the memorandum speaks for itself.

31. Dianon denies the characterization of the memorandum referred to in paragraph 31 and the memorandum speaks for itself.

32. Dianon denies the allegation contained in paragraph 32 but admits that the government's contention is solely based upon its information and belief.

33. Dianon denies the allegations contained in paragraph 33.

34. Dianon denies the allegation contained in paragraph 34.

35. Dianon denies the allegation contained in paragraph 35.

36. Dianon denies the allegation contained in paragraph 36.

37. Dianon denies the allegations contained in paragraph 37.

38. Paragraph 38's reference to a "significant portion of … patients" and "the relevant time period" is vague and thus Dianon is unable to admit or deny the allegations in paragraph 38, except to the extent that the paragraph contends that Dianon's pathologists did not exercise their medical judgment and billed for medically unnecessary antibodies, the allegations are denied.

39. Dianon admits that physicians who refer patient samples to Dianon for immunophenotyping of leukemias and lymphomas rely on the medical judgment of the Dianon pathologists as to the diagnosis of the patient's disease.

40. As to the first sentence, Dianon admits that requisition forms reflect an understanding and adherence to certain Medicare requirements, which speak for themselves, but denies any implication that the flow cytometry immunophenotyping tests at issue were screening

tests within the meaning of paragraph 22 of the amended complaint. As to the second and third sentences, the requisition form speaks for itself. Dianon denies the allegation in the fourth sentence of paragraph 40 and admits as to the fifth sentence that, consistent with Medicare requirements, requisition forms are not submitted with the claim for payment. Dianon notes, however, that the Medicare carrier may, and often does, obtain such forms upon request and that a substantial number of these forms were submitted to the Connecticut Medicare carrier Medical Director with respect to flow cytometry immunophenotyping services Dianon provided to Medicare beneficiaries during the relevant time period.

41. As to the first sentence of paragraph 41, the requisition form speaks for itself. As to the second sentence, Dianon admits that its pathologists exercised medical judgment with respect to the antibody panels Dianon performed. Dianon denies the third sentence in paragraph 41.

42. As to the first sentence of paragraph 42, the requisition form speaks for itself. Dianon denies the second sentence of paragraph 42.

43. Dianon denies the allegations set forth in paragraph 43.

44. Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 44. Further, to the extent it implies that Dianon billed for medically unnecessary services, Dianon denies the allegation.

45. Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 45.

46. Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 46.

47. The letter and attachment the plaintiff refers to in the first three sentences in paragraph 47 speak for themselves. The fourth sentence contains a characterization of the plaintiff's own action to which no response is required.

48. Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 48.

49 Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements in paragraph 49. However, to the extent that paragraph 49 implies that Dianon performed medically unnecessary physician services, Dianon denies the allegation.

50. To the extent that paragraph 50 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

51. To the extent that paragraph 51 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

52. To the extent that paragraph 52 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

53. Dianon denies the allegations contained in paragraph 53.

54. To the extent that paragraph 54 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

55. To the extent that paragraph 55 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

56. To the extent that paragraph 56 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

57. To the extent that paragraph 57 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

58. To the extent that paragraph 58 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is

without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

59. To the extent that paragraph 59 refers to a patient's record, the record speaks for itself. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

60. Dianon is without knowledge or information sufficient to form a belief as to the truth of the first two sentences in paragraph 60. Dianon denies the third sentence in paragraph 60. Dianon is without knowledge or information sufficient to form a belief as to the truth of the fourth sentence in paragraph 60. As to the fifth and sixth sentences in paragraph 60, Dianon admits that the government served an additional subpoena on Dianon, which document speaks for itself, and admits that it refused to comply because the subpoena request was unlawful. Dianon further notes that the government did not seek to enforce the subpoena. Dianon is without knowledge or information sufficient to form a belief as to the truth of the seventh sentence in paragraph 60.

61. Paragraph 61 contains a generalized statement and characterization and, thus, requires no response from Dianon.

62. To the extent that paragraph 62 refers to billing data and a patient's record, the documents speak for themselves. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary services, the plaintiff's allegation is denied.

63. The first sentence is a generalized statement that requires no response. As to the second sentence, Dianon admits that the plaintiff makes its allegation solely based upon information and belief. As to the second and third sentences, to the extent they relate to dates of service and amount of antibodies paid, the billing records and claims of the patient speak for themselves.

64. Paragraph 64 is based upon an unsupported assumption and thus Dianon denies it.

65. To the extent that paragraph 65 refers to billing data and a patient's record, the documents speak for themselves. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary physician services, the plaintiff's allegation is denied.

66. The first sentence is a generalized statement that requires no response. As to the second sentence, Dianon admits that the plaintiff makes its allegation solely based upon information and belief. As to the second and third sentences, to the extent they relate to a patient's dates of service and amount of antibodies paid, the billing records and claims of the patient speak for themselves.

67. Paragraph 67 is based upon an unsupported assumption and thus Dianon denies it.

68. To the extent that paragraph 68 refers to billing data and a patient's record, the documents speak for themselves. To the extent the paragraph refers to the findings of the government's expert, Dianon is without knowledge or information sufficient to form a belief as to the truth of the statements. To the extent that plaintiff contends that Dianon billed for medically unnecessary services, the plaintiff's allegation is denied.

69. The first sentence is a generalized statement that requires no response. As to the second sentence, Dianon admits that the plaintiff makes its allegation solely based upon information

and belief. As to the second and third sentences, to the extent they relate to a patient's dates of service and amount of antibodies paid, the billing records and claims of the patient speak for themselves.

