UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ex rel. DR. JAMES J. TIESINGA, ) <br> ) <br>     Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIANON SYSTEMS, INC. ) <br> ) <br> ) <br>     Defendants. ) | No. 3:02 CV 1573(MRK) <br><br> October 6, 2005 |

**UNITED STATES' REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS
MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

The United States respectfully submits this Reply Memorandum containing its responses to the arguments made in Defendant, Dianon Systems Inc.'s ("Dianon") Opposition to the United States' Motion to Strike Affirmative Defenses.

On August 29, 2005, the United States filed a Motion to Strike Dianon's Fourth and Fifth Affirmative Defenses. In accordance with established precedent, the United States properly argued that Dianon's "failure to exhaust" and "recoupment/setoff" defenses were utterly without merit and should be dismissed as a matter of law. Thereafter, Dianon filed an Opposition to the Motion to Strike and consolidated with it a Motion to Dismiss the United States' unjust enrichment and payment by mistake of fact claims.[1]

**ORAL ARGUMENT IS REQUESTED**[2]

---

[1] Dianon does not cite to any Federal Rule of Civil Procedure in support of its Motion to Dismiss. The United States may only assume that it is filed under Federal Rule 12(b)(1), which addresses subject matter jurisdiction. The United States will separately file an Opposition to the Motion to Dismiss. This brief is intended to serve only as a Reply to the Opposition to the Motion to Strike.

[2] Although the United States did not originally request oral argument, because Dianon has separately moved for dismissal, we believe that it would now be helpful. A similar request will be made in the United States' Opposition to the Motion to Dismiss.

In its Opposition, Dianon, relying solely on an explicitly overruled case, argues that the United States should be required to exhaust administrative remedies before bringing common law claims as alternative remedies in a False Claims Act ("FCA") case. Dianon also attempts to divert the Court's attention from the applicable case law by arguing that the recoupment/setoff defense cannot be resolved at this stage because of factual disputes.

As outlined below, the case law overwhelmingly supports the dismissal of Dianon's exhaustion defense. Moreover, the question of whether or not there is a factual dispute regarding unpaid or underpaid claims is irrelevant. Because Dianon has not exhausted its administrative remedies for any claim that it may have, it is not entitled to recoupment or setoff as a matter of law. To allow Dianon to conduct factual discovery on claims that are utterly without merit will be a waste of time and resources resulting in significant prejudice to the United States.

**A. The United States is Not Required to Exhaust any Administrative Remedy Before Alleging Common Law Claims in Conjunction with a False Claims Act Case.**

In its Opposition, Dianon does not argue that the United States is required to exhaust administrative remedies under the Medicare provisions of the Social Security Act, 42 U.S.C. §1320c-5(b) ("Act"), before bringing FCA claims. Rather, Dianon limits the discussion in its Opposition to the United States' common law claims. Therefore, this Reply will address the exhaustion issue only as it applies to the United States' common law claims.

Dianon is unable to cite one solitary piece of *good* law in favor of its argument that the United States' common law claims are barred for failure to exhaust administrative remedies under the Act. In an effort to fill this void, Dianon does outline, in broad detail, the administrative process laid out in the Act. Additionally, Dianon recites that United States v.

2

University of Massachusetts Mem'l Med. Ctr., 296 F. Supp. 2d 20 (D. Mass. 2003) found that the administrative scheme set out in § 405(h) of the Act applies with equal force to common law claims brought by and against the United States.  Dianon's reliance on this single case is misplaced, however, because the holding in that case was explicitly overruled by the First Circuit in United States v. Lahey Clinic Hosp., 399 F. 3d 1, 7 n.4 (1st Cir. 2005).  Dianon does acknowledge the precedential value of Lahey, but relegates the discussion of the holding to a footnote.  See Def. Opp. at 7, n.8.

