UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | No. 3:02 CV 1573(MRK) |
| DIANON SYSTEMS, INC. | )<br>)<br>)<br>) | October 14, 2005 |
| Defendants. | ) | |

**UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

The United States respectfully submits this Memorandum containing its responses to the arguments made in Defendant, Dianon Systems Inc.'s ("Dianon") Memorandum in Support of its Motion to Dismiss.

On September 22, 2005, Dianon filed an Opposition to the United States' Motion to Strike Dianon's Affirmative Defenses and consolidated with it a Motion to Dismiss the United States' unjust enrichment and payment by mistake of fact claims.[1] In its Memorandum in support of the Motion, Dianon, relying solely on an overruled case, argues that the United States should be required to exhaust administrative remedies before bringing its common law claims. As outlined below, the case law overwhelmingly supports the United States' position. Accordingly, Dianon's Motion to Dismiss should be denied.

**ORAL ARGUMENT IS REQUESTED**

---

[1] Dianon does not cite to any Federal Rule of Civil Procedure in support of its Motion to Dismiss. The United States' may only assume that it is filed under Federal Rule 12(b)(1), which addresses subject matter jurisdiction. The United States separately filed a Reply Memorandum in Further Support of the Motion to Strike Affirmative Defenses on October 6, 2005.

In its Memorandum, Dianon argues that the United States is required to exhaust administrative remedies under the Medicare provisions of the Social Security Act, 42 U.S.C. §1320c-5(b) ("Act"), before bringing common law claims as alternative remedies in a case brought principally under the FCA. Section 405(h) of the Act provides that:

> The findings and decision of the [Secretary] after a hearing shall be binding on all individuals who were parties to such a hearing. No findings of fact or decision of the [Secretary] shall be reviewed by any person, tribunal, or governmental agency except as herein provided. *No action against the United States*, the [Secretary] or any officer or employee thereof *shall be brought under section 1331 or 1346 of Title 28 to* recover on any claim arising under this subchapter.

42 U.S.C. § 405(h) (emphasis added).[2]

Dianon mistakenly relies on United States v. University of Massachusetts Mem'l Med. Ctr., 296 F. Supp. 2d 20 (D. Mass. 2003) for the proposition that the administrative scheme set out in § 405(h) of the Act applies with equal force to common law claims brought by and against the United States. The holding in that case was explicitly overruled by the First Circuit in United States v. Lahey Clinic Hosp., 399 F. 3d 1, 7 n.4 (1st Cir. 2005).

In Lahey, the United States had initiated a common law action against a clinical laboratory to recover damages for medically unnecessary tests and diagnostic procedures billed to Medicare. The First Circuit held, as a matter of law, that Congress' passage of § 405(h) did not explicitly or impliedly repeal the grant of original jurisdiction in 28 U.S.C. § 1345 to district courts to hear civil actions commenced by the United States. See Lahey, 399 F.3d at 11-14. The Court also found that the third sentence of § 405(h) limits the administrative scheme to actions brought *against* the United States. Id. at 12.

---

[2]Section 405(h) is applied to the Medicare program by 42 U.S.C. § 1395ii.

The United States' unique ability to bring common law claims directly to district courts has also been broadly recognized where those claims are brought in conjunction with a FCA case. In fact, the Lahey Court found it "hard for us to fathom why Congress would intend to give the government access to a judicial forum by statute when the overpayment was procured by fraud but to preclude the government from a routine common law damages action for overpayment." Lahey, 399 F.3d 17-18.

In the context of recovering for overpayments, the Court recognized the United States' "broad power to recover monies wrongly paid from the Treasury, even absent any express statutory authorization to sue." Lahey, 399 F.3d at 15, citing, United States v. Wurts, 303 U.S. 414, 415 (1938). "The Government by appropriate action can recover funds which its agents have wrongfully, erroneously, or illegally paid. 'No statute is necessary to authorize the United States to sue in such cases. The right to sue is independent of statute. . . ." Id., quoting, United States v. Bank of Metropolis, 15 Pet. 377, 401, 10 L.Ed. 774 (1841).

Other than the overruled University of Massachusetts case, *every* other district court to address the issue agrees that § 405(h) does not deprive a district court of § 1345 jurisdiction over a government suit to recover overpayments. See e.g. United States v. Medica-Rents Co., 2005 WL 723749 at *3 (N.D. Tex. March 29, 2005) (United States need not exhaust administrative requirement before bringing suit in district court to recover overpayments under common law theories of unjust enrichment and mistake); United States v. Tenant Healthcare Corp., 343 F.Supp.2d 922, 935 (C.D. Cal. 2004) (same); Luckey v. Baxter Healthcare Corp., 1996 WL 242977 at *7 (N.D. Ill. May 9 1996) (same). Dianon largely ignores these cases in its Memorandum.

