# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* <br> UNITED STATES GOVERNMENT, <br> and DR. JAMES J. TIESINGA <br><br>       Plaintiffs, <br><br>     -against- <br><br> DIANON SYSTEMS, INC. and <br> ETHEL JANEGA <br><br>       Defendants. | Case No. 302 CV 1573 (MRK) <br><br><br><br> October 20, 2005 |

## DEFENDANTS' MOTION FOR EXTENSION OF TIME, TO ENFORCE COURT ORDER AND FOR FEES

Defendants DIANON Systems, Inc. and Ethel Janega ("Defendants") hereby move this Court to (i) extend the deadline for expert witness reports by 30 days from the date Defendant receives Plaintiff responses to Defendants Third Set of Interrogatories, (ii) enforce this Court's Order of January 31, 2005 compelling the production of an authorization to obtain the plaintiff's employment records and (iii) order that Plaintiff to pay the costs and fees incurred by Defendants in bringing this motion.

An extension of the November 1, 2005 deadline for expert witness reports is needed due to Defendants' recent discovery that Plaintiff has been concealing the fact that he was terminated by his employer, Ameripath. Moreover, when asked about this matter, Plaintiff's counsel refused to provide any information. Thus, with only two weeks until the expert witness report deadline and six weeks left in discovery, Defendants do not even know if or by whom Plaintiff is employed. Given

NE:159388v1

that Defendant's expert will opine on the alleged overwhelming psychological impact that Plaintiff imputes to Dianon, Defendants clearly need to take discovery regarding this subsequent discharge.

Defendants further seek to enforce this Court's Order of January 31, 2005 compelling the production of an authorization to obtain Plaintiff's employment records from 1991 to the present. Despite the Court's Order, Plaintiff has refused to produce an authorization for the release of his employment records at Massachusetts General Hospital ("MGH") (where he performed his residency because he contends that his residency was not "employment." However, the caselaw is clearly to the contrary and, more importantly, the records at issue will obviously contain the same relevant information as that contained in any "employment" records.

Finally, Defendants request that Plaintiff be ordered to pay the costs and fees incurred by Defendants in bringing this motion.

**WHEREFORE**, Defendants respectfully request that the Court (i) extend the deadline for expert witness reports by 30 days from the date Defendant receives Plaintiff responses to Defendants Third Set of Interrogatories, (ii) enforce this Court's Order of January 31, 2005 compelling the production of an authorization to obtain the plaintiff's employment records and (iii) order that Plaintiff to pay the costs and fees incurred by Defendants in bringing this motion.

**DEFENDANTS, DIANON SYSTEMS, INC.
& ETHEL JANEGA**

By: _____

Mary Gambardella
Federal Bar # ct 05386
EPSTEIN BECKER & GREEN, P.C.
One Landmark Square, Suite 1800
Stamford, Connecticut  06901
(203) 348-3737
            and

Kerry M. Parker (ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey  07102
(973) 642-1900

Attorneys for Defendants

Dated:  October 21, 2005

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via Federal Express,

postage prepaid, this 21st day of October, 2005 to:

> Bryan T. Carmody, Esq.
> Maya & Associates, P. C.
> 183 Sherman Street
> Fairfield, CT 06430

> Richard Molot, Esq.
> U.S. Attorney General's Office
> District of Connecticut
> 157 Church Street
> New Haven, CT  06510

Mary Gambardella