UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA | Case No. 302 CV 1573 (MRK) |
| Plaintiffs, | |
| -against- | |
| DIANON SYSTEMS, INC. and ETHEL JANEGA | October 20, 2005 |
| Defendants. | |

**CERTIFICATION OF MICHAEL D. THOMPSON
IN SUPPORT OF DEFENDANTS' MOTION FOR
EXTENSION OF TIME, TO ENFORCE COURT ORDER AND FOR FEES**

Michael D. Thompson, Esq. certifies as follows:

1. I am an attorney admitted pro hac vice to represent the defendants in this matter, and an associate with the law firm of Epstein Becker & Green, P.C., attorneys for defendants this matter.

2. I am fully familiar with the facts stated in this Certification, which I submit in support of Defendants' Motion for Extension of Time, to Enforce Court Order and for Fees.

3. In the instant case, Defendants served discovery requests on Plaintiff in early November 2004, which are attached hereto as Exhibits A & B.

4. On August 9, 2005, I wrote to Plaintiff's counsel to request production of the MGH authorization as required by the Court's Order of January 31, 2005. (Exhibit C.)

NE:159101v1

5. After more than one month, Plaintiff's counsel responded by asserting that he did not consider Plaintiff's residency to be "employment," and thus did not believe that he was required to produce the requested authorization. Defendants' counsel then presented Plaintiff's counsel with caselaw demonstrating that numerous federal courts have found that hospital residents are employees of the hospitals at which they perform their residencies. (Exhibit D.) Nevertheless, Plaintiff's counsel has refused to produce the requested authorization. (Exhibit E.)

6. Earlier this month, Defendant's Counsel learned that Plaintiff's employment at Ameripath had been terminated. This fact had never been disclosed to Defendant, despite Plaintiff's ongoing discovery obligations, and despite the fact that several of the discovery requests propounded on Plaintiff in November 2004 called for this information.

7. In an attempt to obtain further information regarding this issue, I requested that Plaintiff supplement his discovery responses. In a subsequent telephone conversation between myself and Plaintiff's counsel, Plaintiff's counsel asserted that he would not update his discovery responses of his own accord. Plaintiff's counsel stated that, <u>if and only if</u> Defendants specify which discovery requests they believe pertain to this issue, he would consider updating his response.

8. I asked Plaintiff's counsel to confirm that Plaintiff was no longer employed at Ameripath. Plaintiff's counsel refused to even confirm or deny this fact.

9. I noted that Defendants were preparing additional discovery requests pertaining to this issue, and would seek an extension of the expert witness deadlines. I asked Plaintiff's counsel for his position in regards to the extension of the expert witness deadlines.

10. Plaintiff's counsel stated that, if Defendants wished to serve additional discovery requests, he would (i) review said requests, and then decide whether he felt compelled to

- 3 -

answer them, and (ii) would not take a position as to whether he would consent to an extension of the expert witness deadlines until after he had reviewed said discovery requests.

11. The expert retained by Defendants in this matter, Dr. Stuart Kleinman, has informed us counsel that he believes the records and information relating to Plaintiff's separation from employment with Ameripath (as well as the Massachusetts General Hospital records) are relevant and necessary to his analysis.

12. Attached hereto is the Massachusetts General Hospital/Harvard Medical School: Residency Training Program in Anatomical and Clinical Pathology Brochure, which I obtained from that program's website at the following web address: *www.massgeneral.org/pathology/ pathology_education_residencybrochure.pdf*. Pertinent pages are attached hereto as Exhibit F.

I certify that the above statements made by me are true. I acknowledge that if any of the above statements made by me are willfully false, I am subject to punishment.

*[signature]*
MICHAEL D. THOMPSON

Dated: October 20, 2005

## CERTIFICATION

The undersigned hereby certifies that a copy of the foregoing was sent via Federal Express, postage prepaid, this 21st day of October, 2005 to:

Bryan T. Carmody, Esq.
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06430

Richard Molot, Esq.
U.S. Attorney General's Office
District of Connecticut
157 Church Street
New Haven, CT  06510

_____
Mary Gambardella

xxx