# EXHIBIT A

xxx

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------x

DR. JAMES J. TIESINGA *ex rel*. UNITED
STATES GOVERNMENT, and DR. JAMES
J. TIESINGA,

                Plaintiffs,

*vs.*

DIANON SYSTEMS, INC. and ETHEL
JANEGA,

                Defendants.

-----------------------------------------------x

CIVIL ACTION NO. 3:02 CV 1573 (DJS)

**DEFENDANTS REQUEST FOR
PRODUCTION OF DOCUMENTS TO
PLAINTIFF**

TO:    Bryan T. Carmody, Esq.
        Maya & Associates, P. C.
        183 Sherman Street
        Fairfield, CT 06430

      **PLEASE TAKE NOTICE** that defendants Dianon Systems, Inc. and Ethel Janega, by and

through their attorneys, Epstein, Becker & Green, P.C., hereby requests from plaintiff James J.

Tiesinga, within thirty (30) days and in the manner prescribed by the Federal Rules of Civil

Procedure and the Local Rules for the United States District Court for the District of Connecticut,

responses to the following requests for the production of documents.

NE:122327v2

## DEFINITIONS

As used herein:

A.    "Address" means the present or last known street name and number, city or town, state, zip code and telephone number.

B.    "Complaint" means the Complaint served in this action on Dianon and Ethel Janega.

C.    "Communications" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions, or data are transmitted between two or more persons.

D.    "Defendants," unless otherwise noted, means Dianon Systems, Inc. and Ethel Janega

E.    "Plaintiff," "you" or "yours" refers to plaintiff James J. Tiesinga.

F.    "Describe," "describing" and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present there at or participating therein; that which each such person said and did: the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto: the identity of all persons having knowledge of such occurrence: and the date and means when and whereby such knowledge was first acquired.

G.    "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including, but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences),

NE:122327v2                                        - 2 -

magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff has or has had access.

  H. "Identify," "identity," or "identification" means, when used in reference to:

   1. a natural person, his or her:

    (a) full name;

    (b) present or last known home address (including street name and number, city or town, state, zip code and telephone number);

    (c) present or last known business address (including street name and number, city or town, state, zip code and telephone number);

    (d) present or last known occupation, position, business affiliation and job description;

    (e) occupation, position, business affiliation and job description at the time relevant to the particular interrogatory being answered;

   2. a company, corporation, association, partnership or legal entity other than a natural person:

    (a) its full name;

    (b) a description of the type of organization or entity;

    (c) the full address of its principal place of business;

    (d) the jurisdiction of incorporation or organization; and

       (e)      the date of its incorporation or organization;

3.     a document:

       (a)      its description (for example, letter, memorandum, report);

       (b)      its title;

       (c)      its date;

       (d)      the number of pages thereof;

       (e)      its subject;

       (f)      the identity of its author, signatory or signatories, and any person who participated in its preparation;

       (g)      the identity of its addressee or recipient;

       (h)      the identity of each person to whom copies were sent and each person by whom copies were received;

       (i)      its present location; and

       (j)      the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when;

4.     an oral communication or statement:

(a) the date and time it occurred;

       (b)      the place it occurred;

       (c)      the complete substance of the communication;

       (d)      the identity of each person;

             (1)      to whom such communication was made;

             (2)      by whom such communication was made; and

             (3)      who was present when such communication was made;

       (e)      if by telephone:

          (1)    the identity of each person:

              (i)    who made each telephone call;

              (ii)    who participated in each call;

     (f)    the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

I.    "Oral communication" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

J.    "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

## INSTRUCTIONS

1.    If in response to any request you have refused to disclose any information or the identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which you rely to support such claims

2.    The instant Request for Production shall be deemed to be continuing so as to require supplemental production should plaintiff or his counsel obtain further or supplemental documents between the time that the documents are presented and the time of trial.

3.    The terms "document" or "tangible things" shall refer to all writings and tangible things of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, but not limited to, correspondence, memoranda, notes, diaries, statistics, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice and intraoffice communications offers, notations of any sort of conversations, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices, worksheets, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, graphic or aural records or representations of any kind (including without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings, motion pictures) and electronic, mechanical or electric records of  representations of any kind (including without limitation, tapes, cassettes, discs, recordings).

## REQUEST FOR PRODUCTION OF DOCUMENTS

1.    All documents or tangible things which refer or relate in any way to the terms and conditions of plaintiff's relationship with either defendant.

2.    Any and all documents or tangible things which refer or relate in any way to any and all communications of any kind between plaintiff and any third party relating to any claim or grievance against defendant.

3.    Any and all documents, materials, objects or property of any nature that came into plaintiff's possession during the course of or subsequent to plaintiff's employment with Dianon, which plaintiff or any other party retained and/or removed from Dianon at any time during or after plaintiff's employment.

