# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
DR. JAMES J. TIESINGA *ex rel.* UNITED
STATES GOVERNMENT, and DR. JAMES           CIVIL ACTION NO. 3:02 CV 1573 (DJS)
J. TIESINGA,

                      Plaintiffs,

*vs.*
                                            **DEFENDANTS FIRST**
DIANON SYSTEMS, INC. and ETHEL      **INTERROGATORIES TO PLAINTIFF**
JANEGA,

                      Defendants.
---------------------------------------------------------X

TO:   Bryan T. Carmody, Esq.
        Maya & Associates, P. C.
        183 Sherman Street
        Fairfield, CT 06430

COUNSEL:

**PLEASE TAKE NOTICE** that defendant Dianon Systems, Inc. (hereinafter "Dianon" or "defendant"), hereby requests answers under oath from plaintiff to the following interrogatories within thirty (30) days and in the manner prescribed by Rule 33 of the Federal Rules of Civil Procedure.

NE:123789v2

## DEFINITIONS

As used herein:

A. "Address" means the present or last known street name and number, city or town, state, zip code and telephone number.

B. "Complaint" means the Complaint served on Dianon Systems, Inc. and Ethel Janega and entitled "DR. JAMES J. TIESINGA *ex rel.* UNITED STATES GOVERNMENT, and DR. JAMES J. TIESINGA, PLAINTIFFS v. DIANON SYSTEMS, INC. AND ETHEL JANEGA, DEFENDANTS," Civil Action No. 3:02 CV 1573 (DJS).

C. "Communications" means any meeting, conversation, discussion, correspondence, message or other occurrence whereby thoughts, opinions, or data are transmitted between two or more persons.

D. "Defendants," unless otherwise noted, means Dianon Systems, Inc. and Ethel Janega.

E. "Plaintiff," "you" or "yours" refers to James Tiesinga.

F. "Describe," "describing" and "set forth" mean to state the substance of the event, circumstances, communication, representation, conversation, meeting, transaction, occasion or other occurrence in question; the date, time, place and identity of all persons present there at or participating therein; that which each such person said and did: the approximate duration of such occurrence; the method or means of communication employed; the identity of all documents relating thereto: the identity of all persons having knowledge of such occurrence: and the date and means when and whereby such knowledge was first acquired.

G. "Document" or "documents" means the original and any identical or non-identical copy, regardless of origin or location, of any writing or record of any type or description, including,

but not limited to, the original and any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, study, handwritten or other note, working paper, chart, paper, graph, index, tape, disc, data sheet or data processing card, correspondence, table, analysis, schedule, diary, message (including, but not limited to, reports of telephone conversations or conferences), magazine, booklet, circular, bulletin, instruction, minutes, other communication (including interoffice or intraoffice communications), purchase order, bill of lading, bid tabulation, questionnaire, survey, contract, option to purchase, memorandum of agreement, assignment, license, book of account, order, invoice, statement, bill (including, but not limited to, telephone bills), check, voucher, notebook, film, photograph, photographic negative, phonorecord, tape recording, wire recording, transcript of recordings, drawing, catalogue, brochure, any other data compilations from which information can be obtained and translated if necessary, or any other written, recorded, transcribed, punched, taped, filed or graphic matter, however produced or reproduced, to which plaintiff has or has had access.

    H.    "Identify," "identity," or "identification" means, when used in reference to:

        1.    a natural person, his or her:

            (a)    full name;

            (b)    present or last known home address (including street name and number, city or town, state, zip code and telephone number);

            (c)    present or last known business address (including street name and number, city or town, state, zip code and telephone number);

            (d)    present or last known occupation, position, business affiliation and job description;

            (e)    occupation, position, business affiliation and job description at the time relevant to the particular interrogatory being answered;

        2.    a company, corporation, association, partnership or legal entity other than a natural person:

    (a)    its full name;

    (b)    a description of the type of organization or entity;

    (c)    the full address of its principal place of business;

    (d)    the jurisdiction of incorporation or organization; and

    (e)    the date of its incorporation or organization;

