# EXHIBIT D

xxx

## MAYA & ASSOCIATES, P.C.

ATTORNEYS AT LAW

www.MAYALAW.COM

PLEASE REPLY TO:
266 POST ROAD EAST
WESTPORT, CT 06880
TELEPHONE (203) 221-3100
FACSIMILE (203) 221-3199

261 MADISON AVENUE
NEW YORK, NEW YORK 10016
TELEPHONE (212) 682-5700
FACSIMILE (212) 682-5797

September 12, 2005

BY FAX (973) 642-0099
AND FIRST CLASS MAIL

Michael D. Thompson, Esq.
Epstein, Becker & Green, P.C.
Two Gateway Center, 12th Floor
Newark, New Jersey 07102

Re: Tiesinga v. DIANON Systems, Inc. *et al.*
302 CV 1573 (MRK)

Dear Mr. Thompson:

I write in response to your letters to me dated August 9, 2005, and September 2, 2005.

With regard to your letter of August 9, I attach / enclose a medical authorization Dr. Tiesinga executed for Quest Diagnostics.

As for your more recent letter of September 2, I am not satisfied the authority you cite establishes that, by virtue of his residency at Massachusetts General Hospital (the "Hospital"), Dr. Tiesinga was transformed into an employee of the Hospital. Neither the Sussman nor the Maynard case include any discussion of whether a resident is an employee of the facility at which he performs his residency. In Ghosh, the Court concluded the resident was an employee, but the Court reached that conclusion by use of the Knight test, which calls for a fact specific inquiry. That is, the Court did not articulate or follow any "bright line" rule.

By contrast, in Davis v. Mann, the Fifth Circuit flatly held a resident is not able to state due process claims against the related facility, because, regardless of whether he receives compensation, the resident is not an employee of the facility. 882 F.2d 967, 974. To quote from Davis directly:

> "[i]t is well-known that the primary purpose of a residency program is not employment or a stipend, but the academic training and the academic certification for successful completion of the program." Id.

I might also note that, even if the facility pays compensation to the resident, the facility is entitled to reimbursement of such monies *via* Medicare. 42 C.F.R. § 413.75.

**MAYA & ASSOCIATES, P.C.**

Michael D. Thompson, Esq.
September 12, 2005
Page 2

Ultimately, therefore, any compensation a resident receives flows not from the facility at he performs his residency, but from the federal government, which only further detracts from an assertion of employee status.

For these reasons, I do not see Dr. Tiesinga as an employee of the Hospital, such that my client is not obligated to produce an authorization under the Court Order dated January 31, 2005. In the event you wish further discussion of the issue, please contact me at (203) 221-3100.

Sincerely,

Bryan T. Carmody

Enclosure / attachments

## AUTHORIZATION AND REQUEST FOR
## MEDICAL RECORDS

TO:    Quest Diagnostics
        33608 Ortega Highway
        San Juan Capistrano, California 92675

        Quest Diagnostics
        4770 Regent Boulevard
        Irving, Texas 75063

RE:    James J. Tiesinga, M.D.        Social Security No.: 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
                                                           Date of Birth: March 13, 1965

       Pursuant to the requirements of applicable federal and state law, including but not limited to, the Health Insurance Portability and Accountability Act, and in connection with the lawsuit captioned <u>Dr. James J. Tiesinga *ex rel.* United States Government and Dr. James J. Tiesinga v. DIANON Systems, Inc. and Ethel Janega</u>, which is currently pending in the United States District Court for the District of Connecticut and bears Civil Action No. 302 CV 1573 (MRK), you are hereby authorized and requested to disclose to the attorney for the Defendants, Epstein Becker & Green, P.C. (or their authorized representative), whose address is Two Gateway Center, Twelfth Floor, Newark, New Jersey 07102, all information that relates to my testing in November of 2004 for the HIV virus, and to permit them to inspect, copy and / or abstract such documents.

       You have the right to inspect and copy the protected health information covered by this Authorization. I understand I can revoke this Authorization at any time by written notice to Epstein Becker & Green, P.C. at the Two Gateway Center address noted above. I am aware that such a revocation would be effective only after it is received and logged

by Epstein Becker & Green, P.C. I understand that any use or disclosure made prior to the revocation under this Authorization will not be affected by a revocation.

Dated: September ⁹⁄₁ 2005

*[signature]*
James J. Tiesinga, M.D.