# EXHIBIT 6

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF    CONNECTICUT

UNITED STATES es rel. Dr. JAMES J. TIESINGA,

                    Plaintiff,

        **V.**                                    **SUBPOENA IN A CIVIL CASE**

DIANON SYSTEMS, INC.,

                    Defendant.                    **CASE NUMBER:**    3:02CV1573(MRK)

TO:  Custodian of Records - Susan Collingwood
     Associate General Counsel
     University of Florida

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | |
|  | DATE AND TIME |
|  | |

■  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
|  | |

■  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

   SEE ATTACHMENT   (Documents are to be produced 10-days from receipt of this subpoena)

| PLACE | DATE AND TIME |
| --- | --- |
| United States Attorney's Office, 300 East University Avenue, Suite 300, Gainesville, Fl 32601 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Ryan Fayhee, Attorney for Plaintiff | 6-30-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
  Ryan Fayhee, 601 D Street, NW. ROOM 9607, WASHINGTON, DC 20004 (202) 307-0240

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## ATTACHMENT A - INSTRUCTIONS FOR SUBPOENA COMPLIANCE

1.  Time Period:  Unless otherwise stated in any specification, this subpoena refers to Documents that were created, received or dated at any time during the period of January 1, 2000 through the present.

2.  Possession, Custody and Control:  This subpoena requires production of all documents responsive to one or more specifications which are in the possession, custody, or control of University of Florida College of Medicine's Custodian of Records, whether they be past or present, regardless of where located.

3.  Statement of "No Responsive Documents":  If no documents exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

4.  Identify Privileged Material: Pursuant to Federal Rule of Civil Procedure 45, for any document or part thereof which is not produced by reason of a claim of privilege, the Custodian of Records shall provide:  (1) the privilege being claimed and an explanation of the claim in sufficient detail to allow an assessment of its validity and (2) a description of each such document or part thereof, including, as applicable:  type of document (e.g., letter, memorandum, or handwritten notes); subject matter; date of preparation; number of pages; name, address and title of author(s); and names, addresses and titles of all actual and intended recipients.

5.  Organization of Documents Produced:  All documents produced pursuant to this subpoena are to be organized in such a manner that all documents relating to a particular specification are grouped together and identified as being responsive to that specification.

6.  Semantics:  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well and vice versa.  All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa.  The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every."

7.  Unavailable Information:  To the extent that documents responsive to this subpoena once were, but no longer are, in the possession, custody or control of the Custodian of Records, this subpoena requires the production of all existing indices, lists, or documents in the possession, custody or control of the aforementioned, which reflect transfer or destruction of, or references to such documents.

## ATTACHMENT B - DEFINITIONS

1.  "University of Florida College of Medicine" means University of Florida College of Medicine's affiliate(s); segment(s); region(s); division(s); group(s) and related organizations, joint ventures and partnerships; any present or former officers, directors, employees, agents, or members of the board of directors of these entities.

2.  Document(s)" means writings or records of every kind or character, conveying information by mechanical, electronic, photographic, or other means, whether encarded, taped, stored or coded electrostatically, electromagnetically, or otherwise. "Document(s)" includes, but is not limited to: reports, records, correspondence, letters, envelopes, messages, notes, memoranda, calendars, diaries, minutes of meetings, working papers, directives, manuals, instructions, guidelines, analyses, agreements, accounts, summaries of investigations, contracts, charts, graphs, drawings, diagrams, press releases, trade letters, comparisons, books, notices, articles, magazines, newspapers, bulletins, internal and external newsletters, brochures, surveys, questionnaires, electronic mail, voicemail messages, facsimiles, telegrams, videotapes, audiotapes, photographs, films, magnetic tapes, computer discs (including floppy discs, hard discs, and hard drives), data cells, all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material and printouts of data or information stored or maintained by electronic means, microfiche, microfilm, and telephone directories. "Document(s)" also includes preliminary drafts or revisions, any attachments or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations.

    **Documents requested herein do <u>not</u> include patient medical records, charts, test results, or any other HIPAA protected health information.**

3.  "Relating to" means in any way to concern or to pertain to, whether directly or indirectly.

## ATTACHMENT C - ITEMS TO BE PRODUCED

1.    All documents relating to how University of Florida College of Medicine's panels of antibodies used in providing flow cytometry services were created or developed.

2.    All documents including, but not limited to, protocols, procedures, or manuals, relating to panels of antibodies used by University of Florida College of Medicine in providing flow cytometry services.

3.    All documents relating to University of Florida College of Medicine's standard operating policies and procedures for flow cytometry services.

4.    All versions of University of Florida College of Medicine's requisition forms relating to flow cytometry services.

5.    All documents relating to University of Florida College of Medicine's training on how to provide, conduct, or bill for flow cytometry services.

6.    All documents relating to any consideration, discussion, or decision by University of Florida College of Medicine to change the number of antibodies in its panels when providing or conducting flow cytometry services.

