UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* DR. JAMES J. TIESINGA, | No. 3:02CV1573(MRK) |
| Plaintiffs, v. | September 6, 2006 |
| DIANON SYSTEMS, INC., | |
| Defendant. | |

**THE UNITED STATES' OPPOSITION TO DEFENDANT'S MOTION TO UNSEAL DOCUMENTS FILED UNDER SEAL**

The United States respectfully submits this Opposition to Defendant's Motion to Unseal Documents Filed Under Seal, dated August 25, 2006. As more fully set forth below, the documents in question should remain under seal because they contain a substantive discussion of the United States' pre-intervention investigation and work-product, and because defendant Dianon Systems, Inc. (Dianon) has not demonstrated a legitimate need for the documents in order to defend this lawsuit.

**BACKGROUND**

When this *qui tam* action was initially filed, the Court placed the relator's complaint and all subsequent filings under seal. *See* 31 U.S.C. §§ 3730(b)(2), (3). On November 5, 2004, the United States intervened in this action. In its Notice of Election to Intervene, the United States requested that the Complaint and Notice of Election be unsealed, but that all other contents of the Court's file remain under seal. The Court granted that request as an initial matter, but ordered the United States to file a statement with the Court indicating what, if any, filings should remain

under seal and why.

On December 15, 2004, the United States filed a Statement Regarding Unsealing of the Court File, which requested that the Court only maintain the seal on the memoranda in support of the United States' motions for extensions of the seal period (Document Numbers 11, 14, 18, and 23). The United States also requested an opportunity to review the documents listed as numbers 28-30 on the docket because they were described only as "sealed document[s]." The United States indicated that it did not object to the unsealing of all other documents filed in this matter.

On December 21, 2004, the Court entered an order (the December 21 Order) granting the United States' request to continue holding Document Numbers 11, 14, 18, and 23 under seal, subject to the United States submitting a supplementary report on or before June 20, 2005. In its December 21 Order, the Court wrote: "For the moment, the Court is satisfied that the foregoing pre-intervention pleadings contain information that, on balance, should remain under seal at this time so as to protect and preserve the confidentiality of the Government's investigations.") (*citing United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 191 (E.D. Mo. 1995)) (applying balancing test to determine whether to unseal pleadings in False Claims Act proceeding). In addition, the Court found that "the public's interest in the contents of these particular documents would appear to this Court to be low." December 21 Order at 2. The Court then unsealed all other documents, with the exception of Document Numbers 28, 29 and 30. The Court directed the Government to inspect Document Numbers 28, 29, and 30, and to file a supplemental statement regarding those documents.

The December 21 Order also directed the Government to file a redacted statement eliminating the few portions of its December 15 Statement that revealed confidential information

regarding the documents in question. On January 6, 2005, the Government filed its Redacted Statement Regarding Unsealing of the Court File.

On January 19, 2005, the Government filed its supplemental statement related to Document Numbers 28-30. The Government indicated that it had no objection to unsealing Document Numbers 28 and 29. However, because Document Number 30 contained a discussion of the Government's investigative strategy and its counsel's assessment of the importance of particular evidence, the Government requested that the Court retain the seal on Document Number 30, as it did for Document Numbers 11, 14, 18, and 23 .

On January 27, 2005, after reviewing the Government's supplemental statement, the Court ordered that Document Number 30 remain sealed pursuant to the same terms as Document Numbers 11, 14, 18, and 23. All other documents in this matter have been unsealed by the Court.

On June 20, 2005, the United States filed a supplementary report pursuant to the Court's December 21 Order. In its supplementary report the Government pointed out that the balancing test the Court applied in its December 21 Order still favored keeping the few documents in question under seal. In fact, the Government indicated that there were even stronger reasons for keeping the documents under seal then there were six months before, as the case was being actively litigated by the parties.

Dianon did not respond in any way to the Government's June 20, 2005 supplementary report or move to unseal the remaining documents at any time during discovery. Instead, it waited over a year, until August 25, 2006, to file the instant motion to unseal.

**ARGUMENT**

**THE COURT SHOULD MAINTAIN THE
SEAL ON THE DOCUMENTS IN QUESTION**

Because the United States' position on this issue was fully set forth in its prior submissions to the Court, in the interests of brevity, the United States respectfully refers the Court to the Redacted Statement Regarding Unsealing of the Court File, dated January 6, 2005, the United States' Supplemental Statement Regarding Unsealing of the Court File, dated January 19, 2005, and the Supplementary Report dated June 20, 2005.

It is clear that the balancing test that the Court applied in its December 21 Order still favors keeping the few documents in question under seal. *See* December 21 Order, at 2 ("For the moment, the Court is satisfied that the foregoing pre-intervention pleadings contain information that, on balance, should remain under seal at this time so as to protect and preserve the confidentiality of the Government's investigations."). The United States' interests remain the same. The case is still in active litigation. Thus, it would be harmful to the Government to disclose its work-product and investigative strategy to defendant while the case is being actively litigated. In addition, with the exception of the five pre-intervention documents in question, every other pleading in this case is readily available to the public and there has been no change in circumstances that should alter the Court's finding, in its December 21 Order that, "the public's interest in the contents of these particular documents would appear to this Court to be low."

