# Medicare Program Integrity Manual
## Chapter 13 – Local Coverage Determinations

**Table of Contents**
*(Rev. 147, 05-19-06)*

13.1 - Medicare Policy
    13.1.1 - National Coverage Determinations (NCDs)
    13.1.2 - Coverage Provisions in Interpretive Manuals
    13.1.3 - Local Coverage Determinations (LCDs)
13.3 - Individual Claim Determinations
13.4 - When to Develop New/Revised LCDs
13.5 - Content of an LCD
    13.5.1 – Reasonable and Necessary Provisions in LCDs
    13.5.2 - Coding Provisions in LCDs
    13.5.3 - Use of Absolute Words in LCDs
    13.5.4 - LCD Requirements That Alternative Service Be Tried First
13.6 - LCD Format
    13.6.1 - AMA Current Procedural Terminology (CPT) Copyright Agreement
13.7 - LCD Development Process
    13.7.1 - Evidence Supporting LCDs
    13.7.2 - LCDs That Require A Comment and Notice Period
    13.7.3 - LCDs That Do Not Require A Comment and Notice Period
    13.7.4 - LCD Comment and Notice Process
    13.7.4.1 - The Comment Period
    13.7.4.2 - Draft LCD Web Site Requirements
    13.7.4.3 - The Notice Period
    13.7.4.4 - Final LCD Web Site Requirements
13.8 - The LCD Advisory Process
    13.8.1 - The Carrier Advisory Committee
    13.8.1.1 - Purpose of the CAC
    13.8.1.2 - Membership on the CAC
    13.8.1.3 - Role of CAC Members
    13.8.1.4 - CAC Structure and Process
    13.8.2 - Durable Medical Equipment Regional Carrier (DMERC) Advisory Process (DAP)
13.9 - Provider Education Regarding LCD
13.10 - Application of LCD
13.11 - Local Coverage Determination (LCD) Reconsideration Process
13.12 - Retired LCD
13.13 - Challenge of an LCD
    13.13.1 - The Challenge
    13.13.2 - The LCD Record
    13.13.3 - Ex Parte Contacts
    13.13.4 - Discovery
    13.13.5 - Subpoenas
    13.13.6 - Evidence

        13.13.7 - Dismissals for Cause
        13.13.8 - New Evidence
        13.13.9 - Contractor Options
        13.13.10 - The ALJ Decision
        13.13.11 - Effectuating the Decision
        13.13.12 - Appeals
        13.13.13 - Board Review of an ALJ Decision
        13.13.14 - Effect of a Board Decision
        13.13.15 - Future New or Revised LCDs
*13.14 - Evaluation of Local Coverage Determination (LCD) Topics for National Coverage Determination (NCD) Consideration*

All contractor LCDs shall be listed in the Medicare Coverage Database.

All LCDs shall be posted on the contractor's Web site in HyperText Markup Language (HTML). The Medicare Coverage Database has a feature that will allow a contractor to "save as HTML" a file of a recently entered LCD. Contractors should alter the appearance of the HTML file to meet their own Web site needs, e.g., change the background color.

### 13.6.1 - AMA Current Procedural Terminology (CPT) Copyright Agreement
(Rev. 71, 04-09-04)

Any time a CPT code is used in publications on the contractor Web site or in other electronic media such as tapes, disks or CD-ROM, contractors shall display the AMA copyright notice in the body of each LCD. Contractors shall use a point and click license on a computer screen or Web page any time CPT codes are used on the Internet.

### 13.7 - LCD Development Process
(Rev. 71, 04-09-04)

When a new or revised LCD is needed, contractors do the following:

- Contact the CMD facilitation contractor, other contractors, the local carrier or intermediary, the DMERC (if applicable), the Medicare Coverage Database or QIOs (formerly PROs) to inquire if a policy which addresses the issue in question already exists;

- Adopt or adapt an existing LCD, if possible; or

- Develop a policy if no policy exists or an existing policy cannot be adapted to the specific situation.

The process for developing the LCD includes developing a draft LCD based on review of medical literature and the contractor's understanding of local practice.

#### A. Multi-State Contractors

A contractor with LCD jurisdiction for two or more States is strongly encouraged to develop uniform LCDs across all its jurisdictions. However, carriers shall continue to maintain and utilize CACs in accordance with §13.8 below.

### 13.7.1 - Evidence Supporting LCDs
(Rev. 71, 04-09-04)

Contractor LCDs shall be based on the strongest evidence available. The extent and quality of supporting evidence is key to defending challenges to LCDs. The initial action in gathering evidence to support LCDs shall always be a search of published scientific literature for any available evidence pertaining to the item/service in question. In order of preference, LCDs should be based on:

- Published authoritative evidence derived from definitive randomized clinical trials or other definitive studies, and

- General acceptance by the medical community (standard of practice), as supported by sound medical evidence based on:

    o Scientific data or research studies published in peer-reviewed medical journals;

    o Consensus of expert medical opinion (i.e., recognized authorities in the field); or

    o Medical opinion derived from consultations with medical associations or other health care experts.

Acceptance by individual health care providers, or even a limited group of health care providers, normally does not indicate general acceptance by the medical community. Testimonials indicating such limited acceptance, and limited case studies distributed by sponsors with financial interest in the outcome, are not sufficient evidence of general acceptance by the medical community. The broad range of available evidence must be considered and its quality shall be evaluated before a conclusion is reached.

The LCDs, which challenge the standard of practice in a community and specify that an item is never reasonable and necessary, shall be based on sufficient evidence to convincingly refute evidence presented in support of coverage.

Less stringent evidence is needed when allowing for individual consideration or when reducing to the least costly alternative.

## 13.7.2 – LCDs That Require A Comment and Notice Period
(Rev. 71, 04-09-04)

Contractors shall provide for both a comment period and a notice period in the following situations:

- All **New LCDs**
- Revised LCDs that **Restrict** Existing LCDs - Examples: adding non-covered indications to an existing LCD; deleting previously covered ICD-9 codes.
- Revised LCDs that make a Substantive Correction - If the contractor identifies an error published in an LCD that substantively changes the reasonable and necessary intent of the LCD, then the contractor shall extend the comment and/or notice period by an additional 45 calendar days.

## 13.7.3 - LCDs That Do Not Require a Comment and Notice Period
(Rev. 71, 04-09-04)

When a comment and notice period is unnecessary, contractors may immediately publish a revised LCD electronically (e.g., Medicare coverage database, contractor Web site, email). In the following situations, the comment and notice processes are unnecessary: