UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA,<br><br>    Plaintiffs,<br><br>v.<br><br>DIANON SYSTEMS, INC.<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)   No. 3:02 CV 1573(MRK)<br>)<br>)   September 19, 2006<br>)<br>)<br>) |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES'
MOTION FOR PROTECTIVE ORDER**

In the accompanying motion, the United States moves the Court to issue an order prohibiting the Defendant, Dianon Systems, Inc. (Dianon), from reconvening the improperly noticed personal/expert deposition of the Government's designee to testify on behalf of the National Institutes of Health (NIH) pursuant to a Rule 30(b)(6) deposition notice because reopening the deposition would be a waste of time and resources.

**FACTS**

On July 14, 2006, the United States and Dianon jointly petitioned the Court to amend its scheduling order to allow the parties to conduct a number of scheduled depositions during the month of August after the close of discovery on July 31, 2006. Docket # 163. The parties specifically identified the deponents and included the tentative date of each deposition. One of the scheduled deponents was a representative of the National Institutes of Health (NIH) who would offer testimony as set out in the deposition notice issued by Dianon pursuant to Fed. R.

Civ. Pro. 30(b)(6). Exhibit A. The United States designated Dr. Maryalice Stetler-Stevenson as the NIH representative. The parties set a tentative date for her deposition on August 22, 2006. The Court granted the Joint Motion on August 8, 2006. Docket # 168.

On August 18, 2006, nearly three full weeks after the close of discovery and less than two business days before Dr. Stetler-Stevenson was to be presented for her 30(b)(6) deposition, Dianon noticed, for the first time, the personal/expert deposition of Dr. Stetler-Stevenson. Exhibit B. The notice was sent to counsel for the United States attached to an email which stated:

> Attached please find the follow up deposition notice confirming NIH designee Dr. Stetler Stevenson's deposition for August 22, 2006 at 9:30 am per our prior 30(b)(6) deposition notice.

Exhibit C. While the language of the e-mail indicated that the accompanying deposition notice was simply a confirmation of the 30(b)(6) notice for the NIH designee, the attached deposition notice inexplicably indicated that Dr. Stetler-Stevenson's personal/expert deposition was also being noticed pursuant to the discovery rule applicable to <u>expert</u> witnesses:

> Please take notice that, pursuant to the local and Federal Rules of Civil Procedure Rules 26(b)(4)(A) and 30, defendant Dianon Systems, Inc. will take the deposition upon oral examination of MaryAlice Stetler-Stevenson, M.D. government designee on behalf of the National Institutes of Health.

Exhibit B. No personal deposition of Dr. Stetler-Stevenson had ever been noticed before the close of discovery, and Dr. Stetler-Stevenson has not been designated as an expert in this case nor did she prepare an expert report as required by Rule 26.

Dr. Stetler-Stevenson was presented for her Rule 30(b)(6) deposition on August 22, 2006; however, counsel for the United States informed counsel for Dianon that the Government was objecting to any personal deposition because it had not been properly noticed. Government

2

counsel further informed counsel for Dianon that she would object to any questions outside the scope of the 30(b)(6) deposition notice.

During the deposition, Dianon's attorney asked Dr. Stetler-Stevenson a number of questions far outside the scope of the 30(b)(6) deposition notice, and counsel for the United States objected to, but then allowed the witness to answer, subject to the objections. Deposition Excerpts at Exhibit D. In addition, Dianon's counsel attempted to elicit Dr. Stetler-Stevenson's opinion about the experts in this case and read Dr. Stetler-Stevenson excerpts from the expert reports filed by the four designated medical experts in this case and asked for her personal opinion of the statements in the expert reports. Deposition Excerpts at Exhibit E. Because Dr. Stetler-Stevenson has never been designated as an expert in this case in accordance with the Federal Rules of Civil Procedure, counsel for the Government directed Dr. Stetler-Stevenson not to answer questions which improperly intended to elicit her expert opinion about the matters at issue in this case.   Exhibit E.

## ARGUMENT

Because Dianon improperly continues to pursue factual and expert opinion testimony from a 30(b)(6) witness who has no personal knowledge of the facts in this case and who has not been properly designated as an expert, the United States asks the Court to issue an order, pursuant to Fed. R. Civ. P. 26(b)(2) and Fed. R. Civ. P. 30(d)(4), prohibiting Dianon from attempting to reconvene the deposition of Dr. Stetler-Stevenson. Fed. R. Civ. P. 26 gives the Court broad discretion to issue orders prohibiting or limiting discovery. Rule 26© provides that a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense, including . . . that the disclosure or discovery not be had."

