UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> ex rel. DR. JAMES J. TIESINGA, : <br>   : <br> Plaintiffs, : <br>   : <br> v. : <br>   : <br> DIANON SYSTEMS, INC. and : <br> ETHEL JANEGA : <br>   : <br> Defendants. : | No. 3:02CV1573 (MRK) |

## RULING AND ORDER

Currently pending before the Court is Defendants' Motion and Supporting Memorandum To Unseal Documents Filed Under Seal [doc. # 177]. The Court GRANTS IN PART and DENIES IN PART Defendants' Motion.

This is a *qui tam* action under the False Claims Act, 31 U.S.C. § 3729 *et seq*. In December 2004, following the Government's intervention, the Court unsealed most of the documents in this case. *See* Orders [doc. ## 51, 58, 70]. Only five documents [doc. ## 11, 14, 18, 23, and 30] remain under seal, and they are memoranda filed by the Government in support of its requests for an extension of time within which to make its election to intervene. *See* 31 U.S.C. § 3730(b)(3). Section 3730(b)(3) expressly permits the Government to file pleadings in support of an extension of time "*in camera*." The obvious purposes of this *in camera* provision are to enable the Government to fully evaluate the case and also to provide the court with information regarding the progress of the Government's evaluative efforts, without fear that investigative targets will be tipped off or that sensitive governmental investigative techniques will be revealed. *See, e.g.*, S. Rep. No. 99-345, at 24 (1986), *reprinted in*, 1986 U.S.C.C.A.N. 5266, 5289.

The Government urges the Court to continue sealing the five documents in question for essentially two reasons. First, the Government was permitted to file the documents under seal under § 3730(b)(3), and therefore the presumption of openness that ordinarily governs judicial pleadings does not apply. Second, in its efforts to be as candid and forthcoming with the Court as possible about the status of its investigation, the Government revealed work product to the Court, which should continue to be protected. *See* The United States' Opposition to Defendant's Motion to Unseal Documents Filed Under Seal [doc. # 179].

The Court is unpersuaded by the Government's first argument. That the Court permitted the Government to file a document under seal at one point does not mean that the document must remain under seal forever, long after the purposes sought to be achieved by the sealing have evaporated. The Government argues that § 3730(b)(3) gives the Court authority only to unseal the complaint, since that is the only pleading mentioned in that section, but the Court clearly has inherent authority to determine whether any pleadings filed in its cases should remain under seal. *See United States ex rel. Coughlin v. IBM*, 992 F. Supp. 137, 140 (N.D.N.Y. 1998) ("[B]ecause the False Claims Act permits *in camera* submissions, the statute necessarily gives the court discretionary authority over whether to maintain the secrecy of such submissions."); *United States by Dep't of Def. v. CACI Int'l*, 885 F. Supp. 80, 82 (S.D.N.Y. 1995) ("[T]he documents, save for the complaint, describe routine, general investigative procedures and do not implicate specific people or provide any substantive details. As a result, the court finds no ground for retaining the court's files under seal."); *United States ex rel. Mikes v. Straus*, 846 F. Supp. 21, 23 (S.D.N.Y. 1994) ("The Qui Tam statute evinces no specific intent to permit or deny disclosure of *in camera* material . . . . In permitting *in camera* submissions, the statute necessarily invests the court with authority to preserve secrecy of such items

or make them available to the parties.").

The Second Circuit has been outspoken in emphasizing the public's right to inspect judicial pleadings and the need to restrict closure and sealing to only those rare instances where it is essential to preserve higher values and narrowly tailored to serve that interest. *See, e.g.*, *Lugosch v. Pyramid Co.*, 435 F.3d 110, 119 (2d Cir. 2006); *SEC v. TheStreet.com*, 273 F.3d 222, 232 (2d Cir. 2001); *United States v. Graham*, 257 F.3d 143, 150 (2d Cir. 2001); *United States v. Amodeo*, 44 F.3d 141, 146 (2d Cir. 1995); *Video Software Dealers Ass'n. v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 26 (2d Cir. 1994). In that regard, this Court notes that many courts have unsealed pre-intervention filings in False Claims Act cases where they have concluded that disclosure would not injure any substantial governmental interest. *See, e.g.*, *United States* ex rel. *Erickson v. Univ. of Wash. Physicians*, 339 F. Supp. 2d 1124 (W.D. Wash. 2004) (cases cited therein); *United States* ex rel. *Health Outcomes Techs. v. Hallmark Health Sys., Inc.*, 349 F. Supp. 2d 170 (D. Mass. 2004); *United States* ex rel. *Costa v. Baker & Taylor*, 955 F. Supp. 1188 (N.D. Cal. 1997).

The Government's second argument has more merit. It is in the interests of courts and parties to encourage the Government to be as candid as possible about the status of its investigation in any request for an extension of its time to intervene. To that end, it may on occasion be necessary for the Government to disclose information that would otherwise be protected by the work product privilege in connection with extension requests. When that occurs, courts should be vigilant to ensure that the Government is not penalized for its commendable candor with the court, at least while the action is still pending.

Having these principles in mind, the Court has carefully evaluated the documents in question.

The memoranda in question do not reveal any sensitive investigative techniques. Nor is there any need to be concerned about "tipping off" any targets. Most of the memoranda simply recite the procedural history of the case and disclose at a very general level what the Government is doing, or hopes to do, to investigate the case. For example, Document # 11, the Government's first extension request, merely describes the procedural history of the case and the relevant statutory scheme. The memorandum then states that the Government's "investigative team needs more time to conduct a complete and thorough investigation," and lists numerous general tasks that would come as no surprise to anyone (e.g., "interviewing individuals who may have relevant information"). There is absolutely nothing confidential about any statement in Document # 11. As a result, the document should be unsealed.

   Documents 14, 18, 23, and 30 are memoranda supporting requests for additional extensions. These documents contain the identical discussion of the procedural history and statutory scheme as was set forth in Document # 11, but they also include a few additional details regarding the Government's investigation. It is possible that some of the information included in these pleadings fairly constitutes work product, since the documents discuss the work of the Government's experts and on several brief occasions, include a statement of the Government's views regarding the importance of particular information that it had obtained. However, these statements constitute only a few sentences in a multi-page document. The vast majority of information in these documents is not confidential at all, and it is difficult to see how its disclosure would harm the Government in any way. For example, these documents mainly discuss the fact that the Government has issued subpoenas to the Defendant, received documents from the Defendant, engaged in factual discussions with Mr. Tiesinga or the Defendant, or held settlement discussions with the Defendant. Surely, that

information, which is stated at the most general level possible, is not confidential and cannot credibly be claimed to represent work product. *See Hallmark*, 349 F. Supp. 2d at 173-74.

Therefore, the Court directs the Government to file redacted versions of Documents ## 14, 18, 23, and 30. The Government should redact only those brief portions of the documents that it legitimately claims contain protected work product. The Court will review the Government's assertion of the work product privilege and will unseal any other portions of those documents that the Court concludes the Government has needlessly redacted.

Accordingly, the Defendants' Motion and Supporting Memorandum To Unseal Documents Filed Under Seal [doc. # 177] is GRANTED IN PART and DENIED IN PART. Document # 11 is unsealed immediately. The Government shall file redacted versions of Documents ## 14, 18, 23, and 30 no later than **October 23, 2006**.

                                                IT IS SO ORDERED,

                                   /s/     Mark R. Kravitz
                                         United States District Court

Dated at New Haven, Connecticut: **October 3, 2006**