**DOCUMENT # 14**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:02CV1573(DJS) |
| ex rel. DR. JAMES J. TIESINGA, | ) | |
| | ) | EX PARTE MEMORANDUM |
| | ) | IN SUPPORT OF THE UNITED |
| Plaintiff, | ) | STATES' MOTION FOR AN |
| | ) | ENLARGEMENT OF TIME TO |
| v. | ) | MAKE AN ELECTION |
| | ) | PURSUANT TO 31 U.S.C. |
| DIANON SYSTEMS, INC. and | ) | § 3730(b) |
| ETHEL JANEGA, | ) | |
| | ) | April 29, 2003 |
| | ) | |
| Defendants. | ) | **[FILED UNDER SEAL]** |

The United States of America, with the concurrence of the relator, respectfully submits this memorandum in support of its ex parte motion for an order, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3), granting a one hundred and eighty day extension of time, from May 6, 2003, to and including November 6, 2003, in which to notify the Court of its decision whether to intervene in the above-captioned False Claims Act qui tam action. The United States seeks this extension of time in order to permit it to investigate the allegations in the complaint filed in this action against Dianon Systems, Inc. ("Dianon"). This is the second extension that the government has requested in this case.

The False Claims Act provides that, for good cause shown, the Court may extend the time for the government to make its election to intervene. See 31 U.S.C. § 3730(b)(3). The United States, with the concurrence of the relator, now seeks additional time, until November 6, 2003, to make its election regarding possible intervention in this litigation. The United States has good cause for this request. The United States cannot make an informed decision whether or not to intervene

**ORAL ARGUMENT IS NOT REQUESTED**

pursuant to 31 U.S.C. § 3730(b)(4) until it completes its investigation. The government further requests that, during the requested extension period, the complaint and the other filings remain under seal.

I. Statement of Facts

On or about September 6, 2002, the Relator, Dr. James J. Tiesinga, filed the instant qui tam action against Dianon and Ethel Janega, a Dianon employee. Dr. Tiesinga worked for Dianon from July 2001 to June 2002 as a pathologist specializing in Hematopathology. Dr. Tiesinga resigned from Dianon in June 2002, allegedly because he had been discriminated against by the company due to his HIV positive status.

Dr. Tiesinga alleges in his complaint that Dianon used an unnecessary number of antibodies when conducting flow cytometry analysis, which was a service offered by Dianon for the purpose of diagnosing blood diseases. According to Dr. Tiesinga's complaint, in the majority of cases Dianon would need no more than fifteen antibodies to respond to a physician's request for a blood disease test (e.g. "test for lymphoma"). However, Dianon would virtually always use twenty-five antibodies, i.e. a "full panel", and Medicare would reimburse Dianon for these added, but medically unnecessary, antibodies.

Since the last extension granted by the Court, the government's investigation of the relator's allegations has progressed, but the investigation is not yet complete. First, the government has met with and retained an expert pathologist to assist the government in its analysis of the relator's allegations. Second, the government requested extensive claims and billing data from the Centers for Medicare and Medicaid Services ("CMS") and the Medicare carrier, related to flow cytometry services billed to Medicare by Dianon. This claims and billing data took several months to compile,

and was just received by the government's investigative team in the middle of April 2003. The government is now in the process of creating a statistically valid random sample of claims relating to flow cytometry services billed by Dianon to Medicare. After the sample is complied, the government will request the relevant records from Dianon related to the claims in the sample. After receiving the records, the government will have the records reviewed and analyzed by its pathology expert. Finalizing the sample, requesting and receiving the relevant records from Dianon, and having the records reviewed by the expert will likely take several months.

In addition, the government has had various conversations with Dianon about the allegations in the relator's complaint.[1] Dianon is in the process of providing the government with information related to it billing practices with regard to flow cytometry services. It is anticipated that after the government receives this billing information from Dianon, and receives and analyzes the records Dianon will provide related to the sample discussed above, the government will approach Dianon to discuss a potential settlement of this matter.

