DOCUMENT # 30

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA,<br><br>Plaintiff,<br><br>v.<br><br>DIANON SYSTEMS, INC. and<br>ETHEL JANEGA,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:02CV1573(DJS)<br><br>EX PARTE REPLY<br>MEMORANDUM<br>IN FURTHER SUPPORT OF<br>THE UNITED STATES'<br>MOTION FOR AN<br>ENLARGEMENT OF TIME TO<br>MAKE AN ELECTION<br>PURSUANT TO 31 U.S.C.<br>§ 3730(b)<br><br>May 21, 2004<br><br>**[FILED UNDER SEAL]** |

The United States of America respectfully submits this reply memorandum in further support of its ex parte motion for an order, pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(3), granting a six-month extension of time, from May 6, 2004, to and including November 6, 2004, in which to notify the Court of its decision whether to intervene in the above-captioned False Claims Act qui tam action. Relator opposes the government's motion and asks the Court to order the government to make its intervention decision within thirty (30) days, by June 6, 2004. However, the government's investigation of relator's allegations will not be complete by that date, and the government cannot make an informed decision whether or not to intervene pursuant to 31 U.S.C. § 3730(b)(4) until it completes its investigation. Because of relator's medical condition, the United States does not oppose relator's separate motion to partially lift the seal on this matter for the purpose of starting formal discovery on relator's personal claims of discrimination (i.e. claims that do not implicate the False Claims Act). However, the United States needs an additional six-month period to conclude its False Claims

Act investigation of this matter. During this period the government will serve a critical subpoena on defendant's parent company, Laboratory Corporation of America Holdings, Inc. ("LabCorp"), attempt to locate and interview former employees of defendant Dianon Systems, Inc. ("Dianon"), and engage in additional settlement negotiations with Dianon and LabCorp. The government is confident it will be able to conclude its investigation within this six-month period.

The False Claims Act provides that, for good cause shown, the Court may extend the time for the government to make its election to intervene. See 31 U.S.C. § 3730(b)(3). As more fully set forth below, and as set forth in the government's initial memorandum, the United States has good cause for this request.

### Argument

### THE UNITED STATES HAS GOOD CAUSE FOR A SIX-MONTH EXTENSION OF THE SEAL PERIOD

First, relator argues that because of his health status, the government should make its intervention decision within thirty (30) days. However, the government has consented to relator's separate motion to partially lift the seal on this matter so that relator can litigate his personal claims of discrimination. Relator's complaint in this action contains nineteen (19) causes of action, only two (2) which involve the False Clams Act.[1] Relator's personal causes of action include defamation, false imprisonment, hostile work environment, retaliation, intentional infliction of emotional distress, and violation of the Rehabilitation Act. These causes of action all arise out of the alleged abuse and harassment of relator by Dianon after relator disclosed his

---

[1] Actually, only one of relator's causes of action alleges that defendant violated the False Claims Act. The other cause of action is brought under 31 U.S.C. § 3730(h) of the False Claims Act, which protects an employee who is discharged, demoted, harassed, etc. for actions taken in furtherance of reporting fraud under the Act.

HIV-positive status. If the Court grants relator's motion to partially unseal the complaint, relator can litigate these separate issues over the next six months while the government completes its investigation of the False Claims Act cause of action. Thus, there will no prejudice to the relator while the government finalizes its investigation. As to the cause of action under the False Claims Act, it is clear that the United States is the real party in interest. See United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1154 (2d Cir. 1993) ("although qui tam actions allow individual citizens to initiate enforcement against wrongdoers who cause injury to the public at large, the Government remains the real party in interest in any such action") (quoting Minotti v. Lensink, 895 F.2d 100, 104 (2d Cir. 1990)). Thus, it is important that the government be permitted to complete its investigation on the False Claims Act issues before it makes its intervention decision.

Second, relator argues that the government has had sufficient time to conduct its investigation and that it is only requesting an additional six-months to conduct "discovery." This is untrue. The False Claims Act allegations in this case are complex. They relate to flow cytometry testing, which is used to identify and characterize various types of cancer, including leukemia and lymphoma. The basic allegation is that Dianon uses a full panel of 26 antibodies when conducting flow cytometry tests. However, it is alleged that a smaller panel of approximately 15 antibodies is sufficient, in most cases, to conduct a proper test. As Dianon is paid by the antibody, the issue is whether a full panel of 26 antibodies is medically necessary.

The government has been diligent in conducting its investigation. First, in order to assess the medical necessity of Dianon's flow cytometry testing program, the government had to collect data from Medicare and create a statistically valid random sample. This took several months to

complete. Then the government requested patient records, internal memorandum, training materials, requisition forms, and other relevant records from Dianon. The government made its request on or about May 5, 2003. Although Dianon sent some records within thirty (30) days, it did not complete its production until almost six-months later, in October of 2003. After receiving the relevant patient records, the government retained a hematopathologist to review and analyze approximately 200 patient files. This took several additional months to complete.

**REDACTED**

Recently, on or about May 18, 2004, the government served a subpoena on LabCorp for internal records relating to its flow cytometry testing services, including a request for all communications between LabCorp and Dianon related to these issues. LabCorp's response to the subpoena is due on or about June 18, 2004. However, Dianon has indicated that LabCorp will likely move to quash the subpoena. Thus, it will likely take several months of litigation to resolve this issue. Assuming the government prevails and receives LabCorp's production, it will

take additional time to review and assess the documents produced.

Thus, the government needs the requested information, not to conduct ordinary discovery, but to help make its decision on whether or not to intervene in this action.   **REDACTED**

Finally, during the requested six-month extension period, the government will continue its settlement discussions with Dianon and LabCorp. The government had an initial settlement meeting with Dianon and LabCorp in March 2004. Dianon has now retained outside counsel and wants to engage in additional settlement discussions over the next several months. Based on our experience litigating qui tam actions, the government believes it is more likely that settlement negotiations will be fruitful prior to the United States making its intervention decision in this matter. As the Court is aware, the government successfully negotiated a settlement with Dianon in another, separate qui tam action which had been brought against Dianon, United States of America ex rel. Theresa M. Worner v. Dianon Systems, Inc., 3:99CV407(DJS). The government and Dianon settled that separate qui tam in December 2002, for $4.8 million, after protracted settlement negotiations. If the instant qui tam action settles before the formal litigation process begins, it will conserve judicial and government resources.

Accordingly, the government has good cause for its request for a six-month extension of the seal period in this matter.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in our moving memorandum, the United States respectfully requests that its motion for an extension of time be granted. If the Court grants the motion, the United States will be required to notify the Court of its decision concerning intervention in this qui tam action on or before November 6, 2004.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

By: _____
RICHARD M. MOLOT
ASSISTANT U.S. ATTORNEY
Federal Bar No. CT21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3792

_____/s/_____
MICHAEL F. HERTZ
JOYCE R. BRANDA
PATRICIA R. DAVIS
Attorneys, Civil Division
U. S. Department of Justice
P.O. Box 261
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0238

Attorneys for the United States

6

## CERTIFICATION OF SERVICE

I hereby certify that on this 21st day of May 2004, a true and correct copy of the Ex Parte Reply Memorandum in Further Support of the United States' Motion for an Enlargement of Time to Make an Election Pursuant to 31 U.S.C. § 3730(b), was served by first-class mail on:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>183 Sherman Street
>Fairfield, CT 06430

Pursuant to 31 U.S.C. §3731(b)(2), no service was made upon the defendant since this case is still under seal.

_____
Richard M. Molot
Assistant United States Attorney

7