## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ex rel. Dr. James J. Tiesinga, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:02CV1573(MRK) |
| v. | ) ) | November 30, 2006 |
| DIANON SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

**DIANON'S OPPOSITION TO THE UNITED STATES' MOTION TO STRIKE
DEFENDANT'S LOCAL RULE 56(A)(1) REPLY STATEMENT**

The government has moved to strike Dianon's Local Rule 56(a)(1) Reply Statement

("Reply Statement"), contending that it is not permitted under the Local Rules.  The Court

should deny the government's motion because: (1) the Local Rules do not "prohibit" the filing of

a Reply Statement; (2) a Motion to Strike is inappropriate per this Court's numerous holdings

and Fed. R. Civ. P. 12(f); (3) the government's failure to adhere to the Local and Federal Rules

necessitated the filing of the Reply Statement; and (4) the Reply Statement benefits both the

government and this Court as preparation for oral argument and full presentation of the factual

record or lack thereof.

## I.     DIANON'S REPLY STATEMENT COMPLIES WITH THE LOCAL RULES.

As an initial matter, Dianon's Reply Statement complies with the Local Rules.  The Local

Rule requires a statement of facts submitted with a motion for summary judgment "which sets

forth in separately numbered paragraphs … a concise statement of each material fact as to which

the moving party contends there is no genuine issue to be tried."  Local Rule 56(a)(1).  The Rule

requires the non-moving party to submit a Statement wherein the "facts asserted by the moving

party is admitted or denied" and a "separate section" listing "each issue of material fact as to

which it is contended there is a genuine issue to be tried."  *Id.* 56(a)(2).  The statements of fact

must be supported by admissible evidence.  Local Rule 56(a)(3).  The Local Rules do not

prohibit Reply Statements as the government alleges without support.[1]  Dianon's Reply

Statement adheres to Local Rule requirements of addressing, paragraph by paragraph, the

government's statement of facts and issues of disputed fact.  The only rationale the government

provides to strike Dianon's Reply Statement is that by adding the Reply Statement to its reply

brief, Dianon exceeded the 10 page requirement for the reply brief pursuant to Local Rule 7(d).

By this logic, the government's Statement of Facts plus Opposition brief far exceeds its page

limitation pursuant to Local Rule 7(a) (allows 40 page Opposition brief, government's submitted

material is 61 pages).  Therefore, the government's own actions belie the strained interpretation

of Local Rule 7(d) as well as the definition of a "brief."[2]

## II.    THE GOVERNMENT'S MOTION TO STRIKE VIOLATES THE FEDERAL RULES AND THIS COURT'S RECENT DECISIONS.

Pursuant to Fed. R. Civ. P. 12(f), a Court may strike from "any pleading any insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter."  Motions to strike "are

not favored and will not be granted unless it is clear that the allegations in question have no

possible bearing on the subject matter of the litigation." *Browdy v. Lantz,* No. 3:03cv01981

(DFM), 2006 WL 2165703, at *2 (D. Conn. July 31, 2006)(quoting *Schramm v. Kirschell,* 84

F.R.D. 294, 299 (D. Conn. 1979)).  The government does not contend that Dianon's Reply

Statement contains redundant, immaterial, impertinent or scandalous material.  Instead, Dianon's

Reply adheres to the Local Rules in addressing only those matters the government raised.

Moreover, as this Court has repeatedly held, a motion to strike only applies to *pleadings* (as

---

[1] The only support the government could find are unpublished cases from other jurisdictions interpreting undisclosed local rules that have no bearing on this matter and are therefore inapposite to its motion.

[2] A brief is a "summary of the facts of the case, the pertinent laws, and an argument of how the law applies to the facts supporting counsel's position." *Black's Law Dictionary*, 6th Ed. (1990).  By definition a statement of fact is not a "brief" and therefore should not be counted against the page limitation for a reply brief in Local Rule 7(d).

defined by Fed. R. Civ. P. 7(a)) and <u>does not</u> apply to Local Rule 56 statements of fact. *Id.,*

*Santiago v. Owens Illinois, Inc.,* No. 3:05cv00405(JBA), 2006 WL 3098759 (D. Conn. Oct. 31,

2006); *Dragon v. I.C. Systems, Inc.,* No. 3:05cv0071(JBA), 2006 WL 3098760 (D. Conn. Oct.

31, 2006); *Ricci v. Destefano,* No. 3:04cv1109(JBA), 2006 U.S. Dist. LEXIS 69305, at *2-3 (D.

Conn. Sept. 15, 2006). As Dianon's Reply Statement is not a pleading, and this Court has

repeatedly held that a motion to strike is inappropriate for Local Rule 56 statements of fact, the

government's motion to strike should be denied on this basis alone.

## III.    DIANON HAD GOOD CAUSE TO FILE ITS REPLY STATEMENT DUE TO THE GOVERNMENT'S FAILURE TO ADHERE TO THE LOCAL AND FEDERAL RULES OF CIVIL PROCEDURE.

Dianon had good cause to submit its Reply Statement. First, as Dianon pointed out in its

Reply Statement, the government violated Local Rule 56(a)(2) by neither admitting nor denying

most of the facts that Dianon proffered as part of its Rule 56(a)(1) Statement, but instead

provided its own commentary on the evidence, usually explaining why it considered the

submitted facts to be irrelevant. *See* Def.'s Rule 56(a)(1) Reply Statement at 1, United States

Rule 56(a)(2) Statement at ¶¶12-13, 17-21, 23, 25-28, 31-34, 36-41, 43-44, and 48.

