UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | ) | No. 3:02 CV 1573(MRK) |
| DIANON SYSTEMS, INC., | )<br>)<br>) | December 4, 2006 |
| Defendant. | )<br>)<br>) | |

**UNITED STATES' REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE DEFENDANT'S LOCAL RULE 56(a)(1) REPLY STATEMENT**

Plaintiff, the United States of America, hereby submits the following reply to Dianon's Opposition to the United States' Motion to Strike Defendant's Local Rule 56(a)(1) Reply Statement.

1. Dianon argues that its Local Rule 56(a)(1) Reply Statement ("Reply Statement") somehow complies with the Local Rules of this Court, even though such a Reply Statement is not mentioned at all in Local Rule 56. Local Rule 56 only provides for a 56(a)(1) statement to accompany the original motion for summary judgment and a 56(a)(2) statement to accompany the opposition to the motion for summary judgment. Clearly, if the drafters of Local Rule 56 wanted to permit a Reply Statement, they would have included it in the rule. *See, e.g., Local Rule 56 for the U.S. District Court for the District of Maine*, available at http://www.med.uscourts.gov/localrules/Rule056.pdf (explicitly providing for a "Supporting Statement of Material Facts," an "Opposing Statement of Material Facts," and a "Reply Statement of Material Facts"). Instead, the drafters of Local Rule 56 in this district chose not to allow for a Reply Statement, but only to allow for a reply brief. *See Local Rule 7(d)*. Dianon

could have commented on or objected to the Government's 56(a)(2) statement in Dianon's reply brief. Instead, it improperly filed a Reply Statement in addition to its reply brief.

2. Dianon also argues that a motion to strike its Reply Statement is improper because such a statement is not a pleading. Dianon's Opp. at 2-3. However, this Court has granted motions to strike documents which were not pleadings, and has held that "[a] motion to strike is the correct vehicle to challenge materials submitted in connection with a summary judgment motion." *Merry Charters, LLC v. Town of Stonington*, 342 F.Supp.2d. 69, 75 (D. Conn. 2004) (Kravitz, J.) (granting motion to strike notes – which are not pleadings -- attached to summary judgment motion on hearsay grounds) (*quoting Newport Elec., Inc. v. Newport Corp.*, 157 F.Supp.2d 202, 208 (D. Conn. 2001)). In fact, the Second Circuit recently affirmed a district court's decision to grant a motion to strike certain declarations submitted in support of a summary judgment motion, on the grounds that the declarations – which are not pleadings under Fed.R.Civ.P. 7(a) – improperly supplemented the administrative record. *Yale-New Haven Hospital v. Leavitt*, 05-1224-CV, 2006 WL 3317691 at * 8-9 (2d Cir. Nov. 16, 2006).

3. Finally, Dianon contends that its Reply Statement was somehow necessary because the Government submitted "new evidence" with it opposition. Dianon Opp. at 3. First, this is simply untrue. Dianon is apparently referring to information derived from a 5% data set related to flow cytometry and information related to the Impath Appeal and related ALJ decision. However, both the 5% data set and over 3,000 pages of documents related to the Impath Appeal and related ALJ decision were produced by the Government to Dianon during discovery. In any event, Dianon's argument misses the point. Dianon can argue, object, comment, etc. on *any* of the Government's evidence in its reply brief, which is permitted by Local Rule 7(d), not in a "Reply Statement," which is neither contemplated nor permitted by the Local Rules. The

Government is not attempting to "terminate further discussion." Dianon Opp. at 4. The Government is simply asking that Dianon follow the Local Rules.

Because Dianon's Reply Statement is not permitted by the Local Rules, the United States respectfully requests that it be stricken.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KEVIN J. O'CONNOR
United States Attorney

_____
RICHARD M. MOLOT
Assistant United States Attorney
Federal Bar No. CT21676
157 Church Street
New Haven, Connecticut 06510
(203) 821-3700
Richard.Molot2@usdoj.gov


          /s/
_____
MICHAEL F. HERTZ
JOYCE R. BRANDA
PATRICIA R. DAVIS
ANDREW STEINBERG
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0240
Facsimile: (202) 305-7797

Attorneys for the United States

CERTIFICATION OF SERVICE

I hereby certify that on this 4th day of December 2006, a true and correct copy of the United States' Reply in Further Support of its Motion to Strike Defendant's Local Rule 56(a)(1) Reply Statement, was served by first-class mail and electronic mail on:

> Bryan T. Carmody, Esq.
> Maya & Associates, P.C.
> 266 Post Road East
> Westport, CT 06880
> bcarmody@mayalaw.com
>
> Robert Salcido, Esq.
> Akin Gump Strauss Hauer & Feld, LLP
> Robert Strauss Building
> 1333 New Hampshire Ave, NW
> Washington, D.C. 20036
> rsalcido@akingump.com
>
> Bruce R. Parker
> Venable LLP
> 1800 Mercantile Bank & Trust Bldg.
> 2 Hopkins Plaza
> Baltimore, Md. 21201
> brparker@venable.com

_____
Richard M. Molot
Assistant U.S. Attorney