UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA,<br><br>        Plaintiffs,<br><br>v.<br><br>DIANON SYSTEMS, INC. and<br>ETHEL JANEGA<br><br>        Defendants. | :<br>:<br>:   No. 3:02CV1573 (MRK)<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## **RULING AND ORDER**

Currently pending before the Court is Defendants' Motion for Summary Judgment [doc. # 188]. Having carefully considered the excellent submissions of counsel for both parties and acknowledging that the issues raised by Defendants present close questions, the Court DENIES Defendants' Motion for Summary Judgment [doc. # 188]. Taking the evidence in the light most favorable to the Government and giving the Government the benefit of all reasonable inferences – as the Court must do at this stage of the proceeding – the Court believes that there are genuine issues of material fact regarding both knowledge and falsity that preclude summary judgment. *See* Fed.R.Civ.P. 56(b) (stating that summary judgment is appropriate only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."); *Allstate Ins. Co. v. Hamilton Beach/Proctor Silex, Inc.*, No. 04-6282-CV, 2007 WL 29977, at *6 (2d Cir. Jan. 5, 2007) ("Because we hold the District Court should have taken into consideration Plaintiffs' expert testimony . . . and when we then view the record in the light most favorable to Plaintiffs, as we must, we find that the material facts in dispute

preclude summary judgment in Defendant's favor . . . ."). Given that this is a close question, however, the Court reserves its right to re-evaluate the case on a motion for judgment as a matter of law following presentation of the evidence and testimony of the witnesses.

Each party shall submit **no later than February 16, 2007**, a proposed schedule for the submission of a Joint Trial Memorandum and for trial, listing anticipated witnesses and the expected duration of trial (in trial days). The Court is currently considering imposing a time limit on the parties' examination time. The parties should address that subject in their proposals and provide the Court with their proposals regarding an appropriate time limit for examination. The parties should also inform the Court of any conflicts in their own schedules and in the schedules of their witnesses. The Court will thereafter issue a scheduling order setting dates for the filing of the parties' Joint Trial Memorandum, jury selection and trial, and resolving the issue of limits on examination time.

The Court will hold a hearing at 9:00 a.m. in Courtroom 4 on the pending Motion to Exclude the Opinions of Stuart Flynn, M.D. [doc. # 185], on **March 13, 2007**, at which time the Government should be prepared to present Dr. Flynn as a witness to summarize his expected testimony on the issues raised in Defendants' motion, and Defendants should be prepared to cross-examine Dr. Flynn regarding those issues.

IT IS SO ORDERED,

/s/      Mark R. Kravitz
United States District Judge

Dated at New Haven, Connecticut: **January 29, 2007.**