# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 3:02CV1573(MRK) |
| ex rel. DR. JAMES J. TIESINGA, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | December 7, 2005 |
| DIANON SYSTEMS, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## **PLAINTIFF UNITED STATES OF AMERICA'S OBJECTIONS AND RESPONSES TO DEFENDANT DIANON SYSTEMS' FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

Plaintiff, United States of America submits the following responses and objections to Defendant Dianon Systems' First Set of Interrogatories and Request for Production of Documents:

### **Introductory Statement and General Objections**

1.     The objections and responses set forth herein are based on information now known to the United States and its attorneys and are made without prejudice to the United States' right to assert additional objections should grounds for objection be discovered at a later time.

2.     The United States will respond to unobjectionable interrogatories and document requests or portions of these requests to the best of its present ability.  Because the United States has not completed discovery of the facts pertaining to this action or its preparation for trial, the United States reserves the right to rely on any facts, documents, or other evidence that may develop or come to its attention at a later time.

## II. REQUESTS FOR PRODUCTION

1. Produce each document supporting the contention in paragraph 25 of the amended complaint that Dianon significantly increased the number of antibodies it used to test patient specimens from 1996 to the present.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own documents that discuss the number of antibodies in its panel. Fourth, the request is overly broad and unduly burdensome. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

2. Produce each document supporting the contention in paragraph 27 of the amended

20

complaint that Dianon's "standard" flow cytometry panel consisted of 8 antibodies in 1995.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own documents that discuss the number of antibodies in its panel. Fourth, the request is overly broad and unduly burdensome. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

3.    Produce each document supporting the contention in paragraph 30 of the amended complaint that Dianon prepared an internal memo purporting to justify the company's standard panel of 26 antibodies.

**RESPONSE:** The United States objects to this request on the following grounds.

21

First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own internal memo purporting to justify the company's standard panel of 26 antibodies. Fourth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as follows: There are no non-privileged documents, with the exception of Dianon's own documents, that are responsive to this request.

4.    Produce each document supporting the contention in paragraph 31 of the amended complaint that Dianon pathologists indicated that 18 antibodies were essential.

RESPONSE: The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request

for the production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production.  Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon.  For example, this request appears to call for

production of Dianon's own internal memo indicating that only 18 antibodies were essential.

Fourth, the United States objects to this request to the extent that it calls for the production of

documents and information protected from disclosure by privilege and doctrine, including

specifically the attorney-client privilege, the work product doctrine, the joint

prosecution/common interest doctrine, the deliberative process privilege, the informant's

privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as follows:

There are no non-privileged documents, with the exception of Dianon's own documents, that are

responsive to this request.

5.      Produce each document supporting the contention in paragraph 32 of the
amended complaint that Dianon only billed for 18 antibodies from 1998 to 2000 because it
"knew that only 18 antibodies were medically necessary."

**RESPONSE:** The United States objects to this request on the following grounds.

First, the United States incorporates by reference its General Objections, stated above.  Second,

to the extent that the purpose of this request is to obtain the factual and legal conclusions

supporting the allegations contained in the United States' amended complaint, then this request

for the production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production.  Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon.  For example, this request appears to call for

production of Dianon's own internal memo indicating that only 18 antibodies were essential.

Fourth, the United States objects to this request to the extent that it calls for the production of

documents and information protected from disclosure by privilege and doctrine, including

specifically the attorney-client privilege, the work product doctrine, the joint

prosecution/common interest doctrine, the deliberative process privilege, the informant's

privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as

follows: There are no non-privileged documents, with the exception of Dianon's own documents,

that are responsive to this request.

6.     Produce each document supporting the contention in paragraph 33 that
Dianon billed federal healthcare programs "for the 8 antibodies that its own pathologists had
found were not 'essential' in the June 17, 1997 memo."

**RESPONSE:**  The United States objects to this request on the following grounds.

First, the United States incorporates by reference its General Objections, stated above.  Second,

to the extent that the purpose of this request is to obtain the factual and legal conclusions

supporting the allegations contained in the United States' amended complaint, then this request

for the production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production.  Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon.  Fourth, the United States objects to this request to the

extent that it calls for the production of documents and information protected from disclosure by

privilege and doctrine, including specifically the attorney-client privilege, the work product

24

doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

7.     Produce each document supporting the contention in paragraph 34 of the amended complaint that Dianon billed federal healthcare programs for 26 antibodies in most cases from on or about 2001 to the first quarter of 2004.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. Fourth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

25

8. Produce each document supporting the contention in paragraph 35 of the amended complaint that not "all of the 26 antibodies in Dianon's standard panel are necessary, or appropriately used, to evaluate all types of cancer."

