**RESPONSE:** See objections and responses to request for production # 21, above.


      23.    Produce each document related to the American Clinical Laboratory Association's April 15, 2005 letter to CMS, including communications related to its survey findings that the typical number of markers reported for a myeloid/lymphoid panel was 26 markers.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this interrogatory on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

      Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

      24.    Produce each document related to the flow cytometry panels used by Veteran Affairs facilities.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is unduly broad and burdensome. There are approximately 170 U.S. Department of Veterans Affairs (VA) facilities in the United States. The VA does not keep a centralized list of the number of facilities that perform flow cytometry testing. Thus, to comply with this request, the VA would have to canvas each separate facility,

40

run data from each facility, and then pull thousands of medical charts from storage going back to 1995. This would take hundreds of hours at a substantial cost to the VA. In addition, to the extent this request seeks documents "used by" the VA, this would also involve flow cytometry tests done by outside labs.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request. In addition, the United States invites Dianon to meet and confer in accordance with Local Rule of Civil Procedure 37(a)(2) to discuss the scope of this request.

25.    Produce each document related to the flow cytometry panels used by the National Institute of Health.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is unduly broad and burdensome, as it appears to request the production of all documents related to each and every flow cytometry test performed by the National Institute of Health over a 10 year period. Fourth, United States also objects to this request on the grounds that services rendered by pathology lab at the National Cancer Institute are for patients in clinical trials pursuant to clinical protocols. The patients volunteer to be treated for research purposes and their costs are covered.

Subject to and without waiving these objections, the United States will make available for

41

inspection and copying non-privileged documents, if any, that are responsive to this request.

      26.     Produce each document that relates to the panels or correct number of antibodies that the government believes laboratories should use to perform flow cytometry.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own documents related to flow cytometry, such as the requisition forms and patient medical records. Fourth, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Sixth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

      Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

      27.     Produce each audit or review of Dianon's claims.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is vague and ambiguous, as it does not define the terms "audit or review." The United States will assume for the purposes of this request that Dianon is referring to an audit or review by the relevant Medicare carrier related to CPT code 88180. In addition, the request is vague and ambiguous because it does not specify which types of "claims" the request is referring to. The United States will assume for the purposes of this request that Dianon is referring to its flow cytometry claims submitted to the relevant Medicare carrier.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

28.     Produce each document that relates to the statistical sample referenced in paragraph 44 of the amended complaint.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Third, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

43

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

29.     Produce each document that relates to the 200 patients that, according to paragraph 48 of the amended complaint, were reviewed "by an expert pathologist from the Yale University School of Medicine."

**RESPONSE:** The United States objects to this request on the following grounds.  First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon.   For example, this request appears to call for production of Dianon's own documents related to flow cytometry, such as the requisition forms and patient medical records. Third, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

30.     Produce each document that relates to the expert's findings referenced in paragraph 49 of the amended complaint.

**RESPONSE:** The United States objects to this request on the following grounds.  First, the United States incorporates by reference its General Objections, stated above. Second, the

United States objects to this request to the extent that it seeks documents that are in the control,

custody or possession of Dianon.   For example, this request appears to call for production of

Dianon's own documents related to flow cytometry, such as the requisition forms and patient

medical records. Third, the United States objects to this request to the extent that it calls for the

production of documents and information protected from disclosure by privilege and doctrine,

including specifically the attorney-client privilege, the work product doctrine, the joint

prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege,

the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make

available for inspection and copying non-privileged documents, if any, that are responsive to this

request.

31.     Produce each document that supports your contention in paragraph 53 of the
amended complaint that a "review by the Government's expert of claims submitted in 2001 and
2002 found that Dianon billed for an even greater number of medically unnecessary antibodies
during the time period."

