# EXHIBIT 6

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, Mail Stop N2-20-16
Baltimore, Maryland 21244-1850



Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group

Refer to: C06FOI0665 (DJH)

JUL 11 2006

James T. O'Neill
325 West Huron Street
Suite 230
Chicago, Illinois 60610

Dear Mr. O'Neill:

I am responding to your September 22, 2005, Freedom of Information Act (FOIA) request addressed to Monica Perkins, Centers for Medicare & Medicaid Services' (CMS) Chicago Regional Office and your December 1, 2005, FOIA request addressed to Wisconsin Physicians Service (WPS) for a copy of all records concerning the adoption of Local Coverage Determinations L16830, L16831, L16832 and L16833, pertaining to "Flow Cytometry. Your requests along with 1,021 pages of responsive documents were forwarded to me for disposition because of my responsibilities for administering the FOIA for CMS.

After careful review, I have determined to release a total of 1018 pages to you as enclosed. However, I have determined to deny you access to portions of 86 of the enclosed pages pursuant to Exemption 6 of the FOIA (5 U.S.C. § 552 (b)(6)). Those portions constitute private email addresses and personal identification numbers of individual Medicare providers. Also, I have determined to deny you access to 3 pages in full pursuant to Exemption 5 of the FOIA (5 U.S.C. § 552 (b)(5)). Those pages constitute an internal email communication and handwritten notes, involving WPS staff members. There were no documents located in this agency's files pertaining to item letter (c) of your request.

Exemption (b) (6) protects information about individuals contained within "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." I have weighed the public interest in disclosure against the harm to the privacy interest of the subject individuals. I have taken into consideration that the Supreme Court has held public interest in disclosure to be limited, in this context, to the public interest that would be served by shedding light on the agency's performance of its statutory duties. I have concluded that the personal privacy interest of the subject individuals outweighs the public interest in disclosure in this particular matter.

Page 2 – James T. O'Neill

Exemption (b) (5) protects "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." Among the several bases upon which records may be withheld under this exemption, the deliberative process privilege applies to the materials withheld in this case. This privilege protects internal communications that are predecisional and contain staff advice, opinions and recommendations that are part of the agency's deliberative decision-making process.

Enclosed is an invoice for $453.30, the charge for processing this request. Please make your check or money order payable to the "CMS", and remit payment within 30 days of the date on the invoice to the address listed on the invoice.

If you have reason to disagree with this decision you may appeal. Your appeal should be mailed within 30 days of the date of this letter to: The Deputy Administrator, Centers for Medicare & Medicaid Services, Room C5-16-03, 7500 Security Boulevard, Baltimore, Maryland 21244-1850. Please mark your envelope "Freedom of Information Act Appeal" and enclose a copy of this letter.

Sincerely,

Michael S. Marquis
Director
Freedom of Information Group

Enclosures