# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA, | ) ) ) ) | No. 3:02CV1573(MRK) |
| Plaintiff,<br>v. | ) ) ) | |
| DIANON SYSTEMS, INC., | ) ) ) ) ) | May 15, 2006 |
| Defendant. | ) | |

PLAINTIFF UNITED STATES OF AMERICA'S
SECOND REQUEST FOR PRODUCTION OF DOCUMENTS
DIRECTED TO DEFENDANT DIANON SYSTEMS, INC.

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff United States of America, through its undersigned counsel, hereby propounds its Second Request for Production of Documents to defendant Dianon Systems, Inc. (Dianon).

Plaintiff requests that defendant produce, within thirty (30) days of the date of service hereof, at the office of and by arrangement with the undersigned, all documents responsive to the following request for production of documents.

DEFINITIONS

Please refer to Rule 26(a), (c) and (d) of the Local Rules of Civil Procedure for the District of Connecticut for the applicable definitions. In addition, the following specific definitions apply to these discovery requests in accordance with Local Rule 26(a):

A. **"Dianon"** means Dianon Systems, Inc., and any and all predecessors, successors, parent organizations, subsidiaries, affiliates, branches, divisions, units or offices of said entity. Where knowledge, information, or documents in Dianon's custody, control, or possession are

- 2 -

requested or referred to, such request or reference includes knowledge, information, or documents in the custody, control, or possession of Dianon's its agents, representatives and any affiliated entities.

B. **"Lab Corp."** shall mean Laboratory Corporation of America and any and all predecessors, successors, parent organizations, subsidiaries, affiliates, branches, divisions, units or offices of said entity.

C. **"Date"** shall mean the exact day, month, and year, if ascertainable, or, if not ascertainable, the best approximation, including relationships to other venues.

D. **" Document"** means all recorded material in any form, including but not limited to: electronic mail, reports, correspondence, notes, memoranda, calendars, diaries, minutes of meetings, working papers, directives, manuals, contracts, charts, graphs, drawings, voicemail messages, facsimiles, telegrams, videotapes, audiotapes, photographs, magnetic tapes, computer discs (including floppy discs), all programming instructions, record layouts, and other material necessary for the retrieval of all electronic or word processing material, and printouts of data or information stored or maintained by electronic means. Documents also include preliminary drafts or revisions, any attachments or enclosures, as well as copies or duplicates that are not identical to the original because of additions, deletions, alterations or notations.

E. **Organization of Documents Produced.** All documents produced should be organized in such a manner that documents related to a document request are grouped together and identified as being responsive to that particular document request.

- 3 -

F. **Claim of Privilege.** Where a claim of privilege is asserted, the attorney asserting the privilege shall provide the information required by Fed. R. Civ. P. 26(b)(5) and Local Rule 37(a)(1).

G. **Continuing Obligation.** Plaintiff's request for production of documents are continuing. Defendant must promptly supply, by means of supplemental answers or document production, all additional responsive information or documents that may become known to defendant or its attorneys prior to the trial of this action, including, but not limited to, the identity of each person defendant expects to call as a witness or expert witness at trial.

H. **Time Period.** Unless otherwise stated, this request for production of documents refers to the time period January 1, 1995, through the present.

\*\*\*

- 4 -

REQUESTS FOR PRODUCTION OF DOCUMENTS

Please produce the following:

1. All documents concerning any review of the billings of Dianon's competitors that led to the decision, in or about 2000, to bill for all 26 antibodies when performing flow cytometry services, including, but not limited to, any analysis or review done by Grant Carlson related to this issue, as referenced in the deposition testimony of Valerie Palmieri, at page 14 line 10 to page 19 line 11.

2. All documents concerning any compliance issues related to Dianon's decision, in or about 2000, to bill for all 26 antibodies when performing flow cytometry services, as referenced in the deposition testimony of Valerie Palmieri, at page 29 lines 2-18, page 40 line 16 to page 44 line 9, and page 100 line 15 to page 101 line 6, and as specifically requested during her deposition at page 101 line 6-16.

