# EXHIBIT 4

Case 3:02-cv-01573-MRK   Document 236-5   Filed 04/20/2007   Page 1 of 3



**U.S. Department of Justice**

Civil Division

MFH:JRB:PDavis
DJ No. 46-14-751

Pat Davis
202-307-0238

*Washington, D.C. 20530*

November 8, 2006

Mr. Robert Salcido
Akin, Gump, Strauss, Hauer
    & Feld LLP
1333 New Hampshire Ave. N.W.
Washington, DC 20036-1564
rsalcido@akingump.com

Dear Robert:

    I am writing in response to your letter of October 11, 2006.

    Without getting into a point-by-point response to your letter, which I realize from previous interactions would be a waste of time, there are a few issues that I do think we need to raise. You state at the close of your letter that "Dianon has made full production of all responsive documents." However, this is clearly not the case, for the following reasons:

    1. Request # 4 from our May 15, 2006 second request for documents, calls for documents concerning any communications, meetings, etc. between Dr. Braylan and Dianon or LabCorp relating to Dr. Braylan's potential employment with those companies. In your August 15, 2006 response, you state "Documents responsive to this request will be made available at a mutually convenient time." However, we have never received those documents. Are you now refusing to produce documents which you represented that you would produce in your August 15 response? If not, when can we expect to receive these documents?

    2. Request #5 from our May 15 second request for documents, calls for production of claims and "electronic claims" submitted by Dianon to Medicare and Tricare for CPT Code 88180 services from Jan. 1, 1996 to Dec. 31, 2003. The documents you made available for inspection at Dianon's warehouse in Stratford were records of payment (which was our request #6), not claims. Dianon employees informed Ryan Fayhee that the claims were kept in electronic format, but those have not been produced. Further, as I mentioned in my prior letter, we have produced Dianon claims data in electronic format (OIG 00004, 00005, 00006) and would like to discuss entering into a stipulation regarding that

-2-

data. Your October 11, 2006 letter is silent on the issue of producing the electronic claims and on entering into a potential stipulation. Please advise.

3. Request # 3 from our May 15 second request for documents, calls for production of documents concerning the Hemepath Consensus Conference. Some responsive documents were produced by Sarah Ford on August 25, 2006. The request specifically calls for the production of notes and "presentation materials." However, there is only one page of notes (it's actually only about 2 sentences). As important, however, is the fact that the documents do not contain any presentation materials. *See* 10/27/2005 email (PP22641) ("The meeting will start with a brief presentation by each laboratory group. . . If you will not have a laptop for making your presentation, please make sure to email it to me tomorrow or bring it on a CD."). Also, our request calls for documents relating to any payments made to Dr. Braylan for his services at the conference, but nothing has been produced. Moreover, there are several emails that reference attachments, which were not produced (eg. PP22643 & PP22644). It is improper to produce only some documents from the conference, but not to produce other documents that clearly exist. When can we expect a complete production in response to this request?

4. Finally, Requests ## 10 and 13 of our May 15 second request for production, call for documents related to the cost of antibodies. You object to these requests on the grounds of burden and relevance. Please explain the burdensomeness of the request. As for relevance, you have raised the issue of the cost of antibodies in you summary judgment papers. *See* Dianon's Rule 56(a)(1) statement, at 18 fn. 16. How can you raise the cost of antibodies as a defense, and then deny the government documents that pertain to this very issue?

I look forward to receiving your complete response to our document production requests. Those responses are now quite overdue. If we do not receive complete responses soon, we will be forced to ask the Judge to intervene.

Sincerely,

Patricia Davis
Assistant Director
Commercial Litigation Branch
Civil Division

cc:   AUSA Rick Molot
      Bruce R. Parker