# EXHIBIT 8



**U.S. Department of Justice**

Civil Division

MFH:JRB:PDavis
DJ No. 46-14-751

Pat Davis
202-307-0238

Washington, D.C. 20530

September 5, 2006

Mr. Robert Salcido
Akin, Gump, Strauss, Hauer
    & Feld LLP
1333 New Hampshire Ave. N.W.
Washington, DC 20036-1564
rsalcido@akingump.com

Bruce R. Parker
Venable LLP
1800 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Md. 21201
brparker@venable.com

Dear Messers. Parker and Salcido:

    Your recent response to the Government's Second Request for Production of documents, which was provided two months after it was due, has raised several issues we wish to discuss.

    First, with regard to the privilege log, we asked Robert after your response to our first production request for a privilege log. In a December 19, 2005 memo, he attached the privilege log Thom Kossl provided to us during the investigation of the case prior to our intervention, and wrote "I have not yet identified additional privileged documents. I will promptly supplement the log when I do." We note that most of the documents on the privilege log you provided to us on August 15, 2006 were created prior to our first request for production - some as long ago as 1997 and 1998. Most are responsive to our first request for production which was served on July 27, 2005 - more than a year ago. Why were these not included in a privilege log and provided to us before the end of discovery? Had you provided this log in a timely manner, we would have been able to explore through discovery whether, in fact, the documents were privileged. Further, since you did not reply to the Government's second document production request until two months after your response was due, you have waived any privilege applicable to the documents on the log.

In addition, the log itself is not sufficiently descriptive. First, the privilege log does not set forth the type of document, which is required by Local Rule 37(a). Second, since we were unable to ask Dianon witnesses about these documents at their depositions, we need a more complete description of the documents in order to determine whether in fact these documents are privileged so that we will not have to ask the court to reopen discovery. For example, there is no privilege claimed for the 10/23/05 document. In addition, there is not sufficient information to determine whether the "Viability Study Using Flow Cytometry" is in fact work product or was a pre-existing document, and if the latter, why it would be privileged. Similarly, it is not apparent from the description why the documents relating to requisition forms and report forms would be privileged. Please provide us with more descriptive information so that we can determine whether the listed documents are indeed privileged.

The production itself also raises a number of issues. It appears from the document index you provided that most of the documents are responsive to our first request (served in July of 2005), yet they are only now being produced - after the close of discovery. For example, PP17945 and several other draft requisition forms are responsive to Request # 6 in the United States' first request for production. We do not believe they were produced in response to that request. Another example is PP17859 which is responsive to both request #4 and 15, among others, in the July 2005 request. Also, this document appears to be taken from a larger document and is, therefore, produced out of context. PP17893 is a copy of a document already produced, but with different marginal and handwritten notes from those that have been produced and is responsive to request # 2 of the July 2005 request. PP 17915-16 is responsive to request # 14 in the Government's July 2005 request. PP 18266 is responsive to July 2005 request # 17, and also appears to be a part of a larger document. Had we had these documents before the close of discovery we could have used them in depositions, submitted interrogatories to identify them or included them in the 30(b)(6) deposition notice to obtain information about who created them and why. Now, because you have not produced these documents until after the close of discovery, we cannot do that.

Finally, your written responses to our second document production request, which was served in May of 2006, are deficient. Your response to requests # 1 and 2 states that "to the extent responsive documents exist, they have already been produced." We have been unable to locate any documents which fit the description of documents described by Ms. Palmieri during her deposition. Please identify by Bates number where in the production they may be found or confirm that no such documents exist. Documents PP22629-PP22645, which relate to the Hemepath Consensus Conference, and are responsive to request # 3, do not contain any presentation materials, even though our request clearly asked for presentation materials and the documents themselves reference presentation materials. When can we expect to receive these? Also, our request asked for all "notes" related to the conference, but we only received one page of notes. We assume more notes exist. Request # 3 also asks for documents concerning any payments made to Dr. Braylan in relation to the conference, but those also do not seem to have been produced. To date no documents responsive to Request # 4 have been produced. When will they be produced? They are already more than two months late. To date no documents responsive to Requests # 7 and 8 have been produced. When will they be produced? Documents responsive to Requests # 10 and 13 have not been produced on the grounds that they are not

-3-

relevant. We believe they are relevant and should be produced. With regard to requests # 11 and 12, we have been unable to identify any documents which fit the description of documents described by Ms. Palmieri in her deposition. Please either identify them by Bates number or confirm that none exist.

We look forward to discussing these matters with you as soon as possible.

Sincerely,

Patricia Davis
Assistant Director
Commercial Litigation Branch
Civil Division


cc:    AUSA Rick Molot