# Exhibit 3

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2005 JUN -1  P 2: 05

U.S. DISTRICT COURT
NEW HAVEN, CT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DR. JAMES J. TIESINGA, | )<br>)<br>)<br>) | No. 3:03CV1573(MRK) |
| Plaintiff, | )<br>) | |
| v. | )<br>) | June 1, 2005 |
| DIANON SYSTEMS, INC., | )<br>)<br>)<br>) | |
| Defendant. | ) | |

FORM 26(f)
REPORT OF PARTIES' PLANNING MEETING

Plaintiff United States of America and Defendant Dianon Systems, Inc. (Dianon) hereby respectfully submit this Report of Parties' Planning Meeting, pursuant to Fed. R. Civ. P 26(f), regarding the *qui tam* aspects of this action. On or about May 3, 2005, the Court issued a scheduling order regarding the *qui tam* aspects of this action. The dates set forth in the Court's scheduling order are incorporated into the parties' report, as set forth below.

**Date Complaint Filed:**     March 18, 2005

**Date Complaint Served:**     March 18, 2005

**Date of Defendant's Appearance:** April 20, 2005

Pursuant to Fed. R. Civ. P. 16(b), 26(f), and D. Conn. L. Civ. R. 16, a conference was held on May 27, 2005. The participants were:

Assistant U.S. Attorney Richard M. Molot, for plaintiff United States of America

Robert Salcido, Esq., for Defendant Dianon

## I.    CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

A. *Subject Matter Jurisdiction:*    This action arises under the False Claims Act, 31 U.S.C. §§ 3729-3733, and at common law. Plaintiff alleges that this Court has subject matter jurisdiction to entertain this action under 28 U.S.C. §§ 1331 and 1345, and supplemental jurisdiction to entertain the common law and equitable causes of action pursuant to 28 U.S.C. § 1367(a).

B. *Personal Jurisdiction:* Plaintiff alleges the Court has personal jurisdiction over defendant pursuant to 31 U.S.C. § 3732(a), because defendant is transacting and has transacted business in this District, and because defendant committed acts within this District that violated 31 U.S.C. § 3729.

### III. BRIEF DESCRIPTION OF CASE

A. *Claims of plaintiff:* The United States alleges that Dianon submitted false or fraudulent claims for payment to Federal healthcare programs for flow cytometry tests containing antibodies that were not reasonable and medically necessary.

B. *Defenses and Claims (counterclaims, third party claims, cross claims) of Defendant:* The defendant contends that its flow cytometry tests were medically necessary and indicated.

### IV. STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following facts are currently undisputed:

Dianon is a clinical laboratory located in Stratford, Connecticut. During the period 1996 to 2004, Dianon submitted claims for payment to the Medicare and Tricare programs for flow cytometry tests billed under CPT code 88180. During this period, when Medicare and Tricare made payment to Dianon for flow cytometry tests, payment was based on the number of antibodies billed by Dianon when conducting these tests.

### V. CASE MANAGEMENT PLAN:

On May 18, 2005, Dianon moved to dismiss the government's complaint under Fed. R. Civ. P. 9(b). The Court's ruling on the motion may necessarily impact upon case management because it may further define the scope of the case. However, subject to amendments that may be made in light of the Court's ruling, the parties provide as follows:

A. Standing Order on Scheduling in Civil Cases

3

The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as follows:

    B.    Scheduling Conference with the Court

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b), as the Court has already entered a scheduling order governing the *qui tam* portion of this case.

    C.    Early Settlement Conference

        1.    The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

        2.    The parties do not request an early settlement conference.

        3.    When a settlement conference occurs, the parties prefer a settlement conference with a magistrate judge.

        4.    The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16 at this time.

    D.    Joinder of Parties and Amendment of Pleadings

        1.    The parties are allowed until July 1, 2005 to file motions to join additional parties and to file motions to amend the pleadings.

