# Exhibit 37

Case 3:02-cv-01573-MRK    Document 241-39    Filed 05/11/2007    Page 1 of 3



CENTERS for MEDICARE & MEDICAID SERVICES

# DECLARATION of GEORGINA C. AGUILAR

I, Georgina C. Aguilar, hereby declare as follows:

1. The facts contained within this Declaration are based upon my personal knowledge. I am employed by NHIC Corp as the Supervisor of the Medicare Reconsideration Department. At the time the claims at issue were processed by NHIC, I was the Supervisor of the Medicare Hearing Department. I held this position for 5 years.

2. NHIC, Corp, operates under a contract with the Centers for Medicare & Medicaid Services (CMS) of the Department of Health and Human Services (DHHS) as the Part B contractor in Southern California.

3. Part of my responsibility as the Supervisor of the Medicare Hearing Department was to ensure compliance with all Medicare rules and regulations in the processing of requests for the Hearing Officer (HO) and Administrative Law Judge (ALJ) hearings of Medicare Part B determinations and effectuation of decisions rendered.

4. One of the cases appealed at the HO and ALJ levels of appeal involved claims for flow cytometry tests billed to Medicare by Impath, Inc.

5. NHIC, at that time, did not have a Local Medical Review Policy (LMRP) addressing the number of flow cytometry markers to allow on the claims submitted by Impath, Inc.

6. As is required in our contract with CMS NHIC developed an LMRP to allow 20 flow cytometry markers provided by Impath, Inc. on or after January 15, 2003.

7. Impath, Inc. billed for 26 flow cytometry markers, and continued to challenge NHIC's coverage parameters through the ALJ hearing level of appeal.

8. NHIC was invited to participate at the ALJ hearing by the ALJ. However, due to scheduling conflicts, NHIC's two pathology advisors could not attend the ALJ hearing.

9. NHIC did not provide any expert medical testimony at the hearing, and did not provide evidence to refute or respond to Impath Inc.'s position.

10. NHIC was represented at the ALJ hearing by the Supervisor of the Policy Development/Medical Review Department and one of their clinical nurses. Impath, Inc. was represented by a team of pathologists.

11. The United States Government did not have an attorney or any other representative at the hearing.

12. On August 27, 2003, the ALJ fully reversed NHIC's determination and ruled that the 26 flow cytometry markers billed by Impath, Inc. were reasonable and necessary.

13. NHIC adjusted all the Impath, Inc.'s claims covered in the ALJ decision to allow the 26 flow cytometry markers billed.

**NHIC, Corp.**

P. O. Box *1300
Los Angeles, CA 90051-0600
Part B Contractor

NEW HAVEN, CONN
06 OCT 26 AM 11

I declare under penalty of perjury under the laws of the United States of America that the foregoing statements are true and correct, and that this declaration was executed on October 25, 2006.

_____
Georgina C. Aguilar, Declarant