UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. DR. JAMES J. TIESINGA, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )     No. 3:02CV1573(MRK) ) |
| DIANON SYSTEMS, INC., | ) ) |
| Defendant. | ) |

**OPPOSITION TO THE UNITED STATES' MOTION IN LIMINE
AS TO CLAIMS DATA AND MOTION TO COMPEL
DEFENDANT TO PROVIDE DISCOVERY**

Dianon Systems, Inc. (Dianon), through undersigned counsel, submits this Opposition to the United States Motion in Limine as to Claims Data and Motion to Compel Defendant to Provide Discovery ("Motion") and Memorandum in Support of the Motion ("Memorandum") and in support thereof states as follows.

I.    **INTRODUCTION**

In its Motion, the government seeks to: (1) "preclude Dianon from submitting evidence at trial regarding its claims or electronic claims;" (2) depose an additional Fed. R. Civ. P. 30(b)(6) witness who can testify as to certain documents produced after the discovery period; and (3) compel the production of documents related to an October 2005 conference or, in the alternative, obtain an affidavit that no such documents exist. Motion at 1-2. As an initial matter, the government never attempted to discuss issues 1 or 2 above and only briefly discussed issue 3 with Dianon. Local Rule 37(a)(2) (No motion on under Rule 37 shall be filed unless counsel has "conferred" and "discussed" the

discovery issues to eliminate or reduce areas of controversy). The government also failed to request a telephone conference with the Court prior to filing its motion pursuant to this Court's Scheduling Order.[1] On this basis alone the government's Motion should be denied.

In addition, the government's first request for relief is overly-broad and should be denied because Dianon has provided documents regarding the claims at issue in this litigation and the government already has the requested data. Fed. R. Civ. P. 26(b)(2)(C)(i). Second, the government should not be allowed any additional depositions because it has already exceeded its deposition limit under the Federal Rules and has failed to explain the relevance of an additional deposition or provided "the importance of the proposed discovery" to warrant yet another deposition. Fed. R. Civ. P. 30(a)(2)(A), 26(b)(2)(C). Dianon produced a handful of documents late due to its good-faith, continued search for relevant documents. This continued work to honor its discovery obligations stands in stark contrast to the government's wholesale refusal to timely produce vital documents to Dianon or even protect such documents from destruction. Finally, the government's request to compel the production of documents from a 2005 conference Dianon representatives attended is moot because Dianon has produced those documents identified by the government in its motion and Dianon cannot aver that other documents from other attendees of the conference do not exist.

---

[1] This Court provided Dianon a teleconference on or about June 30, 2006 to address Dianon's numerous complaints concerning the government's discovery responses. The Court instructed the parties to work together to address several of Dianon's complaints and instructed Dianon to create a record if it believed the government did not honor its discovery obligations. Dianon has done so and filed its Motion in Limine regarding the Government's Discovery Violations.

## II.     Claims Data

In its May 15, 2006 Second Request for Production of Documents, the government requested "(a)ll claims ... submitted by Dianon to Medicare and Tricare for CPT 88180 flow cytometry services rendered from January 1, 1996 to December 31, 2003, for which payment was received by Dianon from Medicare or Tricare." Memorandum at 3. In response to the government's request, Dianon objected to the production of the requested documents for CPT 88180 for flow cytometry because: (1) the Government already received the claims Dianon submitted; (2) the request is overly broad because it includes claims that are not at issue in this litigation, specifically flow cytometry testing for purposes other than diagnosing leukemia, lymphoma or related disorders; and (3) the request was unduly burdensome because the United States already possessed these documents and the request would require Dianon to review hundreds of boxes of Medicare and Tricare Remittance Advices – the documents explaining whether a claim was paid or denied. *Exhibit 1*, Dianon Responses to Plaintiff's Second Request for Production of Documents at Response 5.

Subject to the above objections, Dianon produced more than 800 boxes of Medicare and other federal payor Remittance Advices concerning claims submitted and payments received from CMS and Tricare for testing services. These documents were produced in the same manner and organized in the same way they are kept in the ordinary course of business but were segregated from other, non-responsive documents.

In order to satisfy the Government's request, Dianon would have to manually locate those claims Medicare and Tricare reimbursed, extract from those documents the

requested claims and payment information for CPT code 88180[2], and then determine which of the CPT 88180 tests involve the type of flow cytometry test at issue in this case. Then Dianon would have to contstruct a new database and cross-reference those claims contained in the documents produced to the government.

The government agrees that cross-referencing the documents with existing data as requested "would be prohibitively time-consuming and costly" and "trying to marry those (paper) records of payment to claims of payment kept in electronic form would be nearly impossible." Government Memorandum at 4. The tasks the government asks of Dianon are exactly the same as what it described as "prohibitively time-consuming and costly" and "nearly impossible." Given that the government has already produced a database of claims and the government will have the burden to produce these records at trial, forcing Dianon to go through the conceded "costly" and "nearly impossible" task is an inappropriate burden.[3] Fed. R. Civ. P. 26(b)(2)(C)(i).

