# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| ex rel. Dr. James J. Tiesinga, | ) | |
| | ) | No. 3:02CV1573(MRK) |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| DIANON SYSTEMS, INC., | ) | August 15, 2006 |
| | ) | |
| Defendant. | ) | |

**DEFENDANT DIANON SYSTEMS, INC., RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendant, Dianon Systems, Inc., ("Dianon") responds and objects to Plaintiff, United States of America, Second Request for the Production of Documents pursuant to Federal Rules of Civil Procedure 26 and 34 and the Local Rules of Court, as follows:

These responses are made solely for the purposes of, and in relation to, this action. These responses and objections are made without waiving any questions as to the competency, relevancy, materiality, privilege and admissibility of evidence for any purposes in any subsequent proceeding in, or the trial of, this or any other action. All such objections and grounds are reserved and may be interposed at trial.

### GENERAL OBJECTIONS

1.    Defendant objects to each and every request to the extent that it is overbroad and unduly burdensome and that it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

2.    Defendant's review of the government's allegations is continuing. Accordingly, with respect to these responses and objections, Dianon reserves the right to supplement any such response or objection.

3.    Defendant objects to each and every request to the extent that it calls for the production of information and documents that are in the public domain or were previously provided to Plaintiff because such an obligation would impose upon Defendant an undue burden, unnecessary expense, harassment or annoyance.

4.    Defendant objects to each and every request to the extent that it calls for information that is beyond the scope of discovery because it is not related to any claim or defense in this litigation.

5.    Defendant objects to each and every request to the extent that it calls for the production of privileged materials or materials protected by the work product doctrine. Any inadvertent production of any privileged information or documents shall not constitute a waiver of the privilege.

6.    Defendant objects to the government's Requests to the extent that those Requests call for the production of documents created after March 31, 2004, which is the latest date included in the Amended Complaint, and will not produce those documents because such a Request would be overbroad and unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 1:**

All documents concerning any review of the billings of Dianon's competitors that led to the decision, in or about 2000, to bill for all 26 antibodies when performing flow cytometry services, including, but not limited to, any analysis or review done by Grant Carlson related to this issue, as referenced in the deposition testimony of Valerie Palmieri, at page 14 line 10 to page 19 line 11.

**RESPONSE:**

Subject to and without waiving any objection, to the extent responsive documents exist, they have already been produced.

2

**REQUEST NO. 2:**

All documents concerning any compliance issues related to Dianon's decision, in or about 2000, to bill for all 26 antibodies when performing flow cytometry services, as referenced in the deposition testimony of Valerie Palmieri, at page 29 lines 2-18, page 40 line 16 to page 44 line 9, and page 100 line 15 to page 101 line 6, and as specifically requested during her deposition at page 101 line 6-16.

**RESPONSE:**

Subject to and without waiving any objection, to the extent responsive documents exist,

they have been produced.

**REQUEST NO. 3:**

All documents concerning the Hemepath Consensus Conference held in or about October/November 2005 at Esoterix in Brentwood, Tennessee, as referenced in the 11/14/05 e-mail from Suha Mishalani to Glenn Segal, bates no. PP13798-PP13803. This request includes, but is not limited to, all notes, correspondence, presentation materials and summaries related to the meeting, as well as all documents created by, reviewed by or received by Dr. Raul Braylan (including any documents concerning payments made to Dr. Braylan related to the conference, by Dianon, Lab Corp. or any entity owned or controlled by Lab Corp).

**RESPONSE:**

Dianon objects to this request because it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence. Subject to and without

waiving these objections, responsive document will be made available at a mutually convenient

time.

**REQUEST NO. 4:**

All documents concerning any communications, meetings or interviews between Dr. Raul Braylan and Dianon, LabCorp, or any entity owned or controlled by Lab Corp., which refers or relates to Dr. Braylan seeking or inquiring about possible employment with Dianon, LabCorp., or any entity owned or controlled by LabCorp.

**RESPONSE:**

Documents responsive to this request will be made available at a mutually convenient

time.

3

**REQUEST NO. 5:**

All claims (i.e. health insurance claim forms [CMS or HCFA 1500's] and electronic claims) submitted by Dianon to Medicare and Tricare for CPT 88180 flow cytometry services, rendered from January 1, 1996, to December 31, 2003, for which payment was received by Dianon from Medicare or Tricare.

**RESPONSE:**

Dianon objects to this request as it seeks documents that are in the control, custody, and/or possession of the United States. Dianon further objects as the request is overly broad and unduly burdensome given that the United States has these documents. Moreover, the request is overbroad because CPT 88180 flow cytometry services includes a number of services that are not relevant to those claims in this lawsuit. Subject to and without waiving these objections, the United States will be granted access to the site where those documents are stored upon receipt of reasonable notice.

**REQUEST NO. 6:**

All records of payment received by Dianon from Medicare and Tricare for CPT 88180 flow cytometry services rendered from January 1, 1996, to December 31, 2003, including, but not limited to, copies of checks and electronic payment records.

