# EXHIBIT 11

 **U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

Connecticut Financial Center
157 Church Street
P.O. Box 1824
New Haven, Connecticut 06510

(203) 821-3700
Fax (203) 773-5376
www.usdoj.gov/usao/ct

September 22, 2006

BY FED EX

William F. Piermattei, Esq.
Venable, LLP
2 Hopkins Plaza, Suite 1800
Baltimore, MD 21201

Re: <u>United States ex rel. Tiesinga v. Dianon Systems, Inc., 3:02CV1573 (MRK)</u>

Dear Bill:

I am writing in response to you August 4, 2006 e-mail to me containing your list of discovery items. Please be advised that the general objections contained in the government's prior document responses are incorporated by reference herein. I also note that some of the items you list are not follow-up items, but are new requests for production served after the close of discovery on July 31, 2006, which is improper. Our responses follow:

1. Meeting with CMS data representative regarding the 5% data sample. Per Judge Kravitz' suggestion, we have requested dates for a meeting with a CMS representative to discuss the 5% data you have provided and, per your request, presented some general areas of inquiry. Please provide dates for this meeting so we can have our analysts discuss the database.

   **Response**: Conference took place on 8/9/06

2. Provide a listing of what documents respond to which document requests and provide descriptions of the source of each document, i.e. how were the documents provided stored/where were they located in the ordinary course of business per FRCP 34.

   **Response**: As set forth in Pat Davis' letter of September 12, 2006, to Robert Salcido, we have fully complied with Rule 34 of the Federal Rules of Civil Procedure. Rule 34 states that the party producing documents shall produce them "as they are kept in the usual course of business <u>or</u> shall organize and label them to correspond with the categories in the request." (emphasis added). First, we have bates-stamped our production to correspond to the documents received from each agency. For example, the documents from the VA were stamped with a VA prefix, NIH an NIH prefix, etc. This is

more than Dianon has done, as all Dianon's documents were labeled with a PP prefix, which does not indicate which documents came from Dianon and which came from LabCorp. We have asked you to indicate the source of your documents, but you have not done so. Second, we produced the documents as they were kept in the normal course of business. For example, when a carrier sent us its production, we grouped the production together, just as the documents were provided to us. When the NIH sent us its panels, we grouped them together, etc. Thus, we have clearly complied with Rule 34.

3. Comments received concerning the 1998 draft National Policy (CMS 5016-24).

   **Response**: We've produced all responsive documents in the possession of CMS. There are no additional responsive documents.

4. Documents considered or reviewed concerning the 1998 draft National Policy.

   **Response**: See response to number 3, above.

5. Billing edits for CPT code 88180 for the Connecticut carrier. Billing edits are the computer program instructions used to allow/deny claims.

   **Response**: This request is overbroad and burdensome. First Coast has told us that no documents exist that contain the billing edits. Thus, this is not a proper document request. In order to obtain the edits a First Coast employee would have to search through all of the archives in the system for each year for the CPT code in question and then manually create a list.

6. Billing edits for CPT code 88180 for the Connecticut carrier. Billing edits are the computer program instructions used to allow/deny claims. We have not received any billing edits from any source.
   **Response**: See response to number 5, above.

7. 2005 data for CPT codes 88187 and 88189.

   **Response**: This request is overbroad and burdensome. It is also not relevant. These codes are not at issue in this case, as they did not go into effect until 2005, well after the latest date in our amended complaint. In Dianon's recent response to the government's document request, Dianon objected to our request as follows: "to the extent that those Requests call for the production of documents created after March 31, 2004, which is the latest date included in the Amended Complaint, . . . [Dianon] will not produce those documents because such a Request would be overbroad and unduly burdensome and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." If Dianon is refusing to produce documents created after March 31, 2004, why are you asking for such information from the government? Also, the 5% data file containing 2005 data for these codes is available for

2

public purchase from CMS. Dianon can purchase this information for itself.

8. All Stars data compiled or available for CPT code 88180 for the period 1996 through 2003 from all CMS carriers. Based on the information we have seen, a carrier can easily enter search parameters by: (a) CPT code; (b) time period; (c) claims allowed/denied; and (d) the frequency or number of units billed per claim.

    **Response**: This was not requested during discovery. More importantly, it is overbroad and burdensome. STARS is simply a software data management system used by some of the Medicare carriers, not by CMS itself. Since it is not used by CMS central office, to respond to this request would necessitate going to each and every carrier in the country to try to obtain this information. Some carriers don't even use STARS. Also, I have spoken with some of the carriers who do use STARS. They informed me that the STARS system only goes back 18 months and that they can't use the STARS system for older data. Thus, you could not use STARS for data from 1996 to 2003, because it is more than 18 months old. Also, it is my understanding that there is no "STARS data" per se; it is simply claims data that is sorted or analyzed using the STARS software program. In order to obtain data from STARS, even for the last 18 months, carriers would have to run special STARS reports. In other words, it's not like this information currently exists in their files. Thus, this is not even a proper document request. Finally, because you have the 5% data, you can sort the data by frequency, which is the reason you say you need STARS in the first place. Your attempt to shift the cost of sorting this claims data from your client to the government is improper.