70. Paragraph 70 is based upon an unsupported assumption and thus Dianon denies it.

71. Dianon denies the first sentence of paragraph 71. The second sentence is vague and uses an undefined term – repeat tests – and thus Dianon is unable to admit or deny the allegations.

72. To the extent that paragraph 72 refers to a published Medicare physician fee schedule, the fee schedule speaks for itself. Dianon otherwise denies the allegation.

73. Dianon admits the first sentence of paragraph 73. As to the second sentence, the plaintiff does not refer to any time period and hence Dianon is unable to admit or deny the allegation. Dianon admits that LabCorp does not use a single panel of 26 antibodies and denies the remainder of the third sentence.

74. Dianon denies the allegations in paragraph 74 and further asserts that the United States, acting through its carrier, has consistently reviewed Dianon's claims and therefore has been in a position to inquire into the issues raised by the plaintiff.

75. Dianon denies the allegations in paragraph 75.

## CLAIMS

### FIRST CAUSE OF ACTION
(False Claims Act; Presentation of False Claims)
(31 U.S.C. § 3729(a)(1))

76. Dianon restates and incorporates by reference its responses to paragraphs 1-75.

77. Dianon denies the allegations set forth in paragraph 77.

78 Dianon denies the allegations set forth in paragraph 78.

## SECOND CAUSE OF ACTION
(False Claims Act; Making or Using False Record or Statement)
(31 U.S.C. § 3729(a)(2))

79. Dianon restates and incorporates by reference its responses to paragraphs 1-75.

80. Dianon denies the allegations set forth in paragraph 80.

81. Dianon denies the allegations set forth in paragraph 81.

## THIRD CAUSE OF ACTION
(Unjust Enrichment)

82. Dianon restates and incorporates by reference its responses to paragraphs 1-75.

83. Paragraph 83 is the plaintiff's characterization of its claim and, as such, requires no response.

84  Dianon denies the allegations set forth in paragraph 84.

## FOURTH CAUSE OF ACTION
(Payment By Mistake)

85. Dianon restates and incorporate by reference its responses to paragraphs 1-75.

86. Paragraph 86 is the plaintiff's characterization of its claim and, as such, requires no response.

87. Dianon denies the allegations set forth in paragraph 87.

88. Dianon denies the allegations set forth in paragraph 88.

## PRAYER FOR RELIEF

Dianon denies that plaintiff is entitled to the relief requested.

## AFFIRMATIVE DEFENSES

Dianon alleges the following affirmative defenses to the amended complaint without assuming the burden of proof where such burden is otherwise on the plaintiff pursuant to applicable

law. Dianon reserves the right to amend and/or supplement its affirmative defenses and assert counterclaims as more information becomes known during the course of discovery.

     1.     Plaintiff fails to state a claim upon which relief can be granted.

     2.     Plaintiff's claims are barred because it had actual knowledge of all relevant facts relevant to Dianon's billings for flow cytometry services.

     3.     Plaintiff's claims, in whole or in part, are barred by the applicable statute(s) of limitations.

     4.     Plaintiff has failed to exhaust administrative remedies of the claims under the Medicare Act through the Department of Health and Human Services which has primary and/or exclusive jurisdiction over the matter.

     5.     Dianon is entitled to recoup and set-off sums by which Dianon was underpaid by the carrier for flow cytometry under principles of recoupment and set-off.

     6.     To the extent the plaintiff seeks damages and/or penalties above and beyond actual damages, the amended complaint is unconstitutional as it is in violation of the Fifth, Sixth and Eighth Amendments of the United States Constitution.

     7.     The Court lacks subject matter jurisdiction over the relator's action.

WHEREFORE, Dianon denies each and every allegation in the amended complaint except as may be specifically admitted and qualified above and Dianon demands strict proof of same. Dianon prays that the amended complaint be dismissed with prejudice and that the Court find that the plaintiff is not entitled to any judgment or relief, that the Court enter judgment in favor of Dianon and against the plaintiff, that the Court award Dianon its costs and expenses and

further relief as the Court may deem just and proper.

                                                  Respectfully submitted,

By: _____
     Robert Salcido
     Fed. Bar No. 447951
     (admitted *pro hac vice)*
     Akin Gump Strauss Hauer & Feld LLP
     1333 New Hampshire Avenue, NW
     Washington, DC 20036
     Telephone: (202) 887-4095

     Mary A. Gambardella (ct #05386)
     Kerry M. Parker (ct # 26388)
     Michael D. Thompson (ct # 26389)
     Epstein Becker & Green, P.C.
     One Landmark Square, Suite 1800
     Stamford, CT 06901-2601
     Telephone: (203) 348-3737

     Thomas Kossl
     Dianon Systems, Inc.
     200 Watson Boulevard
     Stratford, CT 06615
     Telephone: (973) 492-1509

     Bruce R. Parker
     Venable LLP
     1800 Mercantile Bank & Trust Bldg.
     2 Hopkins Plaza
     Baltimore, MD 21201
     Telephone: (410) 244-7400
     Attorneys for Defendant Dianon Systems, Inc.

**CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via United States first class mail, postage prepaid, this ____ day of August, 2005 to:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>266 Post Road East
>Westport, CT 06880

>Richard Molot, Esq.
>U.S. Attorney General's Office
>District of Connecticut
>175 Church Street
>New Haven, CT 06510

>Patricia R. Davis
>Civil Division
>Commercial Litigation Branch
>P.O. Box 261
>Ben Franklin Station
>Washington, DC 20044

>_____
>Penney Hughes