      In Lahey, the United States had initiated a common law action against a clinical laboratory to recover damages for medically unnecessary tests and diagnostic procedures billed to Medicare.  As a matter of law, the First Circuit held that § 405(h) of the Act did not preclude jurisdiction over the Unites States' common law action to recover Medicare overpayments from the defendant.  399 F. 3d at 12-18.  The First Circuit concluded that Congress' passage of § 405(h) did not explicitly repeal the grant of original jurisdiction in 28 U.S.C. § 1345 to district courts to hear civil actions commenced by the United States.  See Lahey, 399 F.3d at 11-14.  Moreover, the Court found that the third sentence of § 405(h) limits the administrative scheme to actions brought *against* the United States.  Id. at 12.  Finally, the Court declined to find that § 405(h) served as an implied repeal of § 1345 or that it otherwise displaced the United States' common law causes of action.  Id. at 14.

      Lahey also recognized that the "fundamental purpose of Medicare's jurisdictional scheme is to channel all claims pressed by *dissatisfied providers or beneficiaries* through a detailed process of administrative review before claims are presented in federal court." Lahey, 399 F.3d at 12 (emphasis in original); see also Shalala v. Ill. Council on Long Term Care, Inc., 529 U.S. 1,

13 (2000). Section 405(h) was intended to provide a "greater opportunity to apply, interpret, or revise policies, regulations, or statutes without possibly premature interference by different individual courts." United States v. Tenant Health Care, 343 F. Supp.2d 922, 935 (C.D. Cal. 2004), *citing*, Ill. Council, 529 U.S. at 13. Where, as here, the United States itself "decides to pursue a judicial remedy, the exhaustion of remedies doctrine is simply not applicable." Id., citing United States v. Paternostro, 966 F.2d 907, 912 (5th Cir. 1992).

Dianon seeks to undermine the Lahey decision by questioning the logic of treating the United States differently than providers and beneficiaries. In so doing, Dianon fails to acknowledge the United States' unique role as the sovereign. Lahey explicitly recognizes the United States' "broad power to recover monies wrongfully paid from the Treasury, even absent any express statutory authorization to sue" and that "...[t]he right to sue is independent of statute" Id. at 15, *citing*, United States v. Wurts, 303 U.S. 414 (1938). As cited in the United States' original Motion to Strike, several district courts have reached a similar conclusion. See United States v. Medica-Rents Co., 2005 WL 723749 (N.D. Tex. March 29, 2005) (United States need not exhaust administrative requirement before bringing suit in district court to recover overpayments under common law theories of unjust enrichment and mistake); Luckey v. Baxter Healthcare Corp., 1996 WL 242977 (N.D. Ill. May 9 1996) (same). Dianon, not surprisingly, fails to address any of these cases.

Dianon has failed to provide any support that Congress intended to limit the United States' ability to bring suit to recover overpayments of Medicare monies. Because the United States' basis for relief is rooted in the common law, § 405(h) is not controlling, and, for that reason, the Court should strike Dianon's exhaustion defense.

**B. Dianon's Recoupment and Set-Off Affirmative Defenses are Improper as a Matter of Law.**

Dianon does not address the issue of set-off in its Opposition to the Motion to Strike. By ignoring that issue, Dianon seems to concede the United States' argument that its set-off defense is barred by sovereign immunity. See FDIC v. F.S.S.S., 829 F. Supp. 317, 322 and n.11 (D. Alaska 1993) (the limited waiver of sovereign immunity that generally applies to compulsory counterclaims arising outside of the Act does not apply to permissive counterclaims). See also, U.S. Memo at 9-10. Dianon does claim that its recoupment defense is proper. This Reply will, therefore, focus solely on this issue.

Dianon's primary argument is that a ruling on the issue of recoupment is premature without first permitting Dianon to conduct substantial discovery on this point. Additionally, Dianon contends that the United States cannot demonstrate prejudice and, for this reason alone, the Motion to Strike should be denied. Although Dianon provides a lengthy dissertation on these two subjects, the true issue is largely ignored. The question of whether or not there is a factual dispute regarding the legitimacy of over or under paid claims is irrelevant to the question of whether Dianon is required to *exhaust its administrative remedies* prior to seeking recoupment. And, if Dianon is, in fact, required to exhaust those remedies, then conducting discovery on the subject would obviously be prejudicial to the United States.[3]

---

[3] The prejudice to the United States would not be hypothetical or otherwise de minimus. As highlighted on page 11 of the Opposition, Dianon clearly intends to take depositions of government and carrier employees on the issue of denied claims. Even the Clark case, cited by Dianon on Page 12 of its Memorandum, makes clear that when a defense is shown to be deficient, "the court should grant a motion to strike to avoid unnecessary time and money in litigating invalid, spurious issues." See Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va.,1993) *quoting* Spell v. McDaniel, 591 F.Supp. 1090, 1112 (D.C.N.C. 1984).