Dianon also ignores United States v. Aquavella, 615 F.2d 12, 21 (2d. Cir. 1979), where the Second Circuit held that the district court had jurisdiction under 28 U.S.C. § 1345 to decide the United States' claims of Medicare overpayments, as well as the providers' defenses. Aquavella involved Medicare claims submitted prior to 1972, when there was no provision in the Act for resolving disputes between providers and the government. Id. at 19 n.11 ("Until 1972, there was no provision in the Act for resolving disputes between providers and the government. In 1972, however, Congress . . . [established] a separate integrated system for the resolution of payment disputes with both administrative and judicial review.").

In Aquavella, the Second Circuit found that if the district court lacked jurisdiction to hear a provider's defenses regarding its pre-1972 claims, the provider would be deprived of "any judicial review," as "[n]o alternative remedy" was then available. Id. at 21. Because alternative remedies were subsequently made available to providers under the Act–they can file appeals with the Medicare carriers, an Administrative Law Judge, the Departmental Appeals Board, and then, ultimately, with the district court–this portion of the Court's decision (related to a provider's defenses) is inapplicable to claims filed after 1972. See Tenant, 343 F.Supp.2d at 933 n.6 (Aquavella turned on "due process issues unique to pre-1973 reimbursement claims–before the Medicare Act was amended to add the provider appeals procedures. . . ."); United States v. Idaho Falls Assocs. Ltd. Partnership, 81 F.Supp.2d 1033, 1050-51 (D. Idaho 1999) (pointing out that Aquavella involved pre-1973 claims and holding that where defendants waited until they were sued by the government to raise payment defenses related to post-1973 Medicare claims, the Court did not have subject matter jurisdiction to review the merits of defendants' defenses because defendants failed to exhaust their administrative remedies). Thus, although Aquavella

does not apply to post-1973 *defenses* raised by providers, the Court's holding in <u>Aquavella</u> that there was subject matter jurisdiction to hear the government's *affirmative claims* for Medicare overpayments is still applicable today and provides further support for the government's argument that Dianon's motion to dismiss should be denied.

Where, as here, the United States itself "decides to pursue a judicial remedy, the exhaustion of remedies doctrine is simply not applicable." <u>Tenant</u>, 343 F.Supp. 2d at 935, <u>citing</u>, <u>United States v. Paternostro</u>, 966 F.2d 907, 912 (5th Cir.1992). Because the United States' basis for relief is independent of § 405(h), the Act is not controlling and, for that reason, the Court should deny Dianon's Motion to Dismiss.

## CONCLUSION

For the reasons set forth herein, Dianon's Motion to Dismiss should be denied.

                                        Respectfully submitted,

                                        PETER D. KEISLER
                                        Assistant Attorney General

                                        KEVIN J. O'CONNOR
                                        United States Attorney

                                        _____/s/_____
                                        RICHARD M. MOLOT
                                        Assistant United States Attorney
                                        Federal Bar No. CT21676
                                        157 Church Street
                                        New Haven, Connecticut 06510
                                        (203) 821-3700

                                        _____/s/_____
                                        MICHAEL F. HERTZ
                                        JOYCE R. BRANDA
                                        PATRICIA R. DAVIS
                                        RYAN FAYHEE
                                        Attorneys, Civil Division
                                        Commercial Litigation Branch
                                        Post Office Box 261, Ben Franklin Station
                                        Washington, D.C.  20044
                                        Telephone:  (202) 307-0240
                                        Facsimile:  (202) 305-7797
                                        Attorneys for the United States

CERTIFICATE OF SERVICE

      This is to certify that a true and correct copy of the United States' Memorandum In Opposition To Defendant's Motion to Dismiss was served by mail this 14th day of October 2005 on:

      Bryan T. Carmody, Esq.
      Maya & Associates, P.C.
      266 Post Road East
      Westport, CT 06880

      Kerry M. Parker, Esq.
      Michael D. Thompson, Esq.
      Epstein, Becker & Green, P.C.
      Two Gateway Center, 12th Floor
      Newark, NJ 07102

      Mary A. Gambardella, Esq.
      Epstein, Becker & Green, P.C.
      One Landmark Square, Ste. 1800
      Stamford, CT 06901

      Robert Salcido, Esq.
      Akin Gump Strauss Hauer & Field, LLP
      Robert Strauss Building
      1333 New Hampshire Ave, NW
      Washington, D.C. 20036

                                     /s/
                              RICHARD M. MOLOT
                              Assistant United States Attorney