4.    All documents exchanged between plaintiff and defendant.

5.    Any and all calendars or diaries maintained by plaintiff for the years 2000 through 2004.

6.    Any and all documents and/or communications or sent by plaintiff to defendant or received by plaintiff from defendant, which relate or refer to any of the allegations in plaintiff's Complaint.

7.    Any and all documents that reflect, relate to or refer to conversations that plaintiff had with defendant or any of its representatives, employees or former employees.

8.    Any and all tape recordings of conversations between plaintiff and any other individual currently or formerly employed by Dianon.

9.    All federal and state income tax returns filed by plaintiff for the years 1999 through 2004.

NE:122327v2                                        - 7 -

10.     All documents or tangible things which refer or relate in any manner to damages allegedly suffered by plaintiff in this action.

11.     Any and all documents that relate to application for and/or receipt of unemployment compensation following plaintiff's separation from Dianon.

12.     All documents which refer or relate to Plaintiff's employment or any work for any company or entity from the time of Plaintiff's graduation from medical school to the present, and (for each employer) a completed "Authorization and Request for Employment Records" of the form attached hereto.

13.     Any and all documents that relate, refer to or touch upon plaintiff's employment subsequent to plaintiff's employment with Dianon including, but not limited to, plaintiff's efforts to secure employment following his separation from Dianon.

14.     Any and all doctor's reports, memoranda, records, correspondence, treatment records or other documents (or a completed authorization form [attached hereto] providing for the release of said documents) relating to: (a) any treatment received by plaintiff for any physical or mental condition from January 1994 to present, (b) the allegations of plaintiff's Complaint, or (c) the damages sought by plaintiff.

15.     Any and all complaints, charges, correspondence, statements, or other documents given, shown or submitted by plaintiffs to, or received by plaintiffs from, any state, federal, or local authority, entity or agency which in any way related to Dianon or to the allegations of the Complaint.

16.     Any and all documents upon which plaintiff will rely at trial.

17.     Any and all documents dealing with or relating to any admission that plaintiff contends has, at any time, been made by any party to this action including, but not

limited to, all documents dealing with or relating to when, how, to whom, and by whom such admissions were made and the specific nature of said admissions.

18.     Any and all documents dealing with or relating to any declaration against interest that plaintiff contends has, at any time, been made by any party to this action including, but not limited to, all documents with or relating to when, how, to whom, and by whom such declarations against interest were made and the specific nature of said declarations against interest.

19.     Any and all documents dealing with or relating to any expert witness plaintiff intends to call at trial, including but not limited to any written or oral report, and any supporting data or information relating to same.

20.     Any and all documents that relate, refer to or touch upon plaintiff's allegation that he was disabled during his employment with Dianon.

21.     Any and all documents that relate, refer to or touch upon plaintiff's allegation that defendant discriminated against him on account of his alleged disability and/or sexual orientation.

22.     Any and all documents that relate or refer to plaintiff's allegation that defendant, its representatives, or its current or former employees subjected plaintiff to a hostile work environment on account of his alleged disability and/or sexual orientation.

23.     Any and all documents or tangible things relating to the allegations in paragraph 8 of the Complaint.

24.     Any and all documents or tangible things relating to the allegations in paragraph 10 of the Complaint that plaintiff suffered an allergic reaction as a result of medication prescribed for his positive HIV status.

25.     Any and all documents or tangible things relating to the allegations in paragraph 12 of the Complaint that Janega delayed the transcription of plaintiff's reports.

26.     Any and all documents or tangible things relating to the allegations in paragraph 25 of the Complaint.

27.     Any and all documents or tangible things relating to the allegations in paragraph 135, 42, 53, 60, 70, 84, 91, 97, 106, 113, 120, 127 140, 144, 153, 159 and 168 of the Complaint that plaintiff suffered emotional distress.

28.     Any statements obtained from any current or former employees of Dianon.

29.     Any and all documents not produced in response to the above requests, that plaintiff may rely upon to prove the allegations or which in any way relate to the allegations in the Complaint, which have not otherwise been identified and produced.

NE:122327v2

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants Dianon Systems, Inc.
And Ethel Janega

By: _Michael D. Thompson_
Mary A. Gambardella (ct #05386)
One Landmark Square, Suite 1800
Stamford, CT  06901-2601
(203) 348-3737

and

Kerry M. Parker (ct # 26388)
Michael D. Thompson (ct # 26389)
Epstein Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey  07102
(973) 642-1900

DATED:  November 5, 2004

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the original of the foregoing Defendant's First

Interrogatories to Plaintiff to be served upon plaintiff via Federal Express mail to:

>Bryan T. Carmody, Esq.
>Maya & Associates, P. C.
>183 Sherman Street
>Fairfield, CT 06430


*Michael D. Thompson* (signature)

Michael D. Thompson

Dated: November 5, 2004