3. a document:

    (a)    its description (for example, letter, memorandum, report);

    (b)    its title;

    (c)    its date;

    (d)    the number of pages thereof;

    (e)    its subject;

    (f)    the identity of its author, signatory or signatories, and any person who participated in its preparation;

    (g)    the identity of its addressee or recipient;

    (h)    the identity of each person to whom copies were sent and each person by whom copies were received;

    (i)    its present location; and

    (j)    the identity of its present custodian (if any such document was, but is no longer, in the possession of or subject to the control of plaintiff, state what disposition was made of it and when;

4. an oral communication or statement:

    (a) the date and time it occurred;

    (b)    the place it occurred;

    (c)    the complete substance of the communication;

    (d)    the identity of each person;

     (1) to whom such communication was made;

     (2) by whom such communication was made; and

     (3) who was present when such communication was made;

  (e) if by telephone:

     (1) the identity of each person:

       (i) who made each telephone call;

       (ii) who participated in each call;

  (f) the identity of all documents memorializing, referring to or relating in any way to the subject of the communication.

 I. "Oral communication" means any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

 J. "Person" means a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

## INSTRUCTIONS

 A. Where an interrogatory relates to more than one person or subject it is to be answered as to each such person or subject separately.

 B. You are to furnish all information that is available to you as of the date of your answers to these interrogatories. If you are unable to answer any of the interrogatories fully and completely, after exercising due diligence to secure the information necessary to make such full and complete answers, so state, and answer each such interrogatory to the fullest extent possible, specifying the extent of your knowledge and your inability to answer the remainder, setting forth

whatever information or knowledge you may have concerning the unanswered portions thereof and the efforts you made to obtain the requested information.

C.  With respect to the answer to each interrogatory, or subpart thereof, identify all persons and documents consulted by you in preparing your answer thereto, and state the source of the information given therein with as much particularity as is reasonably possible, including, without limitation, the identity of each person who provided any information included in such answer. In addition, identify each other person known or believed to have some or all of the information sought in such interrogatory or subpart thereof.

D.  When an interrogatory calls for you to set forth the factual basis of any of your allegations or any of your answers, the request calls for you to set forth and describe each fact and identify each document which you contend tends to support your allegation or answer and identify each person who possesses facts supporting your allegation or answer.

E.  If any information required to answer any interrogatory is withheld because you claim that such information is privileged or is contained in a privileged document or communication:

    (a)    identify each document or communication;

    (b)    identify the privilege and set forth the factual basis for the privilege claimed; and

    (c)    set forth each subparagraph of the interrogatory to which each such document or communication is responsive.

F.  If your answer to any interrogatory refers to or identifies a document which once existed, but which no longer exists, state the circumstances under which it was destroyed or ceased to exist, including:

    (a)    the identity of each person who determined that each such document would be removed or destroyed;

(b) the identity of each person who authorized the destruction or removal of each such document;

(c) the identity of each person who removed or destroyed each such document;

(d) the substance and content of each such document; and

(e) the date and location and the manner in which each such document was removed or destroyed.

## INTERROGATORIES

1. State your full name, present address, date of birth and social security number.

2. Identify, for the period from the date of Plaintiff's first full time employment to the present, the name and address of each of your employers (including self-employment), and the inclusive date(s) of such employment, job titles(s), rate(s) of pay and total gross compensation, name(s) of supervisor(s) and the reasons you left each of the employers listed in response to this Interrogatory. This answer should include a statement of whether you were terminated from employment voluntarily or involuntarily.

3. State the identity of any employers with whom you had interviews and/or submitted applications since January 1, 2002 and the dates of submission, the identity of any other employers as to whom inquiries were made regarding possible employment and the dates of inquiry, the identity of all employment agencies and/or placement firms which you contacted and the dates of contact, the identity of all positions sought and the compensation with respect to each employer with whom you interviewed, to whom you submitted applications and/or to whom you made inquiries, describe all other efforts made by you to obtain employment and identify and produce all documents which refer or relate in any manner to any of your efforts to obtain employment which are described herein.