**Documents requested herein do <u>not</u> include patient medical records, charts, test results, or any other HIPAA protected health information.**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF   CONNECTICUT

UNITED STATES es rel. Dr. JAMES J. TIESINGA,

Plaintiff,

**V.**

DIANON SYSTEMS, INC.,

Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:   3:02CV1573(MRK)

TO:   Custodian of Records - Steve Spence
Emory University
101 Administration Bldg - 201 Dowman Drive
Atlanta, GA 30322

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | **DATE AND TIME** |
| | |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE ATTACHMENT   (Documents are to be produced 10-days from receipt of this subpoena)

| PLACE | DATE AND TIME |
|---|---|
| United States Attorney's Office, 600 Courthouse, 75 Spring Street, Atlanta, GA  30303-3309 | |

☐   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Ryan Fayhee, Attorney for Plaintiff | 6-30-06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Ryan Fayhee, 601 D Street, NW. ROOM 9607, WASHINGTON, DC 20004 (202) 307-0240

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## ATTACHMENT A - INSTRUCTIONS FOR SUBPOENA COMPLIANCE

1.  Time Period:  Unless otherwise stated in any specification, this subpoena refers to Documents that were created, received or dated at any time during the period of January 1, 2000 through the present.

2.  Possession, Custody and Control:  This subpoena requires production of all documents responsive to one or more specifications which are in the possession, custody, or control of Emory University Hospital's Custodian of Records, whether they be past or present, regardless of where located.

3.  Statement of "No Responsive Documents":  If no documents exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

4.  Identify Privileged Material: Pursuant to Federal Rule of Civil Procedure 45, for any document or part thereof which is not produced by reason of a claim of privilege, the Custodian of Records shall provide:  (1) the privilege being claimed and an explanation of the claim in sufficient detail to allow an assessment of its validity and (2) a description of each such document or part thereof, including, as applicable:  type of document (e.g., letter, memorandum, or handwritten notes); subject matter; date of preparation; number of pages; name, address and title of author(s); and names, addresses and titles of all actual and intended recipients.

5.  Organization of Documents Produced:  All documents produced pursuant to this subpoena are to be organized in such a manner that all documents relating to a particular specification are grouped together and identified as being responsive to that specification.

6.  Semantics:  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well and vice versa.  All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa.  The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every."

7.  Unavailable Information:  To the extent that documents responsive to this subpoena once were, but no longer are, in the possession, custody or control of the Custodian of Records, this subpoena requires the production of all existing indices, lists, or documents in the possession, custody or control of the aforementioned, which reflect transfer or destruction of, or references to such documents.

## ATTACHMENT B - DEFINITIONS

1.  Emory University Hospital means Emory University Hospital's affiliate(s); segment(s); region(s); division(s); group(s) and related organizations, joint ventures and partnerships; any present or former officers, directors, employees, agents, or members of the board of directors of these entities.

2.  Document(s)" means writings or records of every kind or character, conveying information by mechanical, electronic, photographic, or other means, whether encarded, taped, stored or coded electrostatically, electromagnetically, or otherwise. "Document(s)" includes, but is not limited to: reports, records, correspondence, letters, envelopes, messages, notes, memoranda, calendars, diaries, minutes of meetings, working papers, directives, manuals, instructions, guidelines, analyses, agreements, accounts, summaries of investigations, contracts, charts, graphs, drawings, diagrams, press releases, trade letters, comparisons, books, notices, articles, magazines, newspapers, bulletins, internal and external newsletters, brochures, surveys, questionnaires, electronic mail, voicemail messages, facsimiles, telegrams, videotapes, audiotapes, photographs, films, magnetic tapes, computer discs (including floppy discs, hard discs, and hard drives), data cells, all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material and printouts of data or information stored or maintained by electronic means, microfiche, microfilm, and telephone directories. "Document(s)" also includes preliminary drafts or revisions, any attachments or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations.

    **Documents requested herein do <u>not</u> include patient medical records, charts, test results, or any other HIPAA protected health information.**

3.  "Relating to" means in any way to concern or to pertain to, whether directly or indirectly.

## ATTACHMENT C - ITEMS TO BE PRODUCED

1.    All documents relating to how Emory University Hospital's panels of antibodies used in providing flow cytometry services were created or developed.

2.    All documents including, but not limited to, protocols, procedures, or manuals, relating to panels of antibodies used by Emory University Hospital in providing flow cytometry services.

3.    All documents relating to Emory University Hospital's standard operating policies and procedures for flow cytometry services.

4.    All versions of Emory University Hospital's requisition forms relating to flow cytometry services.

5.    All documents relating to Emory University Hospital's training on how to provide, conduct, or bill for flow cytometry services.

6.    All documents relating to any consideration, discussion, or decision by Emory University Hospital to change the number of antibodies in its panels when providing or conducting flow cytometry services.