As important, there still appears to be no substantial need for the Dianon to have access to the sealed documents. *See United States v. Corbitt*, 879 F.2d 224, 228 (7th Cir. 1989) (barring public disclosure of a presentence report without substantial, specific showing of need, and

noting that "[w]here judicial records are confidential, the party seeking disclosure may not rely on presumptions, but must instead make a specific showing of need for access to the document"); *United States ex rel. O'Keefe v. McDonnell Douglas Corp.*, 902 F. Supp. 189, 192 (E.D. Mo. 1995) (rejecting defendant's argument in a False Claims Act *qui tam* action that it "needs" the Government's pre-intervention documents to "assist in the defense" of the action).

Dianon claims, first, that it needs these documents because they may reveal information that is important to its defense. Defendant's Motion to Unseal at 8. Dianon speculates that the documents may reveal information regarding "the government's theory of the case," which Dianon would supposedly need to properly defend itself in this lawsuit. *Id.* This argument, however, ignores the fact that Dianon has read and reviewed the Government's detailed amended complaint in this action, has deposed twelve government witnesses, has received responses to interrogatories and over 100 requests for admission, and has received and reviewed thousands of pages of Government documents. It is unclear how the documents submitted by the Government under seal to the Court are necessary to help Dianon to further understand the Government's "theory of the case." In addition, the fact the Dianon waited over a year and a half after the December 21, 2004 Order to make this motion, and made no response or submission to the Court after the Government filed its supplemental report in June 2005, indicates that it apparently does not view these documents as necessary to its defense.

Second, Dianon claims that it needs access to the sealed documents "to determine whether the relator can establish that the court has jurisdiction over his claims." Defendant's Motion to Unseal at 8. Dianon argues, without any supporting facts, that "[i]f the allegations underlying the lawsuit had been publically disclosed, the relator may only participate in the

action if he qualified as an 'original source,' that is, has 'direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government . . . .'", *Id.* at 8-9 *(quoting* 31 U.S.C. § 3730(e)(4)) *(emphasis added)*. Dianon goes on to speculate that the Government's sealed filings "may reveal what information the relator provided to the government" and that these facts would "potentially reveal whether the relator can qualify as an original source." *Id.* at 9.

This argument is utterly lacking in merit, as there is no indication at all that there has been a public disclosure in this case (nor does Dianon claim that there has been a public disclosure). The relevant statute, 31 U.S.C. § 3730(e)(4)(A), provides:

> No court shall have jurisdiction over an action under this section based upon the public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or Government Accounting Office report, hearing, audit, or investigation, or from the news media, unless the action is brought by the Attorney General or the person bringing the action is an original source of the information.

The law is clear that a court only looks at whether the relator qualifies as an original source "[i]f and only if" there has been a public disclosure within the meaning of the statute. *A-1 Ambulance Service, Inc. v. California,* 202 F.3d 1238, 1243 (9th Cir. 2000) *(emphasis added)*. In the instant case, Dianon does not indicate that there has been a public disclosure from any source, let alone from one of the sources enumerated in the statute, above. Thus, Dianon's claim that it needs to review the Government's sealed work-product to determine if the relator was an original source is without merit.

Finally, as the Court can see from an *in camera* review of the documents, there is nothing in the sealed documents which outlines what information the relator supplied to the Government, beyond the allegations set forth in the relator's original complaint (which has itself been

unsealed). Thus, Dianon's argument that it needs to review the sealed filings because they "may reveal what information the relator provided to the government" is also without merit. Defendant's Motion to Unseal at 9.

Almost the entire file in this matter has been unsealed. The United States' request to keep only five remaining documents under seal is narrowly tailored to protect its work product and investigative strategy. But for the unique requirements of the False Claims Act, the Government would not have had to disclose this information in the first place. Because disclosure would be harmful to the Government and because Dianon has not shown a legitimate need to review the documents in question, the Court should deny Dianon's motion.

## CONCLUSION

For the reasons set forth above and in the Government's prior submissions, the Government respectfully requests that Document Numbers 11, 14, 18, 23, and 30, remain under seal until the conclusion of this litigation.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

By: _____
RICHARD M. MOLOT
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3792 (phone)
(203) 773-5373 (fax)
Richard.Molot2@usdoj.gov

MICHAEL F. HERTZ
JOYCE R. BRANDA
PATRICIA R. DAVIS
RYAN FAYHEE
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Telephone: 202-307-0238

Attorneys for the United States

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the United States' Opposition to Defendant's Motion to Unseal Documents Filed Under Seal, was served by first-class mail and e-mail this 6th day of September 2006 on:

Bryan T. Carmody, Esq.
Maya & Associates, P.C.
266 Post Road East
Westport, CT 06880

Robert Salcido, Esq.
Akin Gump Strauss Hauer & Feld, LLP
Robert Strauss Building
1333 New Hampshire Ave, NW
Washington, D.C. 20036

Bruce Parker, Esq.
Venable LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, MD 21201

_____
RICHARD MOLOT
ASSISTANT U.S. ATTORNEY