3

A.   **Dianon's Notice of a Personal/Expert Deposition after the Close of Discovery and Two Days Before a Scheduled Rule 30(b)(6) Deposition Does Not Meet the Requirement of Providing "Reasonable Notice"**

F.R. Civ. P. 30 requires that a party wishing to take the deposition of any person give "reasonable notice" of the deposition to all other parties. The reasonable notice requirement is not met when a personal/expert deposition of a 30(b)(6) witness is given just 2 days before the scheduled 30(b)(6) deposition. *See e.g.*, *Ultratech, Inc. v. Tamarack Scientific Co.*, 2005 WL 696979 (N.D. Cal.) (three days notice not "reasonable notice" under Rule 30); *United States v. Phillip Morris, Inc.*, 312 F. Supp. 2d 27, 36-37 (D.D.C. 2004) (three business days insufficient notice); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 327 (N.D. Ill. 2005) (ten days notice not reasonable under circumstances); *Zhou v. Pittsburg State University*, 2003 WL 221782 (less than five business days insufficient notice). Further, the fact that Dr. Stetler-Stevenson's personal/expert deposition was noticed for the first time after the close of discovery provides an independent basis for the issuance of a protective order. *See e.g.*, *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. at 327 (depositions noticed so close to discovery cut-off that discovery could not be completed before the end of discovery); *United States ex rel. Gabe v. Ansley*, 2006 WL 680801 (M.D. Fla. 2006) (depositions noticed less than ten days before date of deposition and two days before close of discovery).

Further, defendant's failure to comply with the reasonable notice requirement was clearly intended to prevent the Government from having sufficient time before the 30(b)(6) deposition to seek a protective order from the Court. Had the United States been provided with proper notice of a planned personal/expert deposition, the United States could have moved for a protective order prior to the date of the scheduled 30(b)(6) deposition. However, because the defendant's

counsel chose to sandbag Government counsel with a last-minute deposition notice, the United States was unable to do that before the date of the deposition.[1]

The late notice presented the United States with a dilemma - refuse to appear for the scheduled deposition or appear and object to the proceedings. The United States decided to go forward with the deposition of Dr. Stetler-Stevenson as the NIH designee for the scheduled 30(b)(6) deposition, and to object to questions beyond the scope of the 30(b)(6) deposition notice. The deposition had been very difficult to schedule in the first instance because of Dr. Stetler-Stevenson's busy schedule and the press of other discovery in the case. However, when it became apparent that Dianon was attempting to elicit a personal, expert opinion from Dr. Stetler-Stevenson about the facts of this case during a 30(b)(6) deposition, counsel for the Government directed Dr. Stetler- Stevenson not to answer those questions. See, Exhibit E.

Fed R. Civ. P. 30(d) provides that a witness may be directed not to answer a question when necessary to protect a privilege or to allow a party to obtain a protective order from the court.[2] Although Fed R. Civ. P. 30(d)(4) provides the basis for judicial intervention *during* a deposition, ("upon a showing that the examination is being conducted in bad faith or in such manner as unreasonably to annoy, embarrass, or oppress the deponent or party..."), it has been held that inherent in the Rule providing for protective orders, is an implied condition that the party or deponent must have a reasonable amount of time in which to make an application for a

---

[1] Defense counsels' misleading email transmitting the deposition notice was apparently an attempt to further ensure that the Government did not have time to seek the protection of the Court.

[2] A "person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation directed by the court, or to present a motion under Rule 30(d)(4)." F.R. Civ. P. 26   .

protective order. *See e.g. Mims v. Central Mfrs. Mutual Ins. Co.*, 178 F.2d 56 (5th Cir. 1949). In this case, however, because of Dianon's ambush tactics, the United States did not have time to seek a protective order from the Court.

There is a split of authority on whether a 30(b)(6) deposition should be limited to the subjects listed in the notice or whether the noticing party may go beyond the scope of the subjects delineated in the deposition notice. Compare, *Paparelli v. Prudential Ins. Co.,* 108 F.R.D. 729, 730 (D. Mass. 1985) with *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D.Fla.,1995). However, counsel for the Government has been unable to find any published order or opinion that has addressed this question in a situation like this case - where discovery was closed, the 30(b)(6) witnesses' personal deposition had never been noticed prior to the close of discovery, and the discovering party noticed and attempted to take the "expert" deposition of a witness with technical expertise who had never been designated as an expert witness in the case. Even those cases which hold that questions beyond the scope of the 30(b)(6) notice are permissible, require that the discovering party comply with Rule 26 and the orders of the court. For example, the court in *Detoy v. City and County of San Francisco*, 196 F.R.D. 362, 367(N.D. Cal. 2000) opined that the relevancy rules applied - *i.e.* the information sought must lead to the discovery of admissible evidence. In addition, the court in *Overseas Private Investment Corp. V. Mandelbaum*, 185 F.R.D. 67, 68 (D.D.C. 1999), held that questions beyond the 30(b)(6) notice were limited by prior orders of the court setting limits on the scope of discovery.