Accordingly, the government's investigative team needs additional time to conduct a complete and thorough investigation, including, among other things, analyzing Medicare billing data related to the allegations; creating a statistically valid random sample; requesting sample medical records from Dianon; conducting a medical review of the records; receiving further information from Dianon related to its billing practices; and conducting interviews of individuals

---

[1]   As the Court is aware, on or about September 25, 2002, the Court granted the government's application for a partial lifting of the seal in the instant qui tam. The reason that the government requested a partial lifting of the seal at that time was because the government was in negotiations with Dianon to settle another, separate qui tam action which had been brought against Dianon, United States of America ex rel. Theresa M. Worner v. Dianon Systems, Inc., 3:99CV407(DJS) (the "Worner qui tam"). The government and Dianon settled the Worner qui tam in December 2002.

who may have relevant knowledge of the fraudulent practices alleged in the complaint.

Counsel for the relator recognizes the level of effort necessary to investigate the allegations contained in the complaint, and has concurred in this request for an extension of time. The investigation is under way, but will necessarily take additional time to complete. Until the investigation is complete, the United States cannot make an informed decision about whether or not to intervene in this action.

## II. Points and Authorities

The False Claims Act requires a relator to file the complaint in camera, under seal, and to serve the complaint and supporting written disclosure of material evidence on the government. 31 U.S.C. § 3730(b)(2). The complaint remains under seal while the government is provided a period of time in which to investigate the allegations; the Act sets an initial period of 60 days, which the court "for good cause shown" may extend. Id. at § 3730(b)(2)-(3). The purpose of the investigation is to enable the Attorney General to determine, in his discretion, whether to "elect to intervene" in the action. Id. at § 3730(b)(2). If the Attorney General elects not to intervene, the Act authorizes the relator to conduct the action. Id. at § 3730(b)(4).

The relevant provision of the False Claims Act governing extension requests by the government provides in pertinent part that:

> The Government may, for good cause shown, move the court for extensions of the time during which the complaint remains under seal. . . . Any such motions may be supported by . . . submissions in camera.

31 U.S.C. § 3730(b)(3). Congress obviously contemplated that the United States could require more than 60 days to make its decision regarding intervention.

In the instant matter, the government now seeks, with the concurrence of the relator,

4

additional time until November 6, 2003. The government respectfully submits that it has good cause for an extension in this case. As outlined above, additional time is needed to further investigate and analyze the allegations in the complaint, which will include the collection and analysis of documentary evidence and billing data, consultation with our medical expert, and witness interviews.

The additional time requested is reasonable. The request is designed to allow the government to make sufficient progress toward completing its investigation. A shorter time would not allow the Department of Justice adequate time to discover evidence material to the investigation and to make a meaningful evaluation of investigative results.

5

## CONCLUSION

For the foregoing reasons, the United States, with the concurrence of the relator, respectfully requests that its motion for an extension of time be granted. If the Court grants the motion, the United States will be required to notify the Court of its decision concerning intervention in this qui tam action on or before November 6, 2003.

        Respectfully submitted,

        ROBERT D. McCALLUM, JR.
        Assistant Attorney General

        KEVIN J. O'CONNOR
        UNITED STATES ATTORNEY

By: _____
        RICHARD M. MOLOT
        ASSISTANT U.S. ATTORNEY
        Federal Bar No. CT21676
        157 Church Street
        New Haven, Connecticut 06510
        (203) 821-3792

        _____/s/_____
        MICHAEL F. HERTZ
        JOYCE R. BRANDA
        PATRICIA R. DAVIS
        Attorneys, Civil Division
        U. S. Department of Justice
        P.O. Box 261
        Ben Franklin Station
        Washington, D.C. 20044
        Telephone: (202) 307-0238

        Attorneys for the United States

CERTIFICATION OF SERVICE

I hereby certify that on this 29th day of April 2003, a true and correct copy of the Ex Parte Memorandum in Support of the United States' Motion for an Enlargement of Time to Make an Election Pursuant to 31 U.S.C. § 3730(b), was served by first-class mail on:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>183 Sherman Street
>Fairfield, CT 06430

Pursuant to 31 U.S.C. §3731(b)(2), no service was made upon the defendant since this case is still under seal.

_____
Richard M. Molot
Assistant United States Attorney

7