Second, basic due process considerations dictate that Dianon's Reply Statement should

not be struck. The government, in its Rule 56(a)(2) Opposition Statement, introduced new

evidence which the government had not previously disclosed. Reply Statement at ¶¶ 35-36, 40-

41, 45 and Disputed Issues of Material Fact at ¶¶ 38, 43. Third, the government's Local Rule

56(a)(2) Statement violates Fed. R. Civ. P. 56 and Local Rule 56(a)(3) by utilizing inadmissible

evidence or unsupported allegation. Reply Statement at ¶¶ 4, 11, 21-22, 27, 29-30, 34, 36, 38,

41-42, 45-46, Disputed Issues of Material Fact at ¶¶ 1, 3-4, 14, 17, 22, 27-28, 30, 32-33, 36-38,

43. The government cannot flout the Local and Federal Rules by introducing new evidence,

relying on inadmissible evidence, making unsupported allegations and then once it is introduced,

terminate further discussion when Dianon demonstrates that these violations do not and cannot

create a genuine issue of material fact.

## IV.   DIANON'S REPLY STATEMENT IS BOTH NECESSARY AND HELPFUL IN RESOLVING THIS MATTER.

Dianon's Reply Statement should not be struck because it facilitates an open and fair

resolution of this matter. As a practical matter, the issues raised in the Reply Statement are all

appropriate issues for oral argument should this Court find one is necessary. *See* Local Rule

7(a)(1) (Court may deny request for oral argument). The Reply Statement alerts both the Court

and the government of Dianon's arguments and assists both to prepare for them. In addition,

should the Court deny the parties' request for oral argument, the Reply Statement is even more

critical as the sole means for Dianon to establish a record of its objections.

Further, in light of the government's attempt to introduce new evidence, failure to admit

or deny asserted facts, and reliance on inadmissible evidence, Dianon's Reply Statement

demonstrates that there is no genuine issue of material fact. For example, the government does

not deny that its own flow cytometry expert and designee (Dr. Stetler Stevenson) agrees with

Dianon's approach and believes this approach is medically necessary to render an accurate

diagnosis for patients.

Moreover, the government does not deny that the only applicable ALJ decision ruled that

a 26 antibody panel was medically necessary, but attempts to blunt the importance of this

decision through a witness who was never disclosed and an affidavit that contradicts the ALJ's

published decision. Reply Statement at ¶40. The government does not deny that the only text

addressing antibody panel design referenced in Connecticut's Local Medical Review Policy

advocates Dianon's comprehensive approach and criticizes Dr. Flynn's "targeted approach" –

consistent with a substantial body of peer reviewed medical and scientific literature. Indeed, the

support of Dianon's approach in the literature is so strong that the government has reversed its

interpretation of the medical necessity standard. In discovery responses the government admitted that the definition of medical necessity for flow cytometry is found in published materials, including "publicly available medical literature related to flow cytometry." *See* Reply Statement at 17, n. 7. The government now asserts, for the first time in its Opposition Statement, that medical necessity for flow cytometry is governed by "clinical information available for that patient," and not published medical literature. *See* Gov't Local Rule Opp'n Statement, ¶ 35.[3]

## V.    CONCLUSION

The government requests this Court to utilize the "extraordinary" measure of striking Dianon's Reply Statement even though this Court has repeatedly held that a motion to strike is inappropriate under these circumstances. *See Browdy v. Lantz,* 2006 WL 2165703, at *2. The government attempts to create a prohibition against Local Rule 56 reply statements where none exists using a page limitation as justification for the prohibition which, using the same, strained logic, the government violated in its Opposition submission. The goal of this legal machination is to erase from the record evidence that the government: (1) failed to admit or deny numerous facts in violation of Local Rule 56(a)(2); (2) failed to disclose allegedly relevant evidence in violation of Fed. R. Civ. P. 37(c); (3) failed to disclose expert opinions or offer experts for deposition in violation of Fed. R. Civ. P. 26(a)(2) and 37(c); (4) failed to support numerous allegations with admissible evidence in violation of Local Rule 56(a)(3); and (5) failed to accurately represent the factual record on numerous occasions. The fact that the government has had to go to such lengths to prop up its fraud case despite receiving thousands of pages of documents as well as leave of the Court to conduct additional depositions speaks volumes as to the strength of the government's case.

---

[3] This, by itself, demonstrates that either the government does not understand the standard that it accuses

WHEREFORE, Dianon requests that this Court DENY the United States' Motion to
Strike Defendant's Local Rule 56(a)(1) Reply Statement.

Respectfully submitted,

_____
Robert Salcido
Fed. Bar No. 447951
(admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone: (202) 887-4095
Fax: (202) 887-4288
E-mail: rsalcido@akingump.com

Bruce R. Parker
Fed. Bar No. PHV01015
Venable LLP
1800 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, MD 21201
Telephone: (410) 244-7400
Fax: (410) 244-7742
E-mail: BRParker@Venable.com

Attorneys for Defendant Dianon Systems, Inc.

---

the defendant of fraudulently breaching or it has simply altered its interpretation of the standard, in the context of
this fraud action, in the hope that its action will survive summary judgment.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Dianon's Opposition To The United

States' Motion To Strike Defendant's Local Rule 56 (a)(1) Reply Statement was sent via

overnight mail to:

> Richard Molot, Esq.
> Assistant United States Attorney
> Office of U.S. Attorney, District of Connecticut
> Connecticut Financial Center
> U.S. Department of Justice
> 157 Church Street
> New Haven, CT 06510

by messenger to:

> Patricia R. Davis
> 601 D Street N.W.
> Washington, D.C. 20004

and via United States first class mail, postage prepaid to:

> Bryan T. Carmody, Esq.
> Maya & Associates, P.C.
> 266 Post Road East
> Westport, CT 06880

on November 30, 2006.

Penney Hughes