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own documents related to flow cytometry, as well as patient medical records containing the patients' clinical history and other relevant test results. Fourth, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Sixth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

26

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

      9.     Produce each document supporting the contention in paragraph 36 of the amended complaint that "when Dianon billed for flow cytometry tests, a significant portion of antibodies billed to federal healthcare programs were not medically necessary."

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own documents related to flow cytometry, as well as patient medical records containing the patients' clinical history and other relevant test results. Fourth, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Sixth,

27

the United States objects to this request to the extent it prematurely calls for the production of

expert disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States will make available for

inspection and copying non-privileged documents, if any, that are responsive to this request.

10.    Produce each document supporting the contentions in paragraph 37 of the
amended complaint that the information "received by Dianon ... provided information which
would have allowed pathologists at Dianon to use their medical judgment to craft panels aimed at
identifying the particular type of cancer suspected by the referring physician, to determine
whether cancer had recurred or to stage a particular type of cancer," each document supporting
the contention that "Dianon did not exercise medical judgment as to whether each of the
individual antibodies was medically necessary," and each document supporting the contention
that "Dianon's pathologists should have used their medical judgment to limit the panel size to
those antibodies medically necessary to the already diagnosed, or suspected, type of cancer."

**RESPONSE:** The United States objects to this request on the following grounds.  First,

the United States incorporates by reference its General Objections, stated above.  Second, to the

extent that the purpose of this request is to obtain the factual and legal conclusions supporting the

allegations contained in the United States' amended complaint, then this request for the

production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production.  Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon.   For example, this request appears to call for

production of Dianon's own documents related to flow cytometry, as well as patient medical

records containing the patients' clinical history and other relevant test results.  Fourth, the request

is overly broad and unduly burdensome.  For example, this request appears to call for the

production of any and all medical literature, text books, treatises, articles and abstracts relating to

28

flow cytometry and medical necessity. Fifth, the United States objects to this request to the

extent that it calls for the production of documents and information protected from disclosure by

privilege and doctrine, including specifically the attorney-client privilege, the work product

doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the

informant's privilege, the investigative file privilege and the law enforcement privilege. Sixth,

the United States objects to this request to the extent it prematurely calls for the production of

expert disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States will make available for

inspection and copying non-privileged documents, if any, that are responsive to this request.

11.    Produce each document supporting the contention in paragraph 38 of the amended
complaint that "for a significant portion of the patients for whom Dianon conducted flow
cytometry tests during the relevant time period, Dianon performed multiple tests, over time, on
the same patient, each time using a full panel of 26 antibodies" and each document supporting
the contention that "where a prior Dianon flow cytometry test had already been used to evaluate a
particular type of cancer, the pathologist knew of the results of the prior test, or should have
known by reviewing Dianon's own records, it was not medically necessary to test for those
antibodies which were not useful to evaluate the type of cancer in question."

**RESPONSE:** The United States objects to this request on the following grounds. First,

the United States incorporates by reference its General Objections, stated above. Second, to the

extent that the purpose of this request is to obtain the factual and legal conclusions supporting the

allegations contained in the United States' amended complaint, then this request for the

production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production. Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon. For example, this request appears to call for

29

production of Dianon's own documents related to flow cytometry, as well as patient medical

records containing the patients' clinical history and other relevant test results. Fourth, the request

is overly broad and unduly burdensome. For example, this request appears to call for the

production of any and all medical literature, text books, treatises, articles and abstracts relating to

flow cytometry and medical necessity. Fifth, the United States objects to this request to the

extent that it calls for the production of documents and information protected from disclosure by

privilege and doctrine, including specifically the attorney-client privilege, the work product

doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the

informant's privilege, the investigative file privilege and the law enforcement privilege. Sixth,

the United States objects to this request to the extent it prematurely calls for the production of

expert disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States will make available for

inspection and copying non-privileged documents, if any, that are responsive to this request.

12.     Produce each document supporting the contention in paragraph 39 of the amended
complaint that physicians "who refer patient samples to Dianon for testing rely on the medical
judgment of the Dianon pathologist as to the number and type of antibodies to use in performing
flow cytometry tests."