**RESPONSE:** The United States objects to this request on the following grounds. First,

the United States incorporates by reference its General Objections, stated above. Second, to the

extent that the purpose of this request is to obtain the factual and legal conclusions supporting the

allegations contained in the United States' amended complaint, then this request for the production

of documents constitutes a contention interrogatory that is premature at this preliminary stage of

discovery and that is improperly framed as a request for production.  Third, the United States

objects to this request to the extent that it seeks documents that are in the control, custody or

possession of Dianon.   For example, this request appears to call for production of Dianon's own

45

documents, such as patient medical records containing the patients' clinical history and other relevant test results. Fourth, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

32.     Produce each document that supports the contentions in paragraphs 50 - 59, and 61 to 70.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of Dianon's own documents, such as patient medical records containing the patients' clinical history and other

46

relevant test results. Fourth, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Sixth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2). Seventh, this request if vague and ambiguous, as it refers to paragraphs in a document that is not named. The United States assumes Dianon is referring to paragraphs in the United States' amended complaint.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

33.     Produce each document that supports the contention in paragraph 60 of the amended complaint that "the Government's expert found during his review that Dianon was utilizing a full panel of 26 antibodies even when conducting repeat tests..." and that "when doing a repeat test on the same patient it is not medically necessary to do a full panel of 26 antibodies."

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States

47

objects to this request to the extent that it seeks documents that are in the control, custody or

possession of Dianon. For example, this request appears to call for production of Dianon's own

documents, such as patient medical records containing the patients' clinical history and other

relevant test results. Fourth, the request is overly broad and unduly burdensome. For example, this

request appears to call for the production of any and all medical literature, text books, treatises,

articles and abstracts relating to flow cytometry and medical necessity. Fifth, the United States

objects to this request to the extent that it calls for the production of documents and information

protected from disclosure by privilege and doctrine, including specifically the attorney-client

privilege, the work product doctrine, the joint prosecution/common interest doctrine, the

deliberative process privilege, the informant's privilege, the investigative file privilege and the law

enforcement privilege. Sixth, the United States objects to this request to the extent it prematurely

calls for the production of expert disclosure under Rule 26(a)(2).

Subject to and without waiving these objections, the United States will make available for

inspection and copying non-privileged documents, if any, that are responsive to this request.

34.    Produce each document supporting the contentions in paragraphs 71-72.

**RESPONSE:** The United States objects to this request on the following grounds. First,

the United States incorporates by reference its General Objections, stated above. Second, to the

extent that the purpose of this request is to obtain the factual and legal conclusions supporting the

allegations contained in the United States' amended complaint, then this request for the production

of documents constitutes a contention interrogatory that is premature at this preliminary stage of

discovery and that is improperly framed as a request for production. Third, the United States

objects to this request to the extent that it calls for the production of documents and information

protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fourth, this request is vague and ambiguous, as it refers to paragraphs in a document that is not named. The United States assumes Dianon is referring to paragraphs in the United States' amended complaint. Fifth, the United States objects to this request to the extent that it calls for publically available information, such as the physician's fee schedule, which is published in the Federal Register.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request. See also, response to Request for Production # 15, above.

35.    Produce each document supporting the contention in paragraph 74.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the factual and legal conclusions supporting the allegations contained in the United States' amended complaint, then this request for the production of documents constitutes a contention interrogatory that is premature at this preliminary stage of discovery and that is improperly framed as a request for production. Third, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law

49

enforcement privilege. Fourth, this request if vague and ambiguous, as it refers to paragraphs in a document that is not named. The United States assumes Dianon is referring to paragraphs in the United States' amended complaint. Fifth, this request is impossible to answer because it seeks documents related to a negative inference.

For the above-mentioned reasons, the United States is unable to respond to this request. The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

36.     Produce each document regarding any communication with relator James Tiesinga regarding the allegations in the relator's or government's complaints.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as follows: There are no non-privileged documents responsive to this request. The United States will produce a privilege log in accordance with Fed. R. Civ. P. 26(b) and Local Rule of Civil Procedure 37(a)(1).

37.     Produce each document related to the government's investigative files in this case, including but not limited to reports of interviews, notes, correspondence, and/or memoranda.