3. All documents concerning the Hemepath Consensus Conference held in or about October/November 2005 at Esoterix in Brentwood, Tennessee, as referenced in the 11/14/05 e-mail from Suha Mishalani to Glenn Segal, bates no. PP13798-PP13803. This request includes, but is not limited to, all notes, correspondence, presentation materials and summaries related to the meeting, as well as all documents created by, reviewed by or received by Dr. Raul Braylan (including any documents concerning payments made to Dr. Braylan related to the conference, by Dianon, Lab Corp. or any entity owned or controlled by Lab Corp).

4. All documents concerning any communications, meetings or interviews between Dr. Raul Braylan and Dianon, Lab Corp, or any entity owned or controlled by Lab Corp., which

- 5 -

refers or relates to Dr. Braylan seeking or inquiring about possible employment with Dianon, Lab Corp., or any entity owned or controlled by Lab Corp.

5. All claims (i.e. health insurance claim forms [CMS or HCFA 1500's] and electronic claims) submitted by Dianon to Medicare and Tricare for CPT 88180 flow cytometry services, rendered from January 1, 1996, to December 31, 2003, for which payment was received by Dianon from Medicare or Tricare.

6. All records of payment received by Dianon from Medicare and Tricare for CPT 88180 flow cytometry services rendered from January 1, 1996, to December 31, 2003, including, but not limited to, copies of checks and electronic payment records.

7. All documents created between January 1, 1995 and December 31, 2002 concerning any training or education provided to Dianon employees relating to billing insurance carriers, including Medicare and Tricare.

8. All documents concerning Dianon's implementation of a formal compliance program in or about 1997.

9. All documents created between January 1, 1995 and December 31, 2002 concerning the designation of a compliance officer or similar position.

10. All documents concerning the cost of antibodies prior to 2003, as referenced in the deposition testimony of Valerie Palmieri, at p. 56 lines 2-13.

11. All documents concerning any outline, notes or similar documents Todd Holman prepared before the trip to Oklahoma to meet with the Oklahoma carrier, as referenced in the deposition testimony of Valerie Palmieri at p. 77 line 14 to p. 79 line 16, and p. 103 line 23 to p. 104 line 25.

- 6 -

12. All documents concerning any analysis by Dianon of the impact on reimbursement if Dianon were to bill the Oklahoma carrier rather then the Connecticut carrier for flow cytometry services, as referenced in the deposition testimony of Valerie Palmieri at p. 97 line 1 to p. 98 line 11.

13. All documents concerning the list price and retail price paid by Dianon and/or Lab Corp for antibodies used in flow cytometry, as requested at the deposition of Valerie Palmieri at p. 55 lines 15-25.

14. All documents concerning the "billing audit" performed in or about August 2000, as referenced in the Bob McNamee documents produced by Dianon in this action, bates # 600033, and 600042-44.

15. All documents concerning any recent overpayment made by Dianon to Medicare, any recent notification of an overpayment by Dianon to the Medicare carrier, or any overpayment calculation conducted by Dianon, related to flow cytometry services performed in or about January 1 to July 31,1996, as referenced in the 30(b)(6) deposition testimony of Jay Amberson at pages 22 and 23.

    Respectfully submitted,

    PETER D. KEISLER
    Assistant Attorney General

    KEVIN J. O'CONNOR
    United States Attorney

    _____
    RICHARD M. MOLOT
    Assistant United States Attorney
    Federal Bar No. CT21676
    157 Church Street

- 7 -

New Haven, Connecticut 06510
(203) 821-3700 (phone)
(203) 773-5373 (fax)
Richard.Molot2@usdoj.gov

MICHAEL F. HERTZ
JOYCE R. BRANDA
PATRICIA R. DAVIS
RYAN FAYHEE
Attorneys, Civil Division
Commercial Litigation Branch
Post Office Box 261, Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 307-0238

Attorneys for the United States

## CERTIFICATION OF SERVICE

This is to certify that a true and correct copy of the Plaintiff United States of America's Second Request for Production of Documents Directed to Defendant Dianon Systems, Inc., was served by Fed Ex, this 15th day of May 2006 on:

> Robert Salcido, Esq.
> Akin Gump Strauss Hauer & Feld, LLP
> Robert Strauss Building
> 1333 New Hampshire Ave, NW
> Washington, D.C. 20036

_____
Richard M. Molot
Assistant U.S. Attorney