    E.    Discovery

        1.    The parties anticipate that discovery will be needed on the following issues:

        * Medical necessity regarding flow cytometry testing;

        * Dianon's practices and procedures regarding flow cytometry testing;

4

* Dianon's billing of flow cytometry testing;

* Medicare and Tricare payment and reimbursement policies and data related to medical necessity and flow cytometry testing;

* Damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R Civ. P. 26(b)(4), will be commenced by June 1, 2005 and completed by January 31, 2006.

3. Plaintiff does not request that discovery be conducted in phases. Defendant reserves making any determination regarding whether discovery will be conducted in phases until the Court rules on defendant's pending motion to dismiss.

4. Plaintiff believes that it will require a total of 10-15 depositions of fact witnesses. Defendant states that discovery has not commenced and the Court has not ruled regarding the scope of the government's complaint. Hence, as this time, it is not possible to reasonably ascertain the amount of depositions needed in this action. However, as a rough estimate, defendant believes that it will require a total of 10-15 depositions of fact witnesses. The depositions will commence no earlier than July 1, 2005 and be completed by January 31, 2006.

5. The parties do reserve the right to request permission to serve more than 25 interrogatories.

6. Plaintiff intends to call expert witnesses at trial, and will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by October 1, 2005. Depositions of such experts will be completed by January 31, 2006.

5

7.  Defendant intends to call expert witnesses at trial, and will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by November 1, 2005. Depositions of such experts will be completed by January 31, 2006.

8.  A damages analysis to date will be provided by any party who has a claim or counterclaim for damages by December 1, 2005.

F.  Dispositive Motions

Dispositive motions will be filed on or before February 28, 2006.

G.  Joint Trial Memorandum

The joint trial memorandum required by the Standing Order of Trial Memoranda in Civil Cases will be filed by March 15, 2006 or within 30 days after the Court's ruling on any pending dispositive motions, whichever is later.

## VI. TRIAL READINESS

If no dispositive motions are filed, the case will be considered trial ready on March 15, 2006. If dispositive motions are filed, the case will be considered trial ready immediately after the filing of the parties' joint trial memorandum.

As officers of the Court, the undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy, and inexpensive determination of this action.

PLAINTIFF, UNITED STATES

DATE: 6/1/05        BY: _____
Richard Molot (ct21676)
Assistant U.S. Attorney
P.O. Box 1824
New Haven, CT 06508
Phone: (203) 821-3700

6

Fax: (203) 773-5373
e-mail: Richard.Molot2@usdoj.gov

DEFENDANT, DIANON SYSTEMS, INC.

DATE: 5/31/05   BY: *[signature]*

Robert Salcido, Esq. (ct447951)
(admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Ave., NW
Washington, D.C. 20036
(202) 887-4095

## CERTIFICATION OF SERVICE

This is to certify that a copy of the within and foregoing Form 26(f) Report of Parties' Planning Meeting to be served by first-class mail, postage prepaid, on June 1, 2005, to:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>183 Sherman Street
>Fairfield, CT 06430
>
>Kerry M. Parker, Esq.
>Michael D. Thompson, Esq.
>Epstein, Becker & Green, P.C.
>Two Gateway Center, 12th Floor
>Newark, NJ 07102
>
>Mary A. Gambardella, Esq.
>Epstein, Becker & Green, P.C.
>One Landmark Square, Ste. 1800
>Stamford, CT 06901
>
>Robert Salcido, Esq.
>Akin Gump Strauss Hauer & Feld, LLP
>Robert Strauss Building
>1333 New Hampshire Ave, NW
>Washington, D.C. 20036
>
>Pat Davis, Esq.
>Civil Division
>U.S. Department of Justice
>Patrick Henry Building, Room 9022
>601 D. Street, N.W.
>Washington, D.C. 20004

_____
RICHARD M. MOLOT
ASSISTANT U.S. ATTORNEY

8