The government has offered Dianon to stipulate to the government's database of flow cytometry claims which appear to contain both paid and denied claims (the government's case only involves paid claims – the government denied payment for approximately 55% of Dianon's flow cytometry tests from 1996 to 2003). *Exhibit 2*, Medicare reimbursement rate data. Dianon is currently working on cross-checking the government's database with its own information. Dianon expects that it will be able to work with the government's counsel and the data provided, stipulate to many of the

---

[2] When CMS provides Remittance Advice, it does not do so by CPT code or individual test. Each Remittance Advice contains numerous different tests and services that are irrelevant to this matter. Therefore each Remittance Advice would have to be reviewed, the relevant data extracted, and placed into a new data base.

[3] To support its position that Dianon should produce electronic data the government already possesses, the government relies upon a hearsay within hearsay statement related to government counsel: apparently former AUSA Ryan Fayhee improperly interviewed an unnamed Dianon employee outside the presence of Dianon counsel who allegedly informed Mr. Fayhee that Dianon only has electronic claims. Declaration of Counsel of the United States at ¶3.

claims therein and single out objectionable claims. The pre-trial schedule and process the Court has created is designed to address these issues.

The government seeks to exclude from evidence Dianon's "claims or electronic claims" (Motion at 1) or "any evidence that Dianon would seek to introduce at trial regarding its own claims data" (Memorandum at 5). The government's request for exclusion is both vague and overly broad. First, Dianon should not be precluded from introducing documents into evidence it produced to the government. Second, Dianon should also be able to introduce any documentary evidence connected with the claims at issue that the government <u>did not</u> request, such as medical records associated with specific tests. Third, Dianon should not be precluded from introducing evidence of CMS's denial rate history or relevant data reflected in documents Dianon already produced. To the extent Dianon seeks to introduce evidence that the government requested but Dianon did not produce, the Court can address the specific evidence, rather than the abstract, over-broad, and vague description of hypothetical documents (or data) the government raises in its motion.

### III.    The 30(b)(6) Deposition Request

The government requests to take another Dianon 30(b)(6) deposition because Dianon produced a limited number of documents after the close of discovery. Motion at 2. The government has already sought and received from this Court numerous additional depositions. The government now seeks an additional 30(b)(6) witness to address the creation of 1995 draft flow cytometry test requisition forms and two additional documents. Memorandum at 6-7. The government claims it is prejudiced because it "had no opportunity to learn about the origin of these documents." Memorandum at 7. The government incorrectly claims it "asked about the origin of these documents," but

never did so. *See,* Memorandum at 7-8, Davis Decl. Exhibit 8. Instead the government asked why the handful of documents were produced late. Mr. Salcido informed the government that the documents were found during Dianon's good faith, continued search for responsive documents. Memorandum at 8.

The government's assertion that "Dianon has continuously failed to answer these questions" concerning the origin of the documents referenced in the motion is just wrong. The government's motion is the first time it requested information concerning the origin of the documents listed in its motion. For that reason alone, the government's motion should be denied because it failed to engage in good faith efforts to resolve the matter or discuss the matter with Dianon's counsel. Fed. R. Civ. P. 37(a)(2)(A), Local Rule 37(a)(2), Scheduling Order.

Second, the government has failed to articulate how any of the disclosed documents are relevant or important to its case. In its Memorandum, the government provided several draft requisition forms from 1995. *Exhibit 3*, Dianon documents attached as Exhibit 7 to the government's Memorandum. Nowhere in any of the government's papers opposing summary judgment, outlining relevant issues of disputed fact, or in any of the dozens of exhibits it has proffered to the Court does the government allege that Dianon's requisition forms are relevant to their claims.

The government admits that the physicians who request Dianon flow cytometry services "rely on the medical judgment of the Dianon pathologist as to the number and type of antibodies to use in performing flow cytometry tests." Amended Complaint at ¶39. The government claims that Dianon's pathologists, not doctors ordering flow cytometry using Dianon requisition forms, selected too many antibodies to use on each patient. The government has not produced any admissible evidence that any flow

cytometry test should not have been performed or that the structure of Dianon's test requisition form led to medically unnecessary testing. The origin of draft requisition forms from 1995 are irrelevant (and certainly not important) to the government's claims about which or how many antibodies Dianon pathologists selected to perform flow cytometry. Fed. R. Civ. P. 30(a)(2)(A), 26(b)(2)(C).

At no time prior to the filing of this motion did the government indicate it needed an additional 30(b)(6) deposition. It still has not indicated what this additional witness could add that is relevant or important to the government's claims. As the government has not satisfied its good faith efforts to resolve this matter, has not indicated the importance (if any) of the documents to its allegations or issues of disputed fact, and has wholly ignored its own discovery obligations, its request for an additional 30(b)(6) deposition notice should be denied.

### IV.     2005 Hemepath Consensus Documents

The government requests an order compelling "production of all documents concerning the Hemepath Consensus Conference or, absent their production, submission of an affidavit asserting no such documents exist." Motion at 2. The government notes that it requested the documents from Dianon in its May 15, 2006 Second Request for Production of Documents and that it subpoenaed these records from LabCorp – a non-party to this action. Memorandum at 10. First, the government's LabCorp subpoena is completely irrelevant to Dianon's document production.[4] The government inappropriately conflates its subpoena to LabCorp and its document request to Dianon.