**RESPONSE:**

Dianon objects to this request as it seeks documents and information that are in the control, custody, and/or possession of the United States. Dianon further objects as the request is overly broad and unduly burdensome. Specifically, Dianon objects to this request as this information is in the United States possession, custody and control in electronic format which is readily accessible as compared to Dianon's paper records. In order for Dianon to comply with this request it would have to search every payment record received from Medicare and Tricare over an eight year period and manually copy the relevant information for CPT code 88180 - in effect creating new documents. Further, Medicare did not segregate payment for CPT code

88180 from payment of other tests so all payment records for every medical service paid by

Medicare would have to be reviewed.  Subject to and without waiving these objections, the

United States will be granted access to the site where those documents are stored upon receipt of

reasonable notice.

## REQUEST NO. 7:

All documents created between January 1, 1995 and December 31, 2002 concerning any training or education provided to Dianon employees relating to billing insurance carriers, including Medicare and Tricare.

## RESPONSE:

Dianon objects to this request as it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, non-privileged, responsive documents will be produced at a mutually

agreeable time.

## REQUEST NO. 8:

All documents concerning Dianon's implementation of a formal compliance program in or about 1997.

## RESPONSE:

Dianon objects to this request as it seeks information that is neither relevant nor

reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without

waiving these objections, non-privileged, responsive documents will be produced at a mutually

agreeable time.

## REQUEST NO. 9:

All documents created between January 1, 1995 and December 31, 2002 concerning the designation of a compliance officer or similar position.

## RESPONSE:

5

See Objections and Response to Request No. 8

**REQUEST NO. 10:**

All documents concerning the cost of antibodies prior to 2003, as referenced in the deposition testimony of Valerie Palmieri, at p. 56 lines 2-13.

**RESPONSE:**

Defendant objects to this request as unduly burdensome. Dianon also objects to this

request as it seeks information that is neither relevant nor reasonably calculated to lead to the

discovery of admissible evidence.

**REQUEST NO. 11:**

All documents concerning any outline, notes or similar documents Todd Holman prepared before the trip to Oklahoma to meet with the Oklahoma carrier, as referenced in the deposition testimony of Valerie Palmieri at p. 77 line 14 to p. 79 line 16, and p. 103 line 23 to p. 104 line 25.

**RESPONSE:**

To the extent responsive documents exist, they have already been produced.

**REQUEST NO. 12:**

All documents concerning any analysis by Dianon of the impact on reimbursement if Dianon were to bill the Oklahoma carrier rather then the Connecticut carrier for flow cytometry services, as referenced in the deposition testimony of Valerie Palmieri at p. 97 line 1 to p. 98 line 11.

**RESPONSE:**

To the extent responsive documents exist, they have already been produced.

**REQUEST NO. 13:**

All documents concerning the list price and retail price paid by Dianon and/or Lab Corp for antibodies used in flow cytometry, as requested at the deposition of Valerie Palmieri at p. 55 lines 15-25.

**RESPONSE:**

Defendant objects to this request as unduly burdensome. Dianon also objects to this request as it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

**REQUEST NO. 14:**

All documents concerning the "billing audit" performed in or about August 2000, as referenced in the Bob McNamee documents produced by Dianon in this action, bates #600033, and 600042-44.

**RESPONSE:**

Subject to and without waiving any objection, to the extent responsive documents exist, they have been produced.

**REQUEST NO. 15:**

All documents concerning any recent overpayment made by Dianon to Medicare, any recent notification of an overpayment by Dianon to the Medicare carrier, or any overpayment calculation conducted by Dianon, related to flow cytometry services performed in or about January 1 to July 31, 1996, as referenced in the 30(b)(6) deposition testimony of Jay Amberson at pages 22 and 23.

**RESPONSE:**

Dianon objects to this request as vague and ambiguous. Subject to and without waiving these objections, responsive documents will be made available at a mutually convenient time.

DATED this 16 day of August

Respectfully submitted,

By: _____
Robert Salcido
Fed. Bar No. 447951

(admitted *pro hac vice*)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, DC 20036
Telephone:  (202) 887-4095

Thomas Kossl
Dianon Systems, Inc.
200 Watson Boulevard
Stratford, CT 06615
Telephone:  (973) 492-1509

Bruce R. Parker
Venable LLP
1800 Mercantile Bank & Trust Bldg.
2 Hopkins Plaza
 Baltimore, MD 21201
Telephone:  (410) 244-7400

Attorneys for Defendant Dianon Systems, Inc.

8

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing was sent via e-mail to Richard Molot, Esq. (Richard.Molot2@usdoj.gov) and Patricia R. Davis (pat.davis@usdoj.gov) and via United States first class mail, postage prepaid, this 16th day of August, 2006 to:

>Bryan T. Carmody, Esq.
>Maya & Associates, P.C.
>266 Post Road East
>Westport, CT 06880

Penney Hughes

9