9. CMS4584

    **Response**: It is unclear what you wanted here. Please advise.

10. Need legible copy of notes at CMS 4588

    **Response**: See attached.

11. Documents referenced in 7/24/01 email from carrier provided to or by Dr. Healey from the Clinical Cytometry referenced at **CMS4593**.

    **Response**: Those documents have already been produced at CMS4590-4592. There are no additional responsive documents.

12. Need all documents concerning 5/12/05 email re audit of flow cytometry tests noted at **CMS4716-17**.

    **Response**: As noted in response to number 7, above, Dianon has refused to produce documents created after March 31, 2004, on the basis of relevance. In any event, responsive documents are attached.

3

13. Data referenced in Paul Deutsch e-mail at **CMS4734**.

   **Response:** See response to number 12, above.

14. Data or documents referenced at **CMS4746** - the two excel spreadsheets.

   **Response:** See response to number 12, above.

15. Need to know the source and description of data provided at **CMS4846-49**.

   **Response:** This is not a document request or a follow-up request. This material was produced by Empire, which has not been able to definitively identify the source.

16. 1/25/00 CAC meeting notes and related documents concerning Tenn LMRP for flow cytometry at **CMS4944-51**

   **Response:** Responsive documents are attached.

17. Two attachments referenced (hematopathology requisition form and Dr. Winter letter 2/18/03) at **CMS5475**.

   **Response:** We checked with the carrier and there are no additional responsive documents.

18. Attached two draft LCDs for South Carolina referenced at **CMS5850**

   **Response:** Responsive documents are attached (although they appear to be available on the CMS web site).

19. March 13, 2003 e-mail from Wayne Steiner / Pennsylvania Medicare re: data analysis. We need the data referenced in this e-mail at **CMS5851**.

   **Response:** Responsive documents were previously produced at CMS5853-5856. There are no additional responsive documents/data.

20. Massachusetts file. 12/10/02 e-mail re: data on average number of tests per patient. **CMS5930**

   **Response:** We checked with the carrier and there are no additional responsive documents/data.

21. Unidentified letter dated June 2, 1997. Letter in response to a Medicare carrier letter

4

concerning CPT 88180. We need the Medicare carrier's original letter referenced at **CMS5995**

   **Response:** The letter was previously produced. See CMS 6892-6896.

22. Maryland LMRP effective date 01/01/05. Need comment summary noted at **CMS6315**

   **Response:** As noted in response to number 7 above, Dianon has refused to produce documents created after March 31, 2004, on the basis of relevance. In any event, the comment summary is available on the CMS web site.

23. Need all correspondence documents concerning North Carolina's LMRP and May 15, 2002 change eliminated limitation on specific number of antibodies billed. **CMS6369-6370**

   **Response:** We checked with the carrier and there are no additional responsive documents.

24. The "template policy at the national level" referenced in the 6/7/00 CAC minutes. **CMS6455.**

   **Response:** We checked with the carrier and there are no additional responsive documents.

25. 03/18/98 lab conference call, Brian Loy attending. We are missing page 2 of Dr. Loy's notes. **CMS6637-6638**

   **Response:** We checked with the carrier. They did not have a page 2. They believe the numbers were simply misprinted and that there is no page 2.

26. All documents concerning carrier monitoring "closely monitor those laboratories that routinely perform more than 20 analyses per specimen." noted at **CMS6716.**

   **Response:** We checked with the carrier and there are no additional responsive documents.

27. All data concerning diagnosis codes 88-184, 185, 187, 188, and 189. For period 07/01/04 through 12/31/05. **CMS6851-6860**

   **Response:** You request data concerning "diagnosis codes 88-184, 185, 187, 188, and 189." But these are CPT codes, not diagnosis codes. The diagnosis codes are listed in column number two of CMS6851-6860. The diagnosis code information is supplied in the documents you reference. Also, the documents you reference contain the data. Finally, we checked with the carrier and there are no additional responsive documents/data.

28. "FMR data" referenced at **CMS6865**.

    **Response:** The information requested was previously produced at CMS6897-6900. Additional responsive documents are also attached.

29. CAC notes or documents concerning 07/24/96 and 10/23/96 meetings re: Arkansas carrier flow policy. **CMS6882**

    **Response:** Responsive documents are attached.

30. Data referenced that was sent to Drs. Hambrick, Fineberg, and Simon as well as Dr. Rosen referenced at **CMS6935.**

    **Response:** Responsive documents have been previously produced at CMS4638-4643, CMS6936-6941, and CMS31256-31274.

31. All data referenced in 03/14/02 e-mail requesting data pulled for flow cytometry for all states for 2001. **CMS6976**

    **Response:** Response documents were previously produced at CMS6978. Additional responsive documents are attached.

32. Document retention policies applicable to Medicare carriers for the period 1996 to the present referenced in Marie Casey's deposition.