Despite the importance of the exhaustion question, Dianon again relegates its argument to a footnote. See, Def. Opp. at 11 n.9. Dianon essentially argues, on one hand, that the United States should be subject to the exhaustion requirements under § 405(h), but, in that footnote, asks to be immune from the requirement when asserting its recoupment defense. Dianon first claims that exhaustion is unnecessary in this case because Dianon is not a voluntary participant. Dianon then asks to be excused from exhausting its claims because doing so would be futile.

Contrary to Dianon's suggestion, the legitimacy of the administrative process and whether or not it should be followed is not measured by the convenience of being sued. Dianon does not cite one case that permits the reduction of any recovery without first exhausting the administrative process as set out in § 405.[4] Nor does Dianon provide any basis for its futility argument.[5]

As outlined in the Motion to Strike, the recoupment claim by Dianon must first be pursued administratively. Because Dianon has, by its own admission, failed to exhaust administrative remedies, this Court lacks jurisdiction over its recoupment defense.

---

[4] In support of its position, Dianon cites to one case from the 5th Circuit that was decided in 1967. See Frederick v. United States, 386 F.2d 481 (5th Cir. 1967). The case involved a loan made by the Small Business Administration to a dredging company--an obvious distinction from Medicare reimbursement and the detailed administrative process set out in § 405.

[5] Although Dianon vaguely suggests that it "may" pursue administrative remedies on some claims in the future, see Opposition at 10-11, Dianon has made no attempt to do so and, therefore, its perfunctory futility argument should be afforded no weight.

**C.     Conclusion**

Dianon's Fourth and Fifth Affirmative Defenses are inapplicable as a matter of law, regardless of any facts that Dianon could have alleged.  For the reasons set forth above, the United States respectfully requests that this Court strike Dianon's Fourth and Fifth Affirmative Defenses.

            Respectfully submitted,

            PETER D. KEISLER
            Assistant Attorney General

            KEVIN J. O'CONNOR
            United States Attorney

               /s/
            RICHARD M. MOLOT
            Assistant United States Attorney
            Federal Bar No. CT21676
            157 Church Street
            New Haven, Connecticut 06510
            Richard.Molot2@usdoj.gov
            (203) 821-3700 (phone)
            (203) 773-5373 (fax)

               /s/
            MICHAEL F. HERTZ
            JOYCE R. BRANDA
            PATRICIA R. DAVIS
            RYAN FAYHEE
            Attorneys, Civil Division
            Commercial Litigation Branch
            Post Office Box 261, Ben Franklin Station
            Washington, D.C.  20044
            Telephone:  (202) 307-0240
            Facsimile:  (202) 305-7797
            Attorneys for the United States

<u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the United States' Reply Memorandum In Further Support Of Its Motion To Strike Defendant's Affirmative Defenses was served by mail this 6th day of October 2005 on:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>266 Post Road East
>Westport, CT 06880
>
>Kerry M. Parker, Esq.
>Michael D. Thompson, Esq.
>Epstein, Becker & Green, P.C.
>Two Gateway Center, 12th Floor
>Newark, NJ 07102
>
>Mary A. Gambardella, Esq.
>Epstein, Becker & Green, P.C.
>One Landmark Square, Ste. 1800
>Stamford, CT 06901
>
>Robert Salcido, Esq.
>Akin Gump Strauss Hauer & Field, LLP
>Robert Strauss Building
>1333 New Hampshire Ave, NW
>Washington, D.C. 20036

/s/
RICHARD M. MOLOT
Assistant United States Attorney