4. Identify the monetary value of all forms of compensation received by you from any source from January 1, 1999 to the present, including, although not by way of limitation, income earned while self-employed or as a sole proprietor of a business or as a partner in a partnership, unemployment compensation, workers' compensation, severance pay, deferred wages, medical payments or benefits, vacation pay, pension benefits, social security benefits and disability benefits, in addition to compensation from each employer identified in response to interrogatory 2 above including, although not by way of limitation, any fringe benefits, bonuses, commissions, insurance and expense reimbursements and the reason for the termination of each period of employment.

5. State the total dollar amount of damages for each element of damage you contend you sustained as a result of the alleged wrongful conduct of Defendants, and explain in detail the method used to arrive at each amount. In particular, state the amount of any income you believe you lost and state in detail how you arrived at that figure.

6. Identify all physicians, doctors, hospitals, or therapists from whom you have received treatment at any time for any mental, psychological or emotional conditions or disorders. Include in your response address(es) and phone number(s). For each individual or entity identified, please set forth the dates of treatment, the condition treated and the treatment received.

7. Identify each medical professional who has diagnosed your condition as HIV positive and the date of each such diagnosis.

8. Except as set forth in response to the preceding interrogatories, identify all physicians, doctors, hospitals, or therapists from whom you have received treatment in the past ten (10) years. Include in your response address(es) and phone number(s). For each individual or entity identified, please set forth the dates of treatment, the condition treated, any diagnosis made by said individual or entity and the treatment received.

9. Identify all other lawsuits and administrative proceedings, both civil and criminal, that you have been involved in either as a party within the past ten (10) years. Please include the style of the case, docket number and the court in which the matter was/is pending and the name, address and phone number of opposing counsel.

10. Identify each individual with knowledge of any/all matters alleged in Plaintiff's Complaint and provide a summary of the knowledge you believe each person has regarding your claims as well as the person's telephone number.

11. Please state the identity of each person you expect to call as a witness at trial, the subject matter on which the person is expected to testify, and the substance of the person's expected testimony.

12. State whether or not you have ever filed a bankruptcy action. If so, please provide the date of the action(s), where the action(s) was filed, the docket number or matter number assigned, the type of bankruptcy, (e.g., Chapter 7, Chapter 11, Chapter 13, the date of any discharge and the name and address of the Trustee.

13. State whether you have ever been convicted of a crime. If so, please provide the docket of matter number assigned, and the offense for which you were convicted.

14. Identify all persons you or your attorneys have contacted regarding any factual allegations alleged in the Complaint.

15. Identify each person who has provided to you and/or your attorneys a written and/or signed statement, affidavit or declaration of any kind relating in any way to the allegations set forth in the Complaint and, with respect to each, state the date of the statement and whether it is signed and/or was given under oath.

16. If in response to any interrogatory you have refused to disclose any information or the identity of any person, document or oral communication because of a claim of confidentiality or privilege, set forth in detail the facts and circumstances upon which you rely to support such claims.

**EPSTEIN BECKER & GREEN, P.C.**
Attorneys for Defendants Dianon Systems, Inc.
And Ethel Janega

By:_____
    Mary A. Gambardella(ct #05386)
    One Landmark Square, Suite 1800
    Stamford, CT  06901-2601
    (203) 348-3737

    and

    Kerry M. Parker(ct # 26388)
    Michael D. Thompson (ct # 26389)
    Epstein Becker & Green, P.C.
    Two Gateway Center, 12th Floor
    Newark, New Jersey  07102
    (973) 642-1900

Dated:   November 5, 2004

## **CERTIFICATION**

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____
JAMES TIESINGA

DATED:

NE:123789v2                         14

## CERTIFICATE OF SERVICE

I hereby certify that on this day I caused the original of the foregoing First Set of Interrogatories to Plaintiff to be served upon the plaintiff via Federal Express to:

Bryan T. Carmody, Esq.
Maya & Associates, P. C.
183 Sherman Street
Fairfield, CT 06430

Michael D. Thompson

DATED: November 5, 2004