**Documents requested herein do <u>not</u> include patient medical records, charts, test results, or any other HIPAA protected health information.**

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### DISTRICT OF     CONNECTICUT

UNITED STATES es rel. Dr. JAMES J. TIESINGA,

Plaintiff,

### V.

DIANON SYSTEMS, INC.,

Defendant.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:   3:02CV1573(MRK)

TO: Custodian of Records/Joanne Pollak, Esq.
Johns Hopkins Medical Institutions, Broadway Research Bldg -Rrm 102
733 N. Broadway
Baltimore, Md 2120y

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in
the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

SEE ATTACHMENT  (Documents are to be produced 10-days after receipt of this subpoena)

| PLACE | DATE AND TIME |
|---|---|
| U.S. Attorneys Office, 36 S. Charles Street, 4th Floor, Baltimore, Md  21201 | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

        Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br>Ryan Fayhee, Attorney for Plaintiff | DATE<br>6-30-06 |
|---|---|
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>  Ryan Fayhee, 601 D Street, NW. ROOM 9607, WASHINGTON, DC 20004 (202) 307-0240 | |

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

## ATTACHMENT A - INSTRUCTIONS FOR SUBPOENA COMPLIANCE

1.  Time Period:  Unless otherwise stated in any specification, this subpoena refers to Documents that were created, received or dated at any time during the period of January 1, 2000 through the present.

2.  Possession, Custody and Control:  This subpoena requires production of all documents responsive to one or more specifications which are in the possession, custody, or control of Emory University Hospital's Custodian of Records, whether they be past or present, regardless of where located.

3.  Statement of "No Responsive Documents":  If no documents exist that are responsive to a specification, a written statement to that effect shall be provided at the time of production.

4.  Identify Privileged Material: Pursuant to Federal Rule of Civil Procedure 45, for any document or part thereof which is not produced by reason of a claim of privilege, the Custodian of Records shall provide:  (1) the privilege being claimed and an explanation of the claim in sufficient detail to allow an assessment of its validity and (2) a description of each such document or part thereof, including, as applicable:  type of document (e.g., letter, memorandum, or handwritten notes); subject matter; date of preparation; number of pages; name, address and title of author(s); and names, addresses and titles of all actual and intended recipients.

5.  Organization of Documents Produced:  All documents produced pursuant to this subpoena are to be organized in such a manner that all documents relating to a particular specification are grouped together and identified as being responsive to that specification.

6.  Semantics:  The singular form of a noun or pronoun shall be considered to include within its meaning the plural form as well and vice versa.  All present tenses of verbs or verb forms shall be considered to include within their meaning the future and past tenses as well and vice versa.  The words "or" and "and" are inclusive, referring to any one or more of the disjoined words or phrases and "any" and "all" also include "each and every."

7.  Unavailable Information:  To the extent that documents responsive to this subpoena once were, but no longer are, in the possession, custody or control of the Custodian of Records, this subpoena requires the production of all existing indices, lists, or documents in the possession, custody or control of the aforementioned, which reflect transfer or destruction of, or references to such documents.

## ATTACHMENT B - DEFINITIONS

1.    Emory University Hospital means Emory University Hospital's affiliate(s); segment(s); region(s); division(s); group(s) and related organizations, joint ventures and partnerships; any present or former officers, directors, employees, agents, or members of the board of directors of these entities.

2.    Document(s)" means writings or records of every kind or character, conveying information by mechanical, electronic, photographic, or other means, whether encarded, taped, stored or coded electrostatically, electromagnetically, or otherwise. "Document(s)" includes, but is not limited to: reports, records, correspondence, letters, envelopes, messages, notes, memoranda, calendars, diaries, minutes of meetings, working papers, directives, manuals, instructions, guidelines, analyses, agreements, accounts, summaries of investigations, contracts, charts, graphs, drawings, diagrams, press releases, trade letters, comparisons, books, notices, articles, magazines, newspapers, bulletins, internal and external newsletters, brochures, surveys, questionnaires, electronic mail, voicemail messages, facsimiles, telegrams, videotapes, audiotapes, photographs, films, magnetic tapes, computer discs (including floppy discs, hard discs, and hard drives), data cells, all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material and printouts of data or information stored or maintained by electronic means, microfiche, microfilm, and telephone directories. "Document(s)" also includes preliminary drafts or revisions, any attachments or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations.

**Documents requested herein do <u>not</u> include patient medical records, charts, test results, or any other HIPAA protected health information.**

3.    "Relating to" means in any way to concern or to pertain to, whether directly or indirectly.

## ATTACHMENT C - ITEMS TO BE PRODUCED

1.    All documents relating to how Emory University Hospital's panels of antibodies used in providing flow cytometry services were created or developed.

2.    All documents including, but not limited to, protocols, procedures, or manuals, relating to panels of antibodies used by Emory University Hospital in providing flow cytometry services.

3.    All documents relating to Emory University Hospital's standard operating policies and procedures for flow cytometry services.

4.    All versions of Emory University Hospital's requisition forms relating to flow cytometry services.

5.    All documents relating to Emory University Hospital's training on how to provide, conduct, or bill for flow cytometry services.

6.    All documents relating to any consideration, discussion, or decision by Emory University Hospital to change the number of antibodies in its panels when providing or conducting flow cytometry services.

**Documents requested herein do <u>not</u> include patient medical records, charts, test results, or any other HIPAA protected health information.**