**B.    Reconvening the Deposition Would be a Waste of Time and Resources Because Any Personal Expert Opinion Elicited Would Not Be Admissible**

Even if Dr. Stetler-Stevenson's deposition had been properly noticed as a fact deposition, Dr. Stetler-Stevenson has no factual information about the matters at issue in this case. The only

factual information even arguably relevant that Dr. Stetler-Stevenson has is what NIH does with regard to flow cytometry - that was the subject of her 30(b)(6) testimony, and she answered all questions put to her by Dianon's counsel about the subjects set forth in the notice. Exhibit A.

However, Dianon's questions not only went far beyond the scope of the 30(b)(6) deposition notice, Dianon also purported to notice Dr. Stetler-Stevenson's "expert" deposition. The deposition notice cited F. R. Civ. P. 26(b)(4)(A) as one basis for the deposition. Rule 26(b)(4)(A) states:

> (4) Trial Preparation Experts
> (A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report form the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

Pursuant to the Court's scheduling order in this case plaintiff's expert reports were required to be served by February 15, 2006, defendant's expert reports were to be served by March 15, 2006 and expert depositions were to have been completed by July 31, 2006. Dr. Stetler-Stevenson was never named as expert witness by any party, and none of the mandatory disclosures required by Rule 26(a)(2) were made.[3]

Most, if not all of the questions Dr. Stetler-Stevenson was directed not to answer sought her personal opinion of matters at issue in this case. Since she has no personal knowledge of the facts of this case, such questions were clearly intended to obtain Dr. Stetler-Stevenson's personal "expert" opinion. Any personal response to Dianon's counsel's questions regarding the matters

---

[3] Fed. R. Civ. P. 26(a)2(A) and (B) sets forth specific disclosures to be made as to expert witnesses: "In addition to the disclosures required by paragraph (1), a party shall disclose to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 702 or 705 of the Federal Rules of Evidence."

at issue in this case and, in particular about the experts or the expert reports, would have required Dr. Stetler-Stevenson to provide testimony containing opinions based on highly technical and specialized knowledge.

Fed. R. Ev. 701© provides that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." A witness with some technical expertise, but who has not previously been disclosed as an expert, may still testify regarding her observations on matters within her personal knowledge, but when the inquiry goes beyond personal observations and into matters normally considered "expert" testimony, it may be barred. *See, Tzoumis v. Tempel Steel Co.*, 168 F. Supp. 2d 871 (N.D. Ill. 2001); *see also, Falconer v. Penn Maritime, Inc.*, 397 F.Supp.2d 62 (D.Me. 2005) (witnesses to injury, could testify to their opinions to extent they were rationally based on their perceptions, but could not testify as experts on liability, since they had not been disclosed as experts before agreed deadline for doing so.); *Freedom Wireless, Inc. v. Boston Communications Group, Inc.*, 369 F.Supp.2d 155 (D.Mass. 2005) (witness in patent suit was barred from giving lay opinion deposition testimony based on scientific, technical, or specialized knowledge).

There can be no doubt that Dr. Stetler-Stevens' opinion of the statements made in the expert reports filed by the designated experts in this case is not proper factual testimony from a lay witness.[4] The central issues in this case are whether or not Dianon exercised medical

---

[4] Dianon's attempt to conduct Dr. Stetler-Stevenson's deposition as the NIH designee and at that same time depose her as an "expert" was nothing more than an attempt to confuse the record so that they could argue that whatever her personal opinions might be about the facts of this case were the official opinions of the NIH. This is clearly an abuse of the discovery process, and of Rule 30(b)(6).

judgment when performing flow cytometry lab tests and whether each antibody used in the tests and billed to federal health programs was reasonable and medically necessary for the diagnosis and treatment of each patient. Dianon has already retained three testifying medical experts who have given their expert opinion on these matters. Dianon has also deposed the United States' expert in this matter. Dianon should not be permitted to seek an additional expert opinion from Dr. Stetler-Stevenson because any expert opinion she might express in this case would be inadmissible at trial.[5]