**RESPONSE:** The United States objects to this request on the following grounds. First,

the United States incorporates by reference its General Objections, stated above. Second, to the

extent that the purpose of this request is to obtain the factual and legal conclusions supporting the

allegations contained in the United States' amended complaint, then this request for the

production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production. Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon.   For example, this request appears to call for

production of Dianon's own documents related to flow cytometry, such as Dianon's own flow

cytometry requisition forms.   Fourth, the request is overly broad and unduly burdensome.   For

example, this request appears to call for the production of any and all medical literature, text

books, treatises, articles and abstracts relating to the role of hematopathologists in flow

cytometry testing.   Fifth, the United States objects to this request to the extent that it calls for the

production of documents and information protected from disclosure by privilege and doctrine,

including specifically the attorney-client privilege, the work product doctrine, the joint

prosecution/common interest doctrine, the deliberative process privilege, the informant's

privilege, the investigative file privilege and the law enforcement privilege.   Sixth, the United

States objects to this request to the extent it prematurely calls for the production of expert

disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States responds as follows:

There are no non-privileged documents, with the exception of Dianon's own documents, that are

responsive to this request

13.    Produce each document supporting the contention in paragraph 40 of the
amended complaint that by "limiting the ordering choice of 18-26 antibodies, Dianon ensured
that in many cases medically unnecessary antibodies would be used and billed to federal
healthcare programs."

**RESPONSE:** The United States objects to this request on the following grounds.  First,

the United States incorporates by reference its General Objections, stated above.  Second, to the

extent that the purpose of this request is to obtain the factual and legal conclusions supporting the

31

allegations contained in the United States' amended complaint, then this request for the

production of documents constitutes a contention interrogatory that is premature at this

preliminary stage of discovery and that is improperly framed as a request for production.  Third,

the United States objects to this request to the extent that it seeks documents that are in the

control, custody or possession of Dianon.   For example, this request appears to call for

production of Dianon's own documents related to flow cytometry, such as Dianon's own flow

cytometry requisition forms.  Fourth, the request is overly broad and unduly burdensome.  For

example, this request appears to call for the production of any and all medical literature, text

books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the

United States objects to this request to the extent that it calls for the production of documents and

information protected from disclosure by privilege and doctrine, including specifically the

attorney-client privilege, the joint prosecution/common interest doctrine, the work product

doctrine, the deliberative process privilege, the informant's privilege, the investigative file

privilege and the law enforcement privilege.  Sixth, the United States objects to this request to

the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States responds as follows:

There are no non-privileged documents, with the exception of Dianon's own documents, that are

responsive to this request

14.  Produce each document that relates to whether services furnished under
former Code 88180 were medically necessary and indicated.

**RESPONSE:**  The United States objects to this request on the following grounds.  First,

the United States incorporates by reference its General Objections, stated above.  Second, this

request is vague and ambiguous, as it does not indicate whether the "services furnished" refer to flow cytometry services furnished by Dianon that have been reviewed by the United States in relation to this case, or to flow cytometry services furnished by all providers across the country from 1995 to the present. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon.  For example, this request appears to call for production of Dianon's own documents related to flow cytometry, such as the requisition forms and patient medical records. Fourth, the request is overly broad and unduly burdensome.  For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.  Sixth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

15. Produce each document that relates to how Medicare set reimbursement under former CPT Code 88180.

**RESPONSE**: The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above.  Second, the

33

United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is ambiguous, because it is unclear whether this refers to the general concept of reimbursing providers per antibody used, or whether it refers to the amount reimbursed per antibody. Fourth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fifth, the United States objects to this request to the extent it calls for documents or information that are contained in publically available sources, such as the Federal Register.

Subject to and without waiving these objections, the United States responds as follows: The payment rate for CPT code 88180 was established through the final physician fee schedule regulations, which can be found in the Federal Register, as follows: 1996 Medicare Physician Fee Schedule-final rule was published in the Federal Register on December 8, 1995 (60 Fed. Reg. 63124); 1997 Medicare Physician Fee Schedule-final rule was published in the Federal Register on November 22, 1996 (61 Fed. Reg. 59490); 1998 Medicare Physician Fee Schedule-final rule was published in the Federal Register on October 31, 1997 (62 Fed. Reg. 59048); 1999 Medicare Physician Fee Schedule-final rule was published in the Federal Register on November 2, 1998 (63 Fed. Reg. 58814); 2000 Medicare Physician Fee Schedule-final rule was published in the Federal Register on November 2, 1999 (64 Fed. Reg. 59380); 2001 Medicare Physician Fee Schedule-final rule was published in the Federal Register on November 1, 2000 (65 Fed. Reg.