**RESPONSE:** The United States objects to this request on the following grounds. First, the

50

United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as follows: There are no non-privileged documents responsive to this request. The United States is not required to produce a privilege log for these documents, as Local Rule of Civil Procedure 37(a)(1) provides that a privilege log is not required for "written communications between a party and its trial counsel after commencement of the action and work product material created after commencement of the action." The government's investigative files in this case, including but not limited to, reports of interviews, notes, correspondence, analysis of evidence and/or memoranda constitute "written communications between a party and its trial counsel after commencement of the action [and/or] work product material created after commencement of the action." Accordingly, a privilege log is not required under Local Rule of Civil Procedure 37(a)(1).

38.     Produce each document related to requests made by the United States to the United States District Court for extensions of the 60-day sealing period.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the

attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as follows: There are no non-privileged documents responsive to this request. The motions made by the United States in support of extensions of the 60-day sealing period have been unsealed. The United States' memoranda in support of those motions remain under seal pursuant to Court order.

39.    Produce each document that the government contends constitutes a false statement made to the United States as alleged in the amended complaint.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it seeks documents that are in the control, custody or possession of Dianon. For example, this request appears to call for production of all HCFA/CMS 1500 forms submitted by Dianon to the government to be paid for its flow cytometry services. Each of these HCFA or CMS 1500 forms, copies of which are presumably in Dianon's possession, contain a certification, signed by the physician, that the services shown on the form were "medically indicated and necessary."

The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request. In addition, please see the claims data produced in response to various other requests for production, above.

40.    Produce each document that the government contends constitutes a false claim made to the United States as alleged in the amended complaint.

**RESPONSE:** See objections and response to Request for Production number 39.

41.    Produce each document referring or relating to the sums the United States claims in its amended complaint were paid by mistake.

RESPONSE: The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, to the extent that the purpose of this request is to obtain the government's damages analysis, this request for the production of documents is premature at this preliminary stage of discovery. Third, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fourth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

For the above-mentioned reasons, the United States is unable to respond to this request at this time. Also, the parties have agreed to exchange damages analysis by May 1, 2006. The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope and timing of this request.

42.    Produce all documents referring to the claims made by the government that constitute unjust enrichment.

RESPONSE: See objections and response to Request for Production number 41.

43.    Produce all documents referring or relating to the United States' computation of damages, including, but not limited to all documentation relied on by the United States to calculate its damages and such sums that the United States asserts constitutes a false claim.

RESPONSE:  See objections and response to Request for Production number 41

53

44.     Produce each document relating to communications between the Connecticut Medicare carrier, including without limitation Drs. Toor and Deli Carpini, the carrier Medical Directors, and Dianon regarding Dianon's flow cytometry testing and any analysis of overpayments or underpayments (or denials of claims) by Medicare for such testing.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, this request seeks documents that are in the possession, custody or control of Dianon. Third, this request is vague and ambiguous, as it is unclear what is meant by any analysis of overpayments/underpayment/denials of claims. Fourth, the request is overly broad and unduly burdensome, as appears to call for production of documents relating to the thousands of claims Dianon submitted to the Medicare carrier during the time period in question.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

45.     Produce all commentary, submissions, data used or received by CMS from all sources, including without limitation the College of American Pathologists and from the American Medical Association, relating to any changes, proposed, discussed or actually made, concerning the reimbursement methodology or payment for flow cytometry testing by federal health care programs.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege. Fourth, the request is overly

54

broad and unduly burdensome, as it requests data and other information received by CMS over a 10 year period from "all sources" concerning "payment" for flow cytometry testing. Fifth, the request if vague and ambiguous. Sixth, the United States objects to this request to the extend that it calls for documents that are publically available.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents, if any, that are responsive to this request.

46.     Produce each document relating to the merits or disadvantages or acceptance or rejection in the medical community of comprehensive or targeted flow cytometry panels for the diagnosis of leukemia or lymphoma.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fourth, this request is vague, ambiguous and unintelligible, as terms such as "comprehensive or targeted flow cytometry panels" are not defined, and the phrase "the merits or disadvantages or acceptance or rejection" is unclear in the context of this request. Fifth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

47.     Produce all documents related to the optimal, preferred or acceptable number of antibodies to be used in flow cytometry panels for leukemia and lymphoma diagnoses.