---

[4] Not only is the LabCorp subpoena irrelevant to Dianon's document production obligations, the LabCorp subpoena is also irrelevant to the Hemepath Conference because it only covers documents generated up to and including the date of authorization, October 20, 2005. *Exhibit 4*, LabCorp subpoena (time period is January 1, 2000 to the "present"). The government incorrectly asserts that its subpoena was served "mere weeks after the Hemepath Conference." Memorandum at 10. The subpoena was served on October 26, 2005 - three days <u>before</u> the Hemepath Conference (October 29-30, 2005). *Id*.

On the face of the subpoena, the government acknowledges the difference between the two entities because it served LabCorp with a subpoena, not Dianon or its counsel.

Second, Dianon has produced the documents identified in the government's motion and therefore the motion is moot. *Exhibit 5*, 2005 Hemepath Documents. The government asserts that "documents produced by Dianon employees concerning which antibodies should be included in a panel or the utility/medical necessity of any particular antibody" would be "highly relevant" to the Government's claims. Memorandum at 13-14. Those documents have been produced. As a Conference attendee, Dianon cannot attest that additional documents held by other Hemepath Conference attendees do not exist.

It is interesting to note that in its Opposition to Dianon's Summary Judgment, the government took the position that 2003 publications concerning flow cytometry were irrelevant to earlier flow cytometry testing or claims. United States Response to Defendant's Local Rule 56(a)(1) Reply Statement at 9 (2003 medical article cited in Connecticut LMRP for flow cytometry, Impath administrative law decision are irrelevant to Dianon's 1996-97 panel designs). However, now the government asserts that "a conference held by Dianon to discuss the make-up of its flow cytometry panels in 2005 would be relevant to the earlier time period (2003)." Not only does the government incorrectly assert that Dianon "held" the Conference, as opposed to attending a Conference held by others, but also contradicts its position it previously took in this litigation concerning the temporal relevance of medical publications or opinions. Memorandum at 14, compare with *Exhibit 6*, October 19, 2005 e-mail from Greg Stelzer (Esoterix laboratory) to Conference participants regarding organization of the Hemepath

Conference; *Exhibit 7*, Conference held in Brentwood, Tennessee, where Esoterix is located.

## V.   CONCLUSION

The government's motion in limine should be denied because it failed to make good faith efforts to resolve the alleged discovery disputes it has now placed before the Court, it requests relief in the abstract and before the pretrial process can resolve or highlight any discrepancies or issues, and the requested relief is moot. The only documents the government claims are relevant to its complaint are the documents generated in October 2005 for the Hemepath Conference which Dianon has now produced.[5]

The government also failed to adhere to this Court's instructions concerning the filing of motions in limine. According to the pre-trial order issued by this Court, before a party files a discovery related motion, it must request a telephone conference with the Court to attempt to resolve the underlying dispute. The government has not satisfied its predicate responsibilities under the Local Rules or this Court's scheduling order. The fact that the government continues to ignore its discovery responsibilities comes as no surprise.

As Dianon has chronicled in its own Motion in Limine Concerning Discovery Violations, at no time during the course of discovery did the government take its discovery responsibilities seriously – from instructing its carriers to produce limited information to destroying documents to withholding documents - the government failed

---

[5] Undersigned counsel investigated the facts and circumstances surrounding the August 2006 document production, specifically the Hemepath documents. Apparently, Dianon had forwarded the documents referenced by the government (presentation materials, notes and an e-mail attachment) in August 2006 for production. Due to an oversight, these documents were not made available to the government through the Dianon document repository set up for this case. Undersigned Dianon counsel thought all Hemepath documents were made available. This error has been corrected.

to honor its discovery responsibilities to Dianon and this motion continues the pattern. Notwithstanding the government's pattern of abusive discovery practices, Dianon will work with the government to address the few issues it has raised (already addressing one of the three - the Hemepath Conference documents). None of Dianon's actions or inactions are worthy of sanctions or further depositions. Therefore, Dianon requests that this Court deny the government's motion in its entirety.

Respectfully submitted,

_____
Bruce R. Parker, Admitted *Pro Hac Vice*
Bar No. PHV01015
William Piermattei, Admitted *Pro Hac Vice*
Bar No. PHV 01585
Venable LLP
1800 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
Baltimore, Maryland 21201
(410) 244-7400

Robert Salcido, Admitted *Pro Hac Vice*
Fed. Bar No. 447951
Akin Gump Strauss Hauer & Feld, LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036

Attorneys for Dianon Systems, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10th day of May, 2007, a copy of the foregoing Opposition to the United States' Motion in Limine as to Claims Data and Motion to Compel Defendant to Provide Discovery and attached exhibits was sent via U.S. mail, postage prepaid, to:

>Richard M. Molot, Esq.
>Assistant United States Attorney
>U.S. Department of Justice
>Connecticut Financial Center
>157 Church Street
>P.O. Box 1824
>New Haven CT 06510
>
>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>266 Post Road East
>Westport, CT 06880

William F. Piermattei