    **Response:** This was not previously requested during discovery, even though we had discussions regarding document retention issues well before Marie Casey's deposition. In any event, responsive documents are attached. Additional information is also on the CMS web site, at Publication 100-01, Chapter 7, Section 30.

33. Comments received by various doctors concerning draft LMRP / LCD noted at **CMS7059.**

    **Response:** These documents were previously produced at CMS7008-7362. No additional responsive documents could be located.

34. Data reference in 12/10/02 e-mail re: flow cytometry - data is going to be assembled for average number of tests per patient at **CMS7596.**

    **Response:** No additional responsive documents/data could be located.

35. Need data referenced at **CMS7628** - those collected by Brian Loy, Niles Rosen and Mitch Burkin in 2001.

6

**Response:** No additional responsive documents/data could be located.

36. 11/14/02 e-mail to Eugene (Winter) re: 2001 data collected concerning Kansas City labs - need any and all documents concerning the review, why it was needed, who reviewed the claims, what claims were reviewed and any documentation concerning the review of claims noted in the e-mail. At **CMS7629**

**Response:** No additional responsive documents/data could be located.

37. BESS data analyzed for flow cytometry for 1999 and any other investigation, research or other efforts based upon the 1999 BESS data referenced at **CMS7934.**

**Response:** BESS data was previously produced at CMS7635 and CMS7752

38. Any and all written comments concerning draft LMRP policy referenced at **CMS8023**.

**Response:** Although we believe responsive documents from the carrier have been previously produced, we are producing additional copies sent to us by the carrier.

39. Any documents regarding further suggestions to the flow cytometry policy for Illinois referenced at **CMS8256**.

**Response:** See response to number 38, above.

40. All responsive documents provided to James O'Neill's pursuant to his FOIA request(s). E.g. see reference at **CMS8649-50.**

**Response:** You have indicated that Mr. O'Neill was acting on behalf of Dianon and that you have all the documents that have been produced to him pursuant to his FOIA request. There is no need to produce a second copy.

41. Documents that form the basis of statements made in the Federal Register, 68 Fed. Reg. 49030, 49048 noted in your Answers to Interrogatories.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

42. Copies of any documents concerning reviews conducted regarding denial of CPT code 88180 claims that performed too many markers including notes of carrier representatives and notices provided to the healthcare providers regarding these denials per Marie Casey's testimony.

**Response**: It is unclear what you are asking for here. Please clarify.

43. Last known address and contact information for Dr. Burkin, Jackie Sheridan, Joyce Eng, and Bryan Loy. These witnesses were involved in determining whether to create a National Coverage Determination and may need to be deposed or subpoenaed for trial.

**Response**: This is not a document request. If you need to subpoena these witnesses for trial, please contact HHS Counsel, Sylvia Yu, Esq. Ms. Yu can be reached at (202) 401-4867.

44. All comments received during the Negotiated Rule Making process regarding the 1998 draft National Coverage policy for flow cytometry as referenced at **CMS5016** and during Dr. Phurrough's deposition.

**Response**: All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

45. All documents concerning the consultants review of claims noted **at USA0016**.

**Response**: This appears to be the same document you reference at number 36, above.

46. All documents from the "CMD chatroom" concerning flow cytometry referenced at **USA0031**.

**Response**: All responsive documents from CMS have been produced. CMS does not have any additional documents.

47. All documents reviewed regarding the determination that there was not sufficient scientific evidence for a National Coverage Determination or NCD referenced at **USA0031**. Including all "scientific literature" consulted as referenced at **USA0007**.

**Response**: All responsive documents from CMS have been produced. CMS does not have any additional documents.

48. All "draft NCD" for flow cytometry and comments referenced at **USA0007**.

**Response**: All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

49. All documents concerning the "CMD lab workgroup" template policy for flow cytometry referenced **at USA0007**.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

50. All documents concerning the original proposals and discussions regarding whether 18 antibodies for leukemia or 25 antibodies for bone marrow are medically indicated, the "original presentation," and subsequent discussions regarding the cost of a flow cytometry policy going from $200 as originally proposed to $500 per the "discussions" referenced at **CMS3400**.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

51. All documents concerning the oncology subcommittee review of flow cytometry policy as referenced at **CMS3400**.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

52. All documents concerning the September 14 policy proposal submitted by Drs. Yamada and Mehta referenced at **CMS3407**.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

53. All documents concerning the "public meeting" referenced at **CMS3402**.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

54. All documents concerning HCFA's continued "research and work" concerning a flow cytometry policy as referenced at **CMS3402**.

**Response:** All responsive documents in the possession of CMS have been produced. CMS does not have any additional documents.

Please contact me if you have any questions.

Very truly yours,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

RICHARD M. MOLOT
ASSISTANT U.S. ATTORNEY

cc: Pat Davis, Esq.
Robert Salcido, Esq.