Counsel for the Government could find no cases in which one party sought to notice the expert deposition of an employee of the opposing party who has not been designated as a witness in the case in an attempt to turn her into an unwilling expert,[6] after the close of discovery and without complying with the requirements of Rule 26. However, in those cases where parties have not complied with the Federal Rules of Civil Procedure as they relate to expert disclosures, the courts have prohibited the use of expert testimony at trial and in summary judgment motions. *See e.g. Finwall v. City of Chicago*, 2006 WL 1491316 (ND Ill. 2006) (failure to meet discovery

---

[5] During the teleconference with the Court counsel for Dianon argued that they should be permitted to question Dr. Stetler-Stevenson about the expert reports because she had read them. However, as the Court correctly pointed out, that would only be a valid argument if there were some basis for supposing that Dr. Stetler-Stevenson's 30(b)(6) testimony had been formed by, or based upon, the expert reports. However, it is clear from the deposition transcript that Dr. Stetler-Stevenson's testimony about what NIH does with regard to flow cytometry was based on her own personal knowledge as the person who uses flow cytometry tests at the NCI to diagnose or stage cancers. See also Exhibit F, Affidavit of Dr. Stetler-Stevenson.

[6] In analogous cases, courts have addressed the issue of compelling expert testimony from individuals not properly designated as experts. Typically, the issue arises when a party has issued subpoenas under Federal Rule 45 to third party experts who, while knowledgeable about the "science", have not been specifically retained and have no personal knowledge of the facts in the case. *See, e.g. Kaufman v. Edelstein*, 539 F.2d 811, (2nd Cir. 1976); *Schering Corp. v. Amgen Inc.*, 1998 WL 552944, *2 (D.Del. 1998); *Bio-Technology General Corp. v. Novo Nordisk*, 2003 WL 21057238, *3 (D.Del. 2003); *Statutory Committee of Unsecured Creditors v. Motorola, Inc.*, 218 F.R.D. 325, 326 -327 (D.D.C. 2003).

9

requirements for expert disclosures grounds for exclusion of testimony); *Ebewo v. Martinez*, 309 F. Supp. 600, 606-07 (S.D.N.Y. 2004) (same).

Counsel for the defendant had ample opportunity to ask the doctor questions about the subjects listed in the 30(b)(6) notice. Thus, counsel for Dianon was able to fully explore with Dr. Stetler-Stevenson, NIH's practices and policies on the subjects in the 30(b)(6) notice. Since Dr. Stetler-Stevenson's opinions about the matters at issue in this case would not be admissible at trial, reconvening the deposition to require her to answer questions about her personal opinions of the matters at issue in this case would be a waste of time and resources and should not be permitted.

## CONCLUSION

The Court should use its discretion pursuant to Fed. R. Civ. P. 26(b)(2), to prohibit Dianon from further deposing Dr. Stetler-Stevenson because any further deposition would be on subjects outside the scope of the Rule 30(b)(6) notice and because they seek an expert opinion about matters at issue in this case which would be inadmissible at trial. As a result, reopening the deposition would unduly burden Dr. Stetler-Stevenson and the plaintiff.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
United States Attorney

RICHARD MOLOT
Assistant United States Attorney
Federal Bar No. CT21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700

                                                            /s/  
                                      MICHAEL F. HERTZ  
                                      JOYCE R. BRANDA  
                                      PATRICIA R. DAVIS  
                                      RYAN P. FAYHEE  
                                      Attorneys, Civil Division  
                                      Commercial Litigation Branch  
                                      Post Office Box 261, Ben Franklin Station  
                                      Washington, D.C.  20044  
                                      Telephone:  (202) 307-0240  
                                      Facsimile:  (202) 514-0280  
                                      Attorneys for the United States

## CERTIFICATION OF SERVICE

I hereby certify that on this 19th day of September 2006, a true and correct copy of the Memorandum in Support of the United States' Motion for Protective Order was served by first-class mail and electronic mail on:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>266 Post Road East
>Westport, CT 06880
>
>Robert Salcido, Esq.
>Akin Gump Strauss Hauer & Field, LLP
>Robert Strauss Building
>1333 New Hampshire Ave, NW
>Washington, D.C. 20036
>rsalcido@akingump.com
>
>Bruce R. Parker
>Venable LLP
>1800 Mercantile Bank & Trust Bldg.
>2 Hopkins Plaza
>Baltimore, Md. 21201
>brparker@venable.com

_____
Patricia R. Davis
Trial Attorney
U.S. Department of Justice