34

65376); 2002 Medicare Physician Fee Schedule-final rule was published in the Federal Register

on November 1, 2001 (66 Fed. Reg. 55246); 2003 Medicare Physician Fee Schedule-final rule

was published in the Federal Register on December 31, 2002 (67 Fed. Reg. 79966); 2004

Medicare Physician Fee Schedule-final rule was published in the Federal Register on November

7, 2003 (68 Fed. Reg. 63196); 2005 Medicare Physician Fee Schedule-final rule was published in

the Federal Register on November 15, 2004 (69 Fed. Reg. 66236). See also, responses to request

for production # 16-23 and 45.

   16. Produce each document that relates to any change in the reimbursement
methodology for flow cytometry testing for Medicare beneficiaries.

  **RESPONSE:** The United States objects to this request on the following grounds. First,

the United States incorporates by reference its General Objections, stated above. Second, the

United States objects to this request on the grounds that it seeks information not relevant to the

claims or defenses of any party and is not reasonably calculated to lead to the discovery of

admissible evidence. Third, this request is ambiguous, because it is unclear whether this refers to

the general concept of reimbursing providers per antibody used, or whether it refers to the

amount reimbursed per antibody. Fourth, the United States objects to this request to the extent

that it calls for the production of documents and information protected from disclosure by

privilege and doctrine, including specifically the attorney-client privilege, the work product

doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the

informant's privilege, the investigative file privilege and the law enforcement privilege. Fifth,

the United States objects to this request to the extent it calls for documents or information that

are contained in publically available sources, such as the Federal Register.

35

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request; see also, the 2005 Medicare Physician Fee Schedule final rule published on November 15, 2004. 69 Fed. Reg. 66236, and responses to requests for production #15, 17-23, and 45.

17.    Produce each document that relates to how CMS established the relative value of work units for interpreting flow results under CPT Codes 88187, 88188 and 88189.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is ambiguous. Fourth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fifth, the United States objects to this request to the extent it calls for documents or information that are contained in publically available sources, such as the Federal Register.

Subject to and without waiving these objections, the United States responds as follows: For CPT Codes 88187, 88188 and 88189, CMS accepted the recommendations from the AMA Relative Value Update Committee on the work relative value units. The establishment of the work relative value units for CPT codes 88187, 88188 and 88189 is described in the table on page 66367 of the final physician fee schedule rule published on November 15, 2004. (69 Fed.

Reg. 66236).

18.    Produce each document that relates to how CMS established the relative value of practice expenses for furnishing flow cytometry under CPT Codes 88184 and 88185.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is ambiguous. Fourth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fifth, the United States objects to this request to the extent it calls for documents or information that are contained in publically available sources, such as the Federal Register.

Subject to and without waiving these objections, the United States responds as follows: The practice expense relative value units for CPT codes 88184 and 88185 were established through the physician fee schedule rule published on November 15, 2004. 69 Fed. Reg. 66236, 66428. In addition, for the specific practice expense inputs see supporting data files at: http://www.cms.hhs.gov/physicians/pfs/.

19.    Produce each document that relates to data provided to CMS by the Relative Value Update Committee related to setting reimbursement rates for flow cytometry services under former CPT Code 88180 and CPT Codes 88184, 88185, 88187, 88188, 88189.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

20.     Produce each document that relates to the number of markers (antibody reagents) used or billed by providers and suppliers when performing flow cytometry under former CPT Code 88180 or CPT Codes 88184, 88185, 88187, 88188, 88189 or that otherwise reflects or relates to utilization of CPT codes 88180, 88184, 88185, 88187, 88188, 88189 for claims processed by Medicare.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is vague, ambiguous and unintelligible.

Subject to and without waiving these objections, the United States responds as follows: The meaning of this request is unclear. The United States invites Dianon to meet and confer

pursuant to Local Rule of Civil Procedure 37(a)(2) to discuss the meaning of this request.

21.     Produce each document that relates to how CMS set or modified the payment rate for the technical component codes for flow cytometry, CPT Codes 88184 and 88185.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is ambiguous. Fourth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fifth, the United States objects to this request to the extent it calls for documents or information that are contained in publically available sources, such as the Federal Register.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request; see also, 69 Fed. Reg. 66236, specifically Addendum B on p.66630 of the physician fee schedule final rule published on November 15, 2004. This is the source for the establishment of the technical component and the professional component for CPT codes 88184 to 88189.

22.     Produce each document that relates to how CMS set the payment rate for the professional component codes for flow cytometry, CPT Codes 88187, 88188, and 88189.