55

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and medical necessity. Fourth, this request is vague and ambiguous, as it lumps together such undefined terms as "optimal, preferred or acceptable" when referencing the number of antibodies to be used in a flow cytometry panel. Fifth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

48.     Produce each document relating to any concerns, limitations, restrictions or guidelines regarding the potential interference with the practice of medicine by governmental agencies, officials, or representatives.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, this request is vague and ambiguous, as it is unclear what is meant by "any concerns, restrictions or guidelines regarding the potential interference with the practice of medicine" by government agencies, etc.

The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

49.    Produce each document relating to the rate or frequency of denial of claims by Medicare, and specifically without limitation the Connecticut Medicare carrier, for flow cytometry testing, including specifically and without limitation, those performed by Dianon.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of documents related to any and all providers of flow cytometry services who submitted claims to Medicare over a 10 year period. Fourth, this request is vague and ambiguous, as it does not define the terms "rate" or "frequency" when referring to denial of claims by Medicare.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents related to Dianon, if any, that are responsive to this request.

50.    Produce all documents relating to any appeal or challenge of any payment policy by a Medicare carrier limiting the number of antibodies reimbursed, including without limitation appeals by ImPath and Genzyme to denials by Medicare carriers in California.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence.

57

Third, this request is vague and ambiguous, as it does not clear whether this request seeks documents related to an appeal or challenge to a payment policy or if it seeks appeals of particular claims that have been denied. Fourth, the request is overly broad and unduly burdensome. For example, many of the Medicare carriers have reported that in order to comply with this request it would cost them tens of thousands of dollars and hundreds of hours of time. This is because in many cases it is impossible to tell whether an appeal of a denial of a flow cytometry service is based on the number of antibodies at issue, or if it involves a different issue, such as the failure to use the proper diagnosis code or some other reason. In addition, to the extent this request seeks appeals of claims from every Medicare provider of flow cytometry services across the country for a 10 year period, it would call for the production of thousands of claims. This would involve carriers using their resources to pull files from warehouses around the country at an extremely significant cost.

Subject to and without waiving these objections, the United States will make available for inspection and copying non-privileged documents that carriers could produce without expending significant amounts of time and money, that are responsive to this request. The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

51.    Produce all documents relating to the government's investigation of Dianon's flow cytometry panels prior to September 5, 2002.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request to the extent that it calls for the production of documents and information protected from disclosure by privilege and doctrine, including specifically the

58

attorney-client privilege, the work product doctrine, the joint prosecution/common interest doctrine, the deliberative process privilege, the informant's privilege, the investigative file privilege and the law enforcement privilege.

Subject to and without waiving these objections, the United States responds as follows: There are no response documents.

52. Produce each document related to the viability of bone marrow, blood, tissue and other specimens upon which flow cytometry analyses are performed for the diagnosis of leukemia or lymphoma.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the request is overly broad and unduly burdensome. For example, this request appears to call for the production of any and all medical literature, text books, treatises, articles and abstracts relating to flow cytometry and viability. Fourth, the United States objects to this request to the extent it prematurely calls for the production of expert disclosure under Rule 26(a)(2).

The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

53. Produce all documents relating to any actual or potential missed diagnosis of any leukemia or lymphoma in any government operated or funded facility.

**RESPONSE:** The United States objects to this request on the following grounds. First, the United States incorporates by reference its General Objections, stated above. Second, the

United States objects to this request on the grounds that it seeks information not relevant to the claims or defenses of any party and is not reasonably calculated to lead to the discovery of admissible evidence. Third, the request is overly broad and unduly burdensome to the extent it requests documents from "any governmental operated or funded facility." Fourth, this request is vague and ambiguous, as it is unclear what documents are being sought by this request.

The United States invites Dianon to meet and confer pursuant to Local Rule of Civil Procedure 37(a)(2) concerning the scope of this request.

**AS TO THE OBJECTIONS:**

12/7/05
DATE

RICHARD M. MOLOT
UNITED STATES ATTORNEY'S OFFICE
ASSISTANT U.S. ATTORNEY
FED. BAR # ct21676
157 CHURCH STREET
P.O. BOX 1824
NEW HAVEN, CT 06508

61